## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **TECHNOLOGY PROPERTIES LIMITED, LLC,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO: 6:12-cv-213** |
| **NEWEGG INC.** | **JURY TRIAL DEMANDED** |
| **and** | |
| **ROSEWILL INC.,** | |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Technology Properties Limited, LLC files this Complaint against Newegg, Inc. and Rosewill, Inc. for infringement of U.S. Patent Nos. 6,976,623, 7,162,549, 7,295,443, and 7,522,424 (collectively, "the Patents-in-Suit").

## THE PARTIES

1.     Technology Properties Limited, LLC ("TPL") is a California limited liability company with a principal place of business at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.

2.     Defendant Newegg Inc. ("Newegg") is a Delaware Corporation, with its principal place of business at 16839 East Gale Ave., City of Industry, California 91745. Newegg, Inc. can be served via its registered agent at 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808.

3.     Defendant Rosewill, Inc. ("Rosewill") is a Delaware Corporation, with its principal place of business at 17708 Rowland St., City of Industry, California 91748.  Rosewill,

Inc. can be served via its registered agent at 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808.

4.      Newegg, Inc. and Rosewill, Inc. will be referred to herein individually and collectively as "Defendants."

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.* because Defendants have committed acts of patent infringement within the United States and this judicial district.  Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), in that Defendants are subject to personal jurisdiction in this district.  At a minimum, Defendants have delivered infringing products into the stream of commerce with the expectation that they will be purchased by consumers in Texas, including consumers in the Eastern District of Texas.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 6,976,623)

7.      TPL incorporates paragraphs 1through 6 as though fully set forth herein.

8.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

9.      On December 20, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,976,623 ("the '623 Patent"), entitled "Flash Juke Box," to Sreenath Mambakkam, et al.  A copy of the '623 Patent is attached to the Complaint as Exhibit A.

10.     The '623 Patent discloses a memory card interface apparatus having more than one interface to read at least two different types of memory cards, and to provide parallel access to two cards to enable the transfer of data from one card to the other.  The invention permits faster data transfer between flash cards by providing parallel access to both for transferring data between cards.  The patent also discloses a method of providing parallel access to two cards to enable the transfer of data from one card to the other.

11.     TPL is the exclusive licensee of the '623 Patent, with ownership of all substantial rights in the '623 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

12.     The '623 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13.     Without a license or permission from Plaintiff, Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, at least claims 1, 2, 3, 4, 9, 10, 11, 12, 17, 18, and 19 of the '623 Patent.  Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.

14.     Defendant Newegg was provided with notice of the '623 Patent on January 9, 2008.

15.     Defendant Rosewill was provided with notice of the '623 Patent on December 16, 2011.

16.     Defendants provided instructions to its users to use the accused products in an infringing manner with the intent to induce infringement of the '623 Patent.

17.     Without limitation, an example of Defendants' infringing products is the Rosewill 74-in-1 Internal Card Reader - RCR-AK-IM5002 and other devices that have the functionality accused herein.

18.     Defendants' infringement of the '623 Patent has caused substantial damage to Plaintiff.

19.     Defendants' infringement of the '623 Patent has been willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 7,162,549)**

20.     TPL incorporates paragraphs 1 through 19 as though fully set forth herein.

21.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

22.     On January 9, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,162,549 ("the '549 Patent") entitled "Multimode Controller For Intelligent And 'Dumb' Flash Cards," to Sreenath Mambakkam, et al.  A copy of the '549 Patent is attached to the Complaint as Exhibit B.

23.     The '549 Patent discloses a system with a controller chip that interfaces with a flash memory card which may (or may not) have a controller for error correction.  Using firmware, the disclosed controller chip conducts bad block mapping in an event that the flash memory card does not have a controller for error correction.  This permits the system with the disclosed controller chip to conduct bad block mapping rather than in, for example, a host computer.  The patent also discloses a method for using a controller chip to interface with a flash memory card which may (or may not) have a controller for error correction, and, in an event

4

where the flash memory card does not have a controller for error correction, using firmware to conduct bad black mapping.

24.     TPL is the exclusive licensee of the '549 Patent, with ownership of all substantial rights in the '549 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

25.     The '549 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

26.     Without a license or permission from Plaintiff, Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, at least claims 7, 11, 19, and 21 of the '549 Patent.  Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.

27.     Defendant Newegg was provided notice of the '549 Patent on July 12, 2007.

28.     Defendant Rosewill was provided notice of the '549 Patent on December 16, 2011.

29.     Defendants provided instructions to its users to use the accused product in an infringing manner with the intent to induce infringement of the '549 Patent.

30.     Without limitation, an example of Defendants' infringing products is the Rosewill 74-in-1 Internal Card Reader RCR-AK-IM5002 and other devices that have the functionality accused herein.

