IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TECHNOLOGY PROPERTIES <br> LIMITED, LLC § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NEWEGG INC. and § <br> ROSEWILL INC., § <br> § <br> Defendants. § | | Case No. 6:12-cv-213 <br><br> **Electronically Filed** |

**DEFENDANTS' UNOPPOSED MOTION TO STAY PENDING RESOLUTION
OF PROCEEDINGS AT THE INTERNATIONAL TRADE COMMISSION**

Defendants Newegg Inc. and Rosewill Inc. (collectively, "Defendants") respectfully request an order staying Plaintiff Technology Properties Limited, LLC's ("TPL") above-captioned action under 28 U.S.C. § 1659(a), until such time as there is a final, unappealable decision in the parallel proceeding TPL filed against the same Defendants (and others) with the U.S. International Trade Commission ("ITC") titled *In the Matter of Certain Computers and Computer Peripheral Devices and Components Thereof and Products Containing the Same*, Investigation No. 337-TA-841 ("the 841 ITC Investigation").

In its Complaint in the above-captioned case, filed on March 28, 2012, TPL alleges that Defendants infringe United States Patent No. 6,976,623, United States Patent No. 7,162,549, United States Patent No. 7,295,443, and United States Patent No. 7,522,424. (*See* Dkt. #1). One day earlier, on March 27, 2012, TPL filed a complaint against Defendants (and others) under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. §1337, with the ITC. The ITC

complaint names both Newegg Inc. and Rosewill Inc. as respondents. A copy of the ITC complaint is attached as Exhibit A.

In TPL's ITC investigation, TPL alleges violations of section 1337 based on Defendants' asserted infringement of United States Patent No. 6,976,623, United States Patent No. 7,162,549, United States Patent No. 7,295,443, and United States Patent No. 7,522,424, which are the very same patents asserted in its present civil action.

On April 27, 2012, the International Trade Commission issued a Notice of Institution of Investigation based on TPL's ITC Complaint and ordered an investigation titled *In the Matter of Certain Computers and Computer Peripheral Devices and Components Thereof and Products Containing the Same*, Investigation No. 337-TA-841. A copy of the Notice of Investigation is attached as Exhibit B.

Upon the request of any party to a civil action who is also a respondent in an ITC investigation involving the parties in the civil action, the Court "shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). This stay is mandatory and must be granted if it is made within thirty days from the later of: (1) the party being named a respondent in a proceeding before the ITC, or (2) the filing of the district court action. 28 U.S.C. § 1659(a)(1)-(2); *see also In re Princo*, 478 F. 3d 1345, 1355 (Fed. Cir. 2007) (granting a writ of mandamus and directing a district court to stay proceedings pursuant to 28 U.S.C. § 1659(a) until the ITC proceeding becomes final).

Defendants are respondents in the 841 ITC Investigation and also are named defendants in this action. TPL alleges infringement of United States Patent No. 6,976,623, United States Patent No. 7,162,549, United States Patent No. 7,295,443, and United States Patent No.

7,522,424 in both the 841 ITC Investigation and in this parallel civil action. Accordingly, the two proceedings involve the same issues within the meaning of 28 U.S.C. § 1659(a).

On May 2, 2012, Investigation No. 337-TA-841 was instituted upon publication of the Notice of Investigation in the *Federal Register*. Thus, Defendants have filed their request to stay TPL's present action within thirty days of being named as respondents in the 841 ITC Investigation. In view of TPL's co-pending action against Defendants involving United States Patent No. 6,976,623, United States Patent No. 7,162,549, United States Patent No. 7,295,443, and United States Patent No. 7,522,424 currently before the ITC, Defendants hereby move to stay the above-entitled action under 28 U.S.C. § 1659(a) until such time as there is a final, unappealable decision in the 841 ITC Investigation.

Defendants make this motion without waiving any procedural rights, or defenses that Defendants may be raised by motion or otherwise under the Federal Rules of Civil Procedure or the Local Rules of this Court.

Defendants' counsel contacted counsel for Plaintiff and was advised that Plaintiff does not oppose this motion to stay the case in its entirety under 28 U.S.C. § 1659.

Respectfully Submitted,

Dated: May 31, 2012

_s/ Kent E. Baldauf, Jr._
Kent E. Baldauf, Jr.
Bryan P. Clark
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
Telephone:    (412) 471-8815
Facsimile:    (412) 471-4094

ATTORNEY FOR DEFENDANTS
NEWEGG INC. and ROSEWILL INC.

## **CERTIFICATE OF SERVICE**

This is to certify that on May 31, 2012, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

s/ Kent E. Baldauf, Jr.
Attorney for Newegg Inc., and
Rosewill Inc
