# Exhibit A

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

| |
|---|
| In the Matter of |
| **CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME** |

Investigation No. 337-TA-_____

## COMPLAINANT TECHNOLOGY PROPERTIES LIMITED, LLC'S STATEMENT OF PUBLIC INTEREST

In support of its Complaint filed on March 26, 2012, titled "In the Matter of Certain Computers and Computer Peripheral Devices and Components Thereof and Products Containing the Same," Complainant Technology Properties Limited, LLC ("TPL") respectfully submits this separate Statement of Public Interest, as required by Commission Rule 210.8(b). 19 C.F.R. § 210.8(b). TPL owns by assignment the entire right, title and interest in the patents-at-issue, U.S. Patent Nos. 6,976,623 ("the '623 Patent"), 7,162,549 ("the '549 Patent"), 7,295,443 ("the '443 Patent"), 7,522,424 ("the '424 Patent"), 6,438,638 ("the '638 Patent"), and 7,719,847 ("the '847 Patent") (collectively, "the Asserted Patents").

As discussed below, exclusion of the infringing computers and computer peripheral devices, and components thereof and products containing the same identified in TPL's Complaint ("Accused Products") would not have an adverse effect on the public health and welfare in the United States, competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, or United States consumers.

1

**i.      Explain how the articles potentially subject to the requested remedial orders are used in the United States.**

The articles potentially subject to an exclusion order and cease and desist order in this matter are certain computers and computer peripherals devices and components thereof and products containing the same that are, or incorporate, certain memory card readers.  These articles include, but are not limited to, devices that incorporate certain memory card readers, such as desktop computers, laptop computers, and printers that incorporate certain memory card readers.  These articles also include certain memory card readers themselves.  The infringing articles are imported into and sold in the United States by or on behalf of the Respondents identified in TPL's Complaint.  These articles are integrated in Respondents' products for consumers who, for example, desire to use multiple types of flash memory cards with a variety of products, store data on and read data from memory cards, and/or transfer data between different devices via memory card.

**ii.     Identify any public health, safety, or welfare concerns in the United States relating to the requested remedial orders.**

The issuance of an exclusion order and cease and desist orders in this matter would not adversely affect the public health, safety, or welfare in the United States.  The infringing articles are used as consumer electronics and are not historically the type of products that have raised concerns by the Commission about public health, safety, or welfare. *See, e.g., Certain Toothbrushes and the Packaging Thereof,* Inv. No. 337-TA-391, Comm'n Op., 1997 WL 803475 at *2 (Oct. 15, 1997) (toothbrushes do not raise public interest concerns); *Certain Hardware Logic Emulation Systems and Components Thereof,* Inv. No. 337-TA-383, Comm'n Op., 1996 WL 1056217 at * 4 (Oct. 15, 1996) (hardware logic emulators do not raise public interest concerns); *Certain Asian-Style Kamaboko Fish Cakes,* Inv. No. 337-TA-378, Comm'n Op., 1996

2

WL 1056211 at *3 (Sept. 24, 1996) (kamaboko fish cakes not a type of product to raise public

interest concerns); *but see Certain Fluidized Supporting Apparatus and Components Thereof,*

Inv. No. 337-TA-182/188, ID, 1984 WL 273788 at *60 (Jun. 16, 1984) (denying temporary

exclusion order of hospital beds for burn patients because exclusion would result in dangerous

shortage for domestic health care).

Moreover, the public interest favors the protection of intellectual property rights in the

United States by excluding infringing imports. *See Certain Two-Handle Centerset Faucets and*

*Escutcheons, and Components Thereof,* Inv. No. 337-TA-422, Comm'n Op. at 9 (Jun. 19, 2000);

*Certain Hardware Logic Emulation Systems and Components Thereof,* Inv. No. 337-TA-383,

Comm'n Op., 1996 WL 1056217 at *4 (Oct. 15, 1996).  The issuance of an exclusion order and

cease and desist orders in this matter would have the beneficial effect of protecting TPL's

intellectual property rights, which would further the public interest.  Thus, the exclusion of

infringing articles would not implicate significant public health, safety, or welfare concerns in

the United States.

### iii.    Identify like or directly competitive articles that complainant, its licensees, or third parties make which could replace the subject articles if they were to be excluded.

As detailed in TPL's Complaint, TPL has licensed the Asserted Patents to 32

companies.  These licensees manufacture, import, sell for importation, or sell after importation

into the United States computers and computer peripheral devices, and components thereof and

products containing the same, that practice valid claims of the Asserted Patents.  These

products could, either alone or in conjunction with other non-infringing third-party products,

replace Respondents' infringing products if the infringing products are excluded.  In addition,

3

there are certain articles that are directly competitive and made by third parties that lack the infringing functionality that could replace excluded infringing articles. For example, some of these articles include certain computers and computer peripheral devices and components thereof and products containing the same, such as desktop computers, notebook computers, printers, and/or memory card readers that are, or incorporate: certain memory card readers that read only one type of memory card; memory card readers that cannot read more than one type of memory card; and articles without the infringing functionality that support USB connections, Bluetooth connections, and/or WiFi connections.

    **iv.**    **Indicate whether the complainant, its licensees, and/or third parties have the capacity to replace the volume of articles subject to the requested remedial orders in a commercially reasonable time in the United States.**

TPL contends that, at minimum, its licensees have the capacity to replace the volume of infringing articles subject to an exclusion order in a commercially reasonable time in the United States. In addition, TPL believes that manufacturers of directly competitive articles that lack the infringing functionality—such as those previously described—have the capacity to replace the volume of excluded infringing articles in a commercially reasonable time in the United States.

    **v.**    **State how the requested remedial orders would impact consumers.**

The issuance of an exclusion order and cease and desist orders in this investigation will not adversely impact consumers. TPL contends that its licensees and manufacturers of directly competitive (but noninfringing) articles, previously described, can adequately supply and meet the demand of the United States market. Thus, U.S. consumers will still be able to purchase competitively priced articles that lack the infringing functionality. As such, the requested remedial orders in this matter will not significantly impact U.S. consumers.

Dated:  March 26, 2012

Respectfully Submitted,

Anthony G. Simon
Michael P. Kella
Stephanie H. To
THE SIMON LAW FIRM, P.C.
800 Market St., Ste. 1700
St. Louis, MO 63101
Telephone: (314) 241-2929

Counsel for Complainant
Technology Properties Limited LLC

5

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME** | Investigation No. 337-TA-_____ |

## COMPLAINT OF TECHNOLOGY PROPERTIES LIMITED, LLC
## UNDER SECTION 337 OF THE TARIFF ACT OF 1930, AS AMENDED

**COMPLAINANT**

Technology Properties Limited, LLC
20883 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014
Telephone: (408) 446-4222

**COUNSEL FOR COMPLAINANT**

Anthony G. Simon
Michael P. Kella
Stephanie H. To
THE SIMON LAW FIRM, P.C.
800 Market St., Ste. 1700
St. Louis, MO 63101
Telephone: (314) 241-2929

**RESPONDENTS**

Acer Inc.
8F, 88, Sec.1, Xintai 5th Rd.
Xizhi, New Taipei City 221, Taiwan

Brother Industries, Ltd.
15-1, Naeshiro-cho, Mizuho-ku,
Nagoya, Aichi 467-8561, Japan

Canon Inc.
30-2, Shimomaruko 3-chome, Ohta-ku,
Tokyo 146-8501, Japan

Dane-Elec Memory
159 Avenue Gallieni
BP33
93171 Bagnolet Cedex
France

Dell Inc.
One Dell Way
Round Rock, TX 78682

## RESPONDENTS

Falcon Northwest Computer Systems, Inc.
2015 Commerce Drive
Medford, OR 97504

Fujitsu Limited
Shiodome City Center
1-5-2 Higashi-Shinbashi,
Minato-ku, Tokyo, 105-7123
Japan

Jasco Products Company
10 East Memorial Road
Building B
Oklahoma City, OK 73114-2205

Hewlett-Packard Company
3000 Hanover Street
Palo Alto, CA 94304-1185

HiTi Digital, Inc.
9F., No. 225, Sec. 3, Beixin Rd.,
Xindian Dist.,
New Taipei City 231, Taiwan

Kingston Technology Company, Inc.
17600 Newhope St.
Fountain Valley, CA 92708

Micron Technology, Inc.
8000 S. Federal Way
Boise, ID 83707-0006

Lexar Media, Inc.
47300 Bayside Parkway
Fremont, CA 94538

Microdia Limited
The Concourse, Technology Drive,
San Jose, CA 95110

Newegg Inc.
16839 East Gale Avenue
City of Industry, CA 91745

Rosewill Inc.
17708 Rowland St.
City of Industry, CA 91748

Sabrent
9720 Variel Avenue
Chatsworth, CA 91311

Samsung Electronics Co., Ltd.
Samsung Main Building
250, Taepyeongno 2-ga, Jung-gu
Seoul 100-742 Korea

Seiko Epson Corporation
3-3-5 Owa, Suwa,
Nagano, Japan

Shuttle Inc.
No. 30, Lane 76, Rei Kuang Rd.
Nei-Hu Dist., Taipei, Taiwan

Systemax Inc.
11 Harbor Park Drive
Port Washington, NY 11050

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... 1

I.      INTRODUCTION. .................................................................................... 15

II.     COMPLAINANT. ..................................................................................... 16

III.    THE PROPOSED RESPONDENTS. ......................................................... 18

IV.     THE TECHNOLOGY AND PRODUCTS AT ISSUE. ............................. 24

V.      THE PATENTS IN SUIT AND NON-TECHNICAL DESCRIPTIONS OF THE
        INVENTIONS. .......................................................................................... 26

   A.   Overview and Ownership of the Asserted Patents. ................................ 26

      1.   The '623 Patent. ............................................................................... 26

      2.   The '549 Patent. ............................................................................... 27

      3.   The '443 Patent. ............................................................................... 28

      4.   The '424 Patent. ............................................................................... 29

      5.   The '638 Patent. ............................................................................... 30

      6.   The '847 Patent. ............................................................................... 32

   B.   Non-Technical Description of the Asserted Patents. ............................. 33

      1.   Non-Technical Description of the '623 Patent. ................................ 33

      2.   Non-Technical Description of the '549 Patent. ................................ 33

      3.   Non-Technical Description of the '443 Patent. ................................ 34

      4.   Non-Technical Description of the '424 Patent. ................................ 35

      5.   Non-Technical Description of the '638 Patent. ................................ 35

      6.   Non-Technical Description of the '847 Patent. ................................ 36

VI.     UNLAWFUL AND UNFAIR ACTS OF RESPONDENTS – PATENT INFRINGEMENT.
        ................................................................................................................. 37

   A.   Acer Inc. ................................................................................................ 37

   B.   Brother Industries, Ltd. ......................................................................... 41

   C.   Canon Inc. .............................................................................................. 43

   D.   Dane-Elec Memory. ............................................................................... 44

   E.   Dell Inc. ................................................................................................. 48

   F.   Falcon Northwest Computer Systems, Inc. ........................................... 51

G.   Fujitsu Limited. ........................................................................ 54

H.   Jasco Products Company. ......................................................... 55

I.   Hewlett-Packard Company. ...................................................... 58

J.   HiTi Digital, Inc. ....................................................................... 61

K.   Kingston Technology Company, Inc. ....................................... 63

L.   Micron Technology, Inc. and Lexar Media, Inc. ...................... 65

M.   Microdia Limited. ..................................................................... 68

N.   Newegg Inc. and Rosewill Inc. ................................................ 70

O.   Sabrent. ..................................................................................... 73

P.   Samsung Electronics Co., Ltd. ................................................. 77

Q.   Seiko Epson Corporation. ......................................................... 78

R.   Shuttle Inc. ................................................................................ 80

S.   Systemax Inc. ............................................................................ 81

VII.   HARMONIZED TARIFF SCHEDULE ITEM NUMBERS ................ 84

VIII.  RELATED LITIGATION ................................................................... 85

IX.   THE DOMESTIC INDUSTRY .......................................................... 86

A.   OnSpec, TPL's Predecessor-in-Interest, Developed Products and Technology That Formed the Genesis of the CORE Flash Patent Portfolio, and Resulted in the Applications that Led to the Asserted Patents. ............................... 86

B.   A Domestic Industry for the Asserted Patents Exists as a Result of TPL's Substantial Investments in its CORE Flash Licensing Program. ..................................... 88

X.   RELIEF REQUESTED. ..................................................................... 93

## EXHIBITS TO COMPLAINT

| | | |
|---|---|---|
| EXHIBIT | 1 | Certified U.S. Patent No. 6,976,623 |
| EXHIBIT | 2 | Certified U.S. Patent No. 7,162,549 |
| EXHIBIT | 3 | Certified U.S. Patent No. 7,295,443 |
| EXHIBIT | 4 | Certified U.S. Patent No. 7,522,424 |
| EXHIBIT | 5 | Certified U.S. Patent No. 6,438,638 |
| EXHIBIT | 6 | Certified U.S. Patent No. 7,719,847 |
| CONFIDENTIAL EXHIBIT | 7 | Certified Recorded assignments for U.S. Patent No. 6,976,623 |
| CONFIDENTIAL EXHIBIT | 8 | Certified Recorded assignments for U.S. Patent No. 7,162,549 |
| CONFIDENTIAL EXHIBIT | 9 | Certified Recorded assignments for U.S. Patent No. 7,295,443 |
| CONFIDENTIAL EXHIBIT | 10 | Certified Recorded assignments for U.S. Patent No. 7,522,424 |
| CONFIDENTIAL EXHIBIT | 11 | Certified Recorded assignments for U.S. Patent No. 6,438,638 |
| CONFIDENTIAL EXHIBIT | 12 | Certified Recorded assignments for U.S. Patent No. 7,719,847 |
| CONFIDENTIAL EXHIBIT | 13 | List of entities licensed under U.S. Patents Nos. 6,976,623, 7,162,549, 7,295,443, 7,522,424, 6,438,623, and 7,719,847 |
| EXHIBIT | 14 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Acer Inc. product |
| EXHIBIT | 15 | Notice Letter to Acer Inc. |
| EXHIBIT | 16 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Acer Inc. product |
| EXHIBIT | 17 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Acer Inc. product |
| EXHIBIT | 18 | Claim Chart applying U.S. Patent No. 6,976,623 to accused Acer Inc. product |
| EXHIBIT | 19 | Claim Chart applying U.S. Patent No. 7,719,847 to accused Acer Inc. product |
| EXHIBIT | 20 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Brother Industries, Ltd., product |
| EXHIBIT | 21 | Notice Letter to Brother Industries, Ltd. - '424 Patent |
| EXHIBIT | 21-A | Notice Letter to Brother Industries, Ltd. - '443 Patent |

| | | |
|---|---|---|
| EXHIBIT | 21-B | Notice Letter to Brother Industries, Ltd. - '549 Patent |
| EXHIBIT | 22 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Brother Industries, Ltd.,  product |
| EXHIBIT | 23 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Brother Industries, Ltd.,  product |
| EXHIBIT | 24 | Claim Chart applying U.S. Patent No.  7,522,424 to accused Canon, Inc. product |
| EXHIBIT | 25 | Notice Letter to Canon, Inc. - '424 Patent |
| EXHIBIT | 25-A | Notice Letter to Canon, Inc.  - '443 Patent |
| EXHIBIT | 26 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Canon, Inc. product |
| EXHIBIT | 27 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Dane-Elec Memory product |
| EXHIBIT | 28 | Notice Letter to Dane-Elec Memory - '424 Patent |
| EXHIBIT | 28-A | Notice Letter to Dane-Elec Memory - '443 Patent |
| EXHIBIT | 28-B | Notice Letter to Dane-Elec Memory - '549 Patent |
| EXHIBIT | 28-C | Notice Letter to Dane-Elec Memory - '623 and '638 Patents |
| EXHIBIT | 28-D | Notice Letter to Dane-Elec Memory - '847 Patent |
| EXHIBIT | 29 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Dane-Elec Memory product |
| EXHIBIT | 30 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Dane-Elec Memory product |
| EXHIBIT | 31 | Claim Chart applying U.S. Patent No. 6,976,623 to accused Dane-Elec Memory product |
| EXHIBIT | 32 | Claim Chart applying U.S. Patent No. 6,438,638  to accused Dane-Elec Memory product |
| EXHIBIT | 33 | Claim Chart applying U.S. Patent No. 7,719,847 to accused Dane-Elec Memory product |
| EXHIBIT | 34 | Claim Chart applying U.S. Patent No. 7,522,424  to accused Dell Inc. product |
| EXHIBIT | 35 | Notice Letter to Dell Inc. - '424 Patent |
| EXHIBIT | 35-A | Notice Letter to Dell Inc. - '443 Patent |
| EXHIBIT | 35-B | Notice Letter to Dell Inc. - '549, '623, and '638 Patents |
| EXHIBIT | 35-C | Notice Letter to Dell Inc. - '847 Patent |
| EXHIBIT | 36 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Dell Inc. product |

| EXHIBIT | 37 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Dell Inc. product |
| --- | --- | --- |
| EXHIBIT | 38 | Claim Chart applying U.S. Patent No. 6,976,623 to accused Dell Inc. product |
| EXHIBIT | 39 | Claim Chart applying U.S. Patent No. 6,438,638  to accused Dell Inc. product |
| EXHIBIT | 40 | Claim Chart applying U.S. Patent No. 7,719,847 to accused Dell Inc. product |
| EXHIBIT | 41 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Falcon Northwest Computer Systems, Inc., product |
| EXHIBIT | 42 | Notice letter to Falcon Northwest Computer Systems, Inc. - '424 Patent |
| EXHIBIT | 42-A | Notice letter to Falcon Northwest Computer Systems, Inc. - '443 Patent |
| EXHIBIT | 42-B | Notice letter to Falcon Northwest Computer Systems, Inc. - '549 and '623 Patents |
| EXHIBIT | 43 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Falcon Northwest Computer Systems, Inc., product |
| EXHIBIT | 44 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Falcon Northwest Computer Systems, Inc., product |
| EXHIBIT | 45 | Claim Chart applying U.S. Patent No. 6,976,623 to accused Falcon Northwest Computer Systems, Inc., product |
| EXHIBIT | 46 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Fujitsu Limited product |
| EXHIBIT | 47 | Notice Letter to Fujitsu Limited - '424 Patent |
| EXHIBIT | 47-A | Notice Letter to Fujitsu Limited - '443 Patent |
| EXHIBIT | 48 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Fujitsu Limited product |
| EXHIBIT | 49 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Fujitsu Limited product |
| EXHIBIT | 50 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Jasco Products Company product |
| EXHIBIT | 51 | Notice Letter to Jasco Products Company - '424 Patent |
| EXHIBIT | 51-A | Notice Letter to Jasco Products Company - '443, '549, '623 Patents |
| EXHIBIT | 52 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Jasco Products Company product |

