# United States District Court
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **TECHNOLOGY PROPERTIES LIMITED,** § | | |
| **MCM PORTFOLIO LLC** § | | |
| § | | |
| **v.** § | **6:12-cv-202** LEAD CASE | |
| § | CONSOLIDATED WITH 6:12cv213 | |
| **CANON, INC., et al.** § | | |

### ORDER TRANSFERRING
### <u>TO THE NORTHERN DISTRICT OF CALIFORNIA</u>

Currently before the Court is Defendants' Consolidated Motion to Transfer Venue to the Northern District of California (Doc. No. 46). Having considered the parties' arguments and the applicable law, the Court finds that the Northern District of California is clearly more convenient and transfers this case to the Northern District of California.

### <u>Background</u>

This consolidated action involves several cases against unrelated Defendants for infringement of three patents: U.S. Patent Nos. 6,976,623, 7,162,549, and 7,719,847. The three related patents in suit disclose multi-media memory adapters for use with computers and computer peripherals.

At the same time Plaintiffs filed suit against Defendants, they also filed a complaint before the United States International Trade Commission (ITC). The Court stayed the cases pending before it until the ITC litigation came to an end. The ITC litigation ended after the ITC found no infringement of the patents in suit.

The Court lifted the stay and consolidated all defendants into the above styled action. The consolidation was for pretrial purposes, including claim construction and discovery. The Court

affirmatively noted that the consolidation would not affect nor bear on any venue challenges by individual defendants. The consolidated Defendants then moved to transfer the case to the Northern District of California for the convenience of the parties.

## Legal Standard

"[A] district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Thus, the first inquiry when analyzing a transfer under section 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (hereinafter *In re Volkswagen I*).

Once that threshold inquiry is met, the district court must then consider the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197–98 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The party seeking the transfer must show good cause, which means that the moving party must demonstrate that the proposed transferee venue is "clearly more convenient than the venue chosen by the plaintiff[.]" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (hereinafter *In re Volkswagen II*). A convenience determination consists of balancing the convenience and inconvenience resulting from plaintiff's choice of venue in comparison with those of the proposed venue. This balancing includes examining several private and public interest factors, none of which has dispositive weight. *Id*.

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II*, 545 F.3d at 314–15 & n.10. Rather, the weight of the plaintiff's choice of venue is reflected in the defendant's burden of proving that the proposed venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1320. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 315.

<u>Analysis</u>

a. *Northern District of California*

Defendants must first establish that this action could have been brought in the Northern District of California. 28 U.S.C. § 1404(a). Defendants argue—and Plaintiffs do not dispute—that venue in the Northern District of California would have been appropriate because they are all either headquartered in or have sold their products in California. The Court agrees that under these facts, venue is proper in the Northern District of California a pursuant to 28 U.S.C. § 1391.

**b. Private Interest Factors**

> **1.  *The Relative Ease of Access to Sources of Proof***

The first of the private interest factors to be considered is the relative ease of access to sources of proof. Despite technological advances that undoubtedly lighten the relative inconvenience of transporting large amounts of documents and hard copies across the country, this factor must still be considered in the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See id.*; *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 873 (E.D. Tex. 2013). This factor will turn upon which party—usually the accused infringer—will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the proposed and transferor venues. *See, e.g.*, *In re Nintendo*, 589 F.3d at 1199; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). But documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009).

## A.  Canon

Canon, Inc. and Canon U.S.A., Inc. are headquartered in Tokyo, Japan, and Melville, New York, respectively. Plaintiffs argue that neither Canon entity has a connection to the Northern District of California, and thus, this factor weighs against transfer. Neither Tokyo, Japan, nor Melville, New York, are convenient to the Northern District of California or this district. *See In re Genetech*, 556 F.3d at 1345. Accordingly, the Court finds that this factor is neutral with respect to the Canon defendants.

### B.  Epson

Epson America, Inc. is headquartered in Long Beach, California, and Seiko Epson Corporation is headquartered in Nagano, Japan. Seiko Epson provides no evidence of its own in support of its motion to transfer, which Plaintiffs contend militates against granting transfer. But Epson America notes that several accused products that were not before the ITC are Epson America products, leaving the bulk of the Epson entities' uncompleted discovery in California. Accordingly, the Court finds this factor slightly favors transfer.

### C.  Falcon

Falcon Northwest Computer Systems represents that its relevant documents are in its offices in Medford, Oregon. Plaintiffs counter that because Falcon's documents are not located in the Northern District of California that this factor weighs against transfer. But the Court finds that, on balance, the location of Falcon's sources of proof—which is much closer to the Northern District of California than this district—favors transfer.

