PARTIES LISTED ON SIGNATURE PAGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | ) Case Number: C 14-03640-CW |
| | ) |
| Plaintiffs, | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT & [PROPOSED] ORDER** |
| vs. | ) |
| | ) Date:  November 19, 2014 |
| | ) Time:  2:00 pm |
| CANON, INC., et al., | ) Ctrm: 2, 4th Floor |
| | ) |
| Defendant(s). | ) Hon. Judge Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | ) Case Number: C 14-03641-CW |
| | ) |
| Plaintiffs, | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT & [PROPOSED] ORDER** |
| vs. | ) |
| | ) Date:  November 19, 2014 |
| | ) Time:  2:00 pm |
| FALCON COMPUTER SYSTEMS, INC., | ) Ctrm: 2, 4th Floor |
| | ) |
| Defendant(s). | ) Hon. Judge Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | ) Case Number: C 14-03642-CW |
| | ) |
| Plaintiffs, | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT & [PROPOSED] ORDER** |
| vs. | ) |
| | ) Date:  November 19, 2014 |
| | ) Time:  2:00 pm |
| HITI DIGITAL AMERICA INC., | ) Ctrm: 2, 4th Floor |
| | ) |
| Defendant(s). | ) Hon. Judge Claudia Wilken |

Page **1** of **28**

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C14-03644-CW, C14-03645-CW,
C 14-03646-CW, C 14-03647-CW

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, | Case Number: C 14-03643-CW |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | Date:  November 19, 2014 |
| HEWLETT-PACKARD COMPANY, | Time:  2:00 pm |
| | Ctrm:  2, 4th Floor |
| Defendant(s). | Hon. Judge Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | Case Number: C 14-03644-CW |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | Date:  November 19, 2014 |
| KINGSTON TECHNOLOGY CO., INC., | Time:  2:00 pm |
| | Ctrm:  2, 4th Floor |
| Defendant(s). | Hon. Judge Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | Case Number: C 14-03645-CW |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | Date:  November 19, 2014 |
| NEWEGG INC., et al., | Time:  2:00 pm |
| | Ctrm:  2, 4th Floor |
| Defendant(s). | Hon. Judge Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | Case Number: C 14-03646-CW |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| vs. | Date:  November 19, 2014 |
| SEIKO EPSON CORPORATION, et al., | Time:  2:00 pm |
| | Ctrm:  2, 4th Floor |
| Defendant(s). | Hon. Judge Claudia Wilken |

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | ) Case Number: C 14-03647-CW |
| | ) |
| Plaintiffs, | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT & [PROPOSED] ORDER** |
| vs. | ) |
| | ) Date:  November 19, 2014 |
| SHUTTLE COMPUTER GROUP INC., | ) Time:  2:00 pm |
| | ) Ctrm: 2, 4th Floor |
| Defendant(s). | ) |
| | ) Hon. Judge Claudia Wilken |

Pursuant to Civil L.R. 16-9 and the Court's Standing Order regarding case management conferences, Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC (collectively "Plaintiffs") and Defendants Canon Inc., Canon U.S.A., Inc., Falcon Northwest Computer Systems, Inc., HiTi Digital America Inc., Hewlett-Packard Company,  Kingston Technology Company, Inc., Newegg Inc., Rosewill Inc., Seiko Epson Corporation, Epson America, Inc. and Shuttle Computer Group Inc. (collectively "Defendants") (together, "the parties") jointly file this Joint Case Management Statement in the above-captioned, related cases.

**1.     Jurisdiction & Service**

The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Defendants Hewlett-Packard Company and Defendant Newegg Inc. contend that this Court has subject matter jurisdiction over their counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  No issues exist regarding personal jurisdiction or venue. Plaintiffs assert that all parties have been served; Defendant HiTi Digital America, Inc. and Shuttle Computer Group Inc. dispute this assertion, but have waived their rights to file a pre-answer motion under Fed. R. Civ. P. 12(b).

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

1

2.   **Facts**

2

    A.   **Brief Chronology of The Facts**

3

      Plaintiff Technology Properties Limited LLC ("TPL") originally filed these actions

4

against Defendants on March 28, 2012 in the United States District Court for the Eastern District

5

of Texas ("Texas Action"), alleging, *inter alia*, that Defendants infringed one or more of U.S.

6

Patent Nos. 7,522,424 ("the '424 patent"), 7,295,443 ("the '443 patent"), 7,719,847 ("the '847

7

patent"), and 7,162,549 ("the '549 patent") (together, "the Asserted Patents")[1] by importing,

8

making, using, offering to sell, and /or selling certain products.   Plaintiff MCM alleges that it is

9

the owner of the Asserted Patents, and Plaintiff TPL alleges that it is the exclusive licensee of the

10

Asserted Patents, with the ownership of all substantial rights in the patents, including the right to

11

exclude others and to enforce, sue, and recover damages for past and future infringement.

