PAGES 1 - 39

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TECHNOLOGY PROPERTIES )
LIMITED, )
      PLAINTIFF, )   NO. C-14-3640 CW
       )
 VS. )   WEDNESDAY, NOVEMBER 19, 2014
       )
CANON, INC., ET AL., )   OAKLAND, CALIFORNIA
       )
      DEFENDANTS. )   CASE MANAGEMENT CONFERENCE
_____)
TECHNOLOGY PROPERTIES )
LIMITED, )
      PLAINTIFF, )   NO. C-14-3641 CW
       )
 VS. )
       )
FALCON NORTHWEST COMPUTER )
SYSTEMS, INC., )
      DEFENDANT. )
_____)

**BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

(CAPTION CONTINUED ON NEXT PAGE)

REPORTED BY:      DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                OFFICIAL COURT REPORTER

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
 1     TECHNOLOGY PROPERTIES        )
       LIMITED,                     )
 2              PLAINTIFF,          )     NO. C-14-3642 CW
                                    )
 3        VS.                       )
                                    )
 4     HITI DIGITAL, INC., ET AL., )
                                    )
 5              DEFENDANTS.         )
       _____)
 6     TECHNOLOGY PROPERTIES        )
       LIMITED,                     )
 7              PLAINTIFF,          )     NO. C-14-3643 CW
                                    )
 8        VS.                       )
                                    )
 9     HEWLETT-PACKARD COMPANY,     )
                                    )
10              DEFENDANT.          )
       _____)
11     TECHNOLOGY PROPERTIES        )
       LIMITED,                     )
12              PLAINTIFF,          )     NO. C-14-3644 CW
                                    )
13        VS.                       )
                                    )
14     KINGSTON TECHNOLOGY, CO.,    )
       INC.,                        )
15              DEFENDANT.          )
16     _____)
       TECHNOLOGY PROPERTIES        )
17     LIMITED,                     )
                PLAINTIFF,          )     NO. C-14-3645 CW
18                                  )
          VS.                       )
19                                  )
       NEWEGG INC., ET AL.,         )
20                                  )
                DEFENDANTS.         )
21     _____)

22

23                   (CAPTION CONTINUED)

24

25
```

```
1   TECHNOLOGY PROPERTIES        )
    LIMITED,                     )
2            PLAINTIFF,          )    NO. C-14-3646 CW
                                 )
3     VS.                        )
                                 )
4   SEIKO EPSON CORPORATION,     )
    ET AL.,                      )
5                                )
             DEFENDANTS.         )
6   _____)
    TECHNOLOGY PROPERTIES        )
7   LIMITED,                     )
             PLAINTIFF,          )    NO. C-14-3647 CW
8                                )
      VS.                        )
9                                )
    SHUTTLE, INC., ET AL.,       )
10                               )
             DEFENDANTS.         )
11  _____)
    TECHNOLOGY PROPERTIES        )
12  LIMITED,                     )
             PLAINTIFF,          )    NO. C-14-4616 CW
13                               )
      VS.                        )
14                               )
    ACTION ELECTRONICS, CO.,     )
15  LTD., ET AL.,                )
                                 )
16           DEFENDANTS.         )
    _____)
17

18  APPEARANCES:

19  FOR PLAINTIFF:          THE SIMON LAW FIRM, PC
    (TELEPHONICALLY)        800 MARKET STREET, SUITE 1700
20                          ST. LOUIS, MISSOURI 63101
                        BY: ANTHONY  G. SIMON, ESQUIRE
21                          BENJAMIN R. ASKEW, ESQUIRE

22                          BUNSOW, DE MORY, SMITH & ALLISON
                            600 ALERTON STREET, SUITE 101
23                          REDWOOD CITY, CALIFORNIA 94063
                        BY: DENISE M. DE MORY, ESQUIRE
24

25                          (APPEARANCES CONTINUED)
```

```
1    FOR DEFENDANT            JONES DAY
     SEIKO EPSON:             77 W. WACKER, SUITE 3500
2    (C-14-3646)             CHICAGO, ILLINOIS 60601
                       BY:   WILLIAM E. DEVITT, ESQUIRE
3

4    FOR DEFENDANT            KENYON & KENYON
     SONY:                    ONE BROADWAY
5    (C-14-4616)             NEW YORK, NEW YORK 10004
                       BY:   JOHN FLOCK, ESQUIRE
6

7    FOR DEFENDANT            AMIN, TUROCY & WATSON, LLP
     HITI (C-14-3642)        148 CASTRO STREET, SUITE B-20
8    AND SHUTTLE:             MOUNTAIN VIEW, CALIFORNIA
     (C-14-3647)        BY:   ANDREW T. OLIVER, ESQUIRE
9

10   FOR DEFENDANT            LITIGATION LAW GROUP
     FALCON NORTHWEST         1801 CLEMENT AVENUE, SUITE 101
11   (C-14-3641)             ALAMEDA, CALIFORNIA 94501
     NEWEGG (C-14-3645) BY:   GORDON M. FAUTH, JR., ESQUIRE
12   ROSEWILL:

13

14   FOR DEFENDANT            KENYON & KENYON, LLP
     HEWLETT-PACKARD:         1500 K STREET NW, SUITE 700
15   (C-14-3643)             WASHINGTON, DC 20005
                       BY:   MARCIA H. SUNDEEN, ESQUIRE
16

17                            KENYON & KENYON, LLP
                              1801 PAGE MILL ROAD, SUITE 210
18                            PALO ALTO, CALIFORNIA 94304
                       BY:   MEGAN R. OLESEK, ESQUIRE
19

20   FOR DEFENDANT            JONES DAY
     CANON:                   901 LAKESIDE AVENUE
21   (C-14-3640)             CLEVELAND, OHIO 44114
                       BY:   DAVID M. MAIORANA
22

23                            JONES DAY
                              1755 EMBARCADERO ROAD
24                            PALO ALTO, CALIFORNIA 94303
                       BY:   JACQUELINE K. LEE, ESQUIRE
25
```

| | | |
|---|---|---|
| 1 | **FOR DEFENDANT** | FISH & RICHARDSON |
| | **KINGSTON:** | 111 CONGRESS AVENUE, SUITE 810 |
| 2 | **(C-14-3644)** | AUSTIN, TEXAS 78701 |
| 3 | | BY:  DAVID M. HOFFMAN, ESQUIRE |

```
 1   WEDNESDAY, NOVEMBER 19, 2014                        2:18 P.M.

