# EXHIBIT Q

```
____ AGS            ____ MPK
____ BRA            ____ CLR
____ SHT            __✓_ MAS
____ AMS
```

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER**

### UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN COMPUTER AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING SAME** | Inv. No. 337-TA-841 |

**ORDER NO. 40:** DENYING RESPONDENT HITI DIGITAL, INC.'S MOTION FOR SUMMARY DETERMINATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,522,424

(December 27, 2012)

On November 5, 2012, respondent HiTi Digital, Inc. ("HiTi") moved for summary determination of non-infringement of the asserted claims of U.S. Patent Nos. 7,522,424 ("the '424 Patent"). (Motion Docket Nos. 841-042.) On November 15, 2012, complainant Technology Properties Limited LLC ("TPL") filed its opposition to the motion.

On November 26, 2012, HiTi filed a motion for leave to file a reply. (Motion Docket No. 841-055.) On December 6, 2012, TPL filed an opposition to the motion for leave to file a reply. Motion No. 841-055 is DENIED. As of the date of this order, no other responses have been received.

Pursuant to Commission Rule 210.18, summary determination "... shall be rendered if pleadings and any depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary determination as a matter of law." 19 C.F.R. § 210.18(b); *see also DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1322 (Fed. Cir. 2001); *Wenger*

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER**

*Mfg., Inc. v. Coating Machinery Systems, Inc.*, 239 F.3d 1225, 1231 (Fed. Cir. 2001). The evidence "must be viewed in the light most favorable to the party opposing the motion . . . with doubt resolved in favor of the nonmovant." *Crown Operations Int'l, Ltd. v. Solutia, Inc.*, 289 F.3d 1367, 1375 (Fed. Cir. 2002); *see also Xerox Corp. v. 3Com Corp.*, 267 F.3d 1361, 1364 (Fed. Cir. 2001) ("When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor."). "Issues of fact are genuine only if the evidence is such that a reasonable [fact finder] could return a verdict for the nonmoving party." *Id.* at 1375 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The trier of fact should "assure itself that there is no reasonable version of the facts, on the summary judgment record, whereby the nonmovant could prevail, recognizing that the purpose of summary judgment is not to deprive a litigant of a fair hearing, but to avoid an unnecessary trial." *EMI Group North America, Inc. v. Intel Corp.*, 157 F.3d 887, 891 (Fed. Cir. 1998). "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *Sandt Technology, Ltd. v. Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1357 (Fed. Cir. 2001) (Dyk, J., concurring). "In other words, '[s]ummary judgment is authorized when it is quite clear what the truth is,' [citations omitted], and the law requires judgment in favor of the movant based upon facts not in genuine dispute." *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1185 (Fed. Cir. 1993).

==HiTi raises two arguments in support of its motion for summary determination. First, HiTi contends that all of the asserted claims of the '424 Patent require that the controller that==

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

performs the mapping operations in the claims must be physically located between the interconnection pins and the contact pins. (HiTi Br. at 1.) HiTi argues that its controller is not physically located between the interconnection pins and the contact pins (it is located on the other side of the circuit board), so it cannot infringe the asserted claims as a matter of law. (*Id.*) Second, HiTi argues that even if the controller does not need to be physically located between the interconnection pins and the contact pins, its products do not infringe because the contact pins are permanently connected to the interconnection pins and thus, its controller does not perform a "mapping" function. (*Id.* at 14.)

TPL opposes the motion arguing that nothing in the claim language requires that the controller be physically located between the interconnection pins and the contact pins. Furthermore, TPL argues that there are disputed issues of material fact because TPL's expert has opined that HiTi's products perform the mapping function.

The ALJ DENIES the motion. First, HiTi's contention that the controller must be located "between" the interconnection means and the contact pins can be easily dispatched. HiTi simply (inexcusably) misreads the claim language. The ALJ agrees with TPL that there is nothing that requires that the controller be physically located between the interconnection pins (interconnection means) and the contact pins. The ALJ further agrees with TPL that the phrase "between said interconnection pins and said one or more contact pins…" is modifying "data signals" not the physical means that is accomplishing it. Thus, the ALJ finds that HiTi's first argument for summary determination is without merit.

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Second, as for HiTi's argument that its products do not infringe because the contact pins are permanently connected to the interconnection pins and thus, their controller does not perform a "mapping" function, the ALJ finds that disputed issues of material fact prevent entry of summary determination of non-infringement. In particular, the ALJ finds that TPL presented a declaration of its expert where he states that HiTi's products do perform the mapping function. HiTi presented no expert testimony in support of its contention that its products do not meet the mapping element. As such taking all inferences in favor of TPL, there are disputed issues of material fact concerning whether HiTi's products meet the disputed claim limitation. Thus, HiTi's second argument fails as well.

Accordingly, Motion Docket No. 841-042 is DENIED.

Within seven days of the date of this document, each party shall submit to the Office of the Administrative Law Judges a statement as to whether or not it seeks to have any portion of this document deleted from the public version. Any party seeking to have any portion of this document deleted from the public version thereof shall also submit to this office a copy of this document with red brackets indicating any portion asserted to contain confidential business information. The parties' submissions may be made by facsimile and/or hard copy by the aforementioned date. The parties' submissions concerning the public version of this document need not be filed with the Commission Secretary.

