# EXHIBIT 7

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| In the Matter of | |
|---|---|
| **CERTAIN DIGITAL PHOTO FRAMES AND IMAGE DISPLAY DEVICES AND COMPONENTS THEREOF** | Inv. No. 337-TA-807 |

**ORDER NO. 44:     DENYING RESPONDENTS' MOTION FOR SUMMARY DETERMINATION OF INVALIDITY OF U.S. PATENT NO. 7,295,443**

(August 2, 2012)

On July 17, 2012, respondents Sony Corporation and Sony Corporation of America (collectively "Sony") filed a motion for summary determination of invalidity of U.S. Patent No. 7,295,443 ("the '443 patent"). (Motion Docket No. 807-038.) On July 27, 2012, complainant Technology Properties Limited, LLC ("TPL") filed a response opposing the motion.

## I.   Parties' Positions

Sony contends that asserted claims 1, 3, 4, 7, 9, 11, 12, and 14 of the '443 patent are obvious under either TPL's proposed claim constructions or Sony's proposed claim constructions.

Sony claims that under TPL's proposed claim constructions, the asserted claims are obvious in view of the admitted prior art and the admissions of TPL's expert. Sony relies on the prior art disclosed and discussed in the '443 patent specification. According to Sony, this admitted prior art discloses all of the elements of the asserted claims with the exception of the use of molded plastic to form certain components of the claimed memory card adapters. Sony

states that TPL's expert admitted that using molded plastic would have been an obvious option for one of ordinary skill in the art before July 6, 2000.

Sony argues that under its own proposed constructions, the asserted claims are obvious in view of the admitted prior art disclosed in the '443 patent combined with European Patent Application EP 1037159 A2 ("the '159 application"). Sony states that the '159 application was published on September 20, 2000, and is prior art under 35 U.S.C. § 102(b) to any U.S. patent with an effective filing date after September 20, 2001.

Finally, Sony argues that TPL cannot claim the benefit of the filing date of U.S. Patent No. 6,438,638 ("the '638 patent"). According to Sony, because TPL cannot claim the benefit of the filing date of the '638 patent, the '159 application qualifies as prior art to the '443 patent. Sony argues that the '638 patent contains no disclosure of the use of molded plastic. Sony claims that the first disclosure of molded plastic appears in the application for U.S. Patent No. 6,859,369 ("the '369 patent"), which was filed on September 4, 2002. Sony believes that TPL is entitled to a priority date of no earlier than September 4, 2002, making the '159 application prior art to the '443 patent.

TPL opposes the motion. With regard to Sony's obviousness argument under TPL's proposed constructions, TPL asserts the argument has been waived because Sony failed to raise it either in contention interrogatory responses or in its invalidity expert report. TPL further asserts that the declaration offered by its expert demonstrates that there are genuine issues of material fact regarding obviousness that preclude summary determination.

With regard to Sony's obviousness argument under Sony's proposed constructions, TPL asserts the argument has been waived because Sony failed to raise it either in contention interrogatory responses or in its invalidity expert report. TPL claims that Sony provides no

justification regarding why Sony's proposed constructions should be adopted. According to TPL, the '159 application is not prior art to the '443 patent because the '443 patent is entitled to a July 6, 2000 priority date. TPL asserts that Sony offers no evidence that a person of ordinary skill in the art would have combined the admitted prior art and the '159 application.

Finally, TPL argues that Sony's motion must be denied because there are genuine issues of material fact concerning secondary considerations. TPL claims that Sony's motion fails to address all of TPL's evidence of secondary considerations, such as the alleged commercial success of TPL's own OnSpec products.

## II. Applicable Law

### A. Summary Determination

Commission Rule 210.18 governs summary determination, and states, *inter alia*, that:

> The determination sought by the moving party shall be rendered if pleadings and any depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary determination as a matter of law.

