# EXHIBIT U

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03640-CW |
| Plaintiffs, | Hon. Judge Claudia Wilken |
| vs. | |
| CANON, INC., et al., | |
| Defendants. | |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM Portfolio LLC, | |
| Plaintiffs, | Case Number: C 14-03641-CW |
| vs. | Hon. Judge Claudia Wilken |
| FALCON COMPUTER SYSTEMS, INC., | |
| Defendant(s). | |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03643-CW |
| Plaintiffs, | Hon. Judge Claudia Wilken |
| vs. | |
| HEWLETT-PACKARD COMPANY, | |
| Defendant. | |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03645-CW |
| Plaintiffs, | Hon. Judge Claudia Wilken |
| vs. | |

Page **1** of **7**

C 14-03640-CW, C 14-03641-CW, C 14-03643-CW
C 14-03645-CW, C 14-03646-CW

DECLARATION OF DALE E. BUSCAINO IN SUPPORT
OF TPL'S AND MCM'S REPLY CLAIM CONSTRUCTION BRIEF

| | |
|---|---|
| NEWEGG INC., et al., | ) |
| Defendants. | ) |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | ) ) Case Number: C 14-03646-CW |
| Plaintiffs, | ) Hon. Judge Claudia Wilken |
| vs. | ) |
| SEIKO EPSON CORPORATION, et al., | ) |
| Defendants. | ) |

**DECLARATION OF DALE E. BUSCAINO**
**IN SUPPORT OF TPL'S AND MCM'S REPLY CLAIM CONSTRUCTION BRIEF**

I, Dale Buscaino, declare as follows:

1. In forming my opinions, I rely on my knowledge and experience noted in my August 2, 2012 Declaration in Support of TPL's Response to Respondents' Opening Claim Construction Brief, which I understand is attached as Exhibit O to Plaintiffs' Opening Brief on Claim Construction in this case, and my January 29, 2015 Declaration in Support of TPL's and MCM's Opening Claim Construction Brief, which I understand is attached as Exhibit P to Plaintiffs' Opening Brief on Claim Construction in this case.

I. **MATERIALS REVIEWED**

2. In forming my opinions contained in this Declaration, I have reviewed U.S. Patent Nos. 7,295,443 ("the '443 patent"), 7,522,424 ("the '424 patent") and 7,719,847 ("the '847 patent") and the file histories for these patents, including the '443 Patent Office Action of November 2, 2006 and Reply to Office Action of November 2, 2006. I have also reviewed the Hung-Ju reference (U.S. Patent No. 6,402,558) cited therein.

3. I have also reviewed Defendants' Brief on Clam Construction in this case, including Defendants' arguments in section 1 on "mapping" / "to map" ('443 patent, claims 1, 9) and section 2 on "means for mapping" ('424 patent, claims 25, 28; '847 patent, claim 1).

## II. LEGAL STANDARDS

4. I have been informed by Plaintiffs' counsel of the legal standards set forth in my January 29, 2015 Declaration. In rendering my opinion, I have applied these legal standards.

## II. PERSON OF ORDINARY SKILL IN THE ART

5. As explained in my August 2, 2012 Declaration and January 29, 2015 Declaration, the time of the inventions, I was at least one of ordinary skill in the art.

## III. OPINIONS

6. I understand that Defendants argue in their Brief on Clam Construction in this case that I failed to consider and confront the file history for the '443 patent and the Hung-Ju reference (U.S. Patent No. 6,402,558) cited therein in my August 2, 2012 Declaration

7. Prior to signing and submitting my August 2, 2012 Declaration, I had in fact reviewed and considered the '443 patent file history and Hung-Ju in forming my opinions contained in my August 2, 2012 Declaration. However, I did not reference the '443 patent file history or Hung-Ju because my declaration dealt with two different patents, the '424 and '847 patents.

8. In light of Defendants' arguments in Defendants' Brief on Clam Construction in this case on the "mapping," "to map," and "means for mapping" terms, I re-reviewed my August 2, 2012 Declaration in Support of TPL's Response to Respondents' Opening Claim Construction

Brief, which I understand is attached as Exhibit O to Plaintiffs' Opening Brief on Claim Construction in this case. I also re-reviewed the file history for the '443 patent, including the Office Action of November 2, 2006 and Reply to Office Action of November 2, 2006, and the Hung-Ju reference (U.S. Patent No. 6,402,558) cited therein.

9. Nothing in the '443 patent file history or Hung-Ju changes or alters in any way my opinions set forth in my August 2, 2012 Declaration. I stand by these opinions.

10. I understand that Plaintiffs' proposed construction for "mapping" is "logically assigning." I understand that Plaintiffs' proposed construction for "to map" is "to logically assign." I agree with Plaintiff's proposed constructions.