31.     Defendants' infringement of the '549 Patent has caused substantial damage to Plaintiff.

5

32.     Defendants' infringement of the '549 Patent has been willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.


## COUNT III
## (INFRINGEMENT OF U.S. PATENT NO. 7,295,443)

33.     TPL incorporates paragraphs 1 through 32 as though fully set forth herein.

34.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

35.     On November 13, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,295,443 ("the '433 Patent") entitled "Smartconnect Universal Flash Media Card Adapters," to Sreenath Mambakkam, et al.  A copy of the '443 Patent is attached to the Complaint as Exhibit C.

36.     The '443 Patent discloses a multi-media memory adapter.  The adapter has a first planar element or portion and a second planar element or portion that define a slot between them for receiving multiple types of flash memory cards.  The planar elements or portions comprise molded plastic.  The patent further discloses contact pins that extend or protrude from either the top or the bottom of the port (or both); these contact pins allow the port to receive electrical signals from a flash memory card.  The patent also discloses a controller chip that maps a set of signal lines to a subset of the contact pins based on the type of flash memory card inserted into the reader.

37.     TPL is the exclusive licensee of the '443 Patent, with ownership of all substantial rights in the '443 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

38.     The '443 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

39.     Without a license or permission from Plaintiff, Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, at least claims 9, 11, 12 of the '443 Patent.  Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.

40.     Defendant Newegg was provided notice of the '443 Patent on January 9, 2008.

41.     Defendant Rosewill was provided notice of the '443 Patent on December 16, 2011.

42.     Defendants provided instructions to its users to use the accused products in an infringing manner with the intent to induce infringement of the '433 Patent.

43.     Without limitation, an example of Defendants' infringing products is the Rosewill 74-in-1 Internal Card Reader RCR-AK-IM5002  and other devices that have the functionality accused herein, including the Rosewill External Card Reader RSD-CR106.

44.     Defendants' infringement of the '443 Patent has caused substantial damage to Plaintiff.

45.     Defendants' infringement of the '443 Patent has been willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

### COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 7,522,424)

46.     TPL incorporates paragraphs 1 through 45 as though fully set forth herein.

47.     This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. § 271, *et seq.*

48.    On April 21, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,522,424 ("the '424 Patent") entitled "Smartconnect Universal Flash Media Card Adapters," to Sreenath Mambakkam, et al.  A copy of the '424 Patent is attached to the Complaint as Exhibit D.

49.    The '424 Patent discloses an apparatus with a port that has a number of sets of contact pins mounted at locations adapted to interface with the electrical contacts of different types of flash memory cards.   The patent also discloses a set of interconnection pins.  A component, such as a controller, maps power, ground and/or data signals between the interconnection pins and the proper contact pins, depending on the type of card in the slot.

50.    TPL is the exclusive licensee of the '424 Patent, with ownership of all substantial rights in the '424 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

51.    The '424 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

52.    Without a license or permission from Plaintiff, Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, at least claims 25, 26, 28, and 29 of the '424 Patent.  Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.

53.    Defendant Newegg has been on notice of the '424 Patent since at least the filing of this Complaint.

54.     Defendant Rosewill Inc. was provided notice of the '424 Patent on December 16, 2011.

55.     Defendants provided instructions to its users to use the accused products in an infringing manner with the intent to induce infringement of the '424 Patent.

56.     Without limitation, an example of Defendants' infringing products is the Rosewill 74-in-1 Internal Card Reader RCR-AK-IM5002  and other devices that have the functionality accused here, including the Rosewill External Card Reader RSD-CR106.

57.     Defendants' infringement of the '424 Patent has caused substantial damage to Plaintiff.

58.     Defendants' infringement of the '424 Patent has been willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Technology Properties Limited, LLC demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Technology Properties Limited, LLC prays for relief as follows:

a.      Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.      Enter a permanent injunction enjoining Defendants and their offices, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing  infringement of each Patent-in-Suit, or, in the alternative, judgment that Defendants account for and pay to Plaintiff a reasonable royalty and an ongoing post judgment royalty because of Defendants' past, present and future infringing activities and other conduct complained of herein;

c.    Judgment that Defendants account for and pay to TPL all damages to and costs incurred by TPL because of Defendants' infringing activities and other conduct complained of herein;

d.    Judgment that Defendants account for and pay to TPL a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

e.    That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, which is at latest the time of filing of Plaintiff's Complaint and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

f.    That TPL be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

g.    That this Court declare this an exceptional case and award TPL its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

h.    That TPL be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated:  March 28, 2012                    Respectfully submitted,

                                          **THE SIMON LAW FIRM, PC**

                                          By: /s/ Anthony G. Simon
                                              Anthony G. Simon
                                              Michael P. Kella
                                              800 Market Street, Suite 1700
                                              St. Louis, Missouri 63101
                                              asimon@simonlawpc.com
                                              mkella@simonlawpc.com

                                          **Attorneys for Plaintiff**
                                          **Technology Properties Limited, LLC**