| EXHIBIT | 53 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Jasco Products Company product |
| EXHIBIT | 54 | Claim Chart applying U.S. Patent No. 6,976,623 to accused Jasco Products Company product |
| EXHIBIT | 55 | Claim Chart applying U.S. Patent No. 7,522,424  to accused Hewlett-Packard Company product |
| EXHIBIT | 56 | Notice Letter to Hewlett-Packard Company - '424 Patent |
| EXHIBIT | 56-A | Notice Letter to Hewlett-Packard Company - '443 Patent |
| CONFIDENTIAL EXHIBIT | 56-B | Notice Letter to Hewlett-Packard Company - '549 Patent |
| EXHIBIT | 56-C | Notice Letter to Hewlett-Packard Company - '847 Patent |
| EXHIBIT | 57 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Hewlett-Packard Company product |
| EXHIBIT | 58 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Hewlett-Packard Company product |
| EXHIBIT | 59 | Claim Chart applying U.S. Patent No. 7,719,847 to accused Hewlett-Packard product |
| EXHIBIT | 60 | Claim Chart applying U.S. Patent No. 7,522,424  to accused HiTi Digital, Inc.,  product |
| EXHIBIT | 61 | Notice Letter to HiTi Digital, Inc. |
| EXHIBIT | 62 | Claim Chart applying U.S. Patent No.  7,295,443 to accused HiTi Digital, Inc., product |
| EXHIBIT | 63 | Claim Chart applying U.S. Patent No. 7,162,549 to accused HiTi Digital, Inc., product |
| EXHIBIT | 64 | Claim Chart applying U.S. Patent No. 7,522,424  to accused Kingston Technology Company, Inc., product |
| EXHIBIT | 65 | Notice Letter to Kingston Technology Company, Inc.- '424 Patent |
| EXHIBIT | 65-A | Notice Letter to Kingston Technology Company, Inc. - '443 Patent |
| EXHIBIT | 65-B | Notice Letter to Kingston  Technology Company, Inc.- '623 Patent |
| EXHIBIT | 66 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Kingston Technology Company, Inc., product |
| EXHIBIT | 67 | Claim Chart applying U.S. Patent No.  6,976,623 to accused Kingston Technology Company, Inc., product |
| EXHIBIT | 68 | Claim Chart applying U.S. Patent No. 7,522,424  to accused Lexar, Inc., product |
| EXHIBIT | 69 | Notice Letter to Micron Technology |

| EXHIBIT | 70 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Lexar, Inc., product |
| EXHIBIT | 71 | Claim Chart applying U.S. Patent No.  7,162,549 to accused Lexar, Inc., product |
| EXHIBIT | 72 | Claim Chart applying U.S. Patent No. 6,976,623 to accused Lexar, Inc., product |
| EXHIBIT | 73 | Claim Chart applying U.S. Patent No. 7,522,424  to accused Microdia Limited product |
| EXHIBIT | 74 | Notice Letter to Microdia Limited - '424 Patent |
| EXHIBIT | 74-A | Notice Letter to Microdia Limited - '443 Patent |
| EXHIBIT | 74-B | Notice Letter to Microdia Limited - '847 Patent |
| EXHIBIT | 75 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Microdia Limited  product |
| EXHIBIT | 76 | Claim Chart applying U.S. Patent No. 7,719,847 to accused Microdia Limited  product |
| EXHIBIT | 77 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Rosewill, Inc., product |
| EXHIBIT | 78 | Notice Letter to Newegg, Inc. - '549 Patent |
| EXHIBIT | 78-A | Notice Letter to Newegg , Inc. - '443 and '623 Patent |
| EXHIBIT | 79 | Notice Letter to Rosewill, Inc. |
| EXHIBIT | 80 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Rosewill, Inc., product |
| EXHIBIT | 81 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Rosewill, Inc., product |
| EXHIBIT | 82 | Claim Chart applying U.S. Patent No. 6,976,623 to accused Rosewill, Inc. product |
| EXHIBIT | 83 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Sabrent product |
| EXHIBIT | 84 | Notice Letter to Sabrent |
| EXHIBIT | 85 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Sabrent product |
| EXHIBIT | 86 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Sabrent product |
| EXHIBIT | 87 | Claim Chart applying U.S. Patent No. 6,976,623  to accused Sabrent product |
| EXHIBIT | 88 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Samsung Electronics Co., Ltd., product |

| EXHIBIT | 89 | Notice Letter to Samsung Electronics Co., Ltd.- '424 Patent |
|---|---|---|
| EXHIBIT | 89-A | Notice Letter to Samsung Electronics Co., Ltd.- '443 Patent |
| EXHIBIT | 90 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Samsung Electronics Co., Ltd., product |
| EXHIBIT | 91 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Seiko Epson Corporation product |
| CONFIDENTIAL EXHIBIT | 92 | Notice Letter to Seiko Epson Corporation - '424 Patent |
| EXHIBIT | 92-A | Notice Letter to Seiko Epson Corporation - '443 Patent |
| EXHIBIT | 92-B | Notice Letter to Seiko Epson Corporation - '549 Patent |
| EXHIBIT | 93 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Seiko Epson Corporation product |
| EXHIBIT | 94 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Seiko Epson Corporation product |
| EXHIBIT | 95 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Seiko Epson Corporation product |
| EXHIBIT | 96 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Shuttle, Inc., product |
| EXHIBIT | 97 | Notice Letter to Shuttle, Inc. - '424 Patent |
| EXHIBIT | 97-A | Notice Letter to Shuttle, Inc. - '443 Patent |
| EXHIBIT | 98 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Shuttle, Inc., product |
| EXHIBIT | 99 | Claim Chart applying U.S. Patent No. 7,522,424 to accused Systemax, Inc., product |
| EXHIBIT | 100 | Notice Letter to Systemax, Inc.- '424 Patent |
| EXHIBIT | 100-A | Notice Letter to Systemax, Inc. - '443 Patent |
| EXHIBIT | 100-B | Notice Letter to Systemax, Inc. - '549 Patent |
| EXHIBIT | 101 | Claim Chart applying U.S. Patent No. 7,295,443 to accused Systemax, Inc., product |
| EXHIBIT | 102 | Claim Chart applying U.S. Patent No. 7,162,549 to accused Systemax, Inc., product |
| EXHIBIT | 103 | Declaration of Cory Smith |
| EXHIBIT | 103-1 | Receipt for purchase of Acer AM3410-UR21P Desktop PC |
| EXHIBIT | 103-2 | Receipt for purchase of Acer Aspire TimelineX AS4820T-6447 14-Inch Laptop |

| EXHIBIT | 103-3 | Receipt for purchase of Brother MFC5895CW Wireless Color Photo Printer with Scanner, Copier and Fax |
| EXHIBIT | 103-4 | Receipt for purchase of Canon PIXMA MG5220 All-In-One Color Printer |
| EXHIBIT | 103-5 | Receipt for purchase of Dane-Elec 15-in-1 USB 2.0 Flash Memory Card Reader DA-COMBO15-1 |
| EXHIBIT | 103-6 | Receipt for purchase of Dell Inspiron 560 Minitower |
| EXHIBIT | 103-7 | Receipt for purchase of Dell Vostro 3555 Laptop |
| EXHIBIT | 103-8 | Receipt for purchase of Fujitsu Notebook Thin & Light Lifebook LH531 |
| EXHIBIT | 103-9 | Receipt for purchase of Fujitsu Notebook Lifebook T580 |
| EXHIBIT | 103-10 | Receipt for purchase of GE-Jasco 55-in-1 Card Reader/Writer 97942 |
| EXHIBIT | 103-11 | Receipt for purchase of HP Photosmart Premium Fax e-All-in-One Printer C410a |
| EXHIBIT | 103-12 | Receipt for purchase of HP Pavilion Slimline s5xt Series |
| EXHIBIT | 103-13 | Receipt for purchase of HiTi Passport/ID Photo Printer S420 |
| EXHIBIT | 103-14 | Receipt for purchase of Kingston Media Reader FCR-HS219/1 |
| EXHIBIT | 103-15 | Receipt for purchase of Lexar Multi-Card 24-in-1 USB Card Reader LRW024URBNA |
| EXHIBIT | 103-16 | Receipt for purchase of Microdia Card Reader FlashMover All-in-One Tiny |
| EXHIBIT | 103-17 | Receipt for purchase of Rosewill 74-in-1 Internal Card Reader RCR-AK-IM5002 |
| EXHIBIT | 103-18 | Receipt for purchase of Sabrent 68-in-1 USB 2.0 Internal Flash Memory Card Reader |
| EXHIBIT | 103-19 | Receipt for purchase of Samsung Laptop Series 3 Laptop NP305V5AI |
| EXHIBIT | 103-20 | Receipt for purchase of Seiko Epson All-In-One Printer Artisan 725 – Arctic Edition |
| EXHIBIT | 103-21 | Receipt for purchase of Shuttle Mini Desktop Computer XS35 V2 |
| EXHIBIT | 103-22 | Receipt for purchase of Systemax Desktop SYX Venture SBE1 Business Desktop |
| EXHIBIT | 104 | Declaration of Douglas Lum |
| EXHIBIT | 104-1 | Receipt for purchase of Falcon Desktop –Talon 3.0 |

| CONFIDENTIAL EXHIBIT | 105 | Confidential Declaration of Dwayne Hannah |
|---|---|---|
| EXHIBIT | 105-1 | TPL's Standard Licensing Program Letter for CORE Flash |
| CONFIDENTIAL EXHIBIT | 105-2 | TPL's Standard License Agreement for CORE Flash |
| EXHIBIT | 105-3 | List of OnSpec Products Developed Through the Innovations Taught by Asserted Patents |
| CONFIDENTIAL EXHIBIT | 105-4 | On Spec's Revenues from Sales of Controller Chips |
| CONFIDENTIAL EXHIBIT | 105-5 | Claim Chart showing how the OnSpec 90C46D-LF Chip, in the Sony VRD-MC6 Multi-Flash-Card Reader, practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-6 | Claim Chart showing how the OnSpec 90C46D-LF Chip, in the Sony VRD-MC6 Multi-Flash-Card Reader, practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-7 | Claim Chart showing how the OnSpec 90C46D-LF Chip, in the Sony VRD-MC6 Multi-Flash-Card Reader, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-8 | Claim Chart showing how the Addonics Internal SATA/USB DigiDrive AEIDDSAU / WP Practices the '638 Patent |
| CONFIDENTIAL EXHIBIT | 150-9 | Claim Chart showing how the Addonics Internal SATA/USB DigiDrive AEIDDSAU / WP Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-10 | Claim Chart showing how the Addonics Internal SATA/USB DigiDrive AEIDDSAU / WP Practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-11 | Claim Chart showing how the Addonics Internal SATA/USB DigiDrive AEIDDSAU / WP Practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-12 | Claim Chart showing how the Addonics PCMCIA Flash DigiAdapter Extreme ADPMAF-X Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-13 | Claim Chart showing how the Addonics PCMCIA Flash DigiAdapter Extreme ADPMAF-X Practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-14 | Claim Chart showing how the Addonics PCMCIA Flash DigiAdapter Extreme ADPMAF-X Practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-15 | Claim Chart showing how the Addonics Pocket eSATA/USB DigiDrive AEPDDESU / WP Practices the '638 Patent |
| CONFIDENTIAL EXHIBIT | 105-16 | Claim Chart showing how the Addonics Pocket eSATA/USB DigiDrive AEPDDESU / WP Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-17 | Claim Chart showing how the Addonics Pocket eSATA/USB DigiDrive AEPDDESU / WP Practices the '549 Patent |

| | | |
|---|---|---|
| CONFIDENTIAL EXHIBIT | 105-18 | Claim Chart showing how the Addonics Pocket eSATA/USB DigiDrive AEPDDESU / WP Practices the '847 Patent |
| CONFIDENTIAL EXHIBIT | 105-19 | Claim Chart showing how the Addonics Pocket eSATA/USB DigiDrive AEPDDESU / WP Practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-20 | Claim Chart showing how the CMING - Digigear SD/SDHC/SDXC to High-Speed Extreme CF Type II SDXCF Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-21 | Claim Chart showing how the CMING - Digigear SD/SDHC/SDXC to High-Speed Extreme CF Type II SDXCF Practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-22 | Claim Chart showing how the CompuApps OmniFlash Card Reader UnoMas MS-UM100-1 Practices the '638 Patent |
| CONFIDENTIAL EXHIBIT | 105-23 | Claim Chart showing how the CompuApps OmniFlash Card Reader UnoMas MS-UM100-1 Practices the '623 Patent |
| CONFIDENTIAL EXHIBIT | 105-24 | Claim Chart showing how the CompuApps OmniFlash Card Reader UnoMas MS-UM100-1Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-25 | Claim Chart showing how the CompuApps OmniFlash Card Reader UnoMas MS-UM100-1 Practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-26 | Claim Chart showing how the CompuApps OmniFlash eSATA Kiosk Flash Media Card Reader xSil145-G-ES1 Practices the '638 Patent |
| CONFIDENTIAL EXHIBIT | 105-27 | Claim Chart showing how the CompuApps OmniFlash eSATA Kiosk Flash Media Card Reader xSil145-G-ES1 Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-28 | Claim Chart showing how the CompuApps OmniFlash eSATA Kiosk Flash Media Card Reader xSil145-G-ES1 Practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-29 | Claim Chart showing how the CompuApps OmniFlash eSATA Kiosk Flash Media Card Reader xSil145-G-ES1 Practices the '847 Patent |
| CONFIDENTIAL EXHIBIT | 105-30 | Claim Chart showing how the CompuApps OmniFlash eSATA Kiosk Flash Media Card Reader xSil145-G-ES1 Practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-31 | Claim Chart showing how the CompuApps OmniFlash IDE Kiosk Flash Memory Card Reader xSil146-G Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-32 | Claim Chart showing how the CompuApps OmniFlash IDE Kiosk Flash Memory Card Reader xSil146-G Practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-33 | Claim Chart showing how the CompuApps OmniFlash IDE Kiosk Flash Memory Card Reader xSil146-G Practices the '424 Patent |

| CONFIDENTIAL EXHIBIT | 105-34 | Claim Chart showing how the CompuApps OmniFlash IDE741 Multislot Flash Card Reader/Writer 90C46D-LF Practices the '638 Patent |
| CONFIDENTIAL EXHIBIT | 105-35 | Claim Chart showing how the CompuApps OmniFlash IDE741 Multislot Flash Card Reader/Writer 90C46D-LF Practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-36 | Claim Chart showing how the CompuApps OmniFlash IDE741 Multislot Flash Card Reader/Writer 90C46D-LF Practices the '424 Patent |
| EXHIBIT | 105-37 | Schedule of CORE Flash Patents |
| EXHIBIT | 105-38 | Example of Licensee Brookstone's Use the CORE Flash logo in its Marketing Materials |
| CONFIDENTIAL EXHIBIT | 105-39 | A List of the Companies Offered Licenses to the CORE Flash Portfolio |
| CONFIDENTIAL EXHIBIT | 105-40 | A List of All the Licensed Entities Under the CORE Flash Licensing Program |
| CONFIDENTIAL EXHIBIT | 105-41 | Claim Chart showing how the X5650, a product of TPL's licensee Lexmark, practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-42 | Claim Chart showing how the X5650, a product of TPL's licensee Lexmark, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-43 | Claim Chart showing how the X5650, a product of TPL's licensee Lexmark, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-44 | Claim Chart showing how the X5650, a product of TPL's licensee Lexmark, practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-45 | Claim Chart showing how the PM00525-A, a product of TPL's licensee Belkin, practices the '638 Patent |
| CONFIDENTIAL EXHIBIT | 105-46 | Claim Chart showing how the PM00525-A, a product of TPL's licensee Belkin, practices the '623 Patent |
| CONFIDENTIAL EXHIBIT | 105-47 | Claim Chart showing how the PM00525-A, a product of TPL's licensee Belkin, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-48 | Claim Chart showing how the 23-in-1 Card Reader All-in-One CR4200, a product of TPL's licensee GearHead, practices the '623 Patent |
| CONFIDENTIAL EXHIBIT | 105-49 | Claim Chart showing how the 23-in-1 Card Reader All-in-One CR4200, a product of TPL's licensee GearHead, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-50 | Claim Chart showing how the 58-in-1 Card Reader CR7400M, a product of TPL's licensee GearHead, practices the '623 Patent |

| CONFIDENTIAL EXHIBIT | 105-51 | Claim Chart showing how the 58-in-1 Card Reader CR7400M, a product of TPL's licensee GearHead, practices the '549 Patent |
|---|---|---|
| CONFIDENTIAL EXHIBIT | 105-52 | Claim Chart showing how the 58-in-1 Card Reader CR7400M, a product of TPL's licensee GearHead, practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-53 | Claim Chart showing how the 58-in-1 Card Reader CR7500H, a product of TPL's licensee GearHead, practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-54 | Claim Chart showing how the H320-4041-1JU, a product of TPL's licensee Lenovo, practices the '623 Patent |
| CONFIDENTIAL EXHIBIT | 105-55 | Claim Chart showing how the H320-4041-1JU, a product of TPL's licensee Lenovo, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-56 | Claim Chart showing how the IdeaPad Z560-09144D, a product of TPL's licensee Lenovo, practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-57 | Claim Chart showing how the IdeaPad Z560-09144D, a product of TPL's licensee Lenovo, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-58 | Claim Chart showing how the IdeaPad Z560-09144D, a product of TPL's licensee Lenovo, practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-59 | Claim Chart showing how the MTower 2P64X, a product of TPL's licensee Xi, practices the '638 Patent |
| CONFIDENTIAL EXHIBIT | 105-60 | Claim Chart showing how the MTower 2P64X, a product of TPL's licensee Xi, practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-61 | Claim Chart showing how the MTower 2P64X, a product of TPL's licensee Xi, practices the '549 Patent |
| CONFIDENTIAL EXHIBIT | 105-62 | Claim Chart showing how the MTower 2P64X, a product of TPL's licensee Xi, practices the '424 Patent |
| CONFIDENTIAL EXHIBIT | 105-63 | Claim Chart showing how the 13" Macbook Pro (2011), a product of TPL's licensee Apple, practices the '443 Patent |
| CONFIDENTIAL EXHIBIT | 105-64 | Claim Chart showing how the 13" Macbook Pro (2011), a product of TPL's licensee Apple, practices the '424 Patent |

## <u>APPENDICES TO COMPLAINT</u>

Appendix A:   Certified file history for U.S. Patent No. 6,976,623

Appendix B:   Copies of each reference mentioned in the file history for U.S. Patent No. 6,976,623

Appendix C:   Certified file history for U.S. Patent No. 7,162,549

Appendix D:   Copies of each reference mentioned in the file history for U.S. Patent No. 7,162,549

Appendix E:   Certified file history for U.S. Patent No. 7,295,443

Appendix F:   Copies of each reference mentioned in the file history for U.S. Patent No. 7,295,443

Appendix G:   Certified file history for U.S. Patent No. 7,522,424

Appendix H:   Copies of each reference mentioned in the file history for U.S. Patent No. 7,522,424

Appendix I:   Certified file history for U.S. Patent No. 6,438,638

Appendix J:   Copies of each reference mentioned in the file history for U.S. Patent No. 6,438,638

Appendix K:   Certified file History for U.S. Patent No. 7,719,847

Appendix L:   Copies of each reference mentioned in the file history for U.S. Patent No. 7,719,847

# I.   INTRODUCTION

1.     This Complaint is filed by Technology Properties Limited LLC (hereinafter, "TPL") requesting that the United States International Trade Commission commence an investigation under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"), to remedy the unlawful importation into the United States, the sale for importation, and/or the sale within the United States after importation, by manufacturers, importers, or consignees (or any agent of the owner, importer, or consignee) of certain computers and computer peripheral devices and components thereof and products containing the same (collectively, "Accused Products") that infringe one or more of the following United States Letters Patent (collectively the "Asserted Patents"):

- Claims 1, 2, 3, 4, 9, 10, 11, 12, 17, 18 and 19 of U.S. Patent No. 6,976,623 ("the '623 Patent"), *See* Exhibit 1;

- Claims 7, 11, 19 and 21 of U.S. Patent No. 7,162,549 ("the '549 Patent"), *See* Exhibit 2;

- Claims 1, 3, 4, 7, 9, 11, 12 and 14 of U.S. Patent No. 7,295,443 ("the '443 Patent"), *See* Exhibit 3;

- Claims 25, 26, 28 and 29 of U.S. Patent No. 7,522,424 ("the '424 Patent"), *See* Exhibit 4;

- Claims 13, 14, 15, 16, 17, 18, 25, 26 and 27 of U.S. Patent No. 6,438,638 ("the '638 Patent"), *See* Exhibit 5; and

- Claims 1, 2 and 3 of the U.S. Patent No. 7,719,847 ("the '847 Patent"), *See* Exhibit 6.