### D.  HiTi

HiTi Digital America represents that it is headquartered in Walnut, California, and that all of its employees, facilities, and operations are in California. Plaintiffs argue that HiTi's relevant trial witnesses are likely to come from former defendant HiTi Digital, Inc., which is a Taiwanese corporation. Plaintiffs also note that HiTi's principal place of business is the Central District of California, not the Northern District of California. Having considered the relevant facts, the Court finds that this factor favors transfer. *See In re Genetech*, 556 F.3d at 1345 (finding no meaningful convenience was gained or lost by transporting documents from Europe to California instead of Europe to Texas). All of HiTi's business is conducted in California, and neither HiTi nor Plaintiffs have a connection to Texas or this district.

### E. Hewlett-Packard Company

Hewlett-Packard Company (HP) represents that it is headquartered in Northern California, where it engages in most of its relevant researching, developing, and marketing of the products at issue in this case. Plaintiffs counter that HP maintains an office in Plano, Texas. HP represents that its Plano office engages in activities related to its business enterprise service. Plaintiffs also argue that one of HP's employees, who was called as a witness at the ITC, trial is in Houston, Texas.

In patent cases, the bulk of the relative evidence is presumed to be located with the defendant. *In re Genentech*, 566 F.3d at 1345. HP's principal place of business is in Palo Alto, California, and HP has stated that its relevant documents are also located there. Accordingly, the Court presumes that the bulk of the relevant evidence is located in the Northern District of California. That HP may have documents elsewhere does not rebut the presumption—especially in the view of HP's representations to this Court. Nevertheless, the evidence in the record suggests that at least some of the relevant documents and witnesses are located in this district or close to this district, as well as in the Northern District of California.

Accordingly, the Court concludes that this factor is neutral.

### F. Kingston

Kingston Technology Company, Inc. is headquartered in Fountain Valley, California. Plaintiffs argue that regardless of Kingston's location, many documents were produced as a result of the ITC action. But as Defendants note, that this case involves additional products, prior art, and defenses not at issue before the ITC. Moreover, at least some of the relevant documents are significantly closer to the Northern District of California than this district, while no documents are closer to this district. Accordingly, the Court finds that this factor slightly favors

transfer. *See In re Genetech*, 566 F.3d at 1345 (finding the access to sources of proof factor favored transfer where defendant housed documents in the same state as the transferee venue and no documents housed in the same state as transferor district).

### G. Newegg/Rosewill

Newegg, Inc. and its private label subsidiary, Rosewill, Inc., are headquartered in the City of Industry, California. Plaintiffs argue that Newegg and Rosewill do not sufficiently identify witnesses and documents located in California. Nevertheless, the record suggests that at least some of the relevant documents are located significantly closer to the Northern District of California than this district, while no documents are located closer to this district. Accordingly, the Court finds this factor favors transfer. *See id*

### H. Shuttle

Shuttle Computer Group, Inc. is headquartered in the City of Industry, California. Plaintiffs argue that, like Newegg, Shuttle does not sufficiently identify any witnesses and documents located in California. Nevertheless, the record suggests that at least some of the relevant documents and witnesses are located significantly closer to the Northern District of California than this district, while no documents are located closer to this district. Accordingly, the Court finds this factor favors transfer. *See id.*

### 2.   *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the proposed venue. *See In re Volkswagen II*, 545 F.3d at 316; *In re Amazon.com Inc.*, 478 F. App'x 669, 670 (Fed. Cir. 2012). The factor weighs the heaviest in favor of transfer when a proposed venue is said to have "absolute subpoena power." *In re Hoffmann-La Roche*

*Inc.*, 587 F.3d at 1338. "Absolute subpoena power" is subpoena power to compel attendance at depositions and trial. *Id*.

Defendants point to several witnesses who are subject to the absolute subpoena power of the Northern District of California: three inventors of the patents in suit, three prior art witnesses, five prosecuting attorneys, and one witness with knowledge of Plaintiffs' licensing efforts.

Plaintiffs identify no third-party witnesses over whom this Court would have absolute subpoena power. Instead, Plaintiffs argue that the recent amendment to Federal Rule of Civil Procedure 45 reduces the significance of this factor because this Court can compel the deposition of non-party witnesses. Plaintiffs point to this Court's decision in *VirtualAgility, Inc. v. Salesforce.com*, where both parties identified non-party witnesses over whom the competing districts lacked absolute subpoena power. *See* 2:13-cv-11, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014). But, unlike *VirtualAgility*, Plaintiffs have not suggested any non-parties witnesses who would affect the Court's consideration of this factor.

Accordingly, the Court finds that this factor favors transfer.