12

      On March 27, 2012, Plaintiff TPL filed a Complaint with the United States International

13

Trade Commission requesting that the ITC commence an investigation under Section 337 of the

14

Tariff Act of 1930, as amended, 19 U.S.C. § 1337, to remedy the allegedly unlawful importation

15

into the United States, the sale for importation, and/or sale within the United States after

16

importation, by manufacturers, importers, or consignees (or any agent of the owner, importer, or

17

consignee) of certain computers and computer peripheral devices and components thereof and

18

products containing the same that allegedly infringe, *inter alia*, one or more the '443, '424, '847,

19

and '549 patents.   Defendants and/or their parent companies were named as Respondents in the

20

---

[1] While other patents were originally asserted in some of the Texas Actions and in the ITC investigation, Plaintiffs amended complaints allege infringement of only the '443, '424, and '847 patents.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

ITC Complaint, in addition to other non-party entities that subsequently entered into settlement agreements with Plaintiff.[2]

On April 27, 2012, the ITC issued a Notice of Institution of Investigation to determine whether there was a violation of Section 337 by Respondents, including Defendants.  The investigation was captioned as *In the Matter of Certain Computers and Computer Peripheral Devices and Components Thereof and Products Containing The Same*, Inv. No. 337-TA-841 and assigned to Administrative Law Judge Theodore Essex.

The District Court for the Eastern District of Texas subsequently stayed the Texas Actions on May 22, 2012 pending resolution of Investigation No. 337-TA-841.

On August 2, 2013, after extensive fact and expert discovery and a four-day evidentiary hearing, Judge Essex issued an Initial Determination finding that each of the '443, '424, '847 or '549 patents is not invalid and finding that none of those patents was infringed by any party to the ITC proceeding.  On December 19, 2013, the ITC issued a Final Determination affirming Judge Essex's findings.

Plaintiff moved to lift the stay of the Texas Actions on February 7, 2014.  On February 10, 2014, the District Court for the Eastern District of Texas granted Plaintiff's motion to lift the stay.

---

[2] HiTi Digital America Inc., Epson America, Inc., Canon U.S.A., Inc., and Shuttle Computer Group Inc. were not Respondents in the ITC proceeding.  HiTi Digital America Inc.'s, Epson America, Inc.'s, Canon U.S.A., Inc.'s, and Shuttle Computer Group Inc.'s respective parent companies were Respondents.  Defendants Falcon Computer Systems, Inc. and Shuttle Computer Group Inc.'s parent were dismissed early in the ITC proceeding.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In April 2014, MCM Portfolio LLC was added as a Plaintiff in an amended complaint in the lead Texas Action. Plaintiffs contend that MCM Portfolio LLC is the owner of the Asserted Patents.

On February 26, 2014, Defendants moved to transfer these cases pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California. The court granted Defendants' motion on July 15, 2014, and these cases were transferred to the Northern District of California on August 8, 2014.

On October 21, 2014, the above-captioned cases were related before the Honorable Claudia Wilken.

**B.    Statement of the Principal Factual Issues in Dispute**

The principal factual issues in dispute are (i) whether Defendants infringe the asserted claims of the '443, '424, '847 and/or '549 patents and (ii) whether the asserted claims of the '443, '424, and/or '847 patents are invalid or unenforceable.[3] The asserted claims of the '443 patent are claims 1, 3, 4, 7, 9, 11, 12, and 14.[4] The asserted claims of the '424 patent are claims 25, 26, 28, and 29. The asserted claims of the '847 patent are claims 1, 2, and 3. The (previously) asserted claims of the '549 patent that are the subject of Hewlett-Packard Company's declaratory judgment counterclaim are claims 7, 11, 19, and 21.

**3.    <u>Legal Issues</u>**

**Plaintiffs' Statement:**

---

[3] The '443 and '424 patents are asserted against each Defendant. The '847 patent is asserted against Defendants Shuttle Computer Group, Inc. and Hewlett-Packard Company.

[4] The set of '443 patent claims asserted against each Defendant varies among the Defendants.

C14-03640-CW, C14-03641-CW, C 14-03642-CW, C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

The key legal issues include the following subjects:

a.      Construction of the "mapping" elements of the asserted claims of the Asserted Patents.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (the first step in an infringement analysis "is deterring the meaning and scope of the patent claims asserted to be infringed.")

b.      Plaintiffs' allegations that the accused products meet the "mapping" elements and infringe the asserted claims of the Asserted Patents, rendering Defendants liable for patent infringement under 35 U.S.C. § 271.

c.      Defendants' allegations that the asserted claims of the Asserted Patents are invalid.

d.      Appropriate forms of relief, including declaratory relief, monetary relief, injunction relief, interest, attorneys' fees and costs.

**Defendants' Statement:**

The key legal issues in this case include the construction of various terms of the asserted claims in this case, and a determination as to whether those claims are infringed, invalid and/or unenforceable.  While the construction of the "mapping" elements of the asserted claims is an important legal issue in this case, other elements of the asserted claims also require construction, and Defendants have non-infringement arguments based upon the "mapping" limitations and other limitations of the asserted claims.  Accordingly, construction of the "mapping" elements – while dispositive of non-infringement if construed in favor of Defendants – will not be dispositive of the issue of infringement if construed in favor of Plaintiffs.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.    **Motions**

Currently pending before this Court are HiTi Digital America, Inc.'s and Shuttle Computer Group Inc.'s Motion to Dismiss Pursuant to Rule 4m (ECF No. 64 (and accompanying papers), filed Mar. 14, 2014, in case no. 6:12-cv-202-MHS in the E.D. Tex.), which the court construed as a motion to dismiss under Rule 12 (*see* ECF No. 139, filed May 27, 2014, in case no. 6:12-cv-202-MHS in the E.D. Tex.).  Accordingly, neither HiTi Digital America, Inc. nor Shuttle Computer Group Inc. has yet answered the complaint or filed counterclaims.

In the Texas Action, there were prior motions to stay the cases pending resolution of the ITC proceedings (granted), motions to lift the stay after resolution of the ITC proceedings (granted), and motions to transfer these cases to the Northern District of California (granted).

Plaintiffs anticipate filing a motion to dismiss Hewlett-Packard's counterclaim for non-infringement of the '549 patent due to lack of a case or controversy.  Plaintiffs anticipate filing a motion to dismiss Newegg's counterclaims for non-infringement and invalidity of the '549 patent due to lack of a case or controversy.  The parties do not currently anticipate any other motions prior to summary judgment motions.

5.    **Amendment of Pleadings**

The parties do not contemplate any amendments to the pleadings at this time.  However, as noted in the immediately preceding section, neither HiTi Digital America, Inc. nor Shuttle Computer Group Inc. has yet answered the complaint or filed counterclaims in view of the pending motion to dismiss.  Both anticipate answering and potentially counterclaiming if the motion is not granted.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

**6.** **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **Disclosures**

**Plaintiffs' Statement:**

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a) on May 29, 2014 while the above-captioned matters were pending in the United States District Court for the Eastern District of Texas.  Plaintiffs again served initial disclosures on November 12, 2014.

Plaintiffs have complied with the requirements of Fed. R. Civ. P. 26(a).  Plaintiffs' disclosures included the following:

  a.   the correct names of the parties to the lawsuit;

  b.   Plaintiffs' statement that to the best of their knowledge, there are no potential parties to add at this time;

  c.   brief descriptions of Plaintiffs' legal theories and factual basis for their claims based upon information available to Plaintiffs at the time;

  d.   a list of individuals that Plaintiffs believed may have knowledge of relevant facts that Plaintiffs may use to support their claims and defenses;

  e.   a statement that Plaintiffs are unaware of any indemnity or insurance agreements relevant to these actions;

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

f.     identification of settlement agreements related to the subject matter of these

       actions;

g.     a statement that Plaintiff has disclosed all documents believed to be relevant at the

       time; and

h.     a description of categories of damages claimed by Plaintiffs.

In addition, subject to its objections, Plaintiff TPL produced over four thousand (4000) documents in its possession, custody, or control.    Plaintiffs are not currently aware of any other documents in their possession, custody, or control that are believed to be relevant at this time. After the termination of the ITC proceeding and prior to May 29, 2014, the parties agreed that re-production of documents produced in the ITC proceeding was unnecessary given that counsel for all parties was already in possession of all such documents.

**Defendants' Statement:**

Defendants contend that the exchange of disclosures in another court does not alleviate the requirement for the Parties to comply with the Local Rules of this Court.  Accordingly, Defendants anticipate serving Initial Disclosures on November 12, 2014 pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

## ***Discovery***

### ***Discovery taken to date***

**Plaintiffs' Statement:**

In the district court actions, before these cases were transferred to the Northern District of California, the parties exchanged initial disclosures, Plaintiffs served preliminary infringement contentions, and Defendants served invalidity contentions.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

The parties also produced numerous documents,[5] responded to numerous interrogatories and requests for admissions, and took numerous depositions in the ITC proceeding.

**Defendants' Statement:**

Defendants contend that the exchange of certain disclosures and contentions pursuant to the Local Rules of the Eastern District of Texas does not eliminate the need to comply with the Local Patent Rules of this Court.  Moreover, the infringement contentions served by Plaintiffs in the Eastern District of Texas are insufficient, particularly in view of the standards governing infringement contentions under the Local Patent Rules for the Northern District of California.[6]  Accordingly, the parties should proceed with service of infringement and invalidity contentions as required by the Local Patent Rules of this Court.

**a.      The scope of anticipated discovery**

---

[5] HiTi Digital America Inc. and Shuttle Computer Group Inc. were not Respondents in the ITC proceeding.  Rather, HiTi Digital America Inc.'s parent company was a Respondent; Shuttle Computer Group Inc.'s parent company was also a Respondent.  Plaintiff asserts that HiTi Digital America Inc.'s counsel is, however, in possession of all discovery from ITC proceeding; HiTi Digital America Inc. responds that its counsel has requested clarification of which discovery it is expected to possess, but Plaintiff has not yet identified the scope.  Accordingly, because HiTi Digital America Inc.'s counsel does not appear to have received all relevant productions and/or written discovery and Plaintiffs have not clarified what it expects that HiTi Digital America, Inc. possesses, HiTi Digital America Inc. disputes that its counsel possesses all such discovery.  Defendants Falcon Computer Systems, Inc. and Shuttle Inc. were dismissed early in the ITC proceeding.  Plaintiff asserts that Falcon's and Shuttle's counsel also are in possession of all discovery from the ITC proceeding; Shuttle Computer Group Inc. responds that its counsel has requested clarification of which discovery it is expected to possess, but Plaintiffs have not yet identified the scope.  Accordingly, because Shuttle Computer Group Inc.'s counsel does not appear to have received all relevant productions and/or written discovery and Plaintiffs have not clarified what it expects that Shuttle Computer Group Inc. possesses, Shuttle Computer Group Inc. disputes that its counsel possesses all such discovery.

[6] Certain of the Defendants, including Canon Inc., Canon U.S.A., Inc.,, Seiko Epson Corp., Epson America, Inc., and Kingston Technology Co., Inc. informed Plaintiffs that their initial infringement contentions were insufficient under the Local Rules of the Eastern District of Texas.  Certain other defendants, e.g., HiTi Digital America Inc. and Shuttle Computer Group Inc., did not inform Plaintiffs of such insufficiencies due to differing standards of interpretation of the Local Rules in the Eastern District of Texas as opposed to this Court.  To the extent that Plaintiffs intend to simply rely on or re-serve the contentions provided previously in the Eastern District of Texas, Defendants intend to challenge those contentions as insufficient under N.D. Cal. Local Patent Rule 3-1.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties anticipate discovery on claims in the Plaintiffs' complaints and defenses and counterclaims in Defendants' answers and counterclaims.  However, the parties acknowledge that discovery was exchanged and depositions were taken in the ITC proceeding, at least some of which is in the possession of the parties and/or the parties' counsel.[7]

**Plaintiffs' Statement:**

Notwithstanding, Plaintiffs anticipate that additional discovery is needed on products that that were specifically accused in the ITC proceedings where Defendants had not provided sufficient discovery related to the design, functionality, and technical operation thereof. Plaintiffs also anticipate additional discovery on products accused in this case, and reasonably similar products, that were not specifically accused by name in the ITC proceedings.  In addition, because Plaintiff TPL was not seeking damages in the ITC proceeding, discovery relevant to damages will be needed.

**Defendants' Statement:**

Defendants anticipate that additional discovery also is needed regarding other issues, including the prior art, the invention date of the Asserted Patents, the prosecution of the Asserted Patents, and Plaintiffs' and their predecessors' licenses and licensing program.

**b.     Proposed limitations or modifications of the discovery rules**

The parties agree as follows:

**(i)     Method of Service:**  The parties agree to serve documents by email in lieu of personal service or service by U.S. Mail.

**(ii)     Disclosure of Discovery of Electronically Stored Information:**

---

[7] *See supra*, footnote 5.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

**a.** **General Document Image Format.** The parties agree to produce non-source code documents in single-page, Tagged Image File Format ("TIFF"). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.[8]

**b.** **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

**(iii)** **Claims of Privilege:** The parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created after March 28, 2012 do not need to be logged.

**(iv)** **Protective Order**: The parties will meet and confer on a proposed Stipulated Protective Order to submit for the Court's approval.

**c.** **Brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), Any discovery disputes**

The parties intend to work together to enter into a stipulated e-discovery order and a proposed discovery plan pursuant Fed. R. Civ. P. 26(f).

---

[8] The parties disagree about whether any documents will be produced in text-searchable format.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

**9.**   **Class Actions**

The above-captioned cases are not class actions.

**10.**   **Related Cases**

This Court granted the parties' motion to relate the above-captioned cases on October 21, 2014.  (Doc. 212, No. 4:14-cv-3640-CW).

The related case of *Technology Properties Limited LLC, et al. v. Action Electronics Co.*, Case No. 4:14-cv-4616-DMR (N.D. Cal.) was recently transferred from the Eastern District of Texas to the Northern District of California.  This case is currently before the Honorable Donna M. Ryu and is set for Initial Case Management Conference on January 1, 2015.  (No. 4:14-cv-4616-DMR, Doc 93.)   On November 12, 2014, Plaintiffs filed a Notice of Pendency of Other Action Involving Same Patents in this case and in Case No. 4:14-cv-4616-DMR.

**11.**   **Relief**

**Plaintiffs' statement of relief sought:**

Plaintiff seeks the relief request in its prayers for relief in its complaints.  In addition, Plaintiffs state that Title 35 of the United States Code, section 284 provides: "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for use made of the invention by the infringer, together with interest and costs as fixed by the court." Plaintiffs intend to seek damages of at least a reasonable royalty pursuant to 35 U.S.C. § 154(d), adequate to compensate Plaintiff for Defendants' infringement.  Plaintiffs intend to seek pre-judgment and post-judgment interest and costs as fixed by the Court.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

The reasonable royalty analysis that Plaintiffs intend to pursue is governed by *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom., Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971 and cases developing therefrom). Such a computation of damages that Plaintiffs intend to seek depends on a number of factors which are subject to ongoing fact and expert discovery.

Because a computation of damages depends on a number of factors which are subject to ongoing fact and expert discovery, the complete computation cannot be provided at this time.

**Defendants' statement of relief sought:**

Defendants state that apart from the recovery of attorney fees and costs, they do not currently anticipate claiming damages in this action.  Defendants seek to recover their costs and attorneys' fees in this action but cannot calculate those amounts at this time.

Defendants deny Plaintiffs' allegations of infringement and, therefore, contend that Plaintiffs are not entitled to any damages in this action.  Plaintiffs have not yet provided any purported basis under which any damages should be calculated or the amount of any of damages to which Plaintiffs allege they are entitled.  However, should any asserted claim be found to be both valid and infringed, Defendants contend that any damages should be calculated using a reasonable royalty based upon the smallest salable unit.

## 12. <u>Settlement and ADR</u>

The parties believe that there are prospects for settlement.

Parties have submitted their statements of compliance with ADR L.R. 3-5.

The Court has scheduled an ADR Telephone Conference for all cases on November 14, 2014 at 1:00 pm (Pacific).

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

In all cases, the Court entered a November 3, 2014 Order for all parties, in all cases, to participate in a court-connected mediation within 90 days of the Order (February 1, 2015).

**13.** **Consent to Magistrate Judge For All Purposes**

All parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.** **Other References**

The parties do not believe that these cases are suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues**

**Plaintiffs' Proposal:**

**A.** **Early Claim Construction**

Plaintiffs believe that early claim construction on the "mapping" terms of the asserted claims of the Asserted Patents has the potential to immensely help narrow the issues early in the case and facilitate just, speedy, and inexpensive disposition of this matter.

Defendants prevailed in the ITC investigation involving the Asserted Patents based on the Administrative Law Judge's decision on the "mapping" terms. The Administrative Law Judge set forth no other basis for his non-infringement determination on the Asserted Patents. The construction of the "mapping" terms is potentially dispositive. At the very least, the potential for early resolution of these cases increases after construction of the "mapping" terms.

Thus, Plaintiffs respectfully request that the Court allow the parties to submit early claim construction briefing on the "mapping" terms and hold an early claim construction hearing on the "mapping terms."

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Plaintiffs' proposal for an early claim construction schedule is set forth below.  Plaintiffs are also amendable to early claim construction on all terms.

| Event (Early Claim Construction on "Mapping" Terms) | Proposed Dates |
| --- | --- |
| Exchange of proposed clam constructions and extrinsic evidence (L.P.R. 4-2) | November 25, 2014 |
| Joint Claim Construction and Prehearing Statement (L.P.R. 4-2) | December 2, 2014 |
| Completion of Claim Construction Discovery (L.P.R. 4-4) | December 9, 2014 |
| Plaintiffs to file the Opening Claim Construction Brief | December 19, 2014 |
| Defendants to file their Responsive Claim Construction Brief | January 7, 2015 |
| Plaintiffs to file the Reply Claim Construction Brief | January 14, 2015 |
| Claim Construction Hearing | January 28, 2015 |

**B.     Stay of Deadlines Pending Early Claim Construction**

If the Court conducts early claim construction on the "mapping" terms or all terms, Plaintiffs are amenable to staying all deadlines, except for deadlines related to mediation and early settlement conferences, until the Court issues a claim construction order.  This would eliminate a situation where the parties would expend additional resources on litigating these cases, only to have the Court issue an early claim construction ruling on terms that are potentially dispositive.

**C.     Representative Products**

Plaintiff believes that issues in this case can be narrowed if Defendants will agree to use representative products for purposes of determining infringement.  There are numerous accused products in the above-captioned actions that—for purposes of infringement—function and are

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

designed in substantially the same way.  For example, there are over one thousand (1000) accused products for HP and over two-hundred and fifty (250) accused products for Canon. These numbers may increase after Plaintiffs have an opportunity to take discovery on additional products that Plaintiffs have not yet discovered.

Accordingly, an agreement for representative products for each Defendant will eliminate the need for the parties to incur time and expense of a) serving discovery on the technical details of numerous products, b) providing discovery on the technical details of numerous products, c) making deponents available for depositions on topics related to the technical details of numerous products,  d)  having experts submit expert reports on numerous products, e) submitting dispositive motions related to the technical details of numerous products, and f) spending unnecessary time presenting evidence on the technical details of numerous products to a jury.

### D.      Production of Documents in the Parties' Control

Plaintiffs believe that the parties should agree that they will produce relevant documents (including technical documents related to the accused products) that are in the parties' control. For example, to the extent that Defendants' equipment manufacturers have technical documents regarding the accused products, or components thereof, in their possession, but still in Defendants' control, Plaintiffs believe that Defendants should have to produce these documents. This will reduce the time and resources devoted to discovery for all parties and eliminate the need for third parties, including many foreign entities, to be burdened by subpoenas for documents and/or deposition.

**Defendants' Proposal:**

### A.      Claim Construction

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Defendants do not agree with Plaintiffs' proposal for piecemeal claim construction. Defendants instead propose to proceed as contemplated by this Court's Case Management Order and the Local Patent Rules, and to decide issues of claim construction in conjunction with dispositive motions, as set forth below:

| DATE | EVENT |
|---|---|
| 11/19/14 | Initial Case Management Conference |
| 12/3/14 | Local P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions and P.R. 3-2 Document Production |
| 1/16/15 | Local P.R. 3-3 Invalidity Contentions and P.R. 3-4 Document Production |
| 1/30/15 | Local P.R. 4-1(a) Exchange of Proposed Terms for Construction |
| 2/20/15 | Local P.R. 4-2(a)-(b) Simultaneous Exchange of Proposed Constructions and Identification of Intrinsic/Extrinsic Evidence |
| 3/18/15 | Local P.R. 4-3 File Joint Claim Construction and Prehearing Statement |
| 5/22/15 | Completion Claim Construction Discovery and Fact Discovery (not relating to damages) (Local P.R. 4-4 ) |
| 5/29/15 | Disclosure of opening expert witnesses and reports on issues for which party bears the burden (not relating to damages) |
| 6/19/15 | Disclosure of rebuttal expert witnesses and reports on issues for which opposing party bears the burden (not relating to damages) |
| 7/17/15 | Completion of expert discovery (not relating to damages) |
| 7/31/15 | Plaintiffs' Opening Claim Construction and Summary Judgment Brief (Local P.R. 4-5(a)) |
| 8/21/15 | Defendants' Claim Construction Brief / Opposition and Cross Motion for Summary Judgment (Local P.R. 4-5(b)) |
| 9/4/15 | Plaintiffs' Reply/Opposition to Cross Motion (Local P.R. 4-5(c)) |

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

| | |
|---|---|
| 9/18/15 | Defendants' Reply to Cross Motion |
| 9/25/15 | Tutorial/Claim Construction/Summary Judgment Hearing (Subject to Court Availability) (Local P.R. 4-6) |

### B.      Stay of Deadlines

Defendants are amenable to staying discovery relating to damages pending the resolution of claim construction and dispositive motions.  Accordingly, Defendants' proposed schedule does not contemplate damages discovery, if necessary, until after resolution of the claim construction and summary judgment issues.

### C.      Representative Products

Plaintiffs' proposal regarding an agreement on representative products is premature at this time because Plaintiffs have not yet put forth sufficient infringement contentions on the accused products.  *Bender v. Maxim Integrated Prods.*, 2010 U.S. Dist. LEXIS 32115, *7-8 (N.D. Cal. March 22, 2010 ).  Plaintiffs' proposal relates to only the "mapping" limitation of the asserted claims, and ignores any differences among the accused products relating to other claim limitations.  Pursuant to Local P. R. 3-1(c), Plaintiffs must provide "[a] chart identifying specifically where *each limitation* of each asserted claim is found within each Accused Instrumentality…"  (emphasis added).  Defendants cannot agree to representative products until Plaintiffs meet their obligations under that rule, which will allow Defendants to consider whether a proposal regarding representative products is well-founded.

### D.      Document Production

Defendants will produce responsive documents in their possession, custody or control as required by the Federal Rules of Civil Procedure.  To the extent that Plaintiffs' proposal above

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

purports to extend or enlarge Defendants' obligations under the rules, including by purporting to require Defendants to produce documents in the possession of third parties, Defendants oppose it.

**16.   Expedited Trial Procedure**

While the parties believe that the issues in this case can be narrowed, the parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.   Scheduling**

**Plaintiffs' Proposal:**

The parties agree to meet and confer on a schedule within seven (7) days of the Court's initial claim construction order.

**Defendants' Proposal:**

Defendants propose a schedule consistent with the Local Patent Rules and the Court's Case Management Order, and to decide issues of claim construction in conjunction with dispositive motions, as set forth in Defendants' proposal in Paragraph 15 above.

**18.   Trial**

A jury trial has been requested.  The parties expect the length of trial to be five (5) days per Defendant.

**19.   Disclosure of Non-party Interested Entities or Persons**

Plaintiffs will file their Certifications of Interested Entities or Persons pursuant Civil Local Rules 3-15 once Plaintiffs' counsel enter their appearances.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Seiko Epson Corp. and Epson America, Inc. filed their Certifications of Interested Entities or Persons pursuant Civil Local Rules 3-15 on October 29, 2014, and stated that U.S. Epson, Inc. owns 100% of defendant Epson America, Inc. and is 100% owned by defendant Seiko Epson Corporation.

Canon Inc. and Canon U.S.A., Inc. filed their Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on October 29, 2014, and stated that Canon Inc., a publicly-held corporation that trades on the Tokyo Stock Exchange, is the parent of Canon U.S.A., Inc., and that no public entity owns more than 10% of either Canon Inc.'s or Canon U.S.A., Inc.'s stock.

Hewlett-Packard Company filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on October 29, 2014, and stated that there is no such interest to report.

HiTi Digital America Inc. filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on October 29, 2014, and stated that HiTi Digital America Inc. is a wholly owned subsidiary of HiTi Digital Inc.

Kingston Technology Co., Inc. filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on October 29, 2014, and stated that there is no such interest to report.

Newegg Inc. and Rosewill Inc. filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on October 28, 2014 (corrected on October 30, 2014), identifying certain potential indemnitors.

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Falcon Northwest Computer Systems, Inc. filed its Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on October 28, 2014, and stated that there is no such interest to report.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other**

See Section 15 (Narrowing of the Issues) for Plaintiffs' proposal to narrow the issues in these cases, which would help facilitate just, speedy, and inexpensive resolution of these matters.

As set forth above, Defendants disagree with Plaintiffs' proposal regarding a piecemeal claim construction, as such a procedure would result in an inefficient use of party and judicial resources and would not facilitate just, speedy, or inexpensive resolution of these matters. Defendants propose that the case should proceed pursuant to the Local Patent Rules and this Court's Case Management Order, and Plaintiffs should be required to provide sufficient infringement contentions.  Defendants propose that all claim construction issues be dealt with at once in connection with dispositive motions.

Dated: November 13, 2014        By: */s/Henry C. Bunsow*
                                Anthony G. Simon (*pro hac vice*)
                                Michael P. Kella (*pro hac vice*)
                                Benjamin R. Askew (*pro hac vice*)
                                Timothy D. Krieger (*pro hac vice* forthcoming)
                                THE SIMON LAW FIRM, P.C.
                                800 Market Street, Suite 1700
                                St. Louis, Missouri 63101
                                P. 314.241.2929
                                F. 314.241.2029

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

asimon@simonlawpc.com
mkella@simonlawpc.com
baskew@simonlawpc.com
tkrieger@simonlawpc.com

and

Henry C. Bunsow
Denise De Mory
Brian A.E. Smith
BUNSOW DE MORY SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA  94104
T. (415) 426-4747
F. (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
bsmith@bdiplaw.com
*Attorneys for Plaintiffs Technology Properties
Limited, LLC and MCM Portfolio LLC*

Dated: November 13, 2014

By:  */s/ Jacqueline K. S. Lee (with consent)*
Jacqueline K. S. Lee (State Bar No. 247705)
jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  (650) 739-3939
Facsimile:  (650) 739-3900

Calvin P. Griffith (Admitted *Pro Hac Vice*)
cpgriffith@jonesday.com
David M. Maiorana (Admitted *Pro Hac Vice*)
dmaiorana@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Page **24** of **28**

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tracy A. Stitt (Admitted *Pro Hac Vice*)
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendants Canon Inc. and Canon
U.S.A., Inc.*

Dated: November 13, 2014          By:  /s/David M. Barkan  (*with consent*)
David M. Barkan
SBN 160825
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94070-1526
Tel:  (650) 839-5070
Fax:  (650) 839-5071
Barkan@fr.com

David M. Hoffman (*admitted pro hac vice*)
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX  78701
Tel:  (512) 472-5070
Fax:  (512) 320-8935
Hoffman @fr.com

Christine Yang
LAW OFFICES OF S.J. CHRISTINE YANG
17220 Newhope Street, Suite 101-102
Fountain Valley, CA  92708
Tel:  (714) 641-4022
Fax: (714) 641-2082
cyang@sjclawpc.com

*Attorneys for Defendant Kingston Technology
Company, Inc.*

Dated: November 13, 2014          By:  /s/Gordon M. Fauth, Jr.  (*with consent*)

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Gordon M. Fauth, Jr. (Cal. Bar No. 190280)
gmf@classlitigation.com
LITIGATION LAW GROUP
1801 Clement Ave., Suite 101
Alameda, CA  94501
Telephone:  (510) m238-9610
Facsimile:  (510) 337-1431

Kent E. Baldauf, Jr. (*Pro Hac Vice* admission pending)
kbaldaufjr@webblaw.com
Bryan P. Clark (*Pro Hac Vice* admission pending)
bclark@webblaw.com
THE WEBB LAW FIRM
420 Ft. Duquesne Blvd, Suite 1200
Pittsburgh, PA  15222
Telephone:  (412) 471-8815
Facsimile:  (412) 471-4094

*Attorneys for Defendants Falcon Northwest Computer Systems, Inc., Newegg Inc. And Rosewill Inc.*

Dated: November 13, 2014            By: */s/ Jenny W. Chen   (with consent)*
                                    Jenny W. Chen (Cal. Bar No. 205043)
                                    CHEN IP LAW GROUP
                                    7F, No. 1, Alley 30, Lane 358, Rueiguang Road
                                    Neihu District
                                    Taipei, Taiwan 114
                                    Telephone:  +886.2.7721.8855
                                    Facsimile:  +886.2.7721.8822
                                    Email:  Jenny.Chen@ ChenIPLaw.com

                                    Andrew T. Oliver (Cal. Bar No. 226098)
                                    AMIN, TUROCY & WATSON LLP
                                    148 Castro Street, Suite B-20
                                    Mountain View, CA  94041
                                    Telephone:  (650) 618-6477
                                    Email:  aoliver@ATWiplaw.com

                                    *Attorneys for Defendants Shuttle Computer Group Inc. and HiTi Digital America, Inc.*

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

Dated: November 13, 2014          By: */s/ Kyle T. Barrett*   (*with consent*)
                                        Kyle T. Barrett (State Bar No. 284595)
                                        kbarrett@jonesday.com
                                        JONES DAY
                                        1755 Embarcadero Road
                                        Palo Alto, CA  94303
                                        Telephone:  (650) 739-3939
                                        Facsimile:  (650) 739-3900

                                        William E. Devitt (admitted *Pro Hac Vice*)
                                        wdevitt@jonesday.com
                                        Matthew J. Hertko (admitted *Pro Hac Vice*)
                                        mhertko@jonesday.com
                                        JONES DAY
                                        77 W. Wacker, Suite 3500
                                        Chicago, IL  60601
                                        Telephone:  (312) 782-3939
                                        Facsimile:  (312) 782-8585

                                        *Attorneys for Defendants Seiko Epson Corp. and*
                                        *Epson America, Inc.*

Dated: November 13, 2014          By: */s/ Megan Whyman Olesek*   (*with consent*)
                                        Megan Whyman Olesek (SBN 191218)
                                        KENYON & KENYON LLP
                                        1801 Page Mill Road, Suite 210
                                        Palo Alto, CA  94304
                                        Telephone:  (650) 384-4700
                                        Facsimile:  (650) 384-4701
                                        Email:  molesek@kenyon.com

                                        Marcia H. Sundeen (admitted *Pro Hac Vice*)
                                        T. Cy Walker (admitted *Pro Hac Vice*)
                                        KENYON & KENYON LLP
                                        1500 K Street, NW, Suite 700
                                        Washington, DC  20005
                                        Telephone:  202-220-4200
                                        Facsimile:  202-220-4201
                                        Email:  msundeen@kenyon.com
                                        Email:  cwalker@kenyon.com

                                        *Attorneys for Defendant Hewlett-Packard Company*

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____

UNITED STATES DISTRICT/MAGISTRATE JUDGE

Page **28** of **28**

C14-03640-CW, C14-03641-CW, C 14-03642-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW,
C 14-03646-CW, C 14-03647-CW

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED] ORDER