 2                     P R O C E E D I N G S

 3           THE CLERK:  WE ARE CALLING C-14-3640, TECHNOLOGY

 4   PROPERTIES LIMITED, LLC VERSUS CANON, INC., ET AL.

 5       WE'RE CALLING C-14-3641 TECHNOLOGY PROPERTIES LIMITED, LLC

 6   VERSUS FALCON NORTHWEST COMPUTER SYSTEMS, INC.

 7       WE'RE CALLING C-14-3642 TECHNOLOGY PROPERTIES LIMITED, LLC

 8   VERSUS HITI DIGITAL, INC., ET AL.

 9       C-14-3643 TECHNOLOGY PROPERTIES LIMITED LLC VERSUS

10   HEWLETT-PACKARD COMPANY.

11       C-14-3644 TECHNOLOGY PROPERTIES LIMITED LLC VERSUS

12   KINGSTON TECHNOLOGY CO., INC.

13       C-14-3645 TECHNOLOGY PROPERTIES LIMITED LLC VERSUS NEWEGG,

14   INC., ET AL.

15       C-14-3646 TECHNOLOGY PROPERTIES LIMITED VERSUS SEIKO EPSON

16   CORPORATION, ET AL.

17       C-14-3647 TECHNOLOGY PROPERTIES LIMITED, LLC VERSUS

18   SHUTTLE, INC., ET AL.

19       AND C-14-4616 TECHNOLOGY PROPERTIES LIMITED, LLC VERSUS

20   ACTION ELECTRONICS, INC., LIMITED.

21       PLEASE STATE YOUR APPEARANCES FOR THE RECORD AS WELL AS

22   YOUR APPEARANCES ON THE PHONE LINE, PLEASE.

23           THE COURT:  START WITH THE PLAINTIFF.

24           MS. DE MORY:  DENISE DE MORY ON BEHALF OF THE

25   PLAINTIFF IN ALL OF THE MATTERS.
```

1          **THE COURT:**  YOU ALL CAN --

2          **MR. SIMON:**  ON THE TELEPHONE, YOUR HONOR, WE HAVE

3     ANTHONY SIMON AND BENJAMIN ASKEW FOR ALL PLAINTIFFS.

4          **THE COURT:**  OH, OKAY.

5          **MR. DEVITT:**  DO YOU CARE WHICH ORDER WE GO IN, YOUR

6     HONOR?

7          **THE COURT:**  ALPHABETICAL, NUMERICAL, CHRONOLOGICAL?

8          **MR. DEVITT:**  BILL DEVITT FOR SEIKO EPSON IN THE '46

9     CASE.

10         **MR. FLOCK:**  GOOD AFTERNOON, YOUR HONOR.  JOHN FLOCK

11    FROM KENYON & KENYON FOR THE SONY DEFENDANTS IN THE 4616 CASE.

12         **MR. OLIVER:**  GOOD AFTERNOON.  I'M ANDREW OLIVER FOR

13    DEFENDANT HITI DIGITAL AMERICA IN 3642 AND FOR DEFENDANT

14    SHUTTLE COMPUTER GROUP IN 3647.

15         **MR. FAUTH:**  GOOD AFTERNOON, YOUR HONOR.  GORDON FAUTH

16    REPRESENTING NEWEGG AND ROSEWILL AND FALCON NORTHWEST COMPUTER

17    SYSTEMS.

18         **MS. SUNDEEN:**  MARCIA SUNDEEN FOR HEWLETT-PACKARD.

19    AND WITH ME IS MY PARTNER MEGAN OLESEK, AND IT'S 3643.

20         **MR. MAIORANA:**  GOOD AFTERNOON, YOUR HONOR.  DAVID

21    MAIORANA ON BEHALF OF CANON, INC. AND CANON USA, INC. IN 3640.

22    I'M JOINED BY MY COLLEAGUE JACQUELINE LEE.

23         **MR. HOFFMAN:**  YOUR HONOR, DAVID HOFFMAN FOR KINGSTON

24    TECHNOLOGY IN THE 3644 CASE.

25         **THE COURT:**  IS THAT IT?

1        YOU MIGHT ALL WANT TO TAKE ONE OF THOSE PRETRIAL PREP

2   ORDERS.  WE WILL SET THE DATES.

3        YOU CAN GET THEM ON THE WEBSITE IF THERE AREN'T ENOUGH.

4        **THE CLERK:**  I HAVE ENOUGH FILLABLES (SIC).  IT LOOKS

5   LIKE I MAY NOT HAVE ENOUGH FULL PACKETS.  FOR THOSE THAT DON'T

6   HAVE A FULL PACKET, HERE ARE THE TOP SHEETS TO FILL IN THE

7   DATES.

8        **THE COURT:**  ATTACHED TO IT IS THE ORDER FOR PRETRIAL

9   PREPARATION WHICH WILL TELL YOU THE PAPER THAT WILL NEED TO BE

10  FILED IN ADVANCE OF THE PRETRIAL CONFERENCE.  SO IF YOU DON'T

11  GET ONE, GET IT OFF THE WEBSITE.

12       SO, LET ME JUST COVER A COUPLE OF RANDOM MATTERS HERE.  WE

13  HAD A BUNCH OF MOTIONS FOR EXTENSIONS OF TIME TO FILE ANSWERS,

14  WHICH WERE ALL MOOT SINCE THE TIMES HAD COME AND GONE, SO WE

15  JUST MOOTED THOSE.  IF ANYBODY STILL NEEDS AN EXTENSION OF

16  TIME TO FILE THEIR ANSWER, THEY WILL HAVE TO ASK FOR ANOTHER

17  ONE.

18       THERE WERE TWO PEOPLE WHO HADN'T ANSWERED, I THINK.

19       **MR. FLOCK:**  JOHN FLOCK.

20       THE SONY DEFENDANTS HAVE NOT ANSWERED YET BECAUSE OUR CASE

21  IS IN A DIFFERENT POSTURE.  AND I UNDERSTAND FROM MR. ASKEW

22  THAT AN AMENDED COMPLAINT IS GOING TO BE SERVED.

23       **THE COURT:**  OKAY.  WELL, YOUR CASE IS SOON GOING TO

24  BE IN THE SAME POSTURE.  SO WE NEED TO GET AN ANSWER FROM YOU.

25       WHEN IS THE AMENDED COMPLAINT GOING TO BE PREPARED?

```
 1              MS. DE MORY:  MR. ASKEW, ARE YOU ON THE LINE?

 2              MR. ASKEW:  YOUR HONOR, WE WILL FILE THE AMENDED

 3    COMPLAINT THIS WEEK.

 4              THE COURT:  BY FRIDAY.

 5              MR. SIMON:  YES, YOUR HONOR.  WE ARE JUST GOING TO BE

 6    DELETING A COUPLE OF --

 7              MS. DE MORY:  PATENTS AND CLAIMS.

 8              THE COURT:  A COUPLE OF SENTENCES?  PATENTS?  I DON'T

 9    KNOW.

10              MS. DE MORY:  PATENTS AND CLAIMS.

11              MR. SIMON:  WE ARE CLEANING IT UP BECAUSE NOT ALL OF

12    THE SAME CLAIMS ARE BEING ASSERTED.

13              THE COURT:  OKAY.  SO, CAN YOU ANSWER IN TWO WEEKS?

14              MR. FLOCK:  YES, YOUR HONOR.

15              THE COURT:  I MEAN TWO WEEKS AFTER THEY GIVE IT TO

16    YOU?

17              MR. FLOCK:  YES, YOUR HONOR.

18              THE COURT:  OKAY.  IS THERE ANYBODY ELSE WHO HASN'T

19    ANSWERED?

20              MR. OLIVER:  YES, YOUR HONOR.  I REPRESENT HITI AND

21    SHUTTLE.  BOTH OF THOSE PARTIES FILED A JOINT MOTION TO

22    DISMISS UNDER RULE 4(M).

23              THE COURT:  RIGHT.  I'LL BE DEALING WITH THAT TODAY,

24    AND I'M NOT INCLINED TO GRANT IT.

25         SO ASSUMING THAT HAPPENS, DID THEY -- THEY SERVED THE U.S.
```

1    DEFENDANTS ALREADY, YES?

2            **MR. OLIVER:**  THERE'S A DISPUTE ABOUT THAT, BUT THE

3    PARTIES AGREED, THE DEFENDANTS AGREED NOT TO CHALLENGE

4    SERVICE.

5            **THE COURT:**  OKAY.  WHAT HAVE THEY DONE ABOUT THE

6    FOREIGN DEFENDANTS?

7            **MR. OLIVER:**  THE TWO FOREIGN DEFENDANTS HAVE BEEN

8    DISMISSED PURSUANT TO A STIPULATION.

9            **THE COURT:**  OH, OKAY.  WELL, IN THAT CASE, THE MOTION

10   IS DENIED.

11           **MR. OLIVER:**  OKAY.

12           **THE COURT:**  AND YOU NEED TO FILE AN ANSWER.

13      HOW ABOUT TWO WEEKS?

14           **MR. OLIVER:**  OKAY.

15          **THE CLERK:**  FROM FRIDAY AS WELL?

16          **THE COURT:**  TWO WEEKS FROM FRIDAY.

17           **MR. OLIVER:**  OKAY.

18          **THE CLERK:**  DECEMBER 5TH.

19           **MR. OLIVER:**  ALL RIGHT.  THANK YOU.

20           **THE COURT:**  AND THEN WE HAD TWO MOTIONS TO WITHDRAW.

21   ONE WAS FROM PAN DIGITAL THAT ISN'T A DEFENDANT ANYMORE, SO

22   THAT'S MOOT.

23      AND THE OTHER WAS FOR THE PLAINTIFF, AND I GRANTED THAT

24   SINCE PLAINTIFF STILL HAS LAWYERS, EVEN IF AGILITY GOES OUT,

25   RIGHT?

```
1           MS. DE MORY:  THAT IS CORRECT.

2           THE COURT:  SO THEN WE HAVE PLAINTIFFS WANT TO

3    DISMISS THE COUNTERCLAIMS ON PATENTS WHERE THERE IS NO CLAIM.

4       IS THAT GOING TO BE DISPUTED?

5           MR. FAUTH:  YES, YOUR HONOR.

6           THE COURT:  WHO SAID THAT?  WHO SAID SO?

7           MR. FAUTH:  I BELIEVE NEWEGG HAS SUCH A CLAIM.

8           THE COURT:  YES.

9           MR. FAUTH:  GORDON FAUTH, YOUR HONOR, REPRESENTING

10   NEWEGG, NORTHWEST & FALCON (SIC).

11      TO THE EXTENT WE HAVE SUCH COUNTERCLAIMS, WE DO NOT AGREE

12   TO DISMISS THEM AT THIS TIME.

13          THE COURT:  AND WHAT ABOUT HEWLETT-PACKARD?

14          MS. SUNDEEN:  YOUR HONOR, MARCIA SUNDEEN.

15      AT THIS POINT WE DO NOT INTEND TO DISMISS THE COUNTERCLAIM

16   WITH REGARD TO THE '549 PATENT, BUT UPON REVIEW OF THE MOTION

17   TO DISMISS OR FURTHER CONSULTATION WITH PLAINTIFFS, WE WILL

18   RECONSIDER.

19          THE COURT:  WELL, YOU CAN ALWAYS GIVE THEM A COVENANT

20   NOT TO SUE.

21          MS. DE MORY:  RIGHT.

22          THE COURT:  JUST NOT SUING THEM MAY WELL NOT BE

23   ENOUGH, BUT IF YOU REALLY WANT TO GET RID OF IT, GIVE THEM A

24   COVENANT NOT TO SUE.

25          MS. DE MORY:  WE WILL HAVE A FURTHER CONVERSATION.
```

```
1              THE COURT:  WOULD YOU ALL TALK ABOUT THAT?

2              MS. SUNDEEN:  AND WE HAVE EXPLORED SOME OF THOSE

3    OPTIONS ALREADY.

4              THE COURT:  LET'S TRY AND GET THAT RESOLVED TWO WEEKS

5    FROM FRIDAY AS WELL, SO WE KIND OF GET THE PLEADINGS

6    STRAIGHTENED OUT.

7              MR. SIMON:  YOUR HONOR --

8              THE COURT:  IF YOU WON'T GIVE THEM A COVENANT NOT TO

9    SUE AND THEY WON'T DISMISS WITHOUT A COVENANT NOT TO SUE, THEN

10   YOU WILL HAVE TO FILE THE MOTION AND I WOULD LIKE YOU TO FILE

11   IT, LET'S SAY, THREE WEEKS FROM FRIDAY.

12             MR. SIMON:  ALL RIGHT, YOUR HONOR.  THE ONE

13   COMPLICATION ABOUT THE COVENANT NOT TO SUE -- THIS IS TONY

14   SIMON ON THE PHONE FOR THE PLAINTIFFS.

15       WE ARE APPOINTED AS SPECIAL COUNSEL PURSUANT TO THE

16   BANKRUPTCY ESTATE OF TPL.  AND THE '549 IS NOT A PATENT WE ARE

17   ASSERTING --

18             THE COURT:  YOU HAVE A TERRIBLE PHONE CONNECTION.

19   WHAT KIND OF PHONE ARE YOU ON?  ARE YOU ON A SPEAKER PHONE?

20             MR. SIMON:  I AM SORRY, YOUR HONOR, I WAS ON A

21   SPEAKER PHONE, BUT I'VE PICKED UP.

22             THE COURT:  WE COULD TELL.

23       GO AHEAD.

24             MR. SIMON:  IS THAT BETTER?

25             THE COURT:  YES.
```

1          **MR. SIMON:**  THE '549 PATENT, ANY COVENANT WOULD HAVE

2  TO BE RUN THROUGH THE BANKRUPTCY CREDITORS COMMITTEE IN THE

3  BANKRUPTCY COURT.

4          **THE COURT:**  GET STARTED.

5          **MR. SIMON:**  THAT IS PROBABLY NOT AN OPTION.  THE '549

6  WAS IN AN IPR PROCEEDING, INTERPARTY REVIEW.  IT WAS MY

7  UNDERSTANDING IT WAS FOUND INVALID AND IS ON APPEAL.  SO, I

8  DON'T THINK THERE IS A WAY WE CAN ASSERT IT AT THIS TIME.

9          **THE COURT:**  WELL, YOU SHOULD START ASKING THE

10  BANKRUPTCY COURT FOR PERMISSION TO ENTER INTO A COVENANT NOT

11  TO SUE.

12          **MR. SIMON:**  OKAY.  WE WILL PROCEED WITH THAT.  AND IF

13  THE PATENT HAS BEEN FOUND INVALID --

14          **THE COURT:**  IT WON'T BE FINAL FOR THE NEXT CENTURY.

15  IT MAY BE FOUND INVALID, BUT IT'S GOT SIX OTHER PLACES TO GO

16  AFTER THAT.  SO THAT'S NOT GOING TO DO IT EITHER.

17      THE ONLY SURE WAY TO GET RID OF IT IS A COVENANT NOT TO

18  SUE.

19          **MR. SIMON:**  ALL RIGHT.  WE WILL -- WE WILL APPROACH

20  THE BANKRUPTCY CREDITORS COMMITTEE ABOUT COVENANT NOT TO SUE.

21          **THE COURT:**  SO ON THE LIST OF THINGS ON THE CASE

22  MANAGEMENT ORDER:  WE HAVE ALTERNATIVE DISPUTE RESOLUTION.  I

23  ORDERED, I HOPE, I TRIED TO ORDER EVERYONE INTO SOMETHING.

24  WHAT WAS IT, PRIVATE MEDIATION?

25          **MS. DE MORY:**  COURT --

1          **THE COURT:**  COURT-CONNECTED MEDIATION BY, I THINK,

2    THE 15TH OF FEBRUARY, OR SOMETHING LIKE THAT?  SO LET'S JUST

3    ADD SONY TO WHATEVER THAT WAS.

4          **MR. DEVITT:**  AND ON THAT, YOUR HONOR, WE DID HAVE A

5    CALL WITH THE MEDIATOR, MR. BOWLING, LAST FRIDAY, I BELIEVE,

6    THE 14TH.  AND I THINK -- I THINK THE PARTIES ARE STILL TRYING

7    TO FIGURE OUT IF IT'S GOING TO BE ONE MEDIATOR OR MULTIPLE

8    MEDIATORS, BUT I THINK THERE WAS PROGRESS MADE ON THE CALL.

9          **THE COURT:**  WELL, HE'S OUR STAFF PERSON.  HE

10   GENERALLY ISN'T THE MEDIATOR HIMSELF.

11         **MR. DEVITT:**  RIGHT.  HE'S COORDINATING THAT CALL.  HE

12   HAD THAT CALL.

13         **THE COURT:**  HE WILL FIND A MEDIATOR FOR YOU.

14         **MR. DEVITT:**  RIGHT.

15         **THE COURT:**  I WOULD SUGGEST YOU GO TO PRIVATE

16   MEDIATION, FRANKLY.  WITH THIS MANY PEOPLE, IT'S GOING TO TAKE

17   A LITTLE WHILE.  AND THE COURT-CONNECTED PEOPLE ARE FREE, BUT

18   THEY ONLY GIVE YOU FOUR HOURS AND THEN START CHARGING A

19   HUNDRED DOLLARS AN HOUR OR SOMETHING, A REGULATED FEE, BUT

20   STILL, I'M GUESSING THAT THERE'S ENOUGH MONEY HERE TO HIRE A

21   PRIVATE MEDIATOR.

22      I WOULD SUGGEST YOU DO THAT INSTEAD.  MAKE SOME KIND OF A

23   DEAL ABOUT PAYMENT AND PICK SOMEBODY.

24      I DON'T ORDER THAT, SO IF YOU INSIST ON TAKING THE FREE

25   ONE, YOU CAN.  AND MR. DOWELING WILL FIND YOU SOMEBODY AND YOU

1    WILL HAVE TO SET A DATE WITH THAT PERSON.  AND IT NEEDS TO BE

2    DONE BY THE 1ST OF FEBRUARY, WHICH WILL BE DIFFICULT AS IT IS.

3    SO, YOU SHOULD GET ON THAT.

4        AND SONY, YOU'RE IN THAT, TOO.  YOU NEED TO JOIN THAT

5    COURT-CONNECTED MEDIATION OR IF AGREED TO, A PRIVATE MEDIATION

6    BY FEBRUARY 1ST OF 2015.

7              **MS. DE MORY:**  UNDERSTOOD, YOUR HONOR.

8              **MR. FAUTH:**  GORDON FAUTH, YOUR HONOR, FOR NEWEGG,

9    ROSEWILL AND FALCON.

10       MY CLIENTS ALL REQUESTED MAGISTRATE SETTLEMENT CONFERENCE

11   AS THE FORM OF ADR, WHICH WE BELIEVE MAKES MORE SENSE FOR

12   RETAILERS LIKE US THAN MEDIATION WOULD SINCE WE HAVE NOTHING

13   TO TRADE IN TERMS OF TECHNOLOGY AND NO WHEELING AND DEALING.

14             **THE COURT:**  MEDIATION AND SETTLEMENT CONFERENCE ARE

15   JUST THE SAME THING.  THERE ARE TOO MANY OF YOU FOR A

16   MAGISTRATE JUDGE.

17             **MR. FAUTH:**  WELL, PERHAPS JUST THE RETAILERS.

18             **THE COURT:**  NO.

19             **MR. FAUTH:**  THE ADVANTAGE OF A SETTLEMENT JUDGE OR --

20   IS THAT HE CAN ACTUALLY SAY THINGS REGARDING THE MERITS OF THE

21   CASE, WHICH IS ABOUT ALL THAT'S LEFT FROM MY CLIENTS.

22             **THE COURT:**  SO CAN A MEDIATOR.  PARTICULARLY A

23   PRIVATE MEDIATOR, WHICH IS ANOTHER REASON I RECOMMEND A

24   PRIVATE MEDIATOR.  IT'S ALL A QUESTION OF THEIR PERSONAL

25   STYLES.  MANY MEDIATORS WILL DO THAT.  YOU COULD GO FOR AN

```
1    EARLY NEUTRAL EVALUATION, IN WHICH CASE YOU'D GET A FREE
2    PERSON, BUT ONE WHO HAS PATENT EXPERTISE.  MAYBE THAT'S
3    BETTER.  USUALLY THE ADR PEOPLE CAN GIVE YOU A MEDIATOR WHO
4    DOES HAVE THE PATENT EXPERTISE, AND TELL THEM YOU WANT AN
5    EVALUATIVE MEDIATION.  THEY WILL GIVE YOU ONE.
6        THE MAGISTRATE JUDGES DON'T HAVE THE TIME TO HAVE A CASE
7    THAT HAS THIS MANY PEOPLE IN IT AND THIS MANY CASES.
8            MR. FAUTH:  WELL, MOST OF THE DEFENDANTS ARE NOT IN
9    OUR PLACE.
10           THE COURT:  OKAY.  WELL, IN ANY EVENT, IT'S GOING TO
11   BE COURT-CONNECTED MEDIATION UNLESS YOU AGREE ON PRIVATE
12   MEDIATION.
13           MR. FAUTH:  THANK YOU, YOUR HONOR.
14           THE COURT:  DEADLINE TO ADD ADDITIONAL PARTIES OR
15   CLAIMS:  YOU SAY IN YOUR STATEMENT THAT NO ONE HAS ANY EXCEPT
16   FOR POSSIBLY THE PEOPLE WHO HAVEN'T ANSWERED YET WHO MAY
17   INCLUDE COUNTERCLAIMS IN THEIR ANSWER.  BUT OTHER THAN THAT --
18   WE WILL JUST SAY THE DEADLINE IS TWO WEEKS FROM FRIDAY, SINCE
19   THAT'S THE DAY YOU WILL BE FILING YOUR COUNTERCLAIMS.
20           THE CLERK:  DECEMBER 5TH.
21           THE COURT:  AS A GENERAL MATTER, YES, NOW THAT YOU
22   ARE IN THIS COURT YOU NEED TO FOLLOW THIS COURT'S RULES WITH
23   RESPECT TO INITIAL DISCLOSURES AND INFRINGEMENT CONTENTIONS,
24   ET CETERA.  TO THE EXTENT YOU HAVE ALREADY DONE IT AND
25   SOMEBODY THINKS IT WAS INADEQUATE, YOU'LL HAVE TO MEET AND
```

```
1    CONFER.  AND IF YOU HAVE TO, YOU CAN FILE A MOTION AND I WILL

2    REFER IT TO A MAGISTRATE JUDGE.  BUT I WOULD THINK THAT YOU

3    COULD MEET AND CONFER ABOUT SUCH THINGS AND GET THEM RESOLVED.

4        MS. DE MORY:  AND IN THIS CASE, WE ARE POST-TRIAL IN

5    ANOTHER CASE, RIGHT?  WE HAVE ALREADY GONE THROUGH TRIAL

6    BEFORE THE ITC.  SO, I MEAN, EVERYBODY IS AWARE OF WHAT

7    EVERYBODY'S POSITIONS ARE.

8        THE COURT:  WELL, THAT'S WHAT YOU SAY, BUT THEN THEY

9    SAY, OH, WE DON'T KNOW WHAT WE HAVE AND THEY DON'T KNOW WHAT

10   WE DON'T HAVE, AND THIS AND THAT.  AGAIN, YOU'VE GOT TO BE

11   ABLE TO WORK THAT OUT.

12       SO, YOU NEED TO TELL THEM WHAT YOU THINK THEY HAVE AND

13   THEY NEED TO TELL YOU IF THEY REALLY DO HAVE IT, OR YOU TELL

14   THEM WHAT YOU DO HAVE AND THEY CAN GIVE YOU ANYTHING YOU DON'T

15   HAVE, OR YOU CAN TELL THEM WHAT YOU DON'T HAVE.

16       I MEAN, THERE'S GOT TO BE A WAY TO WORK THIS OUT.  PUT IT

17   INTO A COMPUTER AND HAVE IT SPIT IT OUT, AND MAKE SURE

18   EVERYBODY'S GOT ALL THE STUFF.

19       MS. DE MORY:  UNDERSTOOD.

20       THE COURT:  BUT YOU CAN'T JUST SAY OH, WE THINK THEY

21   DO HAVE IT.  YOU'VE GOT TO MAKE SURE THAT THEY DO, AND VICE

22   VERSA.

23       MR. DEVITT:  I WAS JUST GOING TO SAY I THINK THAT IS

24   UNIQUE TO EACH OF THE DEFENDANTS.  I BELIEVE MR. FLOCK FOR

25   SONY HASN'T NECESSARILY GOTTEN THEM ALL.  SO I DON'T --
```

1    **THE COURT:**  IT'S NOT ROCKET SCIENCE.  YOU JUST NEED

2    TO SIT DOWN AND FIGURE OUT A WAY TO DO IT.

3    **MR. DEVITT:**  THE ONLY REQUEST I WOULD HAVE ON THAT,

4    YOUR HONOR, IS THAT THEY WERE SERVED IN THE EASTERN DISTRICT

5    OF TEXAS SO THEY HAVE A CAPTION ON THEM THAT DON'T MATCH THIS

6    COURT.  I WOULD ASK THAT THEY DO GET RE-SERVED.  I DON'T WANT

7    IT TO BE JUST A PAPER EXERCISE, BUT WE'VE ALREADY LOGGED A

8    LETTER TO THEM SAYING THEY WERE DEFICIENT IN TEXAS, AND THAT

9    IF WE DID NEED TO FILE A MOTION, I WOULD LIKE THEM TO BE WITH

10   A CAPTION OF THIS COURT RATHER THAN ONE FROM TEXAS.

11   SO I WOULD ASK THAT THEY DO GET RE-SERVED IF THEY'RE THE

12   SAME ONES THEY ARE GOING TO SERVE AGAIN, BECAUSE I DO THINK

13   THEY ARE DEFICIENT.

14   **THE COURT:**  RE-SERVE WHAT NOW?

15   **MR. DEVITT:**  INFRINGEMENT CONTENTIONS UNDER 3-1 WERE

16   SERVED UNDER THE CAPTION OF THE EASTERN DISTRICT OF TEXAS.  I

17   WOULD ASK THEY BE SERVED AGAIN.  I RECOGNIZE IT IS A PAPER

18   EXERCISE, BUT IT SHOULD BEAR THIS COURT'S SCHEDULE.

19   **THE COURT:**  OKAY.  I THOUGHT YOU MEANT ALL OF THE

20   DOCUMENTS.

21   **MR. DEVITT:**  I APOLOGIZE.  I'M JUST TRYING TO BE

22   CLEAR WHEN THEY'RE SAYING EVERYBODY KNOWS WE DON'T HAVE TO DO

23   IT AGAIN.  WE THINK IT'S PROPER TO DO IT ACCORDING TO THIS

24   COURT'S RULES.

25   **THE COURT:**  OKAY.  WELL, I WOULD LIKE FOR YOU TO TELL

THEM WHAT YOU THINK IS WRONG WITH IT.

**MR. DEVITT:** WE HAVE ALREADY SENT THEM A LETTER ON THAT. IF THEY WANT US TO RE-SEND THE LETTER, WE CAN DO THAT AGAIN.

**THE COURT:** NO, JUST MEET AND CONFER AND TRY AND WORK IT OUT. YES, IF YOU WANT IT WITH THIS CAPTION ON IT, THAT'S EASY ENOUGH.

**MS. DE MORY:** SURE.

**THE COURT:** STIPULATED PROTECTIVE ORDER: WE HAVE ONE ON THE WEBSITE. THAT ONE I WILL SIGN AND IT'S IN EFFECT TEMPORARILY UNTIL YOU CAN AGREE ON ONE YOU LIKE BETTER.

WE HAVE ONE FOR PATENT CASES. AND IF SOMEBODY WILL PRINT IT OUT FOR ME, I'LL SIGN IT. THAT WAY YOU WON'T BE DELAYING DISCOVERY WHILE YOU'RE WAITING TO WORK ON THE PROTECTIVE ORDER.

THAT WILL BE IN EFFECT UNTIL YOUR OWN CUSTOM PROTECTIVE ORDER IS AGREED UPON OR MAYBE YOU'LL LIKE OURS AND YOU CAN JUST USE IT.

I GUESS I WON'T WEIGH IN ON THE TEXT SEARCHABLE FORMAT. I WOULD SAY IF IT'S ALREADY IN A TEXT SEARCHABLE FORMAT, YOU SHOULD GIVE IT TO THEM IN A TEXT SEARCHABLE FORMAT AS WELL AS WHATEVER OTHER FORMAT YOU HAVE AGREED UPON. IF YOU'RE GOING TO PUT IT IN A TEXT SEARCHABLE FORMAT FOR YOURSELF ANYWAY, THEN GIVE IT TO THEM IN A TEXT SEARCHABLE FORMAT.

BUT I WOULDN'T SAY "YES", GET EVERY SINGLE PIECE OF PAPER

```
1    IN THE WHOLE CASE WHETHER ANYBODY WANTS IT OR NOT IN TEXT

2    SEARCHABLE FORMAT RIGHT NOW.  I DON'T SEE THE NEED TO DO THAT.

3        SO, ON THE CLAIM CONSTRUCTION -- OH.  ON THIS BUSINESS

4    ABOUT DOCUMENTS IN DEFENDANTS' CONTROL, I AM NOT GOING TO DO

5    THAT.  YOU NEED TO ASK THEM FOR WHAT DOCUMENTS THEY HAVE.  AND

6    IF THEY DON'T HAVE THEM, AND SOMEBODY ELSE DOES, YOU ARE GOING

7    TO HAVE TO DO THIRD-PARTY DISCOVERY AND GET THEM FROM THE

8    PERSON WHO DOES HAVE THEM.  IT WILL BE TOO COMPLICATED TO HAVE

9    TO ADJUDICATE WHETHER THEY DO OR DON'T HAVE CONTROL OVER THEM.

10       ON THE CLAIM CONSTRUCTION, I'M NOT INCLINED TO HAVING A

11   CLAIM CONSTRUCTION JUST OF THE TERM "MAPPING".  I'M -- I WOULD

12   BE WILLING TO HAVE AN EARLY -- POTENTIALLY WILLING TO HAVE AN

13   EARLY CLAIM CONSTRUCTION OF ALL OF THE DISPUTED CLAIMS WITH A

14   LATER CASE DISPOSITIVE MOTION.

15       WHAT I DO MORE FREQUENTLY IS DO CLAIM CONSTRUCTION AND THE

16   CASE DISPOSITIVE MOTION BOTH AT THE SAME TIME LATER ON BECAUSE

17   I FIND THAT THE CLAIM CONSTRUCTION MAKES MORE SENSE TO ME IN

18   THE CONTEXT OF THE SUMMARY JUDGMENT MOTION WHEN I KNOW WHY IT

19   MATTERS.  BUT I CAN BE TALKED INTO DOING EARLY CLAIM

20   CONSTRUCTION OF ALL THE CLAIMS, BUT NOT JUST ONE.

21           MR. SIMON:  YOUR HONOR, THIS IS TONY SIMON ON BEHALF

22   OF PLAINTIFFS.

23       WE WOULD AGREE WITH THAT.  WE WERE ALL READY TO DO CLAIM

24   CONSTRUCTION, WE HAVE EXCHANGED TERMS, EXCHANGED DEPOSITIONS,

25   AND WE ARE READY TO START BRIEFING --
```

1           THE COURT:  YOU'RE READY WHAT?

2           MR. SIMON:  WE WERE READY TO START CLAIM CONSTRUCTION

3     BRIEF.

4           THE COURT:  YOU WERE SAYING YOU WANTED TO ONLY DO THE

5     "MAPPING" TERMS.

6           MS. DE MORY:  RIGHT.  AND WE ARE AMENABLE TO DOING

7     ALL OF CLAIM CONSTRUCTION.

8        AND I THINK WHAT MR. SIMON IS SAYING IS, IN THE TEXAS

9     CASE, BUT RIGHT BEFORE IT WAS TRANSFERRED HERE, THE POSTURE IT

10    WAS IN IS WE HAD ALREADY GONE THROUGH THE JOINT PREHEARING

11    STATEMENT WHICH WAS ALREADY FILED IN TEXAS.  SO WE HAD ALREADY

12    AGREED ON A LIST OF CLAIM TERMS, THE PARTIES HAD EXCHANGED

13    CONSTRUCTIONS, AND THEY HAD EXCHANGED THEIR INTRINSIC

14    EVIDENCE.  SO WE HAD BEEN ALL THE WAY UP TO THAT POINT.

15       WE THINK A CLAIM CONSTRUCTION HEARING IN ITS ENTIRETY CAN

16    BE SET RELATIVELY QUICKLY.

17          THE COURT:  WHEN?  YOU WOULD FILE THE OPENING BRIEF.

18    WHEN WOULD YOU FILE IT?

19          MS. DE MORY:  MR. SIMON?

20          MR. ASKEW:  THE END OF JANUARY.

21          THE COURT:  I AM SORRY?

22          MS. DE MORY:  END OF JANUARY.

23          THE COURT:  OKAY.

24       AND HOW MANY TERMS HAVE YOU GOT?

25          MR. ASKEW:  THERE WERE 12 IN TEXAS, YOUR HONOR, BUT

```
1    WE DID NOT PROPOSE THEM ALL.

2              THE COURT:  THAT'S MYSTERIOUS.  WHERE DID THEY COME

3    FROM IF YOU DIDN'T PROPOSE IT?

4              MR. ASKEW:  THE PLAINTIFFS DIDN'T PROPOSE --

5              THE COURT:  TWELVE ALTOGETHER.

6              MS. DE MORY:  THERE'S A TOTAL OF 12.

7              THE COURT:  I GUESS THAT'S NOT SO BAD.

8         IF THEY FILE, LET'S SAY ON -- WHAT'S YOUR THOUGHT?  WOULD

9    YOU RATHER DO THE CLAIM CONSTRUCTION ALL AT THE END OF THE

10   CASE, LIKE A YEAR OR SO FROM NOW?

11             MR. DEVITT:  YOUR HONOR, WE ARE GENERALLY FINE WITH

12   THE IDEA OF GETTING A CLAIM CONSTRUCTION -- DOING CLAIM

13   CONSTRUCTION AND GETTING A CLAIM CONSTRUCTION ORDER, AND

14   HAVING EXPERTS AFTER THAT, BUT CONSISTENT WITH THIS COURT'S

15   PROCEDURES, AND WE THINK IT'S ESPECIALLY APPROPRIATE IN THIS

16   CASE, TO UNDERSTAND THE CONCEPT OF MAPPING WITH AT LEAST SOME

17   SORT OF TECHNOLOGY TUTORIAL TO EXPLAIN THE CONTEXT OF WHAT WE

18   ARE TALKING ABOUT, WE DON'T WANT TO RACE INTO THIS.

19        WE ARE NOT TRYING TO DELAY ANYTHING.  WE HAVE A BIG GROUP

20   THAT WE ARE TRYING TO COORDINATE.  SO WE LOOKED AT THE

21   SCHEDULE.  I THINK JANUARY IS TOO SOON FOR TO US TO DO QUICKLY

22   THEREAFTER.  WE WERE THINKING SOMETHING LATER IN THE SUMMER.

23   WE CAN MAYBE DO JUNE SO THAT WE HAVE ADEQUATE TIME TO DO THIS.

24        WE WERE IN THE ITC BEFORE, WHICH, AS YOU KNOW, IS A VERY

25   ACCELERATED SCHEDULE.  WE HAD A LOT OF MOVING PARTS.  SO WE
```

1    WOULD LIKE A LITTLE BIT MORE TIME TO ADEQUATELY ADDRESS THIS

2    ISSUE.  I THINK JANUARY IS TOO PREMATURE TO PROPERLY SET FORTH

3    THE ISSUE FOR YOUR HONOR ON THE TECHNOLOGY AND THE CLAIM

4    TERMS.

5              **MS. DE MORY:**  YOUR HONOR --

6              **THE COURT:**  APROPOS OF THAT, I'M GOING TO PROPOSE

7    THAT WE HAVE A TECHNICAL ADVISER FOR THE COURT IN THE CASE.  I

8    HAVE ONE PERSON TO PROPOSE.  MAYBE YOU WOULD HAVE SOMEONE

9    ELSE.

10        NIKKI, WOULD YOU PASS THESE OUT?

11        THIS IS A GENTLEMAN WHO IS BOTH A LAWYER AND A FORMER

12   PATENT AGENT AND A PERSON WITH COMPUTER SCIENCE TRAINING WHO

13   HAS WORKED ON ONE CASE FOR ME BEFORE AND WORKED ON A COUPLE OF

14   CASES FOR JUDGE WARE BEFORE.

15        WHAT I PROPOSE TO DO IS HAVE YOU PAY HIM UNDER SOME 50/50

16   ARRANGEMENT OR SOMETHING LIKE THAT.  YOU WOULD PUT A RETAINER

17   IN HIS ACCOUNT AND HE WOULD ADVISE ME PRIVATELY ABOUT THE

18   TECHNOLOGY.  HE WOULDN'T BE A TESTIFYING EXPERT OR A REPORTING

19   EXPERT OR ANYTHING ELSE, HE WOULD ADVISE ME PRIVATELY.  SO

20   THAT'S MY PROPOSAL ON THAT.  HE'S WILLING TO DO IT.  I GAVE

21   HIM THE NAME OF THE CASES.  I DON'T KNOW IF HE HAS DONE A

22   CONFLICTS CHECK OR NOT.  PROBABLY HAVE DO THAT, BUT THAT WOULD

23   BE MY PLAN.

24        AND IF THE PLAINTIFF FILES A CLAIM CONSTRUCTION BRIEF,

25   LET'S SAY ON JANUARY 29TH, WHEN WOULD YOU BE PREPARED TO FILE

1  AN OPPOSITION?  AND I WOULD WANT IT TO BE ALL OF YOU TOGETHER,

2  I'M SORRY TO SAY.  SO YOU WOULD HAVE TO BUILD IN SOME TIME TO

3  CONSULT WITH EACH OTHER.  AND IF YOU HAD DISAGREEMENTS ON IT,

4  IT COULD BE TWO SECTIONS OF THE BRIEF, YOU KNOW, DEFENDANTS SO

5  AND SO THINKS THIS MEANS "X" AND DEFENDANT SO AND SO THINKS IT

6  MEANS "Y", BUT ALL THE DEFENDANTS AGREE ON THIS OTHER TERM,

7  AND SO ON.

8      THERE'S NO DOWNSIDE TO YOU TO HAVE THEM FILE EARLY.  THE

9  ONLY QUESTION IS HOW LONG AFTER THAT DO YOU HAVE TO FILE.

10          **MR. DEVITT:**  UNDERSTOOD.  UNFORTUNATELY I CAN'T GIVE

11  YOU AN ANSWER ON THAT.

12          **THE COURT:**  WHY DON'T YOU HUDDLE UP.  I AM THINKING

13  MAYBE THREE MONTHS.  THAT SEEMS LIKE THAT SHOULD BE ENOUGH.

14          **MR. DEVITT:**  CAN YOU GIVE US JUST A MINUTE?

15          **THE COURT:**  YEAH.

16              (PAUSE IN THE PROCEEDINGS.)

17          **MR. DEVITT:**  YOUR HONOR, JUST A COUPLE OF

18  CLARIFICATIONS.  I THINK THREE MONTHS SOUNDS LIKE A REASONABLE

19  AMOUNT OF TIME.  OBVIOUSLY WE WOULD LIKE TO TALK TO OUR

20  CLIENTS.

21      I JUST WOULD LIKE TO GET A -- I'M TRYING RECALL YOUR

22  PROCEDURE.  IS IT AN OPENING AND AN OPPOSITION?

23          **THE COURT:**  THE PLAINTIFF WOULD FILE A CLAIM

24  CONSTRUCTION BRIEF AND ANY -- OH NO.  WE ARE NOT -- YOU'RE

25  RIGHT.  IT JUST WOULD BE CLAIM CONSTRUCTION.

1          SO THEY WOULD FILE AN OPENING CLAIM CONSTRUCTION BRIEF

2     WITH THEIR PROPOSED CONSTRUCTIONS OF EVERYTHING.  PRIOR TO

3     THAT, YOU WOULD GO THROUGH THE CONTENTIONS WHICH, I GUESS,

4     YOU'VE PERHAPS ALREADY DONE.  YOU MIGHT WANT TO DO THEM OVER

5     IF YOU THINK SOME OF IT IS INADEQUATE.

6          BUT IN ANY EVENT, THEY WOULD FILE THEIR CLAIM

7     CONSTRUCTIONS, YOU WOULD JUST FILE YOUR OPPOSING CLAIM

8     CONSTRUCTIONS, THEY WOULD FILE A REPLY, AND THAT'S IT.  THEN

9     WE WOULD HAVE A HEARING.

10          **MR. DEVITT:**  I GUESS IN SOME REGARDS, ALMOST LIKE THE

11     IDEA OF DOING THE SUMMARY JUDGMENT OF NONINFRINGEMENT SO YOU

12     CAN UNDERSTAND THE FULL CONTEXT OF WHAT THESE CLAIMS MEAN, AND

13     THAT'S WHAT -- THAT'S SOME OF THE CONCERN.

14          **THE COURT:**  THE PROBLEM THERE IS, IT'S JUST SO

15     MUCH -- IT TAKES SO MUCH LONGER.  THIS CASE IS SO OLD, AS IT

16     IS.  I OFTEN DO THAT.  LIKE I SAY, I OFTEN WAIT TO THE END --

17     LATER IN THE CASE A COUPLE YEARS, A YEAR DOWN THE ROAD, AND DO

18     THEM BOTH TOGETHER.  THAT SOMETIMES WORKS, BUT IN THIS CASE,

19     BECAUSE IT'S SO OLD AND BECAUSE THERE'S SOME PROSPECT OF

20     SETTLEMENT, MAYBE IF YOU HAD THE CLAIM CONSTRUCTION YOU WOULD

21     BE ABLE TO SETTLE IT, ESPECIALLY IF THE PLAINTIFF GOT THEIR

22     RULING, WHICHEVER WAY IT GOES, ON THE MAPPING CLAIM.  SO ON --

23          **MR. DEVITT:**  JUST TO GIVE YOU A LITTLE BIT ABOUT IT.

24     WE'RE TALKING ABOUT FLASH MEMORY CARDS.  AS YOU'LL IMAGINE

25     DOING A LOT OF THESE PATENT CASES, THEY'RE GOING TO SAY WE

1    INFRINGE A CERTAIN WAY, WE'RE GOING TO SAY WE DON'T INFRINGE.

2    BUT IF YOU READ IT THAT WAY, IT'S INVALID IN LIGHT OF THIS,

3    THIS AND THIS.

4        AND THAT'S WHY THE CONTEXT THAT YOU SUGGEST WITH SUMMARY

5    JUDGMENT IS ESPECIALLY APROPOS HERE.  SO I THINK THAT'S THE

6    WAY OUR CLIENTS WERE THINKING.

7        SO MAYBE IT MAKES SENSE IF WE GO WITH THE SCHEDULE OF

8    CLAIM CONSTRUCTION EARLY AS PLAINTIFFS LIKE AND GIVE US

9    ADEQUATE TIME TO HAVE AN OPPOSITION, AND MAYBE WE COULD HAVE A

10   TUTORIAL WHERE WE COULD EXPLAIN IT WITHIN THE CONTEXT OF THE

11   PRODUCTS AND THINGS LIKE THAT, EVEN IF IT IS NOT A SUMMARY

12   JUDGMENT HEARING.

13        **THE COURT:**  I DON'T USUALLY HAVE A TUTORIAL, AND

14   THAT'S KIND OF WHAT I WAS THINKING THAT THE COURT EXPERT WOULD

15   HELP ME OUT WITH OR THE TECHNICAL ADVISER.  YOU CAN CERTAINLY

16   BRIEF THOSE THINGS IN THE CLAIM CONSTRUCTION.  THERE'S NO

17   PROBLEM WITH THAT.

18        **MR. DEVITT:**  IF YOU'RE OKAY WITH THAT.  IF WE CAN

19   ARGUE IT THAT WAY, TO GIVE THE CONTEXT THAT WE THINK IS

20   HELPFUL.

21        **THE COURT:**  I THINK THAT IS FINE.  YOU CAN DO THAT IN

22   YOUR OPENING BRIEF AS WELL.

23        **MS. DE MORY:**  OKAY.

24        **THE COURT:**  OKAY.  SO, LET'S SAY FEBRUARY, MARCH,

25   APRIL.  YOU COULD FILE SAY ON APRIL 24TH, AND WHAT, TWO WEEKS

```
1    AFTER THAT FOR YOUR REPLY?  MAY 8TH?

2              MS. DE MORY:  MAY 8TH?

3              THE COURT:  AM I NOT COUNTING RIGHT?

4              MR. ASKEW:  I'M SORRY, YOUR HONOR.  DID YOU SAY TWO

5    WEEKS FOR THE REPLY AFTER THREE MONTHS?

6              THE COURT:  YOU WANT LONGER?  YOU ARE THE ONE IN A

7    RUSH.

8              MR. ASKEW:  NO, NO.

9              THE COURT:  HOW LONG DO YOU WANT?

10             MR. ASKEW:  HOW ABOUT A MONTH?  IT WOULD BE GREAT.

11             THE COURT:  OKAY.

12        SO WHAT'S THAT, MAY 22ND?

13             MS. DE MORY:  ABOUT.  CLOSE.  I DON'T HAVE A CALENDAR

14   IN FRONT OF ME.

15             THE COURT:  I'M LOOKING AT THE WRONG YEAR.  DARN IT.

16   I HAVE TO GET RID OF 2014 HERE.

17        NIKKI, WHAT HAVE I SAID SO FAR?

18             THE CLERK:  JANUARY 29TH, APRIL 24TH, THEN YOU

19   GAVE --

20             THE COURT:  IT SHOULD BE APRIL 23RD, JUST TO STICK

21   WITH THURSDAYS.

22             THE CLERK:  THEN YOU GAVE MAY 22ND, WHICH SHOULD BE

23   MAY 21ST.

24             THE COURT:  ACTUALLY, IT SHOULD BE MAY 28TH.

25             THE CLERK:  YOU WANT TO GO A WEEK LATER.  OKAY.
```

```
1              THE COURT:  THAT WOULD BE --

2              MR. DEVITT:  THEN ARE WE GETTING --

3              THE COURT:  HOLD ON.  I'M HAVING TROUBLE COUNTING

4    HERE.

5              MR. DEVITT:  THAT WOULD BE APRIL 30TH.

6              THE COURT:  I'M SORRY, MAY 21ST.  AND WE'LL HEAR IT

7    ON --

8              THE CLERK:  TWO WEEKS THEREAFTER, JUNE 4TH?

9              THE COURT:  LET'S MAKE IT JUNE 11TH, IF I'M

10   AVAILABLE.

11             THE CLERK:  YOU'RE HERE.

12             THE COURT:  JUNE 11TH AT 2:00 O'CLOCK FOR THE

13   HEARING.

14        I DON'T HAVE EXPERTS OR TESTIFYING PEOPLE.  IF I FEEL LIKE

15   I NEED THEM, I'LL LET YOU KNOW.  I DON'T LIKE A LOT OF FANCY

16   AUDIO VISUAL STUFF.  JUST ARGUE WHAT'S IN THE PAPERS THAT I'VE

17   ALREADY READ AND LOOKED AT.

18        I DON'T THINK I REALLY WANT TO STAY ANY DEADLINES IN THE

19   MEANTIME JUST BECAUSE THE CASE IS SO OLD.  IF YOU START

20   STAYING THINGS AND THEN IT TAKES A WHILE TO GET THE ORDER OUT,

21   THE NEXT THING YOU KNOW THE CASE IS EVEN OLDER AND NOTHING'S

22   BEEN DONE ON IT.

23        SO I THINK YOU SHOULD JUST -- IF YOU WANT TO AGREE, I

24   GUESS WE CAN STAY DAMAGES DISCOVERY AND WE COULD STAY PERHAPS

25   EXPERT --
```

1          MS. DE MORY:  THE DAMAGES DISCOVERY, IF THERE'S ANY

2     CHANCE OF RESOLUTION, RIGHT?  AND THAT'S USUALLY NOT THE MOST

3     BURDENSOME PART OF THE DISCOVERY.  SO IF WE ARE NOT STAYING

4     DISCOVERY, I WOULD -- I WONDER IF MY COLLEAGUES ON THE PHONE

5     AGREE OR NOT, BUT --

6          MR. DEVITT:  THE DEFENDANTS --

7          MR. ASKEW:  WE AGREE, BUT WE WOULD HAVE TO DO DAMAGES

8     DISCOVERY FOR INVALIDITY.

9          THE COURT:  I THINK HE SAID HE WOULD HAVE TO DO

10    DAMAGES DISCOVERY FOR INVALIDITY.

11         MR. ASKEW:  YES.  COMMERCIAL SUCCESS SO WE WOULD BE

12    DUPLICATING DISCOVERY.

13         MS. DE MORY:  THEY WERE GOING TO RELY ON COMMERCIAL

14    SUCCESS IN THE CONTEXT OF INVALIDITY.

15         THE COURT:  RIGHT.  WELL, WHY DON'T YOU TALK IT OVER

16    AND SEE IF YOU CAN FIGURE IT OUT.

17       PERHAPS YOU CAN GET ENOUGH OF A NOT-EVERY-STONE-UNTURNED

18    KIND OF DAMAGES DISCOVERY, BUT A SORT OF PRELIMINARY QUICK

19    PASS ON DAMAGES DISCOVERY THAT WOULD BE GOOD ENOUGH FOR

20    SETTLEMENT PURPOSES AND GOOD ENOUGH FOR COMMERCIAL SUCCESS

21    PURPOSES, AND DO MORE LATER IF YOU HAD TO.

22         MR. DEVITT:  I THOUGHT, ACTUALLY, ALL THE DEFENDANTS

23    HAD SUGGESTED AND I THOUGHT THERE WAS ACTUALLY AGREEMENT

24    BETWEEN THE PARTIES THAT DAMAGES DISCOVERY WASN'T GOING TO GO

25    FORWARD WITH THE IDEA OF THE EARLY *MARKMAN*.  NOW I'M HEARING

1   THAT THERE'S A SUGGESTION THAT THEY WANT EARLY *MARKMAN* YET

2   STILL DAMAGES DISCOVERY.

3       SO WE WILL NEED TO TALK TO THEM ABOUT THIS BECAUSE THIS IS

4   A LITTLE DIFFERENT THAN WHAT OUR UNDERSTANDING WAS WHEN WE HAD

5   OUR RULE 26, AT LEAST IN MY MIND.

6           **THE COURT:**  RIGHT.

7           **MR. ASKEW:**  NO, THAT'S NOT WHAT'S IN OUR PAPERS.

8           **THE COURT:**  IT DOESN'T MATTER.  I'M TELLING YOU I

9   WOULD LIKE YOU TO TRY TO AGREE THAT YOU WOULD DO ENOUGH

10  DISCOVERY OR ENOUGH INFORMATION ON DAMAGES TO FACILITATE

11  SETTLEMENTS AND ENOUGH TO ALLOW A COMMERCIAL SUCCESS SUMMARY

12  JUDGMENT TO BE OPPOSED, BUT THAT YOU WOULDN'T SEEK EVERY STONE

13  UNTURNED DAMAGES DISCOVERY UNTIL LATER.

14      I'M HOPING WITH THAT AMOUNT OF GUIDANCE, YOU CAN WORK THAT

15  OUT AMONGST YOURSELVES.

16          **MR. DEVITT:**  YOUR GUIDANCE IS CLEAR, YOUR HONOR.

17          **MR. FLOCK:**  YOUR HONOR, IF I MIGHT SAY SOMETHING FOR

18  SONY.

19      ONE REASON WHY WE ARE REALLY IN A DIFFERENT POSTURE IS

20  THAT SONY WAS NEVER ACCUSED ON THE PRODUCTS I THINK THEY ARE

21  GOING TO BE ACCUSED ON HERE, WHICH WOULD BE PC'S, CAMERAS, ET

22  CETERA.

23      WE ARE ONLY ACCUSED, BY CHOICE OF TPL, ON THESE PICTURE

24  FRAMES WHERE YOU PRINT A LITTLE CARD AND YOU SEE A PICTURE

25  THAT COMES AND GOES.  THEY CHOSE NOT TO PUT US IN A CASE WITH

1    THEM.

2          **THE COURT:**  IT'S TOO LATE NOW BECAUSE YOU'RE IN IT.

3    WHAT DO YOU WANT?

4          **MR. FLOCK:**  JUST IN TERMS OF ANY DISCOVERY CUTOFFS,

5    YOUR HONOR, WE ARE GOING TO HAVE TO PRODUCE, I BELIEVE,

6    HUNDREDS OR BILLIONS OF PAGES WORTH OF DISCOVERY ON THIS STUFF

7    PLUS THE DAMAGES.  AND SO IF YOUR HONOR WAS PLANNING TO SET

8    THE DISCOVERY CUTOFF DATES TODAY --

9          **THE COURT:**  I'M NOT.

10         **MR. FLOCK:**  OKAY.  THANK YOU.

11         **THE COURT:**  I DON'T THINK I WILL SET ANY OTHER DATES

12   REALLY.

13      ARE YOU GOING TO HAVE EXPERTS FOR CLAIM CONSTRUCTION,

14   PLAINTIFF?

15         **MS. DE MORY:**  NO.  I MEAN, IT'S -- IS THAT CORRECT --

16         **THE COURT:**  IF EITHER OF YOU IS, YOU NEED TO DISCLOSE

17   THEM SOON ENOUGH SO THEY CAN BE DEPOSED BEFORE THE BRIEFING.

18         **MR. DEVITT:**  THANK YOU.  I CAN'T SPEAK FOR EVERYONE.

19   WE HAVE A BIG GROUP, AS YOU CAN IMAGINE.

20         **MS. DE MORY:**  IF WE DO, WE WILL DO THAT AS WELL.

21         **MR. DEVITT:**  ACTUALLY, YOUR HONOR, MAY I?

22         **THE COURT:**  YEAH.

23         **MR. DEVITT:**  IF THEY ARE GOING TO FILE THEIR OPENING

24   BRIEF AND IT WAS THE END OF JANUARY, CAN YOU SET A DATE BY

25   WHICH THEY WOULD HAVE TO DISCLOSE THEIR EXPERTS SO WE WOULD

```
1    HAVE TIME TO DO THAT?

2              MS. DE MORY:  YOU WILL HAVE THREE MONTHS.

3              MR. SIMON:  YOUR HONOR, THIS IS TONY SIMON.

4         WE WILL NOT HAVE ANY EXPERT WITNESS IN OUR OPENING BRIEF.

5    THE ONLY THING WE MIGHT HAVE IS A REBUTTAL EXPERT IF THE

6    DEFENDANTS ARE GOING TO ARGUE THAT A CLAIM TERM IS INDEFINITE

7    AND THEY WANT THAT BRIEF DURING MARKMAN, AND IF SO WE WOULD

8    LIKE THE OPPORTUNITY TO KNOW THAT, YOU KNOW, BEFORE.  THAT'S

9    WHY I WANTED THE 30 DAYS.

10             THE COURT:  OKAY.  SO THEY ARE NOT GOING TO HAVE AN

11   EXPERT.  IF YOU ARE GOING TO HAVE AN EXPERT, YOU NEED TO

12   DISCLOSE THE EXPERT SIX WEEKS BEFORE YOU FILE YOUR BRIEF SO

13   THAT THEY CAN -- OR MAYBE FOUR WEEKS WOULD BE ENOUGH.

14        AND THEN IF THAT HAPPENS, THEN -- AND YOU'RE GOING TO WANT

15   YOUR OWN EXPERT, THEN YOU WILL NEED TO GET YOUR EXPERT

16   DISCLOSED, LET'S SAY, RIGHT AFTER THEY FILE THEIR OPENING

17   BRIEF.

18             MS. DE MORY:  OKAY.

19             THE COURT:  THEN YOU CAN DEPOSE THEIR EXPERT BEFORE

20   YOU HAVE TO FILE YOUR REPLY BRIEF -- OR BEFORE YOU -- NO, YOU

21   WON'T BE FILING A REPLY.

22             MR. DEVITT:  UNLESS YOU WANT TO GIVE US A SURREPLY TO

23   BE ABLE -- IF THEY DO FILE AN EXPERT, WOULD WE GET A SURREPLY

24   TO THAT?

25             THE COURT:  OH, YOU CAN ASK FOR ONE IF YOU REALLY
```

1    NEED ONE.

2              **MR. DEVITT:**  THANK YOU.

3              **THE COURT:**  OKAY.  THEN WE WILL JUST HAVE A CASE

4    MANAGEMENT CONFERENCE ON THAT CLAIM CONSTRUCTION DATE AND

5    WE'LL -- AT THAT POINT, WE'LL SET DISCOVERY CUTOFFS, EXPERT

6    DISCLOSURES, SCHEDULE FOR CASE DISPOSITIVE MOTIONS AND TRIAL.

7       ANYTHING ELSE THEN?

8              **MR. FAUTH:**  YOUR HONOR?

9              **THE COURT:**  YEAH.

10             **MR. FAUTH:**  GORDON FAUTH.  COULD YOU CLARIFY THE

11   STATUS OF THE RELATIONSHIP BETWEEN CANON AND THE OTHER CASES?

12   I BELIEVE THAT YOUR ORDER RELATING THE CASES STOPPED SHORT OF

13   CONSOLIDATION.

14             **THE COURT:**  CORRECT.  I CAN'T CONSOLIDATE.  THESE ARE

15   AIA CASES, AREN'T THEY?

16             **MR. FAUTH:**  I BELIEVE THE CASES WERE CONSOLIDATED IN

17   THE EASTERN DISTRICT OF TEXAS.

18             **THE COURT:**  IF THEY DID, IT WAS ILLEGAL IF THEY WERE

19   AIA CASES.

20      I WOULD LOVE TO CONSOLIDATE THEM, BUT I CAN'T.

21             **MR. FAUTH:**  ALL RIGHT.

22             **THE COURT:**  THEY ARE RELATED.  THEY WILL PROCEED ON

23   EXACTLY THE SAME SCHEDULE UNTIL THE POINT OF TRIAL.  AND AT

24   TRIAL, HOWEVER MANY ARE LEFT, I BELIEVE I HAVE TO TRY

25   SEPARATELY UNDER THE AIA.  UNLESS I'M WRONG.  TELL ME IF I'M

1    WRONG.

2         MR. FAUTH:  FOR TRIAL PURPOSES YOU'RE RIGHT.  BUT

3    THEY WERE CONSOLIDATED, I BELIEVE, FOR CERTAIN PRETRIAL

4    PURPOSES --

5         THE COURT:  TO ME CONSOLIDATED MEANS TRIAL.

6         MR. FAUTH:  NO.

7         THE COURT:  SO WHAT I'M SAYING IS THESE CASES WILL

8    BE -- EVERYTHING THAT WILL HAPPEN TO THEM WILL HAPPEN ON THE

9    SAME EXACT SCHEDULE UP UNTIL THE MORNING OF JURY SELECTION.

10   AND AT THAT POINT THEY WILL BE TRIED SEPARATELY IN SOME FORM

11   OR FASHION.

12        MR. FAUTH:  I WAS NOT SUGGESTING CONSOLIDATION FOR

13   TRIAL PURPOSES, BUT CONSOLIDATION FOR ADMINISTRATIVE AND

14   PROCEDURAL PURPOSES IN TERMS OF FILING BRIEFS IN ONE CASE

15   RATHER THAN IN ALL OF THEM, AND THINGS LIKE THAT.

16        THE COURT:  OH, I SEE.  WELL, YOU CAN DO THAT IF YOU

17   WANT TO.

18      SO YOU CAN FILE EVERYTHING -- DOES THAT CAUSE A PROBLEM,

19   NIKKI?

20        THE CLERK:  I'M SORRY?

21        THE COURT:  IF THEY DO IT SORT OF LIKE AN MDL AND LET

22   THEM FILE EVERYTHING IN THE LOW NUMBER CASE.

23        THE CLERK:  THAT'S A PROBLEM.

24        THE COURT:  THAT'S A PROBLEM?

25        THE CLERK:  IF IT'S NOT A CONSOLIDATED CASE, THEY

1     NEED TO FILE IT ON ALL THE CASES.

2              **THE COURT:**  THEY NEED TO FILE IT IN THEIR OWN CASE.

3              **THE CLERK:**  CORRECT.

4          **MS. DE MORY:**  SO THE PLAINTIFFS NEED TO FILE IN EVERY

5     CASE, AND THEN THE DEFENDANTS NEED TO MAKE SURE THEY HAVE

6     SOMETHING FILED IN THEIR CASES.

7              **THE CLERK:**  CORRECT.

8              **THE COURT:**  I GUESS I CAN COME UP WITH AN ORDER.

9     IT'S ALL ELECTRONIC ANYWAY.  IT'S NOT LIKE YOU HAVE TO FILE A

10    LOT OF PAPER.

11       YOU DON'T NEED TO GIVE ME ALL THOSE EXTRA COPIES.  BUT I

12    THINK FOR DOCKET PURPOSES, THERE HAS TO BE A DOCKET ENTRY IN

13    EACH INDIVIDUAL CASE.

14             **THE CLERK:**  WHEN THEY DOCKET IT AS, DO YOU WANT TO

15    ATTACH THIS TO RELATED CASES, YOU SAY "YES".  THEN IT ASKS YOU

16    WHICH CASES YOU WANT TO RELATE, YOU SAY "ALL" -- I MEAN YOU

17    WANT TO FILE IT ON, YOU HIT "ALL" SO IT AUTOMATICALLY DOES IT.

18    YOU ARE NOT FILING IT 15 TIMES, YOU ARE ONLY FILING IT ONCE.

19            **MS. DE MORY:**  IT IS A CHECK BOX.

20            **THE CLERK:**  YEAH.  SO I DON'T KNOW --

21            **THE COURT:**  SO DO IT THAT WAY.

22          **MR. FAUTH:**  VERY GOOD, YOUR HONOR.

23            **THE COURT:**  YOU CHECK A BOX AND IT WILL --

24             **THE CLERK:**  MAYBE YOU ARE NOT THE FILER SO IT'S

25    COMPLICATED TO YOU, BUT TO YOUR SECRETARY IT'S EASY.

1          **MR. FAUTH:**  OKAY.  THANK YOU.

2          **MR. MAIORANA:**  YOUR HONOR, I THINK THE CONFUSION,

3     YOUR HONOR, IS THE 3640 CASE WAS THE CONSOLIDATED CASE IN

4     TEXAS, SO IT HAS ALL OF THE DEFENDANTS.  AND THEN THERE ARE

5     INDIVIDUAL CASES WITH JUST ONE OR TWO DEFENDANTS.  SO SOME OF

6     THESE DEFENDANTS ARE IN TWO CASES.

7        CANON IS ONLY IN ONE BECAUSE OUR CASE WAS THE CONSOLIDATED

8     CASE IN TEXAS.  I THINK THAT'S WHERE THE CONFUSION IS COMING

9     IN.

10       YOU ASKED US TO FILE ONE BRIEF FOR DEFENDANTS ON CLAIM

11    CONSTRUCTION, SO WE WILL FILE THE SAME BRIEF IN ALL THE CASES.

12    I WANT TO MAKE SURE THAT THAT'S --

13         **THE COURT:**  THAT'S WHAT I WANT.

14         **MR. FLOCK:**  YOU DIDN'T MEAN SONY WHEN YOU SAID ALL

15    THE DEFENDANTS.

16         **MR. MAIORANA:**  SORRY.  EXCEPT FOR SONY.  SONY WAS NOT

17    IN OUR TEXAS CASE.

18         **THE COURT:**  RIGHT.

19         **MS. SUNDEEN:**  YOUR HONOR, MARCIA SUNDEEN.

20       I WOULD JUST ASK YOU AND THE PARTIES IF YOU WOULD AGREE TO

21    EXTEND BY ONE WEEK THE CLAIM CONSTRUCTION HEARING FROM

22    JUNE 11TH TO JUNE 18TH?  BECAUSE I HAVE ANOTHER TRIAL THAT

23    ENDS AROUND THE 6TH OR 7TH OF JUNE.

24         **THE COURT:**  LET'S LEAVE IT AS IT IS, BUT IF THAT IS

25    STILL THE CASE SAY SIX WEEKS BEFORE, THEN YOU CAN SEEK A

1    STIPULATION TO PUT IT OVER A FURTHER WEEK.

2        IT'S JUST BY THE -- I WILL PUT IT A WEEK LATER, THE NEXT

3    THING WE KNOW YOUR CASE WILL GET CONTINUED BY A WEEK AND

4    SOMEBODY ELSE WILL HAVE SOME OTHER PROBLEM.

5            **MS. SUNDEEN:**  OKAY.  IT'S AT THE ITC, SO THERE'S NOT

6    AS MUCH CHANCE THAT IT WILL MOVE, BUT I WILL RENEW THE REQUEST

7    IF I NEED TO.

8            **THE COURT:**  AND EVERYBODY TAKE NOTE THAT SHE HAS THAT

9    PROBLEM.  IF WE NEED TO, WE WILL STIPULATE TO PUT IT OVER A

10   WEEK.

11           **MS. SUNDEEN:**  THANK YOU.

12           **THE COURT:**  ANYTHING ELSE?

13       I CAN DO IT DIFFERENTLY, I SUPPOSE.  IF YOU WANT TO COME

14   UP WITH SOME KIND OF PROPOSAL.  IT'S JUST --

15           **MR. DEVITT:**  IN MY VIEW, YOUR HONOR, IT'S JUST AS

16   EASY FOR ME TO AGREE WITH IT NOW TO PUT IT ON THE CALENDAR

17   THAN --

18           **THE COURT:**  NO.  I WAS BACK TALKING ABOUT THE -- ALL

19   THE FILING STUFF.

20           **MS. DE MORY:**  RIGHT.

21           **THE COURT:**  I HATE TO MAKE IT BURDENSOME, BUT THEY DO

22   HAVE TO BE TRIED SEPARATELY.  AND THAT MEANS THEY HAVE TO BE

23   APPEALED SEPARATELY AND THAT MEANS WE HAVE TO HAVE A COMPLETE

24   RECORD FOR EVERY CASE.

25       I WOULD BE HAPPY TO SIGN AN ORDER THAT SOMEHOW MADE IT

1   MORE STREAMLINED, BUT I JUST DON'T KNOW HOW I WOULD DO THAT

2   EXACTLY.  SO IF YOU CAN THINK OF SOMETHING, GO AHEAD.

3          **MS. DE MORY:**  OKAY.

4          **THE COURT:**  I JUST THOUGHT OF ONE OTHER THING,

5   THOUGH.

6       OKAY.  ANYTHING ELSE?

7          **MR. SIMON:**  YOUR HONOR, THIS IS TONY SIMON.

8          **THE COURT:**  YES.

9          **MR. SIMON:**  IN SPEAKING WITH THE COURT PERSONNEL

10  ABOUT MEDIATION, THERE SEEMS TO BE SOME CONCERN ABOUT THE

11  FEBRUARY 1 DATE BEING THAT THE REQUIREMENT THAT LEAD COUNSEL

12  BE THERE TO MEDIATE THIS, THE MEDIATORS' SCHEDULES AND LEAD

13  COUNSELS' SCHEDULE.

14      IF WE RUN INTO AN ISSUE WHERE WE NEED A LITTLE MORE TIME,

15  IS THAT SOMETHING WE COULD FILE SOMETHING WITH THE COURT AND

16  ASK FOR MORE TIME?  AND I AGREE PRIVATE MEDIATION WOULD BE

17  BETTER.  PLAINTIFFS WOULD BE AGREEABLE TO THAT.

18      BUT IN MY EXPERIENCE, MEDIATORS ARE BOOKED UP MONTHS IN

19  ADVANCE.

20          **THE COURT:**  YEAH.  WELL, YES, YOU CAN STIPULATE TO AN

21  EXTENSION.  BUT I CAN'T IMAGINE WHY YOU WOULD WANT TO HAVE

22  MORE THAN ONE MEDIATOR.  YOU SHOULD JUST HAVE ONE MEDIATOR.

23      IF IT'S TOO MUCH WORK FOR ONE VOLUNTEER MEDIATOR, THAT'S

24  ANOTHER REASON WHY I'M SUGGESTING THAT PRIVATE MEDIATION MIGHT

25  WORK BETTER FOR YOU.

```
1        YES, YOU PROBABLY WILL HAVE A HARD TIME FINDING SOMEBODY

2   THAT QUICKLY, BUT DO THE BEST YOU CAN.  IF YOU ABSOLUTELY

3   CAN'T, THEN EXPLAIN HOW HARD YOU TRIED AND PUT IT IN A

4   STIPULATION, AND I WILL SIGN IT.  BUT YOU SHOULD START NOW

5   FIGURING OUT WHO IT WOULD BE.

6        OH, I KNOW THE EXPERT.  COULD YOU ALL EITHER WRITE UP A

7   STIPULATION SAYING IT'S FINE.  I CAN'T REMEMBER WHAT HIS

8   HOURLY RATE IS RIGHT NOW.  IT IS WHATEVER LAWYERS CHARGE.

9   CHECK HIM FOR CONFLICTS, WHATEVER YOU WANT TO DO.  THEN IF

10  YOU'RE ALL AGREEABLE, WRITE A STIPULATION.  IF SOMEBODY HAS A

11  CONFLICT PROBLEM OR SOME OTHER FORM OF PROBLEM, LET ME KNOW

12  THAT.  LET'S SAY A WEEK FROM FRIDAY.

13            MS. DE MORY:  OKAY.

14            THE COURT:  OKAY.  THANK YOU.

15            MR. SIMON:  THANK YOU, YOUR HONOR.

16            MR. DEVITT:  THANK YOU.

17            MS. DE MORY:  A WEEK FROM FRIDAY IS ACTUALLY THE DAY

18  AFTER THANKSGIVING.  SO MAYBE --

19            THE COURT:  TWO WEEKS FROM FRIDAY.  THAT'S WHEN WE

20  ARE DOING ALL THE OTHER STUFF ANYWAY.

21            MS. DE MORY:  OKAY.  THANK YOU.

22            (PROCEEDINGS CONCLUDED AT 3:00 P.M.)

23

24

25
```

1

2

3                        **CERTIFICATE OF REPORTER**

4            I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

5     UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

6     CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

7     RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

8

9                     _Diane E. Skillman_

10               DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

11                  MONDAY, DECEMBER 22, 2014

12

13

14

15

16

17

18

19

20

21

22

23

24

25