**SO ORDERED.**

Theodore R. Essex
Administrative Law Judge

4

CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME

Inv. No. 337-TA-841

## CONFIDENTIAL CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served upon the following parties as indicated on **December 27, 2012**.

Lisa R. Barton, Acting Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC 20436

**On Behalf of Complainant Technology Properties Limited LLC:**

Anthony G. Simon, Esq.
**THE SIMON LAW FIRM PC**
800 Market St., Ste. 1700
St. Louis, MO 63101

( ) Via Hand Delivery
(✓) Via Overnight Delivery
( ) Via First Class Mail
( ) Other:_____

**On Behalf of Respondent Hewlett-Packard Company:**

Marcia H. Sundeen, Esq.
**KENYON & KENYON LLP**
1500 K Street, NW
Washington, DC 20005

( ) Via Hand Delivery
(✓) Via Overnight Delivery
( ) Via First Class Mail
( ) Other:_____

**On Behalf of Respondent Dell Inc.:**

Raymond A. Kurz, Esq.
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

( ) Via Hand Delivery
(✓) Via Overnight Delivery
( ) Via First Class Mail
( ) Other:_____

**On Behalf of Respondents HiTi Digital Inc.:**

Jenny W. Chen, Esq.
c/o Darrin A. Auito, Esq.
**WESTERMAN HATTORI DANIELS & ADRIAN LLP**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036

( ) Via Hand Delivery
(✓) Via Overnight Delivery
( ) Via First Class Mail
( ) Other:_____

CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME

Inv. No. 337-TA-841

Certificate of Service – Page 2

**On Behalf of Respondent Fujitsu Limited:**

G. Brian Busey, Esq.  
**MORRISON & FOERSTER LLP**  
2000 Pennsylvania Ave., NW, Suite 6000  
Washington, DC 20006

( ) Via Hand Delivery  
(✓) Via Overnight Delivery  
( ) Via First Class Mail  
( ) Other: _____

**On Behalf of Respondent Acer Inc.:**

Eric C. Rusnak, Esq.  
**K&L GATES LLP**  
1601 K Street, NW  
Washington, DC 20006-1600

( ) Via Hand Delivery  
(✓) Via Overnight Delivery  
( ) Via First Class Mail  
( ) Other: _____

**On Behalf of Respondent Brother Industries Ltd.:**

Joseph M. Potenza, Esq.  
**BANNER & WITCOFF LTD**  
1100 13th Street, NW, Suite 1200  
Washington, DC 20005

( ) Via Hand Delivery  
(✓) Via Overnight Delivery  
( ) Via First Class Mail  
( ) Other: _____

**On Behalf of Respondent Seiko Epson Corporation:**

Louis S. Mastriani, Esq.  
**ADDUCI, MASTRIANI & SCHAUMBERG LLP**  
1133 Connecticut Avenue, NW, 12th Floor  
Washington, DC 20036

( ) Via Hand Delivery  
(✓) Via Overnight Delivery  
( ) Via First Class Mail  
( ) Other: _____

**On Behalf of Respondents Canon Inc.:**

David M. Maiorana, Esq.  
**JONES DAY**  
901 Lakeside Avenue  
Cleveland, OH 44114

( ) Via Hand Delivery  
(✓) Via Overnight Delivery  
( ) Via First Class Mail  
( ) Other: _____

**On Behalf of Respondent Kingston Technology Company, Inc.:**

Christine Yang, Esq.  
**LAW OFFICES OF S.J. CHRISTINE YANG**  
17220 Newhope Street, Suites 101-103  
Fountain Valley, CA 92708

( ) Via Hand Delivery  
(✓) Via Overnight Delivery  
( ) Via First Class Mail  
( ) Other: _____

**CERTAIN COMPUTERS AND COMPUTER PERIPHERAL**      Inv. No. 337-TA-841
**DEVICES AND COMPONENTS THEREOF AND**
**PRODUCTS CONTAINING THE SAME**

Certificate of Service – Page 3

**On Behalf of Respondent Systemax Inc.:**

| | |
|---|---|
| David W. Denenberg, Esq.<br>**DAVIDOFF MALITO & HUTCHER LLP**<br>200 Garden City Plaza, Suite 315<br>Garden City, NY  11530 | (  ) Via Hand Delivery<br>(✓) Via Overnight Delivery<br>(  ) Via First Class Mail<br>(  ) Other:_____ |

**On Behalf of Respondents Newegg Inc. and Rosewill Inc.:**

| | |
|---|---|
| Kent E. Baldauf, Esq.<br>**THE WEBB LAW FIRM**<br>One Gateway Center<br>420 Ft. Duquesne Boulevard, Suite 1200<br>Pittsburgh, PA  15222 | (  ) Via Hand Delivery<br>(✓) Via Overnight Delivery<br>(  ) Via First Class Mail<br>(  ) Other:_____ |