19 CFR § 210.18(b).

The evidence "must be viewed in the light most favorable to the party opposing the motion . . . with doubt resolved in favor of the nonmovant." *Crown Operations Int'l, Ltd. v. Solutia,* Inc., 289 F.3d 1367, 1375 (Fed. Cir. 2002); *see also Xerox Corp. v. 3Com Corp.*, 267 F.3d 1361, 1364 (Fed. Cir. 2001) ("When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor."). "Issues of fact are genuine only if the evidence is such that a reasonable [fact finder] could return a verdict for the nonmoving party." *Id.* at 1375 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The trier of fact should "assure itself that there

is no reasonable version of the facts, on the summary judgment record, whereby the nonmovant could prevail, recognizing that the purpose of summary judgment is not to deprive a litigant of a fair hearing, but to avoid an unnecessary trial." *EMI Group North America, Inc. v. Intel Corp.*, 157 F.3d 887, 891 (Fed. Cir. 1998).

"Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *Sandt Technology, Ltd. v. Resco Metal and Plastics Corp.*, 264 F.3d 1344, 1357 (Fed. Cir. 2001) (Dyk, C.J., concurring). "In other words, '[s]ummary judgment is authorized when it is quite clear what the truth is,' [citations omitted], and the law requires judgment in favor of the movant based upon facts not in genuine dispute." *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1185 (Fed. Cir. 1993).

### B. Invalidity

It is Sony's burden to prove invalidity, and the burden of proof never shifts to TPL to prove validity. *Scanner Techs. Corp. v. ICOS Vision Sys. Corp. N.V.*, 528 F.3d 1365, 1380 (Fed. Cir. 2008). "Under the patent statutes, a patent enjoys a presumption of validity, *see* 35 U.S.C. § 282, which can be overcome only through facts supported by clear and convincing evidence[.]" *SRAM Corp. v. AD-II Eng'g, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006).

The clear and convincing evidence standard placed on the party asserting the invalidity defense requires a level of proof beyond the preponderance of the evidence. Although not susceptible to precise definition, "clear and convincing" evidence has been described as evidence which produces in the mind of the trier of fact "an abiding conviction that the truth of a factual contention is 'highly probable.'" *Price v. Symsek*, 988 F.2d 1187, 1191 (Fed. Cir. 1993) (citing *Buildex, Inc. v. Kason Indus., Inc.*, 849 F.2d 1461, 1463 (Fed.Cir.1988)).

> Section 103 of the Patent Act states:
>
> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

35 U.S.C. § 103(a).

"Obviousness is a question of law based on underlying questions of fact." *Scanner Techs. Corp. v. ICOS Vision Sys. Corp. N.V.*, 528 F.3d 1365, 1379 (Fed. Cir. 2008). The underlying factual determinations include: "(1) the scope and content of the prior art, (2) the level of ordinary skill in the art, (3) the differences between the claimed invention and the prior art, and (4) objective indicia of non-obviousness." *Id.* (citing *Graham v. John Deere Co.*, 383 U.S. at 17). These factual determinations are often referred to as the "Graham factors."

The critical inquiry in determining the differences between the claimed invention and the prior art is whether there is a reason to combine the prior art references. *KSR*, 550 U.S. at 417-418. In *KSR*, the Supreme Court rejected the Federal Circuit's rigid application of the teaching-suggestion-motivation test. The Court stated that "it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." *Id.* at 418. The Court described a more flexible analysis:

> Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue . . . . As our precedents make clear, however, the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of

5

ordinary skill in the art would employ.

*Id.*

### III. <u>Analysis</u>

Sony raises two separate invalidity arguments. One is based on TPL's proposed claim constructions, and the second is based on Sony's proposed claim constructions. I address each argument below.

#### A. Obviousness Based on the Admitted Prior Art

I find that there is a genuine dispute of material fact regarding whether or not the admitted prior art disclosed in the '443 patent renders the asserted claims obvious under TPL's proposed claim construction positions. Claim 1 of the '443 patent requires, *inter alia*, "a controller chip to map at least a subset of the at least one set of contact pins to a set of signal lines or power lines, based on an identified type of a memory media card." Claim 9 of the '443 patent requires, *inter alia*, "a controller integrated into the multi-memory media adapter to map at least a subset of the set of contact pins to a set of signal lines or power lines, based an [*sic*] identified type of the memory media card." The remaining asserted claims all depend from either claim 1 or claim 9.

Sony asserts that the admitted prior art disclosed in the '443 patent satisfies the "controller chip" and "controller" limitations of claims 1 and 9, respectively. (*See* Mem. at 13-14, 18-19.) TPL disputes this assertion, and offers the opinion of its expert, Mr. Dale Buscaino, to support its argument.

Mr. Buscaino states that it is his opinion that the '443 patent does not disclose the "controller chip" and "controller" limitations of claims 1 and 9. (Buscaino Decl. at ¶ 13.) Mr. Buscaino provides the following explanation:

6

> The portion of the '443 patent specification that describes the prior art does not describe mapping with respect to the prior art. The '443 patent describes certain structural characteristics of the prior art, as illustrated by the two figures devoted to the prior art – figures 1 and 2. They illustrate purely structural components. This is in contrast to the figures and description detailing mapping in embodiments of the claimed invention. These include figures 4 and 5 and column 5, line 54 through column 6, line 62 of the specification. The '443 patent's description of the prior art includes no such description with respect to mapping.

(Buscaino Decl. at ¶ 14.) Mr. Buscaino also addresses the specific portion of the '443 patent specification relied on by Sony:

> I understand that Sony cites to column 2, lines 20-22 to argue that the '443 patent discloses mapping with respect to the prior art. In my opinion the disclosure that the prior art controller performs "handshaking and data transfer" does not describe mapping as claimed. It does not discuss assigning a group of contact pins to power, ground, or data signal lines based on the type of memory card asserted, pursuant to TPL's proposed construction or selectively connecting a subset of contact pins to different sets of signal or power lines, based on the type of memory card identified by the controller chip, under Respondents' proposed claim construction. Handshaking and data transfer relates to any card reader, including card readers that accept only one type of memory card.

(Buscaino Decl. at ¶ 15.)

Based on the foregoing expert opinion of Mr. Buscaino, I find that there is a genuine dispute of material fact concerning whether or not the admitted prior art in the '443 patent discloses the "controller chip" and "controller" limitations of claims 1 and 9, respectively. Therefore, Sony is not entitled to summary determination of invalidity under TPL's proposed claim construction positions.

### B. Obviousness Based on the Admitted Prior Art In Combination with the '159 Application

I find that Sony has failed to demonstrate that it is entitled to summary determination of obviousness based on the combination of the admitted prior art and the '159 application. Sony's argument is premised on the adoption of Sony's proposed claim construction positions, yet Sony does not address the claim construction issues in dispute. As TPL notes, claim construction is

7

"hotly contested" in this investigation. Without briefing on the issue, I cannot resolve the claim construction disputes between the parties. I also find that it is inappropriate to construe the claims on this abbreviated summary determination record. *Certain Notebook Computer Products & Components Thereof*, Inv. No. 337-TA-705, Order No. 21 (Sept. 24, 2010). Because this obviousness argument is premised on an adoption of Sony's proposed constructions, I decline to grant summary determination.

In addition, I find that a genuine dispute of material fact precludes summary determination. The '443 patent claims priority to a number of applications, and the parties dispute which application is the appropriate one to consider when determining the correct priority date for the asserted claims. The determination of the priority date for the '443 patent will determine whether or not the '159 application qualifies as prior art.

Sony offers a convenient graphical representation of the tree of patent applications that led to the '443 patent:



The designation "CON" refers to a continuation, and the designation "CIP" refers to a continuation-in-part. A continuation-in-part application is "a continuing application containing a portion or all of the disclosure of an earlier application together with added matter not present in that earlier application." *Transco Prods. Inc. v. Performance Contracting, Inc.*, 38 F.3d 551, 555 (Fed. Cir. 1994). Sony alleges that the '443 patent can only claim priority to U.S. Patent No. 6,859,369 ("the '369 patent") because that is the first application that introduced the use of molded plastic and contact pins that are integrated within molded plastic. TPL alleges that the '443 patent claims priority to U.S. Patent No. 6,438,638 ("the '638 patent") because the '638 patent discloses the use of molded plastic for memory card connectors.

Resolution of this dispute is material to Sony's obviousness argument. According to Sony, the '159 application is prior art to any U.S. patent with an effective filing date after September 20, 2001. Sony believes that the '443 patent can only claim priority to the '369 patent, making the '443 patent's priority date September 4, 2002. TPL believes that the '443 patent can claim priority to the '638 patent, making the '443 patent's priority date July 6, 2000.

The Federal Circuit has explained that:

> Claims found in a later-filed application are entitled to the filing date of an earlier application if, *inter alia*, the disclosure in the earlier application provides an adequate written description of the later-filed claims under 35 U.S.C. § 112, ¶ 1. This requires the disclosure in the earlier application to reasonably convey to one of ordinary skill in the art that the inventors possessed the later-claimed subject matter when they filed the earlier application.

*In re Curtis*, 354 F.3d 1347, (Fed. Cir. 2004) (citation omitted); *see also Eiselstein v. Frank*, 52 F.3d 1035, 1039 (Fed. Cir. 1995) ("The test is whether the disclosure of the application relied upon reasonably conveys to a person skilled in the art that the inventor had possession of the claimed subject matter at the time of the earlier filing date."). Whether the written description requirement is satisfied, and, therefore, whether the claims are entitled to an earlier priority date,

9

is a question of fact. *Lampi Corp. v. Am. Power Prods., Inc.*, 228 F.3d 1365, 1377-1378 (Fed. Cir. 2000).

I find that there is a genuine dispute of material fact concerning whether or not the asserted claims of the '443 patent are entitled to the July 6, 2000 priority date of the '638 patent. Asserted claims 1, 3, 4, and 7 each require a first and second planar element comprising molded plastic, and contact pins integrated within the molded plastic of the first or second planar elements. Asserted claims 9, 11, 12, and 14 each require a set of contact pins integrated within molded plastic of the upper or lower portions of a multi-memory media adapter. Sony argues that the '638 patent specification makes no mention of molded plastic. According to Sony, the word "plastic" does not appear in the '638 patent specification. Sony further claims that due to statements made by TPL during the prosecution of the '443 patent, TPL is estopped from claiming that the molded plastic limitations are inherently disclosed by the '638 patent specification.

TPL claims that although the '638 patent does not use the word "plastic" in conjunction with its disclosure of card connectors, a person of ordinary skill in the art at the time would have known that plastic was within the meaning of such connectors. TPL offers the opinion of its expert, Mr. Dale Buscaino, to support its position. Mr. Buscaino stated:

> The '638 patent's disclosure of a "connector" (see, e.g., '638 patent at 5:15-24) includes the disclosure of a connector with contact pins integrated within molded plastic because that is one of the ways a person of ordinary skill would have understood the term when reading it at the time…It is my opinion that the specification of the '638 patent would have enabled a person to make the inventions claimed in the '443 patent with respect to contact pins integrated within molded plastic at the time it was filed in July 2000.

(Ex. 20 to Mot. at ¶ 19.) In addition, TPL points to the deposition of Sony's expert, Dr. Robert L. Stevenson:

Q. Now, as of the time of the filing of the '638 patent in 2000, if I just said the word MMC card connector to somebody of skill in the art, would they understand card connector to include a card connector that had plastic in it?

A. If you are talking about a card connector in different ways you build card connectors, they would envision a number of different sorts of structures, some of which would be plastic.

(Ex. G to Resp. at 294:3-11.) Based on the foregoing statements from the experts, I find that there is a genuine dispute of material fact regarding whether or not the '638 patent specification sufficiently discloses the molded plastic limitations of the asserted claims such that the asserted claims are entitled to the priority date of the '638 patent. Because resolution of this disputed fact is necessary to determine whether or not the '159 application is prior art to the '443 patent, I find that Sony is not entitled to summary determination of obviousness.

## ORDER

Motion No. 807-038 is hereby DENIED.[1]

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Robert K. Rogers, Jr.
Administrative Law Judge

---

[1] At this time, I take no position regarding TPL's assertion that Sony's obviousness arguments are waived because they were not raised in Sony's response to TPL's contention interrogatory concerning obviousness. Any obviousness contentions not expressly included in a party's contention interrogatory response will generally not be permitted at the hearing. *See e.g. Certain Integrated Circuits, Chipsets, & Products Containing Same Including Televisions*, Inv. No. 337-TA-786, Order No. 21 (Mar. 7, 2012) (precluding an infringement argument based on the complainant's failure to include the argument in its contention interrogatory response).

CERTAIN DIGITIGAL PHOTO FRAMES                                Inv. No. 337-TA-807
AND IMAGE DISPLAY DEVICES AND
COMPONENTS THEREOF

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** was served upon the following parties via first class mail delivery on August 2, 2012

Lisa R. Barton, Acting Secretary
U.S. International Trade Commission
500 E Street SW, Room 112A
Washington, D.C. 20436

**FOR COMPLAINANT TECHNOLOGY PROPERTIES LIMITED, LLC:**

| | |
|---|---|
| James C. Otteson, Esq. | ( ) Via Hand Delivery |
| **AGILITY IP LAW, LLC** | ( ) Via Overnight Mail |
| 149 Commonwealth Drive, Suite 1033 | (X) Via First Class Mail |
| Menlo Park, CA 94025 | ( ) Other: _____ |

**FOR RESPONDENTS SONY CORPORATION & SONY CORPORATION OF AMERICA:**

| | |
|---|---|
| Marcia H. Sundeen, Esq. | ( ) Via Hand Delivery |
| **KENYON & KENYON LLP** | ( ) Via Overnight Mail |
| 1500 K Street, N.W. | (X) Via First Class Mail |
| Washington, DC 20005 | ( ) Other: _____ |

**FOR RESPONDENT TRANSCEND INFORMATION, INC.:**

| | |
|---|---|
| Eric C. Rusnak, Esq. | ( ) Via Hand Delivery |
| **K&L GATES LLP** | ( ) Via Overnight Mail |
| 1601 K Street, N.W. | (X) Via First Class Mail |
| Washington, DC 20006-1600 | ( ) Other: _____ |

**RESPONDENT:**

| | |
|---|---|
| Dean Finegan | ( ) Via Hand Delivery |
| **PANDIGITAL, INC.** | ( ) Via Overnight Mail |
| 6375 Clark Avenue | (X) Via First Class Mail |
| Suite 100 | ( ) Other: _____ |
| Dublin, CA 94568 | |

**CERTAIN DIGITIAL PHOTO FRAMES**                 Inv. No. 337-TA-807
**AND IMAGE DISPLAY DEVICES AND**
**COMPONENTS THEREOF**

## PUBLIC CERTIFICATE OF SERVICE PAGE 2

### PUBLIC MAILING LIST

| | |
|---|---|
| Heather Hall<br>**LEXIS – NEXIS**<br>9443 Springboro Pike<br>Miamisburg, OH 45342 | ( ) Via Hand Delivery<br>( ) Via Overnight Mail<br>(✓) Via First Class Mail<br>( ) Other: _____ |
| Kenneth Clair<br>**THOMAS WEST**<br>1100 Thirteenth Street NW, Suite 200<br>Washington, DC 20005 | ( ) Via Hand Delivery<br>( ) Via Overnight Mail<br>(✓) Via First Class Mail<br>( ) Other: _____ |