11. I understand that Defendants' proposed construction for "mapping" in claim 1 of the '847 patent and claims 25 and 28 of the '424 patent is "varying the assignment of." I understand that Defendants' proposed construction for "to map" in claims 1 and 9 of the '443 patent is "to vary the assignment of." I disagree with these proposed constructions.

12. I understand that Defendants propose a caveat for claims 1 and 9 of the '443 patent that "the mere use of additional signal lines in some circumstances but not others, based upon fixed assignments, does not constitute mapping." I disagree with this caveat.

13. As one of ordinary skill in the art, I disagree with Defendants' arguments that "mapping" / "to map," as claimed, refers to anything other than "logically assigning" / "to logically assign."

14. As one of ordinary skill in the art, I understand, based on the specifications of the '424, '443, and '847 patents, that "mapping" / "to map" refers to "logically assigning" / "to logically assign."

15. As one of ordinary skill in the art, nothing in the '443 patent file history, including the Office Action of November 2, 2006 and Reply to Office Action of November 2, 2006, or Hung-Ju leads me to believe that "mapping" / "to map," as claimed, refers to anything other than "logically assigning" / "to logically assign."

16. Similarly, as one of ordinary skill in the art, based on the entirety of the '443, '424, and '847 patents, the file histories for these patents, and Hung-Ju, I understand that "mapping" / "to map," as claimed, refers to "logically assigning" / "to logically assign."

17. As one of ordinary skill in the art, nothing in the '443, '424, or '847 patents, the file histories for these patents, including the '443 File History Office Action of November 2, 2006 and Reply to Office Action of November 2, 2006, or Hung-Ju leads me to believe that "the mere use of additional signal lines in some circumstances but not others, based upon fixed assignments" does not constitute "mapping" / "to map," as claimed.

18. Similarly, as one of ordinary skill in the art, nothing in the '443, '424, or '847 patents, the file histories for these patents, including the '443 File History Office Action of November 2, 2006 and Reply to Office Action of November 2, 2006, or Hung-Ju leads me to believe that "mapping" / "to map," as claimed, refers to "varying the assignment of" / "to vary the assignment of."

19. Rather, the '443 File History, particularly the Reply to Office Action of November 2, 2006, indicates to me, one of ordinary skill in the art, that "mapping" / "to map," as claimed, is the same "mapping" disclosed in the specifications of the '443, '424, and '847 patents, including Figure 4.

20. As shown below, in the same part of the file history referenced in Defendants' Brief on Clam Construction, the applicant twice expressly indicated that "mapping" / "to map," as claimed and added during prosecution, was consistent with the specification's disclosure of "mapping" / "to map," as disclosed in Figure 4 (annotated below).

> The Examiner states in the Office Action that Hung-Ju discloses a system comprising a controller chip operable to differentiate a pin configuration based on an inserted memory media card. Applicant respectfully disagrees. Rather, Applicant asserts that there is no suggestion or teaching in Hung-Ju of *a controller chip to "<u>map at least a subset of the at least one set of contact pins to a set of signal lines or power lines</u>" based on an identified type of a memory media card (Figure 4 of Applicant's disclosure)*, as recited in applicant's independent claims 1, and 12.

Reply to Office Action of November 2, 2006 at 6

> Thus, different types of media cards are inserted into the memory card adaptor with different orientations (e.g., facing up or down) depending on where the set of contact pins used for a particular type of memory card is <u>*physically*</u> located in the memory card adaptor. Hung-Ju does not suggest, motivate, or teach *a controller chip to "<u>map at least a subset of the at least one set of contact pins to a set of signal lines or power lines</u>" based on an identified type of a memory media card (claim 1, FIG 4 of Applicant's disclosure)*, as recited in the limitation of Applicant's independent claims 1 and 12. Thus, Hung-Ju is insufficient to anticipate Applicant's independent claims at least for the above stated reason.

Reply to Office Action of November 2, 2006 at 7-8.

21. Thus, one of ordinary skill in the art would read this part of the file history and understand that "mapping" / "to map," as claimed, is the same "mapping" disclosed in the specifications of the '443, '424, and '847 patents, including Figure 4.

I declare that the foregoing is true and correct to the best of my knowledge and belief and that it is a true and accurate copy of my Declaration.

DATED: May 21, 2015

_____
Dale E. Buscaino

Page 7 of 7

C 14-03640-CW, C 14-03641-CW, C 14-03643-CW
C 14-03645-CW, C 14-03646-CW

DECLARATION OF DALE E. BUSCAINO IN SUPPORT
OF TPL'S AND MCM'S REPLY CLAIM CONSTRUCTION BRIEF