2.      On information and belief, the Proposed Respondents have engaged in violations of Section 337 through the unlicensed importation into the United States, the sale for importation, and/or the sale within the United States after importation of Accused Products that infringe one or more claims of the Asserted Patents to the detriment of the domestic industry of TPL and its licensees in the United States relating to the Asserted Patents.

3.      An industry as required by 19 U.S.C. § 1337(a)(2) and (3) exists in the United States relating to products protected by the Asserted Patents.

4.      As relief, TPL seeks a permanent limited exclusion order, pursuant to Section 337(d), to permanently exclude from entry into the United States Respondents' infringing computers and computer peripheral devices and components thereof and products containing the same.  Pursuant to Section 337(f), TPL further seeks a permanent cease and desist order directing Respondents to immediately discontinue importing, selling, marketing, advertising, distributing, offering for sale, transferring, and/or soliciting U.S. agents or distributors for Respondents' computers and computer peripheral devices and components thereof and products containing the same.  Finally, TPL seeks any other relief the ITC deems proper.

## II.   COMPLAINANT

5.      The owner of the Asserted Patents is MCM Portfolio LLC ("MCM"), a Delaware limited liability company with its principal place of business at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.  TPL is MCM's exclusive licensee to the Asserted Patents. *See* Exhibits 7-12.  As part of that exclusive license, TPL has the sole and exclusive right to assert and/or grant licenses under the Asserted Patents.

6.      TPL is a California limited liability company with its principal place of business at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.  TPL specializes in

advanced product development and commercialization relating to distributed digital media applications. In addition, TPL maintains an extensive licensing program across a broad array of industries, which it drives through both internal development and the acquisition of intellectual property assets.

7.     In April 2006, TPL participated in the acquisition of a company called OnSpec Electronic, Inc., (hereinafter "OnSpec") that had researched and developed a pioneering line of chip products for controlling the connection of input/output interfaces related to flash memory. Since 2006, TPL has continued to make significant investment in the development of the OnSpec product line and related intellectual property, which TPL calls CORE Flash. Today, CORE Flash technology includes I/O interface control related to various flash media formats, including Memory Stick, CompactFlash, Secure Digital, MultiMediaCard, Smart Media, xD and Microdrives, to USB 1.1, USB 2.0, IDE, PCMCIA, CompactFlash and 8- or 16-bit general purpose interfaces. TPL continues to make significant investment in the design, development, and marketing of CORE Flash products (including controller chips for flash media card readers used in computers and computer peripheral devices and components thereof and products containing the same) under the OnSpec brand.

8.     OnSpec's controller chips are ideally suited for computers and computer peripheral devices and components thereof and products containing the same because they uniquely integrate connectivity and multiple flash card standards in a compatible manner—all within a single system-on-a-chip architecture. The space and cost savings resulting from OnSpec's "system on chip" integration and the flexibility of supporting all types of flash card standards provides necessary flexibility to computer and computer peripheral manufacturers,

which enables manufacturers to offer a full line of products based on one standard platform architecture.

9.      Along with OnSpec's technology, TPL also participated in the acquisition of OnSpec's intellectual property relating to the CORE Flash technology, including a series of domestic and foreign patents and applications.  In addition, TPL has continued to seek patent protection for its CORE Flash technology, and has the exclusive rights to a broad array of related patents, including the Asserted Patents.  This and other intellectual property comprises the CORE Flash Portfolio, which is the subject of an extensive licensing program, through which TPL provides access to the Asserted Patents.

10.     TPL provides access to the Asserted Patents through its CORE Flash Licensing Program.  TPL has been successful in its licensing efforts, and the CORE Flash Licensing Program currently includes 32 licensed entities across a variety of industries, such as computers, consumer electronics, audio/visual products, and more.

## III.    THE PROPOSED RESPONDENTS

11.     On information and belief, Proposed Respondent Acer Inc. ("Acer") is a Taiwanese corporation with a principal place of business at 8F, 88, Sec. 1, Xintai 5th Rd., Xizhi, New Taipei City 221, Taiwan.  On information and belief, and as stated more fully in Paragraphs 90-96, Proposed Respondent Acer is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

12.     On information and belief, Proposed Respondent Brother Industries, Ltd. ("Brother") is a Japanese corporation with a principal place of business at 15-1, Naeshiro-cho, Mizuho-ku, Nagoya, Aichi 467-8561, Japan.  On information and belief, and as stated more fully

in Paragraphs 97-101, Proposed Respondent Brother is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

13.     On information and belief, Proposed Respondent Canon Inc. ("Canon") is a Japanese corporation with a principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.  On information and belief, and as stated more fully in Paragraphs 102-105, Proposed Respondent Canon is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

14.     On information and belief, Proposed Respondent Dane-Elec Memory ("Dane-Elec") is a French corporation with a principal place of business at 159 Avenue Gallieni, BP33, 93171 Bagnolet Cedex, France.  On information and belief, and as stated more fully in Paragraphs 106-113, Proposed Respondent Dane-Elec is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

15.     On information and belief, Proposed Respondent Dell Inc. ("Dell"), is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682.  On information and belief, and as stated more fully in Paragraphs 114-121, Proposed Respondent Dell, is engaged in one or more of the manufacture, importation, sale for importation, or sale

after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

16.     On information and belief, Proposed Respondent Falcon Northwest Computer Systems, Inc. ("Falcon") is an Oregon corporation with a principal place of business at 2015 Commerce Drive, Medford, Oregon 97504.  On information and belief, and as stated more fully in Paragraphs 122-127, Proposed Respondent Falcon is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

17.     On information and belief, Proposed Respondent Fujitsu Limited ("Fujitsu") is a Japanese corporation with a principal place of business at Shiodome City Center, 1-5-2 Higashi-Shinbashi, Minato-ku, Tokyo, 105-7123, Japan.  On information and belief, and as stated more fully in Paragraphs 128-131, Proposed Respondent Fujitsu is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

18.     On information and belief, Proposed Respondent Jasco Products Company ("Jasco") is an Oklahoma corporation with a principal place of business at 10 East Memorial Road, Building B, Oklahoma City, Oklahoma 73114-2205.  On information and belief, and as stated more fully in Paragraphs 132-137, Proposed Respondent Jasco is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same under the brand name "General Electric."

- 20 -

19.     On information and belief, Proposed Respondent Hewlett-Packard Company

("HP") is a Delaware corporation with a principal place of business at 3000 Hanover Street, Palo

Alto, California 94304-1185. On information and belief, and as stated more fully in Paragraphs

138-143, Proposed Respondent HP is engaged in one or more of the manufacture, importation,

sale for importation, or sale after importation into the United States of infringing computers

and/or computer peripheral devices and components thereof and products containing the same.

20.     On information and belief, Proposed Respondent HiTi Digital, Inc. ("HiTi") is a

Taiwanese corporation with a principal place of business at 9F., No. 225, Sec. 3, Beixin Rd.,

Xindian District, New Taipei City 231, Taiwan. On information and belief, and as stated more

fully in Paragraphs 144-148, Proposed Respondent HiTi is engaged in one or more of the

manufacture, importation, sale for importation, or sale after importation into the United States of

infringing computers and/or computer peripheral devices and components thereof and products

containing the same.

21.     On information and belief, Proposed Respondent Kingston Technology Company,

Inc. ("Kingston") is a California corporation with a principal place of business at 17600

Newhope St., Fountain Valley, California 92708. On information and belief, and as stated more

fully in Paragraphs 149-153, Proposed Respondent Kingston is engaged in one or more of the

manufacture, importation, sale for importation, or sale after importation into the United States of

infringing computers and/or computer peripheral devices and components thereof and products

containing the same.

22.     On information and belief, Proposed Respondent Micron Technology, Inc.

("Micron") is a Delaware corporation with a principal place of business at 8000 S. Federal Way,

Boise, Idaho 83707-0006. On information and belief, and as stated more fully in Paragraphs

154-159, Proposed Respondent Micron is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same under the brand name "Lexar."

23.     On information and belief, Proposed Respondent Lexar Media, Inc. ("Lexar"), a subsidiary of Micron Technology, Inc., is a Delaware corporation with a principal place of business at 47300 Bayside Parkway, Fremont, California 94538. On information and belief, and as stated more fully in Paragraphs 154-159, Proposed Respondent Lexar is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same under the brand name "Lexar."

24.     On information and belief, Proposed Respondent Microdia Limited ("Microdia") is a California corporation with a principal place of business at The Concourse, Technology Drive, San Jose, California 95110. On information and belief, and as stated more fully in Paragraphs 160-164, Proposed Respondent Microdia is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

25.     On information and belief, Proposed Respondent Newegg Inc. ("Newegg") is a Delaware corporation with a principal place of business at 16839 East Gale Avenue, City of Industry, California 91745. On information and belief, and as stated more fully in Paragraphs 165-170, Proposed Respondent Newegg is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing

computers and/or computer peripheral devices and components thereof and products containing the same under the brand name "Rosewill."

26.     On information and belief, Proposed Respondent Rosewill Inc. ("Rosewill") is a California corporation with a principal place of business at 17708 Rowland St., City of Industry, California 91748.  On information and belief, and as stated more fully in Paragraphs 165-170, Proposed Respondent Rosewill is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

27.     On information and belief, Proposed Respondent Sabrent is a California corporation with a principal place of business at 9720 Variel Avenue, Chatsworth, California 91311.  On information and belief, and as stated more fully in Paragraphs 171-176, Proposed Respondent Sabrent is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and computer peripheral devices and components thereof and products containing the same.

28.     On information and belief, Proposed Respondent Samsung Electronics Co., Ltd. ("Samsung") is a Korean corporation with a principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea.  On information and belief, and as stated more fully in Paragraphs 177-180, Proposed Respondent Samsung is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

29.     On information and belief, Proposed Respondent Seiko Epson Corporation ("Epson") is a Japanese corporation with a principal place of business at 3-3-5 Owa, Suwa,

Nagano, Japan.  On information and belief, and as stated more fully in Paragraphs 181-185, Proposed Respondent Epson is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

30.     On information and belief, Proposed Respondent Shuttle Inc. ("Shuttle") is a Taiwanese corporation with a principal place of business at No. 30, Lane 76, Rei Kuang Rd., Nei-Hu District, Taipei, Taiwan.  On information and belief, and as stated more fully in Paragraphs 186-189, Proposed Respondent Shuttle is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

31.     On information and belief, Proposed Respondent Systemax Inc. ("Systemax") is a Delaware corporation with a principal place of business at 11 Harbor Park Drive, Port Washington, New York 11050.  On information and belief, and as stated more fully in Paragraphs 190-194, Proposed Respondent Systemax is engaged in one or more of the manufacture, importation, sale for importation, or sale after importation into the United States of infringing computers and/or computer peripheral devices and components thereof and products containing the same.

IV.     **THE TECHNOLOGY AND PRODUCTS AT ISSUE**

32.     The technologies at issue relate to hardware used in a broad range of devices, including personal computers, card reader accessories and printers.  In general, the Asserted Patents relate to flash memory card readers, including controller devices and pin mapping.

33.     The Accused Products include personal computers, printers and other peripherals and components thereof and products containing the same that incorporate a flash memory card reader.  The Accused Products are imported into and sold within the United States by or on behalf of Respondents.

34.     The proliferation of digital image capture devices – such as digital still cameras, camcorders, and mobile phones with integrated cameras – has popularized a variety of flash media formats, such as Smart Media, CompactFlash, Secure Digital, MultiMedia Card, xD Picture Card, and Memory Stick, and other types of flash media capable of storing digital images.

35.     This heterogeneity of storage formats presents a potential problem for digital devices that must interface with different types of flash memory cards.  The inventions of the Asserted Patents overcome this problem by enabling the production of multi-card readers that can accept and read virtually all types of flash memory formats in a single physical device. These multi-card readers are more convenient than other solutions such as transfer cables or wireless transfer technologies, which are more cumbersome, expensive and complicated for users, as well as less standardized.

36.     Accordingly, to ensure universal compatibility, electronic devices that must interface with multiple flash formats have adopted the CORE Flash technology claimed by the Asserted Patents.

37.     Digital media files can be easily edited, printed, transferred electronically, or published online.  This is a fundamental advantage of digital media over analog media, and a key driver for the adoption of digital media devices.  However, digital capture devices are often poorly equipped to edit, transfer, publish, or print digital files.  Therefore, consumers often first

transfer digital media files from a capture device to a more versatile digital system, such as a computer or printer.  In order to ensure compatibility across a wide range of capture devices, computers and printers often contain an integrated multi-flash card reader that leverages the CORE Flash technology claimed by the Asserted Patents.  The multi-card reader maximizes the appeal of a system across a broad range of customers, and can be a key product differentiator.

38.     The need for multi-flash card support in computer systems has also driven demand for third party multi-flash card reader accessories.  These accessories enable computers without an integrated multi-flash card reader to support a variety of flash formats.  Multi-flash card readers would cease to function without the CORE Flash technology claimed by the Asserted Patents.

## V.     THE PATENTS IN SUIT AND NON-TECHNICAL DESCRIPTIONS OF THE INVENTIONS

### A.     Overview and Ownership of the Asserted Patents

#### 1.     The '623 Patent

39.     United States Patent No. 6,976,623 titled "Flash Juke Box," issued on December 20, 2005, to Sreenath Mambakkam, et al.  *See* Exhibit 1.  The '623 Patent issued from Application No. 10/065,771, filed on November 18, 2002.  *Id.*

40.     The '623 Patent has 3 independent claims and 16 dependent claims.  *See* Exhibit 1.  TPL is currently asserting one or more of independent claims 1, 9 and 17 and one or more of dependent claims 2, 3, 4, 10, 11, 12, 18 and 19 against certain Respondents, as stated herein. Further investigation and discovery may lead to the assertion of additional claims of the '623 Patent against one or more Respondents.

41.     TPL is the exclusive licensee of the '623 Patent.  The recorded assignments of the '623 Patent are attached as Exhibit 7.

42.     Pursuant to Commission Rule 210.12(c), a certified copy of the prosecution history of the '623 Patent, and four copies of the prosecution history are attached hereto. *See* Appendix A. Pursuant to Commission Rule 210.12(c) four copies of each reference mentioned in the '623 Patent and/or its prosecution history are also attached hereto. *See* Appendix B.

43.     There are no foreign counterpart patents or patent applications for the '623 Patent, and no foreign counterpart patent applications have been denied, abandoned, or withdrawn.

44.     As required under Commission Rule 210.12(a)(9)(iii), a list of entities licensed under the '623 Patent is attached to this Complaint as Confidential Exhibit 13. On information and belief, there are no other current licenses involving the '623 Patent.

### 2.     The '549 Patent

45.     United States Patent No. 7,162,549 titled "Multimode Controller For Intelligent And 'Dumb' Flash Cards," issued on January 9, 2007, to inventor Sreenath Mambakkam, et al. *See* Exhibit 2. The '549 Patent issued from Application No. 10/264,466, filed on October 4, 2002. *Id.*

46.     The '549 Patent has 3 independent claims and 19 dependent claims. *See* Exhibit 2. TPL is currently asserting one or more of independent claims 7 and 11 and one or more of dependent claims 19 and 21 against certain Respondents, as stated herein. Further investigation and discovery may lead to the assertion of additional claims of the '549 Patent against one or more Respondents.

47.     TPL is the exclusive licensee of the '549 Patent in the United States. The recorded assignments of the '549 Patent are attached as Exhibit 8.

48.     Pursuant to Commission Rule 210.12(c), a certified copy of the prosecution history of the '549 Patent, and four copies of the prosecution history are attached hereto. *See*

Appendix C.  Pursuant to Commission Rule 210.12(c) four copies of each reference mentioned

in the '549 Patent and/or its prosecution history are also attached hereto.  *See* Appendix D.

49.     The '549 Patent and its counterpart patents or patent applications are listed below.

US 12/351,691 is a pending reissue of the '549 Patent.

| Status | Country | Appl. No. | Filed | Issued | Pat. No. |
|--------|---------|-----------|-------|--------|----------|
| Issued | US | 10/264,466 | 04-Oct-02 | 09-Jan-07 | 7,162,549 |
| Pending | US | 12/351,691 | 09-Jan-09 | | |
| Issued | Taiwan | 092127401 | 03-Oct-03 | 21-Nov-05 | I243995 |

Aside from the foreign patent documents listed above, there are no foreign counterpart

applications that have been denied, abandoned, or withdrawn.

50.     As required under Commission Rule 210.12(a)(9)(iii), a list of entities licensed

under the '549 Patent is attached to this Complaint as Confidential Exhibit 13.  On information

and belief, there are no other current licenses involving the '549 Patent.

### 3.      The '443 Patent

51.     United States Patent No. 7,295,443 titled "Smartconnect Universal Flash Media

Card Adapters," issued on November 13, 2007, to inventor Sreenath Mambakkam, et al.  *See*

Exhibit 3.  The '443 Patent issued from Application No. 11/492,556, filed on July 24, 2006.  *Id.*

52.     The '443 Patent has 2 independent claims and 12 dependent claims.  *See* Exhibit

3.  TPL is currently asserting one or more of independent claims 1 and 9 and one or more of

dependent claims 3, 4, 7, 11, 12, and 14 against certain Respondents, as stated herein.  Further

investigation and discovery may lead to the assertion of additional claims of the '443 Patent

against one or more Respondents.

53.     TPL is the exclusive licensee of the '443 Patent.  The recorded assignments of the

'443 Patent are attached as Exhibit 9.

54.     Pursuant to Commission Rule 210.12(c), a certified copy of the prosecution history of the '443 Patent, and four copies of the prosecution history are attached hereto. *See* Appendix E.  Pursuant to Commission Rule 210.12(c) four copies of each reference mentioned in the '443 Patent and/or its prosecution history are also attached hereto. *See* Appendix F.

55.     There are no foreign counterpart patents or patent applications for the '443 Patent, and no foreign counterpart patent applications have been denied, abandoned, or withdrawn.

56.     As required under Commission Rule 210.12(a)(9)(iii), a list of entities licensed under the '443 Patent is attached to this Complaint as Confidential Exhibit 13.  On information and belief, there are no other current licenses involving the '443 Patent.

### 4.     The '424 Patent

57.     United States Patent No. 7,522,424 titled "Smartconnect Universal Flash Media Card Adapters," issued on April 21, 2009, to inventor Sreenath Mambakkam, et al. *See* Exhibit 4.  The '424 Patent issued from Application No. 11/858,086, filed on September 19, 2007. *Id.*

58.     The '424 Patent has 6 independent claims and 24 dependent claims.  *See* Exhibit 4.  TPL is currently asserting one or more of independent claims 25 and 28 and one or more of dependent claims 26 and 29 against certain Respondents, as stated herein.  Further investigation and discovery may lead to the assertion of additional claims of the '424 Patent against one or more Respondents.

59.     TPL is the exclusive licensee of the '424 Patent.  The recorded assignments of the '424 Patent are attached as Exhibit 10.

60.     Pursuant to Commission Rule 210.12(c), a certified copy of the prosecution history of the '424 Patent, and four copies of the prosecution history are attached hereto. *See*

Appendix G.  Pursuant to Commission Rule 210.12(c) four copies of each reference mentioned in the '424 Patent and/or its prosecution history are also attached hereto.  *See* Appendix H.

61.      There are no foreign counterpart patents or patent applications for the '424 Patent, and no foreign counterpart patent applications have been denied, abandoned, or withdrawn.

62.      As required under Commission Rule 210.12(a)(9)(iii), a list of entities licensed under the '424 Patent is attached to this Complaint as Confidential Exhibit 13.  On information and belief, there are no other current licenses involving the '424 Patent.

### 5.      The '638 Patent

63.      United States Patent No. 6,438,638, titled "Flashtoaster For Reading Several Types Of Flash-Memory Cards With Or Without A PC," issued on August 20, 2002, to inventor Larry Lawson Jones, et al. *See* Exhibit 5.  The '638 Patent issued from Application No. 09/610,904, filed on July 6, 2000.  *Id.*

64.      The '638 Patent has 4 independent claims and 24 dependent claims.  *See* Exhibit 5.  TPL is currently asserting one or more of independent claims 13, 25 and 26 and one or more of dependent claims 14, 15, 16, 17, 18 and 27 against certain Respondents, as stated herein.  Further investigation and discovery may lead to the assertion of additional claims of the '638 Patent against one or more Respondents.

65.      TPL owns by assignment the entire right, title, and interest in and to the '638 Patent.  The recorded assignments of the '638 Patent are attached as Exhibit 11.

66.      Pursuant to Commission Rule 210.12(c), a certified copy of the prosecution history of the '638 Patent, and four copies of the prosecution history are attached hereto.  *See* Appendix I.  Pursuant to Commission Rule 210.12(c), four copies of each reference mentioned in the '638 Patent and/or its prosecution history are also attached hereto.  *See* Appendix J.

- 30 -

67.     The '638 Patent and its foreign counterpart patents or patent applications and current status are listed below.

| Status | Country | Appl. No. | Filed | Issued | Pat. No. |
|---|---|---|---|---|---|
| Issued | US | 09/610,904 | 06-Jul-00 | 20-Aug-02 | 6,438,638 |
| Done | PCT | PCT/US2001/041249 | 03-Jul-01 | | |
| Issued | Taiwan | 090116431 | 05-Jul-01 | 21-Oct-04 | I222564 |
| Granted | EPO | 09005852.0 | 27-Apr-09 | 04-May-11 | 2085887 |
| Issued | United Kingdom | 09005852.0 | 27-Apr-09 | 04-May-11 | 2085887 |
| Issued | France | 09005852.0 | 27-Apr-09 | 04-May-11 | 2085887 |
| Issued | Germany | 09005852.0 | 27-Apr-09 | 04-May-11 | 2085887 |
| Pending | Japan | 2010-199784 | 07-Sep-10 | | |
| FCR | Canada | 2408442 | 07-Nov-02 | | |
| Abandoned | Australia | 2001-273677 | 14-Nov-02 | | |
| Abandoned | EPO | 01952974.2 | 18-Nov-02 | 11-Mar-11 | |
| Abandoned | Japan | 2002-508643 | 29-Nov-02 | | |
| Issued | Korea | 2002-7016817 | 10-Dec-02 | 07-Mar-05 | 476817 |
| Issued | China | 018152163 | 05-Mar-03 | 08-Mar-06 | ZL01815216.3 |
| FCR | Australia | 2005-211564 | 16-Sep-05 | 29-Feb-08 | 2005211564 |
| Abandoned | Japan | 2006-47134 | 23-Feb-06 | 25-Aug-10 | |
| Abandoned | Canada | 2551154 | 19-Jul-06 | 06-Jul-10 | |

68.    As required under Commission Rule 210.12(a)(9)(iii), a list of licensed entities is attached to this Complaint as Confidential Exhibit 13.  On information and belief, there are no other current licenses involving the '638 Patent.

### 6.    The '847 Patent

69.    United States Patent No. 7,719,847 titled "Smartconnect Flash Card Adapter," issued on May 18, 2010, to inventor Sreenath Mambakkam, et al.  *See* Exhibit 6.  The '847 Patent issued from Application No. 12/189,725, filed on August 11, 2008.  *Id.*

70.    The '847 Patent has 1 independent claim and 2 dependent claims.  *See* Exhibit 6. TPL is currently asserting claim 1 against certain Respondents and one or more of dependent claims 2 and 3 against certain Respondents, as stated herein.  Further investigation and discovery may lead to the assertion of additional claims of the '847 Patent against one or more Respondents.

71.    TPL owns by assignment the entire right, title, and interest in and to the '847 Patent.  The recorded assignments of the '847 Patent are attached as Exhibit 12.

72.    Pursuant to Commission Rule 210.12(c) a certified copy of the prosecution history of the '847 Patent, and four copies of the prosecution history are attached hereto.  *See* Appendix K.  Pursuant to Commission Rule 210.12(c), four copies of each reference mentioned in the '847 Patent and/or its prosecution history are also attached hereto.  *See* Appendix L.

73.    There are no foreign counterpart patents or patent applications for the '847 Patent, and no foreign counterpart patent applications have been denied, abandoned or withdrawn.

74.    As required under Commission Rule 210.12(a)(9)(iii), a list of licensed entities is attached to this Complaint as Confidential Exhibit 13.  On information and belief, there are no other current licenses involving the '847 Patent.

75.   Below is a table that summarizes which claims of the Asserted Patents TPL is asserting against each respondent (or related group of respondents):

| | US'443 | | | | | | | | US'424 | | | | US'549 | | | | US'623 | | | | | | | | | | | US'638 | | | | | | | | | US'847 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 3 | 4 | 7 | 9 | 11 | 12 | 14 | 25 | 26 | 28 | 29 | 7 | 11 | 19 | 21 | 1 | 2 | 3 | 4 | 9 | 10 | 11 | 12 | 17 | 18 | 19 | 13 | 14 | 15 | 16 | 17 | 18 | 25 | 26 | 27 | 1 | 2 | 3 |
| Acer Inc. | | | | | | | | | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | x | x | x |
| Brother Industries, Ltd. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Canon Inc. | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Dane-Elec Memory | | | | | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Dell Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x |
| Falcon Northwest Computer Systems, Inc. | | | | | | | | | x | x | x | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |
| Fujitsu Limited | | | | | | | | | | | | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | | |
| Jasco Products Company | | | | | x | x | x | | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | |
| Hewlett-Packard Company | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | x | | x |
| HiTi Digital, Inc. | | | | | x | | | | | | | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Kingston Technology Company, Inc. | | | | | x | | x | x | x | x | x | | | | | | x | x | | | x | | | x | | x | x | | | | | | | | | | | | |
| Micron Technology, Inc./Lexar Media, Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |
| Microdia Limited | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | x | x |
| Newegg Inc./Rosewill Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |
| Sabrent | | | | | x | x | x | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |
| Samsung Electronics Co., Ltd | | | | | x | | | | | | | | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Seiko Epson Corporation | x | x | | x | x | x | | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Shuttle Inc. | | | | | x | x | | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Systemax Inc. | | | | | x | x | | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |

## B.   Non-Technical Description of the Asserted Patents

### 1.   Non-Technical Description of the '623 Patent

76.   The '623 Patent discloses a memory card interface apparatus having more than one interface to read at least two different types of memory cards, and to provide parallel access to two cards to enable the transfer of data from one card to the other.  The invention permits faster data transfer between flash cards by providing parallel access to both for transferring data between cards.  The patent also discloses a method of providing parallel access to two cards to enable the transfer of data from one card to the other.

### 2.   Non-Technical Description of the '549 Patent

77.   The '549 Patent discloses a system with a controller chip that interfaces with a flash memory card which may (or may not) have a controller for error correction.  Using firmware, the disclosed controller chip conducts bad block mapping in an event that the flash memory card does not have a controller for error correction.  This permits the system with the disclosed controller chip to conduct bad block mapping rather than in, for example, a host computer.  The patent also discloses a method for using a controller chip to interface with a flash

memory card which may (or may not) have a controller for error correction, and, in an event where the flash memory card does not have a controller for error correction, using firmware to conduct bad black mapping.

78.     This invention is especially important for consumers who use xD-Picture Cards or Smart Media cards, as these flash memory cards do not include an error correction controller.

### 3.     Non-Technical Description of the '443 Patent

79.     The '443 Patent discloses a multi-media memory adapter.  The adapter has a first planar element or portion and a second planar element or portion that define a slot between them for receiving multiple types of flash memory cards.  The planar elements or portions comprise molded plastic.  The patent further discloses contact pins that extend or protrude from either the top or the bottom of the port (or both); these contact pins allow the port to receive electrical signals from a flash memory card.  The patent also discloses a controller chip that maps a set of signal lines to a subset of the contact pins based on the type of flash memory card inserted into the reader.

80.     The invention allows a flash card reader with a port defined by two planar elements or portions that comprise molded plastic to use a controller to interface with multiple types of flash memory cards, including MultiMediaCard (MMC) and Secure Digital (SD). Figure 3 (reproduced below), illustrates one embodiment of the '443 Patent:



### 4.    Non-Technical Description of the '424 Patent

81.    The '424 Patent discloses an apparatus with a port that has a number of sets of contact pins mounted at locations adapted to interface with the electrical contacts of different types of flash memory cards.  The patent discloses a set of interconnection pins 315 as illustrated in Figure 3 (reproduced below).  A component, such as a controller, maps power, ground, and/or data signals between the interconnection pins and the proper contact pins, depending on the type of card in the slot.



82.    The invention also permits the use of a controller in a reader with a port that accepts multiple flash card types, including MultiMediaCard and Secure Digital.

### 5.    Non-Technical Description of the '638 Patent

83.    The '638 Patent discloses a multi-flash card reader that uses a converter chip to read data from different kinds of flash cards, including CompactFlash, SmartMedia, and MultiMediaCard.  Electronic products and devices that employ the inventions claimed in the '638 patent, such as computers and computer peripheral devices and components thereof and products containing the same, utilize a card reader from which they are able to load data or images from multiple types of flash memory cards.

84.    A basic layout of a card reader that practices one or more claims of the '638 Patent is shown in Figure 6 (reproduced below), illustrating one embodiment of the '638 Patent:



85.    The '638 Patent enables consumers to transfer images or data to and from their computers to their other peripherals and devices, such as other computers or photo printers, without having to carry around transfer cables or card adapters to ensure compatibility.

### 6.    Non-Technical Description of the '847 Patent

86.    The '847 Patent discloses an apparatus with a port and a surface with multiple sets of contact pins to interface with different types of flash cards.  The apparatus includes signal lines between a controller and an interconnection means 312 in Figure 3 from the '847 Patent (reproduced below).  The number of signal lines is fewer than the number of contact pins.  The controller maps signals between the signal lines and contact pins depending upon the type of flash card inserted into the port.



87.    The invention permits efficient use of a controller for interfacing with a number of contact pins required by a slot adapter that connects to different types of flash cards, including MultiMediaCard and Secure Digital.

## VI.    UNLAWFUL AND UNFAIR ACTS OF RESPONDENTS – PATENT INFRINGEMENT

88.    Each Respondent has engaged in unfair trade practices, including the manufacture abroad, sale for importation into the United States, importation into the United States, and/or sale in the United States after importation of certain electronic devices that infringe one or more of the Asserted Claims of the Asserted Patents.  Exemplary instances of such unfair trade practices and infringing products (the "Accused Products") are provided below for each Respondent.

89.    Exemplary instances of importation and sale of infringing products are provided below for each Respondent.

### A.    Acer Inc.

90.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Acer is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Acer Accused Products include at least the following:  All-in-One Z3, Aspire M3, Revo 100, Veriton N, and Aspire Timeline X AS4820T-6447.  Exemplary instances of importation and sale of infringing Acer products are set forth below.

- 37 -

91.     On information and belief, the Acer Accused Products are assembled in a foreign country and imported into the United States. *See* Exhibits 14, 19. The photographs of the Aspire M3 in the attached claim chart indicate that the device is a PC desktop that is "Made In China." *See* Exhibit 14 at 2. The photographs of the Aspire Timeline X AS4820T-6447 in the attached claim chart indicate that the device is a notebook that is "Made In China." *See* Exhibit 19 at 2. The Aspire M3 and Aspire Timeline X AS4820T-6447 are imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 14 at 2 (Aspire M3 available for purchase from Acer at Acer.com); *See* Exhibit 19 at 2 (Acer Aspire Timeline X AS4820T-6447 available for purchase from online retailer Amazon.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 2, 4, 103-1, 103-2 (confirming Aspire M3 purchase in the United States from online retailer Buy.com and Aspire Timeline X AS4820T-6447 purchase in the United States from online retailer Amazon.com).

92.     On information and belief, Acer directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent  by importing, offering for sale, selling, testing, and/or using certain of the Acer Accused Products in the United States. TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 15, 2012. *See* Exhibit 15. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused Aspire M3 is attached to this Complaint as Exhibit 14.

93.     On information and belief, Acer directly infringes at least claims 9, 11, 12 and 14 of the '443 Patent  by importing, offering for sale, selling, testing and/or using certain of the Acer Accused Products in the United States. TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 15, 2012. *See*

Exhibit 15. An exemplary chart that applies independent claim 9 and dependent claims 11, 12 and 14 of the '443 Patent to the accused Aspire M3 is attached to this Complaint as Exhibit 16.

94. On information and belief, Acer indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent. On information and belief, Acer indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent. Acer sells the Aspire M3, which performs the indicated method when a user connects the device to a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the memory card port(s) are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Acer provides explicit support for relevant flash storage systems. *See* Exhibit 17 at 2. On information and belief, Acer indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent. Acer sells the Aspire M3, which contains the indicated apparatus that a user could connect to a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, Acer provides explicit support for relevant flash storage systems. *See* Exhibit 17 at 2. TPL provided notice of the '549 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 15, 2012. *See* Exhibit 15. An exemplary chart that applies independent claims 7, and 11 and dependent claims 19 and 21 of the '549 Patent to the accused Aspire M3 is attached to this Complaint as Exhibit 17.

- 39 -

95.     On information and belief, Acer directly infringes at least claims 1, 2, 3, 4, 9, 10, 11, and 12 of the '623 Patent by importing, offering for sale, selling, testing and/or using certain of the Acer Accused Products in the United States.  On information and belief, Acer indirectly infringes at least claims 17, 18, and 19 of the '623 Patent by inducing and/or contributing to the direct the infringement of at least claims 17, 18, and 19 of the '623 Patent.  Acer sells the Aspire M3, which performs the indicated method when a user connects the device to relevant flash storage systems.  TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Acer provides explicit support for relevant flash storage systems.  *See* Exhibit 18 at 2.  TPL provided notice of the '623 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 15, 2012.  *See* Exhibit 15.  An exemplary chart that applies independent claims 1, 9, and 17 and dependent claims 2, 3, 4, 10, 11, 12, 18, and 19 of the '623 Patent to the accused Aspire M3 is attached to this Complaint as Exhibit 18.

96.     On information and belief, Acer directly infringes at least claims 1, 2, and 3 of the '847 Patent by importing, offering for sale, selling, testing and/or using certain of the Acer Accused Products in the United States.  TPL provided notice of the '847 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 15, 2012.  *See* Exhibit 15.  An exemplary chart that applies independent claim 1 and dependent claims 2 and 3 of the '847 Patent to the accused Aspire Timeline X AS4820T-6447  is attached to this Complaint as Exhibit 19.

**B.    Brother Industries, Ltd.**

97.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Brother is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Brother Accused Products include at least the following product: MFC-5895cw.  Exemplary instances of importation and sale of infringing Brother products are set forth below.

98.    On information and belief, the Brother Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibit 20.  The photographs of the MFC-5895cw label in the attached claim chart indicate that the device is a multi-function printer "Made In China."  *See* Exhibit 20 at 3.  The MFC-5895cw is imported into the United States and sold after importation in the United States through retailers.  *See* Exhibit 20 at 2 (MFC-5895cw available for purchase from Brother at Brother-usa.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 6, 103-3 (confirming purchase in the United States from online retailer Amazon.com).

99.    On information and belief, Brother directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing and/or using certain of the Brother Accused Products in the United States.  TPL provided notice of the '424 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 6, 2009.  *See* Exhibit 21. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused MFC-5895cw is attached to this Complaint as Exhibit 20.

100.    On information and belief, Brother directly infringes at least claims 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing and/or using certain of the Brother Accused Products in the United States.  TPL provided notice of the '443 patent by letter

(with an enclosed disk identifying the CORE Flash patents) dated January 10, 2008. *See* Exhibit 21-A. Brother confirmed its awareness of the '443 Patent by no later than January 20, 2008. An exemplary chart that applies independent claim 9 and dependent claims 11, 12, and 14 of the '443 Patent to the accused MFC-5895cw is attached to this Complaint as Exhibit 22.

101.    On information and belief, Brother indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent. On information and belief, Brother induces and/or contributes to the direct infringement of claims 7 and 19 of the '549 Patent. Brother sells the MFC-5895cw, which performs the indicated method when a user connects the device to a computing device and a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Brother provides explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 23 at 5, 12. On information and belief, Brother induces and/or contributes to the direct infringement of claims 11 and 21 of the '549 Patent. Brother sells the MFC-5895cw, which contains the indicated apparatus that a user could connect to a computing device and a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the USB would be used for the connection to a computing device, and the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, Brother provides explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 23 at 5, 12. TPL provided notice of the '549 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated June 25, 2007. *See* Exhibit 21-B. Brother confirmed its awareness of the '549 Patent by no later than July 5, 2007. An exemplary

chart that applies independent claims 7, and 11 and dependent claims 19 and 21 of the '549 Patent to the accused MFC-5895cw is attached to this Complaint as Exhibit 23.

**C.     Canon Inc.**

102.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Canon is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Canon Accused Products include at least the following:  PIXMA MG5220.  Exemplary instances of importation and sale of infringing Canon products are set forth below.

103.    On information and belief, the Canon Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibit 24.  The photographs of the PIXMA MG5220 in the attached claim chart indicate that the device is a printer "Made In Thailand." *See* Exhibit 24 at 3.  The PIXMA MG5220 is imported into the United States and sold after importation in the United States through retailers.  *See* Exhibit 24 at 2 (PIXMA MG5220 available for purchase from Canon at Shop.usa.canon.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 8, 103-4 (confirming purchase in the United States from online retailer newegg.com).

104.    On information and belief, Canon directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing and/or using certain of the Canon Accused Products in the United States.  TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 5, 2009.  *See* Exhibit 25. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused PIXMA MG5220 is attached to this Complaint as Exhibit 24.

105.     On information and belief, Canon directly infringes at least claims 1, 3, 4, 7, 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Canon Accused Products in the United States.  TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 6, 2008.  *See* Exhibit 25-A.  Canon confirmed its awareness of the '443 Patent by no later than February 21, 2008.  An exemplary chart that applies independent claims 1 and 9 and dependent claims 3, 4, 7, 11, 12 and 14 of the '443 Patent to the accused PIXMA MG5220 is attached to this Complaint as Exhibit 26.

### D.     Dane-Elec Memory

106.     On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Dane-Elec is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Dane-Elec Accused Products include at least the following:  15-in-1 Multislot USB 2.0 card reader.  Exemplary instances of importation and sale of infringing Dane-Elec products are set forth below.

107.     On information and belief, the Dane-Elec Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibit 27.  The photographs of the 15-in-1 Multislot USB 2.0 card reader label in the attached claim chart indicate that the device is a card reader "Made In China."  *See* Exhibit 27 at 2.  The 15-in-1 Multislot USB 2.0 card reader is imported into the United States and sold after importation in the United States through retailers.  *See* Exhibit 27 at 2 (15-in-1 Multislot USB 2.0 card reader available for purchase from online retailer Amazon.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 10, 103-5 (confirming 15-in-1 Multislot USB 2.0 card reader purchase in the United States from online retailer Amazon.com).

108.    On information and belief, Dane-Elec directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dane-Elec Accused Products in the United States.  TPL provided notice of the '424 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 19, 2009.  *See* Exhibit 28.  An exemplary chart that applies independent claims 25 and 28 and dependent claim 26 and 29 of the '424 Patent to the accused 15-in-1 Multislot USB 2.0 card reader is attached to this Complaint as Exhibit 27.

109.    On information and belief, Dane-Elec directly infringes at least claims 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dane-Elec Accused Products in the United States.  TPL provided notice of the '443 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated April 1, 2009.  *See* Exhibit 28-A.  An exemplary chart that applies independent claim 9 and dependent claims 11, 12 and 14 of the '443 Patent to the accused 15-in-1 Multislot USB 2.0 card reader is attached to this Complaint as Exhibit 29.

110.    On information and belief, Dane-Elec indirectly infringes at least claims 7, 11, 19, and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19, and 21 of the '549 Patent.  On information and belief, Dane-Elec indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent.  Dane-Elec sells the 15-in-1 Multislot USB 2.0 card reader, which performs the indicated method when a user connects the device to a computing device and a flash storage system.  TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to

- 45 -

perform the method as indicated in the claim chart.  Furthermore, Dane-Elec provides explicit

support for both relevant flash storage systems and a host connection.  *See* Exhibit 30 at 3, 11.

On information and belief, Dane-Elec indirectly infringes at least claims 11 and 21 of the '549

patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of

the '549 Patent.  Dane-Elec sells the 15-in-1 Multislot USB 2.0 card reader, which contains the

indicated apparatus that a user could connect to a computing device and a flash storage system

thereby completing the claimed apparatus.  TPL notes that a normal user would identify the

relevant ports, and assume that the USB would be used for the connection to a computing device,

and the memory card ports are for the flash storage systems thereby completing the claimed

apparatus as indicated in the claim chart.  Furthermore, Dane-Elec provides explicit support for

both relevant flash storage systems and a host connection.  *See* Exhibit 30 at 3, 11.  TPL

provided notice of the '549 patent by letter (with an enclosed disk identifying the CORE Flash

patents) dated February 20, 2007.  *See* Exhibit 28-B.  An exemplary chart that applies

independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the accused

15-in-1 Multislot USB 2.0 card reader is attached to this Complaint as Exhibit 30.

111.    On information and belief, Dane-Elec directly infringes at least claims 1, 2, 3, 4,

9, 10, 11 and 12 of the '623 Patent by importing, offering for sale, selling, testing and/or using

certain of the Dane-Elec's Accused Products in the United States.  On information and belief,

Dane-Elec indirectly infringes at least claims 17, 18 and 19 of the '623 Patent by inducing and/or

contributing to the direct infringement of at least claims 17, 18, and 19 of the '623 Patent.  Dane-

Elec sells the 15-in-1 Multislot USB 2.0 card reader, which performs the indicated method when

a user connects the device to a computing device and relevant flash storage systems.  TPL notes

that a normal user would identify the relevant ports, and assume that the USB port could be used

- 46 -

for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Dane-Elec provides explicit support for both multiple relevant flash storage systems and a computing device. *See* Exhibit 31 at 3-4. TPL provided notice of the '623 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated October 23, 2006. *See* Exhibit 28-C. An exemplary chart that applies independent claims 1, 9, and 17 and dependent claims 2, 3, 4, 10, 11, 12, 18 and 19 of the '623 Patent to the accused 15-in-1 Multislot USB 2.0 card reader is attached to this Complaint as Exhibit 31.

112. On information and belief, Dane-Elec directly infringes at least claims 13, 14, 15, 16, 17, 25, 26 and 27 of the '638 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dane-Elec Accused Products in the United States. TPL provided notice of the '638 Patent in an October 23, 2006 letter (with an enclosed disk identifying the CORE Flash patents). *See* Exhibit 28-C. An exemplary chart that applies independent claim 13, 25, and 26 and dependent claims 14, 15, 16, 17, and 27 of the '638 Patent to the accused 15-in-1 Multislot USB 2.0 card reader is attached to this Complaint as Exhibit 32.

113. On information and belief, Dane-Elec directly infringes at least claims 1 and 3 of the '847 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dane-Elec Accused Products in the United States. TPL provided notice of the '847 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated September 12, 2011. *See* Exhibit 28-D. An exemplary chart that applies independent claim 1 and dependent claim 3 of the '847 Patent to the accused 15-in-1 Multislot USB 2.0 card reader is attached to this Complaint as Exhibit 33.

### E.      Dell Inc.

114.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Dell is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Dell Accused Products include at least the following:  Inspiron 560, Vostro 3555, and V313W.  Exemplary instances of importation and sale of infringing Dell products are set forth below.

115.    On information and belief, the Dell Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibit 34 at 3.  The photographs of the Inspiron 560 label in the attached claim chart indicate that the device is a PC desktop "Assembled in Mexico."  *See* Exhibit 34 at 3.  The photographs of the Vostro 3555 label in the attached claim chart indicate that the device is a notebook "Made in China." *See* Exhibit 40 at 2. The Inspiron 560 and Vostro 3555 are imported into the United States and sold after importation in the United States through retailers.  *See* Exhibit 34 at 2; *See* Exhibit 40 at 2 (Inspiron 560 and Vostro 3555 available directly from Dell in its online store); *see also* Exhibit 103 (C. Smith Decl.) ¶ ¶ 12, 14, 103-6, 103-7 (confirming Inspiron 560 and Vostro 3555 purchases in the United States from Dell.com).

116.    On information and belief, Dell directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dell Accused Products in the United States.  TPL provided notice of the '424 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 1, 2009.  *See* Exhibit 35.  An exemplary chart that applies independent claims 25 and 28 and dependent claim 26 and 29 of the '424 Patent to the accused Inspiron 560 is attached to this Complaint as Exhibit 34.

117.    On information and belief, Dell directly infringes at least claims 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dell Accused Products in the United States.  TPL provided notice of the '443 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated November 29, 2007.  *See* Exhibit 35-A. Dell confirmed its awareness of the '443 Patent by no later than December 7, 2007.  An exemplary chart that applies independent claim 9 and dependent claims 11, 12 and 14 of the '443 Patent to the accused Inspiron 560 is attached to this Complaint as Exhibit 36.

118.    On information and belief, Dell indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent.  On information and belief, Dell indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent.  Dell sells the Inspiron 560, which performs the indicated method when a user connects the device to a flash storage system.  TPL notes that a normal user would identify the relevant ports, and assume that the memory card port(s) are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Dell provides explicit support for relevant flash storage systems.  *See* Exhibit 37 at 3.  On information and belief, Dell indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent.  Dell sells the Inspiron 560, which contains the indicated apparatus that a user could connect to a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart.  Furthermore, Dell provides explicit support for relevant flash storage systems.

*See* Exhibit 37 at 3.  TPL provided notice of the '549 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated April 27, 2007.  *See* Exhibit 35-B.  Dell confirmed its awareness of the '549 Patent by no later than July 24, 2007.  An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the accused Inspiron 560 is attached to this Complaint as Exhibit 37.

119.    On information and belief, Dell directly infringes at least claims 1, 2, 3, 4, 9, 10, 11 and 12 of the '623 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dell's Accused Products in the United States.  On information and belief, Dell indirectly infringes at least claims 17, 18 and 19 of the '623 Patent by inducing and/or contributing to the direct infringement of at least claims 17, 18 and 19 of the '623 Patent.  Dell sells the Inspiron 560, which performs the indicated method when a user connects the device to relevant flash storage systems.  TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Dell provides explicit support for relevant flash storage systems.  *See* Exhibit 38 at 3.  TPL provided notice of the '623 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated April 27, 2007.  *See* Exhibit 35-B.  Dell confirmed its awareness of the '623 Patent by no later than July 24, 2007.  An exemplary chart that applies independent claims 1, 9 and 17 and dependent claims 2, 3, 4, 10, 11, 12, 18 and 19 of the '623 Patent to the accused Inspiron 560 is attached to this Complaint as Exhibit 38.

120.    On information and belief, Dell directly infringes at least claims 13, 14, 15, 16, 18, 25, 26 and 27 of the '638 Patent by importing, offering for sale, selling, testing, and/or using certain of the Dell Accused Products in the United States.  TPL provided notice of the '638

Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated April 27, 2007.
*See* Exhibit 35-B.  Dell confirmed its awareness of the '638 Patent by no later than July 24,

2007.  An exemplary chart that applies independent claim 13, 25, and 26 and dependent claims

14, 15, 16, 18, and 27 of the '638 Patent to the accused Inspiron 560 is attached to this

Complaint as Exhibit 39.

121.    On information and belief, Dell directly infringes at least claims 1, 2 and 3 of the

'847 Patent by importing, offering for sale, selling, testing and/or using certain of the Dell

Accused Products in the United States.  TPL provided notice of the '847 patent by letter (with an

enclosed disk identifying the CORE Flash patents) dated September 16, 2011.  *See* Exhibit 35-C.

An exemplary chart that applies independent claim 1 and dependent claims 2 and 3 of the '847

Patent to the accused Vostro 3555 is attached to this Complaint as Exhibit 40.

**F.      Falcon Northwest Computer Systems, Inc.**

122.    On information and belief, either by itself or through its subsidiaries, or through

third parties acting on its behalf, Falcon Northwest Computer Systems, Inc. ("Falcon") is

engaged in the manufacture, importation, sale for importation, or sale after importation into the

United States of infringing electronic devices.  On information and belief, the Falcon Accused

Products include at least the following: Talon.  Exemplary instances of importation and sale of

infringing Falcon products are set forth below.

123.    On information and belief, the Falcon Accused Product contains a flash media

card reader that is assembled in a foreign country and imported into the United States.  *See*

Exhibit 41.  The photograph of the Talon's flash media card reader label in the attached claim

chart indicates that the device is a card reader "Made In China."  *See* Exhibit 41 at 3.  The

Talon's flash media card reader is imported into the United States and sold after importation in

the United States through retailers. *See* Exhibit 41 at 2 (Talon available for purchase directly

through the Falcon online store Falcon-nw.com); *see also* Exhibit 104 (D. Lum Decl.) ¶ 2, 104-1

(confirming purchase in the United States through the Falcon online store Falcon-nw.com).

124.   On information and belief, Falcon directly infringes at least claims 25, 26, 28, and

29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the

Falcon Accused Products in the United States.  TPL provided notice of the '424 patent by letter

(with an enclosed disk identifying the CORE Flash patents) dated May 13, 2009. *See* Exhibit 42.

An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29

of the '424 Patent to the accused Talon is attached to this Complaint as Exhibit 41.

125.   On information and belief, Falcon directly infringes at least claims 9, 11 and 12 of

the '443 Patent by importing, offering for sale, selling, testing and/or using certain of the Falcon

Accused Products in the United States.  TPL provided notice of the '443 patent by letter (with an

enclosed disk identifying the CORE Flash patents) dated December 21, 2007. *See* Exhibit 42-A.

An exemplary chart that applies independent claim 9 and dependent claims 11 and 12 of the '443

Patent to the accused Talon is attached to this Complaint as Exhibit 43.

126.   On information and belief, Falcon indirectly infringes at least claims 7, 11, 19 and

21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims

7, 11, 19 and 21 of the '549 Patent.  On information and belief, Falcon indirectly infringes at

least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct

infringement of at least claims 7 and 19 of the '549 Patent.  Falcon sells the Talon, which

performs the indicated method when a user connects the device to a flash storage system.  TPL

notes that a normal user would identify the relevant ports, and assume that the memory card

port(s) are for the flash storage systems enabling the device to perform the method as indicated

in the claim chart. Furthermore, Falcon provides explicit support for relevant flash storage systems. *See* Exhibit 44 at 3. On information and belief, Falcon indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent. Falcon sells the Talon, which contains the indicated apparatus that a user could connect to a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, Falcon provides explicit support for relevant flash storage systems. *See* Exhibit 44 at 3. TPL provided notice of the '549 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated July 12, 2007. *See* Exhibit 42-B. An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the accused Talon is attached to this Complaint as Exhibit 44.

127. On information and belief, Falcon directly infringes at least claims 1, 2, 3, 4, 9, 10, 11 and 12 of the '623 Patent by importing, offering for sale, selling, testing, and/or using certain of the Falcon's Accused Products in the United States. On information and belief, Falcon indirectly infringes at least claims 17, 18 and 19 of the '623 Patent by inducing and/or contributing to the direct the infringement of at least claims 17, 18 and 19 of the '623 Patent. Falcon sells the Talon, which performs the indicated method when a user connects the device to relevant flash storage systems. TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Falcon provides explicit support for relevant flash storage systems. *See* Exhibit 45 at 3. TPL provided notice of the '623 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated July 12, 2007.

*See* Exhibit 42-B.  An exemplary chart that applies independent claims 1, 9 and 17 and

dependent claims 2, 3, 4, 10, 11, 12, 18 and 19 of the '623 Patent to the accused Talon is

attached to this Complaint as Exhibit 45.

### G.    Fujitsu Limited

128.    On information and belief, either by itself or through its subsidiaries, or through

third parties acting on its behalf, Fujitsu is engaged in the manufacture, importation, sale for

importation, or sale after importation into the United States of infringing electronic devices.  On

information and belief, the Fujitsu Accused Products include at least the following:  Lifebook

T580 and Lifebook LH531.  Exemplary instances of importation and sale of infringing Fujitsu

products are set forth below.

129.    On information and belief, the Fujitsu Accused Products are assembled in a

foreign country and imported into the United States.  *See* Exhibits 46 and 49.  The photographs

of the Lifebook T580 in the attached claim chart indicate that the device is a PC notebook "Made

In Japan."  *See* Exhibit 46 at 2.  The photographs of the Lifebook LH531 in the attached claim

chart indicate that the device is a notebook that is "Made In China."  *See* Exhibit 49 at 3.  The

Lifebook T580 and Lifebook LH531 are imported into the United States and sold after

importation in the United States through retailers.  *See* Exhibit 46 at 2 (Lifebook T580 available

for purchase from online retailer Fujitsu.com); *See* Exhibit 49 at 2 (Lifebook LH531 available

from online retailer shopfujitsu.com); *see also* Exhibit 103 (C. Smith Decl.) ¶¶ 16, 18, 103-8,

103-9 (confirming purchases in the United States from online retailers Shopfujitsu.com and

TigerDirect.com).

130.    On information and belief, Fujitsu directly infringes at least claims 25, 26, 28 and

29 of the '424 Patent by importing, offering for sale, selling, testing and/or using certain of the

Fujitsu Accused Products in the United States.  TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 5, 2009.  *See* Exhibit 47. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused Lifebook T580 is attached to this Complaint as Exhibit 46.

131.    On information and belief, Fujitsu directly infringes at least claims 9, 11 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Fujitsu Accused Products in the United States.  TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated November 30, 2007.  *See* Exhibit 47-A. Fujitsu confirmed its awareness of the '443 Patent by no later than December 12, 2007. Exemplary charts that apply independent claim 9 and dependent claims 11 and 14 of the '443 Patent to the accused Lifebook T580 and Lifebook LH531 are attached to this Complaint as Exhibits 48 and 49.

### H.    Jasco Products Company

132.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Jasco is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Jasco Accused Products include at least the following:  GE Jasco 55-in-1 Card Reader/Writer - 97942.  Exemplary instances of importation and sale of infringing Jasco products are set forth below.

133.    On information and belief, the Jasco Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibit 50.  The photographs of the GE Jasco 55-in-1 Card Reader/Writer - 97942 in the attached claim chart indicate that the device is a flash media card reader "Made In Taiwan."  *See* Exhibit 50 at 3.  The GE Jasco 55-in-1 Card

Reader/Writer - 97942 is imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 50 at 2 (GE Jasco 55-in-1 Card Reader/Writier – 97942 available for purchase from online retailer jascoproducts.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 20, 103-10 (confirming purchase in the United States from online retailer Amazon.com).

134.    On information and belief, Jasco directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Jasco Accused Products in the United States.  TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 13, 2009.  *See* Exhibit 51.  Jasco confirmed its awareness of the '424 Patent by no later than May 27, 2009.  An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused GE Jasco 55-in-1 Card Reader/Writer – 97942 is attached to this Complaint as Exhibit 50.

135.    On information and belief, Jasco directly infringes at least claims 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Jasco Accused Products in the United States.  TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated April 14, 2009.  *See* Exhibit 51-A.  Jasco confirmed its awareness of the '443 Patent by no later than May 27, 2009.  An exemplary chart that applies independent claim 9 and dependent claims 11, 12 and 14 of the '443 Patent to the accused GE Jasco 55-in-1 Card Reader/Writer – 97942 is attached to this Complaint as Exhibit 52.

136.    On information and belief, Jasco indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19, and 21 of the '549 Patent.  On information and belief, Jasco indirectly infringes at least

- 56 -

claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent. Jasco sells the GE Jasco 55-in-1 Card Reader/Writer – 97942, which performs the indicated method when a user connects the device to a computing device and a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Jasco provides explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 53 at 1, 4, 12. On information and belief, Jasco indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent. Jasco sells the GE Jasco 55-in-1 Card Reader/Writer - 97942, which contains the indicated apparatus that a user could connect to a computing device and a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the USB would be used for the connection to a computing device, and the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, Jasco provides explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 53 at 1, 4, 12. TPL provided notice of the '549 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated April 14, 2009. *See* Exhibit 51-A. Jasco confirmed its awareness of the '549 Patent by no later than May 27, 2009. An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the accused GE Jasco 55-in-1 Card Reader/Writer – 97942 is attached to this Complaint as Exhibit 53.

137.    On information and belief, Jasco directly infringes at least claims 1, 2, 3, 4, 9, 10, 11 and 12 of the '623 Patent by importing, offering for sale, selling, testing, and/or using certain of the Jasco's Accused Products in the United States.  On information and belief, Jasco indirectly infringes at least claims 17, 18 and 19 of the '623 Patent by inducing and/or contributing to the direct the infringement of at least claims 17, 18 and 19 of the '623 Patent.  Jasco sells the GE Jasco 55-in-1 Card Reader/Writer - 97942 that performs the indicated method when a user connects the device to a computing device and relevant flash storage systems.  TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Jasco provides explicit support for both multiple relevant flash storage systems and a computing device. *See* Exhibit 54 at 1, 5-6.  TPL provided notice of the '623 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated April 14, 2009.  *See* Exhibit 51-A. Jasco confirmed its awareness of the '623 Patent by no later than May 27, 2009.  An exemplary chart that applies independent claims 1, 9 and 17 and dependent claims 2, 3, 4, 10, 11, 12, 18 and 19 of the '623 Patent to the accused GE Jasco 55-in-1 Card Reader/Writer – 97942 is attached to this Complaint as Exhibit 54.

**I.      Hewlett-Packard Company**

138.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Hewlett-Packard Company ("HP") is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the HP Accused Products include at least the following:  Pavilion dm1z, Omni 120z series, ENVY 14 series, e-All-in-One Printer –

C410a, and Pavilion Slimline s5xt series s5-1070t.  Exemplary instances of importation and sale of infringing HP products are set forth below.

139.    On information and belief, the HP Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibits 55, 57.  The photographs of the Pavilion Slimline s5xt series s5-1070t in the attached claim chart indicate that the device is a PC desktop that is a "Product of Mexico."  *See* Exhibits 55 at 3.  The photographs of the Photosmart Premium Fax e-All-in-One Printer C410a  in the attached claim chart indicate that the device is a printer  that is  a "Product of China."  *See* Exhibit 57 at 2.  The Pavilion Slimline s5xt series s5-1070t and Photosmart Premium Fax e-All-in-One Printer C410a  are imported into the United States and sold after importation in the United States through retailers.  *See* Exhibit 55 at 2 (HP Pavilion Slimline s5xt series s5-1070t available for purchase directly from HP through Shopping.hp.com); *See* Exhibit 57 at 2 (Photosmart Premium Fax e-All-in-One Printer C410a available for purchase directly from HP through Shopping.hp.com); *see also* Exhibit 103 (C. Smith Decl.) ¶¶ 22,  24, 103-11, 103-12 (confirming purchases in the United States from HP through its online store).

140.    On information and belief, HP directly infringes at least claims 25, 26, 28, and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the HP Accused Products in the United States.  TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 8, 2009.  *See* Exhibit 56.  An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused Pavilion Slimline s5xt series s5-1070t  is attached to this Complaint as Exhibit 55.

141.    On information and belief, HP directly infringes at least claims 1, 3, 4, 7, 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the HP Accused Products in the United States.  TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 13, 2007. *See* Exhibit 56-A.  HP confirmed its awareness of the '443 Patent by no later than January 28, 2008. An exemplary chart that applies independent claims 1 and 9 and dependent claims 3, 4, 7, 11, 12 and 14 of the '443 Patent to the accused e-All-in-One Printer – C410a is attached to this Complaint as Exhibit 57.

142.    On information and belief, HP indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent.  On information and belief, HP indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent.  HP sells the Pavilion Slimline s5xt series s5-1070t that performs the indicated method when a user connects the device to a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the memory card port(s) are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, HP provides explicit support for relevant flash storage systems. *See* Exhibit 58 at 4.  On information and belief, indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent.  HP sells the Pavilion Slimline s5xt series s5-1070t, which contains the indicated apparatus that a user could connect to a flash storage system thereby completing the claimed apparatus.  TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems thereby completing the claimed

- 60 -

apparatus as indicated in the claim chart. Furthermore, HP provides explicit support for relevant flash storage systems. *See* Exhibit 58 at 4. TPL provided notice of the '549 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 13, 2007. *See* Exhibit 56-B. An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the accused Pavilion Slimline s5xt series s5-1070t is attached to this Complaint as Exhibit 58.

143.     On information and belief, HP directly infringes at least claims 1 and 3 of the '847 Patent by importing, offering for sale, selling, testing and/or using certain of the HP Accused Products in the United States. TPL provided notice of the '847 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated September 14, 2011. *See* Exhibit 56-C. An exemplary chart that applies independent claim 1 and dependent claim 3 of the '847 Patent to the accused Pavilion Slimline s5xt series s5-1070t is attached to this Complaint as Exhibit 59.

### J.     HiTi Digital, Inc.

144.     On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, HiTi is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices. On information and belief, the HiTi Accused Products include at least the following: HiTi Passport/ID Photo Printer S420 Multi-Flash Card Reader ("Photo Printer S420"). Exemplary instances of importation and sale of infringing HiTi products are set forth below.

145.     On information and belief, the HiTi Accused Products are assembled in a foreign country and imported into the United States. *See* Exhibit 60. The photographs of the Photo Printer S420 in the attached claim chart indicate that the device is a photo printer "Assembled in China." *See* Exhibit 60 at 2. The Photo Printer S420 is imported into the United States and sold

after importation in the United States through retailers. *See* Exhibit 60 (Photo Printer S420 available for purchase from online retailer Hitishop.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 26, 103-13 (confirming purchase in the United States from online retailer BHPhotoVideo.com).

146.    On information and belief, HiTi directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the HiTi Accused Products in the United States. TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 15, 2011. *See* Exhibit 61. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused Photo Printer S420 is attached to this Complaint as Exhibit 60.

147.    On information and belief, HiTi directly infringes at least claims 9 and 14 of the '443 Patent by importing, offering for sale, selling, testing and/or using certain of the HiTi Accused Products in the United States. TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 15, 2011. *See* Exhibit 61. An exemplary chart that applies independent claim 9 and dependent claim 14 of the '443 Patent to the accused Photo Printer S420 is attached to this Complaint as Exhibit 62.

148.    On information and belief, HiTi indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent. On information and belief, HiTi indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent. HiTi sells the Photo Printer S420, which performs the indicated method when a user connects the device to a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the memory card port(s) are for

- 62 -

the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, HiTi provides explicit support for relevant flash storage systems. *See* Exhibit 63 at 3. On information and belief, indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent. HiTi sells the Photo Printer S420, which contains the indicated apparatus that a user could connect to a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, HiTi explicitly states support for relevant flash storage systems. *See* Exhibit 63 at 3. TPL provided notice of the '549 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 15, 2011. *See* Exhibit 61. An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the accused Photo Printer S420 is attached to this Complaint as Exhibit 63.

**K.**     **Kingston Technology Company, Inc.**

149.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Kingston Technology Company, Inc. ("Kingston") is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices. On information and belief, the Kingston Accused Products include at least the following: Media Reader FCR-HS219/1. Exemplary instances of importation and sale of infringing Kingston products are set forth below.

150.    On information and belief, the Kingston Accused Products are assembled in a foreign country and imported into the United States. *See* Exhibit 64. The photographs of the Media Reader FCR-HS219/1 in the attached claim chart indicate that the device is a flash media

card reader "Made In China." *See* Exhibit 64 at 3. The Media Reader FCR-HS219/1 is imported

into the United States and sold after importation in the United States through retailers. *See*

Exhibit 64 at 2 (Media Reader FCR-HS219/1 available for purchase from online retailer

Amazon.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 28, 103-14 (confirming purchase in the

United States from online retailer Amazon.com).

      151.    On information and belief, Kingston directly infringes at least claims 25, 26, 28

and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of

the Kingston Accused Products in the United States. TPL provided notice of the '424 patent by

letter (with an enclosed disk identifying the CORE Flash patents) dated June 26, 2009. *See*

Exhibit 65. An exemplary chart that applies independent claims 25 and 28 and dependent claims

26 and 29 of the '424 Patent to the accused Media Reader FCR-HS219/1 is attached to this

Complaint as Exhibit 64.

      152.    On information and belief, Kingston directly infringes at least claims 9, 11 and 12

of the '443 Patent by importing, offering for sale, selling, testing and/or using certain of the

Kingston Accused Products in the United States. TPL provided notice of the '443 patent by

letter (with an enclosed disk identifying the CORE Flash patents) dated December 21, 2007. *See*

Exhibit 65-A. An exemplary chart that applies independent claim 9 and dependent claims 11 and

12 of the '443 Patent to the accused Media Reader FCR-HS219/1 is attached to this Complaint as

Exhibit 66.

      153.    On information and belief, Kingston directly infringes at least claims 1, 2, 9 and

10 of the '623 Patent by importing, offering for sale, selling, testing, and/or using certain of the

Kingston Accused Products in the United States. On information and belief, Kingston indirectly

infringes at least claims 17 and 18 of the '623 Patent by inducing and/or contributing to the

direct infringement of at least claims 17 and 18 of the '623 Patent.  Kingston sells the Media

Reader FCR-HS219/1, which performs the indicated method when a user connects the device to

a computing device and relevant flash storage systems.  TPL notes that a normal user would

identify the relevant ports, and assume that the USB port could be used for the connection to a

computing device, and the memory card ports are for the flash storage systems enabling the

device to perform the method as indicated in the claim chart.  Furthermore, Kingston provides

explicit support for both multiple relevant flash storage systems and a computing device.  *See*

Exhibit 67 at 6.  TPL provided notice of the '623 patent by letter (with an enclosed disk

identifying the CORE Flash patents) dated January 5, 2007.  *See* Exhibit 65-B.  Kingston

confirmed its awareness of the '623 Patent by no later than January 31, 2007.  An exemplary

chart that applies independent claims 1, 9, and 17 and dependent claims 2, 10, and 18 of the '623

Patent to the accused Media Reader FCR-HS219/1 is attached to this Complaint as Exhibit 67.

**L.      Micron Technology, Inc. and Lexar Media, Inc.**

154.    On information and belief, either by themselves or through their subsidiaries, or

through third parties acting on their behalf, Micron Technology, Inc. ("Micron") and Lexar

Media, Inc. ("Lexar") are engaged in the manufacture, importation, sale for importation, or sale

after importation into the United States of infringing electronic devices.  On information and

belief, the Micron and Lexar Accused Products include at least the following:  Lexar Multi-Card

24-in-1 LRW024URBNA.  Exemplary instances of importation and sale of infringing Micron

and Lexar products are set forth below.

155.    On information and belief, the Micron and Lexar Accused Products are assembled

in a foreign country and imported into the United States.  *See* Exhibit 68.  The photographs of the

Lexar Multi-Card 24-in-1 LRW024URBNA in the attached claim chart indicate that the device is

a flash media card reader that is a "Product of China." *See* Exhibit 68 at 2. The Lexar Multi-Card 24-in-1 LRW024URBNA is imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 68 at 2 (Lexar Multi-Card 24-in-1 LRW024URBNA available for purchase from Lexar.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 30, 103-15 (confirming purchase in the United Stated from online retailer Amazon.com).

156.    On information and belief, Micron and Lexar directly infringe at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Micron and Lexar Accused Products in the United States. TPL provided notice of the '424 Patent by letter to Micron (with an enclosed disk identifying the CORE Flash patents) dated December 12, 2011. *See* Exhibit 69. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused Lexar Multi-Card 24-in-1 LRW024URBNA is attached to this Complaint as Exhibit 68.

157.    On information and belief, Micron and Lexar directly infringe at least claims 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing and/or using certain of the Micron and Lexar Accused Products in the United States. TPL provided notice of the '443 Patent by letter to Micron (with an enclosed disk identifying the CORE Flash patents) dated December 12 2011. *See* Exhibit 69. An exemplary chart that applies independent claim 9 and dependent claims 11, 12, and 14 of the '443 Patent to the accused Lexar Multi-Card 24-in-1 LRW024URBNA is attached to this Complaint as Exhibit 70.

158.    On information and belief, Micron and Lexar indirectly infringe at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent. On information and belief, Micron and Lexar indirectly infringe at least claims 7 and 19 of the '549 patent by inducing and/or contributing to

the direct infringement of at least claims 7 and 19 of the '549 Patent. Micron and Lexar sell the Lexar Multi-Card 24-in-1 LRW024URBNA, which performs the indicated method when a user connects the device to a computing device and a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Micron and Lexar provide explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 71 at 3, 4 and 10. On information and belief, Micron and Lexar indirectly infringe at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent. Micron and Lexar sell the Lexar Multi-Card 24-in-1 LRW024URBNA, which contains the indicated apparatus that a user could connect to a computing device and a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the USB would be used for the connection to a computing device, and the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, the Micron and Lexar provide explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 71 at 3, 4 and 10. TPL provided notice of the '549 patent by letter to Micron (with an enclosed disk identifying the CORE Flash patents) dated December 12, 2011. *See* Exhibit 69. An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the Lexar Multi-Card 24-in-1 LRW024URBNA is attached to this Complaint as Exhibit 71.

159.    On information and belief, Micron and Lexar directly infringe at least claims 1, 2, 3, 4, 9, 10, 11 and 12 of the '623 Patent by importing, offering for sale, selling, testing, and/or

using certain of the Micron and Lexar Accused Products in the United States.  On information and belief, Micron and Lexar indirectly infringe at least claims 17, 18 and 19 of the '623 Patent by inducing and/or contributing to the direct the infringement of at least claims 17, 18 and 19 of the '623 Patent.  Micron and Lexar sell the Lexar Multi-Card 24-in-1 LRW024URBNA, which performs the indicated method when a user connects the device to a computing device and relevant flash storage systems.  TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Micron and Lexar provide explicit support for both multiple relevant flash storage systems and a computing device.  *See* Exhibit 72 at 3, 5.  TPL provided notice of the '623 patent by letter to Micron (with an enclosed disk identifying the CORE Flash patents) dated December 12, 2011.  *See* Exhibit 69.  An exemplary chart that applies independent claims 1, 9, and 17 and dependent claims 2, 3, 4, 10, 11, 12, 18 and 19 of the '623 Patent to the accused Lexar Multi-Card 24-in-1 LRW024URBNA is attached to this Complaint as Exhibit 72.

### M.   Microdia Limited

160.   On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Microdia is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Microdia Accused Products include at least the following: FlashMover All-in-One TINY Multi-Flash Card Reader.  Exemplary instances of importation and sale of infringing Microdia products are set forth below.

161.    On information and belief, the Microdia Accused Products are assembled in a foreign country and imported into the United States. *See* Exhibit 73. The screenshot of Microdia's web site in the attached claim chart indicates that the Respondent's assembly factory is located in China. *See* Exhibit 73 at 2. The FlashMover All-in-One TINY Multi-Flash Card Reader is imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 73 at 2; (FlashMover All-in-One TINY Multi-Flash Card Reader available for purchase from online retailer Camera-camera.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 32 103-16 (confirming purchase in the United States from online retailer Amazon.com).

162.    On information and belief, Microdia directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Microdia Accused Products in the United States. TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 7, 2009. *See* Exhibit 74. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused FlashMover All-in-One TINY Multi-Flash Card Reader is attached to this Complaint as Exhibit 73.

163.    On information and belief, Microdia directly infringes at least claims 9, 11, 12 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Microdia Accused Products in the United States. TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 21, 2007. *See* Exhibit 74-A. An exemplary chart that applies independent claim 9 and dependent claims 11, 12, and 14 of the '443 Patent to the accused FlashMover All-in-One TINY Multi-Flash Card Reader is attached to this Complaint as Exhibit 75.

164.    On information and belief, Microdia directly infringes at least claims 1 and 3 of the '847 Patent by importing, offering for sale, selling, testing, and/or using certain of the Microdia Accused Products in the United States.   TPL provided notice of the '847 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated September 13, 2011.   *See* Exhibit 74-B.   An exemplary chart that applies independent claim 1 and dependent claim 3 of the '847 Patent to the accused FlashMover All-in-One TINY Multi-Flash Card Reader is attached to this Complaint as Exhibit 76.

**N.     Newegg Inc. and Rosewill Inc.**

165.    On information and belief, either by themselves or through their subsidiaries, or through third parties acting on their behalf, Newegg Inc. ("Newegg") and Rosewill Inc. ("Rosewill") are engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.   On information and belief, the Newegg and Rosewill Accused Products include at least the following: Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002 and Rosewill External Card Reader – RSD-CR106. Exemplary instances of importation and sale of infringing Newegg and Rosewill products are set forth below.

166.    On information and belief, the Newegg and Rosewill Accused Products are assembled in a foreign country and imported into the United States.   *See* Exhibit 77.   The photographs of the Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002 in the attached claim chart indicates that the device is a flash media card reader "Made In China."   *See* Exhibit 77 at 2.   The Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002 is imported into the United States and sold after importation in the United States through retailers.   *See* Exhibit 77 at 2 (Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002 available for purchase from online

retailer Amazon.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 34, 103-17 (confirming purchase in the United States through online retailer Amazon.com).

167.    On information and belief, Newegg and Rosewill directly infringe at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Newegg and Rosewill Accused Products in the United States.  TPL provided notice of the '424 Patent by letter to Rosewill (with an enclosed disk identifying the CORE Flash patents) dated December 16, 2011.  *See* Exhibit 79.  An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002 is attached to this Complaint as Exhibit 77.

168.    On information and belief, Newegg and Rosewill directly infringe at least claims 9, 11, and 12 of the '443 Patent by importing, offering for sale, selling, testing and/or using certain of the Newegg and Rosewill Accused Products in the United States.  TPL provided notice of the '443 Patent by letter to Newegg (with an enclosed disk identifying the CORE Flash patents) dated January 9, 2008.  *See* Exhibit 78.  TPL provided notice of the '443 Patent by letter to Rosewill (with an enclosed disk identifying the CORE Flash patents) dated December 16, 2011.  *See* Exhibit 79.  An exemplary chart that applies independent claim 9 and dependent claims 11 and 12 of the '443 Patent to the accused Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002 is attached to this Complaint as Exhibit 80.

169.    On information and belief, Newegg and Rosewill directly infringe at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent.  On information and belief, Newegg and Rosewill indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent.  Newegg

and Rosewill sell the Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002, which performs the indicated method when a user connects the device to a computing device and a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Newegg and Rosewill provide explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 81 at 1, 10. On information and belief, Newegg and Rosewill indirectly infringe at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent. Newegg and Rosewill sell the Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002, which contains the indicated apparatus that a user could connect to a computing device and a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the USB would be used for the connection to a computing device, and the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, Newegg and Rosewill provide explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 81 at 1, 10. TPL provided notice of the '549 Patent by letter to Newegg (with an enclosed disk identifying the CORE Flash patents) dated July 12, 2007. *See* Exhibit 78-A. TPL provided notice of the '549 Patent by letter to Rosewill (with an enclosed disk identifying the CORE Flash patents) dated December 16, 2011. *See* Exhibit 79. An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002 is attached to this Complaint as Exhibit 81.

170.    On information and belief, Newegg and Rosewill directly infringe at least claims

1, 2, 3, 4, 9, 10, 11 and 12 of the '623 Patent by importing, offering for sale, selling, testing,

and/or using certain of the Newegg and Rosewill Accused Products in the United States.  On

information and belief, Newegg and Rosewill indirectly infringe at least claims 17, 18 and 19 of

the '623 Patent by inducing and/or contributing to the direct the infringement of at least claims

17, 18 and 19 of the '623 Patent.  Newegg and Rosewill sell the Rosewill 74-in-1 Internal Card

Reader – RCR-AK-IM5002, which performs the indicated method when a user connects the

device to a computing device and relevant flash storage systems.  TPL notes that a normal user

would identify the relevant ports, and assume that the USB port could be used for the connection

to a computing device, and the memory card ports are for the flash storage systems enabling the

device to perform the method as indicated in the claim chart.  Furthermore, Newegg and

Rosewill explicitly state support for both multiple relevant flash storage systems and

a computing device.  *See* Exhibit 82 at 1, 4.  TPL provided notice of the '623 Patent by letter to

Newegg (with an enclosed disk identifying the CORE Flash patents) dated January 9, 2008.  *See*

Exhibit 78.  TPL provided notice of the '623 Patent by letter to Rosewill (with an enclosed disk

identifying the CORE Flash patents) dated December 16, 2011.  *See* Exhibit 79. An exemplary

chart that applies independent claims 1, 9 and 17 and dependent claims 2, 3, 4, 10, 11, 12, 18 and

19 of the '623 Patent to the accused Rosewill 74-in-1 Internal Card Reader – RCR-AK-IM5002

is attached to this Complaint as Exhibit 82.

### O.    Sabrent

171.    On information and belief, either by itself or through its subsidiaries, or through

third parties acting on its behalf, Sabrent is engaged in the manufacture, importation, sale for

importation, or sale after importation into the United States of infringing electronic devices.  On

information and belief, the Sabrent Accused Products include at least the following: 6-Slot USB 2.0 External Card Reader-CRW-EXT and 7-Slot USB 2.0 Internal Card Reader-CRW-UINB[1]. Exemplary instances of importation and sale of infringing Sony products are set forth below.

172.    On information and belief, the Sabrent Accused Products are assembled in a foreign country and imported into the United States. *See* Exhibit 83. The photographs of the 7-Slot USB 2.0 Internal Card Reader-CRW-UINB package in the attached claim chart indicate that the device is a flash media card reader "Made In China." *See* Exhibit 83 at 2. The 7-Slot USB 2.0 Internal Card Reader-CRW-UINB is imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 83 at 2 (7-Slot USB 2.0 Internal Card Reader - CRW-UINB available for purchase from online retailer Amazon.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 36, 103-18 (confirming purchase in the United States from online retailer Amazon.com).

173.    On information and belief, Sabrent directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Sabrent Accused Products in the United States. TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 15, 2011. *See* Exhibit 84. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused 7-Slot USB 2.0 Internal Card Reader-CRW-UINB is attached to this Complaint as Exhibit 83.

174.    On information and belief, Sabrent directly infringes at least claims 9, 11 and 12 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Sabrent Accused Products in the United States. TPL provided notice of the '443 Patent by letter

---

[1] Also referred to as Sabrent 68-in-1 USB 2.0 Internal Flash Memory Card Reader CRW-UINB.

(with an enclosed disk identifying the CORE Flash patents) dated December 15, 2011. *See* Exhibit 84. An exemplary chart that applies independent claim 9 and dependent claims 11 and 12 of the '443 Patent to the accused 7-Slot USB 2.0 Internal Card Reader-CRW-UINB is attached to this Complaint as Exhibit 85.

175. On information and belief, Sabrent indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent. On information and belief, Sabrent indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent. Sabrent sells the 7-Slot USB 2.0 Internal Card Reader-CRW-UINB, which performs the indicated method when a user connects the device to a computing device and a flash storage system. TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart. Furthermore, Sabrent provides explicit support for both relevant flash storage systems and a host connection. *See* Exhibit 86 at 3, 11. On information and belief, Sabrent indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent. Sabrent sells the 7-Slot USB 2.0 Internal Card Reader-CRW-UINB, which contains the indicated apparatus that a user could connect to a computing device and a flash storage system thereby completing the claimed apparatus. TPL notes that a normal user would identify the relevant ports, and assume that the USB would be used for the connection to a computing device, and the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart. Furthermore, Sabrent

explicitly states support for both relevant flash storage systems and a host connection. *See* Exhibit 86 at 3, 11.  TPL provided notice of the '549 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 15, 2011.  *See* Exhibit 84.  An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the 7-Slot USB 2.0 Internal Card Reader-CRW-UINB is attached to this Complaint as Exhibit 86.

176.    On information and belief, Sabrent directly infringes at least claims 1, 2, 3, 4, 9, 10, 11 and 12 of the '623 Patent by importing, offering for sale, selling, testing, and/or using certain of the Sabrent Accused Products in the United States.  On information and belief, Sabrent indirectly infringes at least claims 17, 18 and 19 of the '623 Patent by inducing and/or contributing to the direct the infringement of at least claims 17, 18 and 19 of the '623 Patent. Sabrent sells the 7-Slot USB 2.0 Internal Card Reader-CRW-UINB, which performs the indicated method when a user connects the device to a computing device and relevant flash storage systems.  TPL notes that a normal user would identify the relevant ports, and assume that the USB port could be used for the connection to a computing device, and the memory card ports are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Sabrent provides explicit support for both multiple relevant flash storage systems and a computing device.  *See* Exhibit 87 at 3, 6.  TPL provided notice of the '623 patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 15, 2011.  *See* Exhibit 84.  An exemplary chart that applies independent claims 1, 9 and 17 and dependent claims 2, 3, 4, 10, 11, 12, 18 and 19 of the '623 Patent to the accused 7-Slot USB 2.0 Internal Card Reader-CRW-UINB is attached to this Complaint as Exhibit 87.

P.      **Samsung Electronics Co., Ltd.**

177.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Samsung is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Samsung Accused Products include at least the following:  Series 3 15.6" Laptop NP305V5AI.  Exemplary instances of importation and sale of infringing Samsung products are set forth below.

178.    On information and belief, the Samsung Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibit 88.  The photographs of the Series 3 15.6" Laptop NP305V5AI in the attached claim chart indicate that the device is a notebook PC "Made In China."  *See* Exhibit 88 at 2.  The Series 3 15.6" Laptop NP305V5AI is imported into the United States and sold after importation in the United States through retailers.  *See* Exhibit 88 at 2 (Series 3 15.6" Laptop NP305V5AI available for purchase from Samsung.com); *see also* Exhibit 103 (C. Smith Decl.) ¶ 38, 103-19 (confirming purchase in the United States through online retailer Amazon.com).

179.    On information and belief, Samsung directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Samsung Accused Products in the United States.  TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 6, 2009.  *See* Exhibit 89.  An exemplary chart that applies independent claims 25 and 28 and dependent claim 26 and 29 of the '424 Patent to the accused Series 3 15.6" Laptop NP305V5AI is attached to this Complaint as Exhibit 88.

180.    On information and belief, Samsung directly infringes at least claim 9 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Samsung Accused Products in the United States.  TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated March 7, 2008.  *See* Exhibit 89-A.  An exemplary chart that applies independent claim 9 of the '443 Patent to the accused Series 3 15.6" Laptop NP305V5AI is attached to this Complaint as Exhibit 90.

### Q.    Seiko Epson Corporation

181.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Seiko Epson Corporation ("Epson") is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Epson Accused Products include at least the following:  Artisan 725 All-in-One Printer-Arctic Edition.  Exemplary instances of importation and sale of infringing Epson products are set forth below.

182.    On information and belief, the Epson Accused Products are assembled in a foreign country and imported into the United States.  *See* Exhibit 91.  The photographs of the Artisan 725 All-in-One Printer -Arctic Edition in the attached claim chart indicate that the device is a multi-function printer "Made In Indonesia." *See* Exhibit 91 at 2.  The Artisan 725 All-in-One Printer - Arctic Edition is imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 91 at 2.  (Artisan 725 All-in-One Printer-Arctic Edition available for purchase directly from Epson through its online store Epson.com); *see also* Exhibit 103 (C. Smith Decl.) at ¶ 40, 103-20 (confirming purchase in the United States directly from Epson.com).

183.     On information and belief, Epson directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Epson Accused Products in the United States.  TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 5, 2009.  *See* Exhibit 92. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused Artisan 725 All-in-One Printer-Arctic Edition is attached to this Complaint as Exhibit 91.

184.     On information and belief, Epson directly infringes at least claims 1, 3, 7, 9, 11 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Epson Accused Products in the United States.  TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated November 30, 2007.  *See* Exhibit 92-A.  An exemplary chart that applies independent claims 1 and 9 and dependent claims 3, 7, 11 and 14 of the '443 Patent to the accused Artisan 725 All-in-One Printer-Arctic Edition is attached to this Complaint as Exhibit 93.

185.     On information and belief, Epson indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent.  On information and belief, Epson indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent.  Epson sells the Artisan 725 All-in-One Printer-Arctic Edition, which performs the indicated method when a user connects the device to a flash storage system.  TPL notes that a normal user would identify the relevant ports, and assume that the memory card port(s) are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Epson explicitly states support for relevant flash

storage systems. *See* Exhibit 94 at 3, 5; *See* Exhibit 95 at 3, 5. On information and belief, Epson

indirectly infringes at least claims 11 and 21 of the '549 Patent by inducing and/or contributing

to the direct infringement of at least claims 11 and 21 of the '549 Patent. Epson sells the Artisan

725 All-in-One Printer-Arctic Edition, which contains the indicated apparatus that a user could

connect to a flash storage system thereby completing the claimed apparatus. TPL notes that a

normal user would identify the relevant ports, and assume that the memory card ports are for

the flash storage systems thereby completing the claimed apparatus as indicated in the claim

chart. Furthermore, Epson provides explicit support for relevant flash storage systems. *See*

Exhibit 94 at 3, 5; *See* Exhibit 95 at 3, 5. TPL provided notice of the '549 Patent by letter (with

an enclosed disk identifying the CORE Flash patents) dated February 23, 2007. *See* Exhibit 92-

B. Seiko confirmed its awareness of the '549 Patent by no later than February 27, 2007.

Exemplary charts that apply independent claims 7 and 11 and dependent claims 19 and 21 of the

'549 Patent to the Artisan 725 All-in-One Printer-Arctic Edition are attached to this Complaint as

Exhibits 94 and 95.

### R.   Shuttle Inc.

186.    On information and belief, either by itself or through its subsidiaries, or through

third parties acting on its behalf, Shuttle Inc. ("Shuttle") is engaged in the manufacture,

importation, sale for importation, or sale after importation into the United States of infringing

electronic devices. On information and belief, the Shuttle Accused Products include at least the

following: Mini Desktop Computer XS35 V2 Multi-Flash-Card Reader ("XS35 V2").

Exemplary instances of importation and sale of infringing Shuttle products are set forth below.

187.    On information and belief, the Shuttle Accused Products are assembled in a

foreign country and imported into the United States. *See* Exhibit 96. The photographs of the

XS35 V2 in the attached claim chart indicate that the device is a PC desktop "Assembled In China." *See* Exhibit 96 at 2.  The XS35 V2 is imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 96 at 2 (XS35 V2 available for purchase from online retailer Amazon.com). *See* Exhibit 103 (C. Smith Decl.) at ¶ 42, 103-21 (confirming purchase in the United States directly from Shuttle.com).

188.    On information and belief, Shuttle directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Shuttle Accused Products in the United States.  TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 12, 2009.  *See* Exhibit 97. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused XS35 V2 is attached to this Complaint as Exhibit 96.

189.    On information and belief, Shuttle directly infringes at least claims 9, 11 and 14 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Shuttle Accused Products in the United States.  TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated December 21, 2007.  *See* Exhibit 97-A.  An exemplary chart that applies independent claim 9 and dependent claims 11 and 14 of the '443 Patent to the accused XS35 V2 is attached to this Complaint as Exhibit 98.

**S.    Systemax Inc.**

190.    On information and belief, either by itself or through its subsidiaries, or through third parties acting on its behalf, Systemax is engaged in the manufacture, importation, sale for importation, or sale after importation into the United States of infringing electronic devices.  On information and belief, the Systemax Accused Products include at least the following: SYX

Venture SBE1. Exemplary instances of importation and sale of infringing Systemax products are set forth below.

191.    On information and belief, the Systemax Accused Products' components are assembled in a foreign country and imported into the United States. *See* Exhibit 99. The photographs of the SYX Venture SBE1 packaging in the attached claim chart indicate that the device is assembled using parts imported into the United States. *See* Exhibit 99 at 3. The SYX Venture SBE1's components are imported into the United States and sold after importation in the United States through retailers. *See* Exhibit 99 at 2 (SYX Venture SBE1 available for purchase from online retailer Compusa.com). *See* Exhibit 103 (C. Smith Decl.) at ¶ 44, 103-22 (confirming purchase in the United States from online retailer TigerDirect.com).

192.    On information and belief, Systemax directly infringes at least claims 25, 26, 28 and 29 of the '424 Patent by importing, offering for sale, selling, testing, and/or using certain of the Systemax Accused Products in the United States. TPL provided notice of the '424 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated May 5, 2009. *See* Exhibit 100. An exemplary chart that applies independent claims 25 and 28 and dependent claims 26 and 29 of the '424 Patent to the accused SYX Venture SBE1 is attached to this Complaint as Exhibit 99.

193.    On information and belief, Systemax directly infringes at least claims 9, 11 and 12 of the '443 Patent by importing, offering for sale, selling, testing, and/or using certain of the Systemax Accused Products in the United States. TPL provided notice of the '443 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated January 9, 2008. *See* Exhibit 100-A. An exemplary chart that applies independent claim 9 and dependent claims 11

and 12 of the '443 Patent to the accused SYX Venture SBE1 is attached to this Complaint as Exhibit 101.

194.    On information and belief, Systemax indirectly infringes at least claims 7, 11, 19 and 21 of the '549 Patent by inducing and/or contributing to the direct infringement of at least claims 7, 11, 19 and 21 of the '549 Patent.  On information and belief, Systemax indirectly infringes at least claims 7 and 19 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 7 and 19 of the '549 Patent.  Systemax sells the SYX Venture SBE1, which performs the indicated method when a user connects the device to a flash storage system.  TPL notes that a normal user would identify the relevant ports, and assume that the memory card port(s) are for the flash storage systems enabling the device to perform the method as indicated in the claim chart.  Furthermore, Systemax provides explicit support for relevant flash storage systems.  *See* Exhibit 102 at 4, 6.  On information and belief, indirectly infringes at least claims 11 and 21 of the '549 patent by inducing and/or contributing to the direct infringement of at least claims 11 and 21 of the '549 Patent.  Systemax sells the SYX Venture SBE1, which contains the indicated apparatus that a user could connect to a flash storage system thereby completing the claimed apparatus.  TPL notes that a normal user would identify the relevant ports, and assume that the memory card ports are for the flash storage systems thereby completing the claimed apparatus as indicated in the claim chart.  Furthermore, Systemax provides explicit support for relevant flash storage systems.  *See* Exhibit 102 at 4, 6.  TPL provided notice of the '549 Patent by letter (with an enclosed disk identifying the CORE Flash patents) dated February 2, 2007.  *See* Exhibit 100-B.  An exemplary chart that applies independent claims 7 and 11 and dependent claims 19 and 21 of the '549 Patent to the SYX Venture SBE1 is attached to this Complaint as Exhibit 102.

195.   For the Commission's convenience, TPL provides the following table, which summarizes the patent claims infringed by each Respondent as set forth in the preceding paragraphs:

| | US'443 | | | | | | | | US'424 | | | | US'549 | | | | US'623 | | | | | | | | | | | US'638 | | | | | | | | | US'847 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 3 | 4 | 7 | 9 | 11 | 12 | 14 | 25 | 26 | 28 | 29 | 7 | 11 | 19 | 21 | 1 | 2 | 3 | 4 | 9 | 10 | 11 | 12 | 17 | 18 | 19 | 13 | 14 | 15 | 16 | 17 | 18 | 25 | 26 | 27 | 1 | 2 | 3 |
| Acer Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | x | x | x |
| Brother Industries, Ltd. | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Canon Inc. | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Dane-Elec Memory | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | x | x | x | x | | x |
| Dell Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | x | x | x | x | x | x | x | x |
| Falcon Northwest Computer Systems, Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | |
| Fujitsu Limited | | | | | | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Jasco Products Company | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | |
| Hewlett-Packard Company | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | x | | x |
| HiTi Digital, Inc. | | | | | x | | | | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Kingston Technology Company, Inc. | | | | | x | x | x | x | x | x | x | x | | | | | x | x | | | x | x | | | x | x | | | | | | | | | | | | | |
| Micron Technology, Inc./Lexar Media, Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | |
| Microdia Limited | | | | | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | | | x | | x |
| Neweeg Inc./Rosewill Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | |
| Sabrent | | | | | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | |
| Samsung Electronics Co., Ltd | | | | | x | | | | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Seiko Epson Corporation | x | x | | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Shuttle Inc. | | | | | x | x | | | x | | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |
| Systemax Inc. | | | | | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | | | | | | | | | | |

## VII.   HARMONIZED TARIFF SCHEDULE ITEM NUMBERS

196.   On information and belief, the Harmonized Tariff Schedule of the United States ("HTSUS") item number(s) under which the infringing electronic products, components thereof, and products containing same have been imported into the United States may be classified under at least 8528, 8528.59, 8528.59.10, 8528.59.15, 8528.59.20, 8528.59.25, 8528.59.30.50, 8528.59.35, 8528.59.40, 8528.59.45, 8528.59.50, 8534.00.00, 8534.00.00.70, 8534.00.00.95, 8542, 8542.31.00, 8542.32.00, 8542.39.00, 8542.90.00, 8443, 8443.19, 8443.19.30, 8443.31.00, 8443.32, 8443.32.10, 8443.32.10.10, 8443.32.10.20, 8443.32.10.40, 8443.32.10.80, 8443.32, 8443.39, 8443.39.60, 8443.30.90, 8443.99, 8443.99.25, 8443.99.40, 8443.99.50, 8443.99.15, 8443.99.50, 8471, 8471.30.01, 8471.41.01, 8471.41.50, 8471.49.00, 8471.50.01, 8471.50.01.50, 8471.60, 8471.60.10, 8471.60.10.50, 8471.60.70, 8471.60.90, 8471.60.50, 8471.80, 8471.80.10, 8471.80.40, 8471.80.90, 8471.90, 8473.30, 8473.30.11, 8473.30.80, 8473.30.51, 8473.30.91. These HTSUS classifications are intended for illustration only and are not intended to be restrictive of the accused devices and products.

## VIII.   RELATED LITIGATION

197.   Concurrent with the filing of this complaint, Complainant is filing civil actions in the United States District Court for the Eastern District of Texas accusing Respondents of infringing the Asserted Patents.

198.   On February 8, 2008, ASUSTek Computer, Inc. ("ASUSTek") filed an action for declaratory judgment of patent noninfringement against TPL, Patriot Scientific Corporation ("PSC"), Alliacense Limited and MCM in the United States District Court for the Northern District of California (Case No. 5:08-cv-00884-JF).  Among other patents that are not asserted here, ASUSTek's complaint included a declaratory judgment claim involving the '623 Patent and the '638 Patent.  All claims were dismissed on February 23, 2009, based on settlement.

199.   On April 25, 2008, TPL and MCM filed a complaint against ASUSTek in the United States District Court for the Eastern District of Texas (2:08-cv-00175-TJW), alleging infringement of the '443 and '549 Patents.  The case was dismissed on February 12, 2009, based on settlement.

200.   On April 25, 2008, TPL, MCM and PSC filed a complaint against ASUSTek in the United States District Court for the Eastern District of Texas (2:08-cv-00177-TJW) alleging infringement of, *inter alia*, the '623 Patent.  The case was dismissed on March 6, 2009, based on settlement.

201.   On August 24, 2011, TPL filed a complaint against 18 defendants in the ITC (337-TA-807) alleging infringement of the '623, '443, '549, and '424 Patents.  This case is still pending with the ITC.  Five active respondents remain in the investigation.  The remainder of the original respondents were either terminated from the investigation based on findings of default or moved for termination based on stipulated consent orders or license and settlement agreements.

Under the current schedule, fact discovery ends May 25, 2012, expert discovery concludes July 9, 2012, trial commences September 17, 2012 and the target date for the completion of the investigation is February 26, 2013.

202.    On August 24, 2011, TPL filed a complaint against 18 defendants in the United States District Court for the Eastern District of Texas (2:11-cv-00372-JRG) alleging infringement of the '623, '443, '549, and '424 Patents. This case has been stayed pending the resolution of the companion ITC matter, 337-TA-807.

203.    The alleged unfair methods of competition and unfair acts, or the subject matter thereof, have not been the subject of any other court or agency litigation. .

## IX.    THE DOMESTIC INDUSTRY

204.    As required by Section 337(a)(2) and defined by Section 337(a)(3), a domestic industry exists in the United States in connection with the Asserted Patents. In particular, TPL has made substantial investments in the exploitation of the Asserted Patents through its significant licensing activities, which have resulted in numerous licensees whose products practice the inventions claimed in the '424, '443, '549, '623, '638, and '847 Patents. The fact that many TPL licensees make and sell products covered by the Asserted Patents demonstrates that there is a strong nexus between TPL's substantial CORE Flash licensing program and the specific patents asserted in this Complaint.

**A.    OnSpec, TPL's Predecessor-in-Interest, Developed Products and Technology That Formed the Genesis of the CORE Flash Patent Portfolio, and Resulted in the Applications that Led to the Asserted Patents.**

205.    As noted above, TPL participated in the acquisition of OnSpec in April 2006. OnSpec was an employee-funded company founded in 1989 in Northern California. Its business focused on the development and sale of System-On-Chip semiconductor products. From its

- 86 -

inception, OnSpec attracted interest and awareness in the industry.  From its innovative parallel port products that launched an industry of connected peripherals to its Flash USB solutions, OnSpec demonstrated technology leadership and aggressive innovation.  In what eventually led to TPL's CORE Flash Portfolio – including the Asserted Patents – OnSpec designed, manufactured and marketed technology solutions that interface with Memory Stick, CompactFlash, Secure Digital, MultiMediaCard, Smart Media, xD, and Microdrives to USB 1.1, USB 2.0. IDE, PCMCIA, SATA, CompactFlash and 8- or 16- bit general purpose architectures. *See* Confidential Exhibit 105 (Conf. Decl. of Dwayne Hannah), ¶ 8; Exhibit 105-3 (list of OnSpec products used in conjunction with products that practice the Asserted Patents).

206.    OnSpec made extensive use of the inventions claimed in the Asserted Patents in several products.  It sold its "system on chip" controller devices to manufacturers of consumer electronics products, such as computers and peripherals.  OnSpec's product line of controller chips was used in products similar to those sold by Respondents to provide compatibility with various flash card standards (CompactFlash, MemoryStick, SecureDigital, xD, and Smart Media).  *See* Conf. Exh. 105, ¶ 7; Conf. Exh. 105-4 (showing sales of OnSpec controller chips that make use of inventions claimed in Asserted Patents).

207.    OnSpec made significant investments in plants, equipment, labor, and capital in the United States with respect to the Research, Development and Engineering of products that practiced the Asserted Patents, as described in paragraphs 9-12 of the Confidential Declaration of Dwayne Hannah (Conf. Exhibit 105).

208.    As shown in the claim charts in Confidential Exhibits 105-5, 105-6 and 105-7, OnSpec controller chips are used in products that practice the Asserted Patents, including the Sony VRD-MC6 Multi-Flash-Card Reader, which includes the OnSpec 90C46D-LF controller

chip.  This product practices the '424, '443 and '549 patents.  In addition, OnSpec chips are used in a range of other products that practice all six of the Asserted Patents, as shown in the 29 claim charts in Confidential Exhibits 105-8 through 105-36.

**B.     A Domestic Industry for the Asserted Patents Exists as a Result of TPL's Substantial Investments in its CORE Flash Licensing Program.**

209.    California-based TPL has made and continues to make substantial investments in the exploitation of the Asserted Patents in the United States through its CORE Flash Licensing Program, thus establishing a domestic industry under 19 U.S.C. § 1337(a)(3)(C).

210.    TPL's substantial domestic investments in its licensing program for the CORE Flash Portfolio, including the Asserted Patents, are set forth in detail in the Confidential Hannah Declaration (Conf. Exh. 105), ¶¶ 13-26.  For example, TPL has employed a team of IP legal and Research and Development employees who have worked to analyze and license the CORE Flash Portfolio.  *See* Conf. Exh. 105, ¶¶ 14, 21.  TPL also employs teams of many other specialists to the following:  (a) procure products of potential licensees; (b) deconstruct and "tear down" products of potential licensees (including detailed photography of the products); (c) analyze "tear down" reports and prepare claim charts; (d) correspond with potential licensees; (e) make in-person presentations and negotiate licenses; and (f) ensure licensee compliance with royalty and reporting obligations.  These California-based teams of TPL employees include Business Analysts, Inventory Control Specialists, Reverse Engineering Specialists, Operations Analysts, Document Production Specialists, Licensing Coordinators, and Licensing Executives.  TPL has also spent substantial resources to purchase the products of potential licensees for tear-down and analysis.  *See* Conf. Exh. 105 (Conf. Hannah Decl.), ¶¶ 15-25.

211.    TPL also leases property for its headquarters in Cupertino, California, where all of the employees engaged in the CORE Flash licensing program are based. *See* Conf. Exh. 105 (Conf. Hannah Decl.), ¶ 24.

212.    TPL has contacted almost two hundred potential licensees in furtherance of the licensing of its CORE Flash Portfolio, which includes the Asserted Patents. *See* Conf. Exh. 105 (Conf. Hannah Decl.), ¶ 25; *See also* Conf. Exh. 105-39. TPL has also been successful in licensing the CORE Flash Portfolio. *See* Conf. Exh. 105 (Conf. Hannah Decl.), ¶ 26. As evidence of the success of TPL's licensing program, a list of entities licensed under the CORE Flash Portfolio, including the Asserted Patents, is included in Confidential Exhibit 105-40.

213.    As required by Commission precedent, including *Multimedia Display*, 337-TA-694 (Comm'n Opin., July 22, 2011), there is a strong nexus between the Asserted Patents and TPL's substantial domestic investments in the licensing of its CORE Flash Portfolio.

214.    As an initial matter, the Asserted Patents are closely related to the other patents in the CORE Flash Portfolio. This demonstrates that the Asserted Patents fit together congruently with the other patents in the portfolio because they all cover a specific technology: flash memory card adapters that make it much easier for consumers to use multiple types of flash memory cards with a variety of products. The entire CORE Flash Portfolio, including the Asserted Patents, resulted from the same six fundamental patent applications, including the earliest filed application: Application No. 09/610,904, filed on July 6, 2000, which issued on August 20, 2002, as U.S. Patent No. 6,438,638 ("the '638 Patent"), which is one of the Asserted Patents.

215.    The inventors of the '638 Patent were Larry Lawson Jones, Sreenath Mambakkam, and Arockiyaswamy Venkidu. The application for the '638 Patent was an

"ancestor" application for four of the five other Asserted Patents: the '424 Patent, the '443 Patent, the '549 Patent, and the '847 Patent. The '638 Patent was also incorporated by reference in the asserted '623 Patent. All six of the Asserted Patents include the same three inventors as the '638 Patent. In addition, the '638 application was an "ancestor" application for at least 9 the other 15 issued U.S. patents in the CORE Flash Portfolio. Thus, the '424 Patent, the '443 Patent, the '549 Patent, the '623 Patent, the '638 Patent, and the '847 Patent are all closely related to well over half of the other U.S. patents in the portfolio.

216.    The application that led to the '623 Patent is another one of the six fundamental applications in the CORE Flash portfolio. Moreover, the '623 Patent incorporates by reference the application that led to the '638 Patent, as well as the applications that led to two other patents in the CORE Flash Portfolio: U.S. Patent Nos. 6,859,369 and 6,832,281.

217.    As discussed above in paragraphs 76-87, the Asserted Patents are all directed to closely related technology. All six patents relate to flash memory card readers.

218.    The '623 Patent discloses a memory card interface apparatus having more than one interface to read at least two different types of memory cards, and to provide parallel access to two cards to enable the transfer of data from one card to the other. The '623 Patent further discloses a method of providing the same.

219.    The '549 Patent discloses a system with a controller chip (like the controller chips in the systems covered by all six patents) that interfaces with a flash memory card which may (or may not) have a controller for error correction. Using firmware, the disclosed controller chip conducts bad block mapping in an event that the flash memory card does not have a controller for error correction. The patent also discloses a method for using a controller chip to interface with a flash memory card which may (or may not) have a controller for error correction, and, in

an event in which the flash memory card does not have a controller for error correction, using firmware to conduct bad black mapping.

220.    The '443 Patent discloses a multi-media memory adapter.  The adapter has a first planar element or portion and a second planar element or portion that define a slot between them for receiving multiple types of flash memory cards.  The planar elements or portions comprise molded plastic.  The patent further discloses contact pins that extend or protrude from either the top or the bottom of the port (or both); these contact pins allow the port to receive electrical signals from a flash memory card.  The patent also discloses a controller chip that maps a set of signal lines to a subset of the contact pins based on the type of flash memory card inserted into the reader.

221.    The '424 Patent discloses an apparatus with a port that has a number of sets of contact pins mounted at locations adapted to interface with the electrical contacts of different types of flash memory cards.   The patent discloses a set of interconnection pins 315 as illustrated in Figure 3 (reproduced below).  A component, such as a controller, maps power, ground, and/or data signals between the interconnection pins and the proper contact pins, depending on the type of card in the slot.

222.    The '638 Patent is directed to a multi-flash card reader that uses a converter chip to read data from different types of flash-memory cards.

223.    The '847 Patent discloses an apparatus with a port and a surface with multiple sets of contact pins to interface with different types of flash cards.  The apparatus includes signal lines between a controller and an interconnection means 312 in Figure 3 from the '847 Patent. The number of signal lines is fewer than the number of contact pins.  The controller maps signals

- 91 -

between the signal lines and contact pins depending upon the type of flash card inserted into the port.

224.   Thus, all six of the Asserted Patents are related to each other, as well as the other patents in the CORE Flash Portfolio.

225.   As shown in the 24 claim charts attached to the Confidential Declaration of Dwayne Hannah (Conf. Exh. 105), many CORE Flash licensee products actually practice the five of the six Asserted Patents. *See* Conf. Exhs. 105-41 through 105-64. These claim charts demonstrate a strong nexus between TPL's substantial domestic investments in its licensing program and the specific Asserted Patents in this case. *See Multimedia Display*, 337-TA-694 (Comm'n Opin., July 22, 2011) at 10-12.

226.   For example, multiple models of personal computers from three different CORE Flash licensees include memory card readers that practice five of the six of the Asserted Patents. *See, e.g.*, Conf. Exhs. 105-40, 105-41, 105-42, 105-43, 105-44, 105-45, 105-46, 105-47, 105-58, 105-49, 105-50.   In addition, a printer from a CORE Flash licensee includes a memory card reader that practices at least three of the Asserted Patents. *See, e.g.*, Conf. Exhs. 105-27, 105-28, 105-29, 105-30.   Finally, multiple CORE Flash licensees make and sell flash memory card readers that practice five of the six of the Asserted Patents. *See, e.g.*, Conf. Exhs. 105-31, 105-32, 105-33, 105-34, 105-35, 105-36, 105-37, 105-38, 105-39.

227.   Thus, TPL has a domestic industry based on its substantial domestic investments in its CORE Flash licensing program, which has led to multiple licensees whose products practice the Asserted Claims in this Complaint.

**X.      RELIEF REQUESTED.**

WHEREFORE, by reason of the foregoing, Complainant TPL respectfully requests that the United States International Trade Commission:

(a)      Institute an immediate investigation, pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337(a)(1)(B)(i) and (b)(1), with respect to violations of Section 337 based upon the importation, sale for importation, and sale after importation into the United States of Respondents' computers and computer peripheral devices and components thereof and products containing the same that infringe one or more of the asserted claims of the Asserted Patents;

(b)      Schedule and conduct a hearing on said unlawful acts and, following said hearing;

(c)      Issue a permanent limited exclusion order pursuant to 19 U.S.C. § 1337(d) barring from entry into the United States all computers and computer peripheral devices and components thereof and products containing the same that infringe one or more of the asserted claims of the Asserted Patents;

(d)      Issue permanent cease and desist orders, pursuant to 19 U.S.C. § 1337(f), directing each Respondent to cease and desist from importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling, distributing, licensing, or using Respondents' imported computers and computer peripheral devices and components thereof and products containing the same that infringe one or more of the asserted claims of the Asserted Patents; and

(e)    Grant such other and further relief as the Commission deems just and proper based on the facts determined by the investigation and the authority of the Commission.

Dated:  March 26, 2012                          Respectfully Submitted,

                                                _____
                                                Anthony G. Simon
                                                Michael P. Kella
                                                Stephanie H. To
                                                THE SIMON LAW FIRM, P.C.
                                                800 Market St., Ste. 1700
                                                St. Louis, MO 63101
                                                Telephone: (314) 241-2929

                                                Counsel for Complainant
                                                Technology Properties Limited LLC

## <u>VERIFICATION OF COMPLAINT</u>

I, Daniel E. Leckrone, am Chairman and CEO of Technology Properties Limited LLC ("TPL"), and am duly authorized to execute this complaint on behalf of TPL. I have read the Complaint and am aware of its contents. To the best of my knowledge, information and belief, formed after an inquiry that is reasonable under the circumstances, I hereby certify as follows:

1.      The Complaint is not being filed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of the investigation;

2.      The claims and other legal contentions in the Complaint are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3.      The allegations and other factual contentions in the Complaint have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

I declare under penalty of perjury on this 20th day of March, 2012 that the foregoing is true and correct.

Daniel E. Leckrone
Chairman and CEO

Technology Properties Limited LLC