### 3.   *The Cost of Attendance for Willing Witnesses*

This factor is analyzed by giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial. *See In re Genentech*, 566 F.3d at 1343 ("Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.").

The Fifth Circuit has adopted a "100-mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204–05. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* When applying the 100-mile rule, the threshold question is whether the transferor and proposed venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and proposed venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The 100-mile rule generally favors transfer (with differing degrees) if the proposed venue is a shorter average distance from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320.

Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See In re Volkswagen I*, 371 F.3d at 204 n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances favor the proposed venue, then this factor will favor transfer. But "the '100-mile rule' should not be rigidly applied." *In re Genentech*, 566 F.3d at 1344. When a particular witness "will be required to travel a significant distance no matter where they testify," that witness is discounted for purposes of the 100-mile rule analysis. *Id.* (discounting European witnesses and documents transported from Washington, D.C. in the convenience analysis when reviewing a denial of transfer from Texas to California).

In cases where no potential witnesses are residents of the transferor court's state, favoring the court's location as central to all of the witnesses is improper. *See id.* Thus, this factor favors

transfer when a "substantial number of material witnesses reside within the proposed venue" and no witnesses reside in the transferor venue. *Id.* at 1344–45.

As to this factor, Defendant identifies numerous party and non-party witness that reside in the Northern District of California or are significantly closer to the Northern District of California. Plaintiffs counter that certain Canon and HP witnesses reside closer or within this district.

The Court weighs most heavily the convenience of non-party witnesses. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 WL 2771842, at *9 (E.D. Tex. July 13, 2010). Defendants identify 12 potential non-party witnesses located in the transferee district, while Plaintiffs identify no third-party witnesses for whom this District is more convenient. Furthermore, the Northern District of California is more convenient for nearly all party witnesses.

Accordingly, the Court finds this factor slightly favors transfer.

### 4. *Other Practical Problems*

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (hereinafter *In re Volkswagen III*). Importantly, "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)). "While considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed." *Id.* "[A]

district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.*

Plaintiffs argue that the pendency of related case Cause No. 2:11-cv-372, *Technologies Properties Limited, LLC v. Action Electronics Co., Ltd. et al.* (the *Action Electronics* case) in this district weighs against transfer. But the *Actions Electronics* case was stayed before any significant proceedings occurred and also before Plaintiffs filed the instant action. The case remains stayed today. Thus, the Court has no familiarity with the patents in suit as the result of the Actions Electronics case. The mere co-pendency of a stayed case does not affect the Court's analysis. Thus, this factor is neutral.

### c. Public Interest Factors

The parties only address two of the public interest factors: administrative difficulties due to relative court congestion and the local interest in the dispute. These factors are addressed below. The remaining two public interest factors are considered neutral.

#### 1. *Administrative Difficulties Flowing from Court Congestion*

Defendant argues that relative court congestion is neutral because the Eastern District of Texas median time-to-trial as compared to the Northern District of California is not significantly different. Plaintiffs argue that this factor weighs against transfer because this Court already provided a pretrial conference setting.

The Federal Circuit notes that this is the most speculative of the factors. *See In re Genentech, Inc.*, 566 F.3d at 1347. The Federal Circuit further held that when the convenience factors weigh in favor of transfer (as they do in this case) the speed of the transferee district should not outweigh all those factors. *See id.* Accordingly, the Court finds no reason to speculate on which court could dispose of the case more quickly and instead treats this factor as neutral.

2.   *Local Interests*

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947); *In re Volkswagen I*, 371 F.3d at 206. This factor analyzes the "factual connection" that a case has with both the proposed and transferor venues. *See id.* Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *In re Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely sold product within the transferor venue); *In re TS Tech*, 551 F.3d at 1321. Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue. *In re Nintendo*, 589 F.3d at 1198.

Plaintiff Technology Properties Limited, LLC is headquartered in the Northern District of California, as is HP. No party is headquartered in this district. Accordingly, the Court finds this factor strongly favors transfer as to HP. As to the other defendants, the Court finds that this factor slightly favors transfer.

**d.  Balance of Factors**

As to the private interest factors, all of the factors either favor transfer or are neutral. All of the public interest factors are neutral, except the local interest factor, which slightly favors transfer for all defendants but HP, for which it strongly favors transfer. Having considered each of these relevant factors, the Court finds that the Northern District of California is a clearly more convenient forum.

## Conclusion

For the reasons discussed more fully above, the Court GRANTS Defendants' motion to transfer (Doc. No. 46).  Accordingly, Plaintiffs' claims against the consolidated Defendants are TRANSFERRED the Northern District of California for further consideration.

**It is SO ORDERED.**

**SIGNED this 14th day of July, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE