# EXHIBIT V

PUBLIC VERSION

# UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME** | Inv. No. 337-TA-841 |

## INITIAL DETERMINATION ON VIOLATION OF SECTION 337 AND RECOMMENDED DETERMINATION ON REMEDY AND BOND

Administrative Law Judge Theodore R. Essex

(August 2, 2013)

**Appearances:**

*For the Complainant Technology Properties Limited LLC:*

Anthony G. Simon, Esq.; Benjamin R. Askew, Esq.; Michael P. Kella, Esq.; and Stephanie H. To, Esq. of the Simon Law Firm, P.C. of St. Louis, Missouri

*For Respondent Hewlett-Packard Co.:*

Marcia H. Sundeen, Esq.; T. Cy Walker, Esq.; and Aimee N. Soucie, Esq. of Kenyon & Kenyon LLP of Washington, D.C.

Rose Cordero Prey, Esq. and Bradley D. Roush, Esq. of Kenyon & Kenyon LLP of New York, New York

*For Respondent Seiko Epson Corporation:*

Louis S. Mastriani, Esq. and Sarah E. Hamblin, Esq. of Adduci, Mastriani & Schaumberg, LLP of Washington, D.C.

William E. Devitt, P.C.,; Matthew J. Hertko, Esq.; Scott S. Evans, Esq.; Adam M. Kaufmann, Esq. of Kirkland & Ellis LLP of Chicago, Illinois

Edward C. Donovan, Esq. and D. Sean Trainor, Esq. of Kirkland & Ellis LLP of Washington, D.C.

*For Respondent Kingston Technology Company, Inc.:*

David M. Hoffman, Esq. of Fish & Richardson, P.C. of Austin, Texas

Christine Yang, Esq. and Victoria Hao, Esq. of Law Offices of S.J. Christine Yang of Fountain Valley, California

*For Respondent HiTi Digital, Inc.:*

Darrin A. Auito, Esq. of Westereman, Hattori, Daniels & Adrian, LLP of Washington, D.C. Jenny W. Chen, Esq. of Chen IP Law Group of Taipei, Taiwan

Vinay V. Joshi of Eastwind Consultants Company Limited of Cleveland, Ohio

*For Respondent Canon Inc.:*

Calvin P. Griffith, Esq., David M. Maiorana, Esq.; David B. Cochran, Esq.; and Tracy A. Stitt, Esq. of Jones Day of Cleveland, Ohio

Ric Macciaroli, Esq. of Jones Day of Washington, D.C.

*For Respondents Newegg Inc. and Rosewill Inc.:*

Kent E. Baldauf, Jr., Esq.; Bryan P. Clark, Esq.; and Ryan J. Miller, Esq. of The Webb Law Firm of Pittsburgh, Pennsylvania

*For Respondent Acer Inc.:*

Eric C. Rusnak, Esq. and Harold Davis, Esq. of K&L Gates LLP of Washington, D.C.

,

**PUBLIC VERSION**

Pursuant to the Notice of Investigation, 77 Fed. Reg. 26041 (May 2, 2012), this is the Initial Determination of the in the matter of *Certain Computers, Computer Peripheral Devices, and Components Thereof, and Products Containing the Same*, United States International Trade Commission Investigation No. 337-TA-841. *See* 19 C.F.R. § 210.42(a).

It is held that no violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, has occurred in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain computers and computer peripheral devices and components thereof and products containing the same that infringe one or more of claims 7, 11, 19, and 21 of U.S. Patent No. 7,162,549; claims 1, 3, 4, 7, 9, 11, 12, and 14 of the U.S. Patent No. 7,295,443; claims 25, 26, 28, and 39 of U.S. Patent No. 7,522,424; claims 17-19 of the U.S. Patent No. 6,976,623; and claims 1-3 of U.S. Patent No. 7,719,847.

It is held that a violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, has occurred in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain computers and computer peripheral devices and components thereof and products containing the same that infringe one or more of claims 1-4 and 9-12 of U.S. Patent No. 6,976,623.

testimony of Mr. McAlexander that Respondents offer (RIB at 63) on this point is incomprehensible. It seems to use logical path and physical path the same way:

> And so you have separate, distinct, identifiable, separated isolated structures, in this case at least one set of contact pins on one side and a set of signal lines or power lines on the other. And "to map" means to interconnect, to create a map between these two sets of disparate or different sets of structures, such as the contact pins and the power lines. So "to map" is to create the path. It's to identify the path. Now, that path can be physical, it can be logical. But there has to be a connectivity, has to be a path that's established. And that's what mapping is.

(Tr. 1471:18-1427:7.)

What does make sense to the ALJ is making a logical connection between physical points and some other data. For example, a logical connection can be made between a fixed electrical path and the identity of the signal that travels along that path. This is what is shown in Figures 4 and 5 of the patent. Thus, as those figures demonstrate, if an xD card is inserted, the controller knows that signal on contact pin 10 is the D0 signal and can map or logically associate the identity of that signal to that contact pin.

The ALJ finds, however, that this logical pathway leads to a point that TPL conceded: there cannot be fixed logical assignments of signals. (Order No. 23 at 29.) And on this point, Respondents raise an excellent and coherent argument: that the accused products cannot infringe because the logical assignments for the various contact pins is never mapped and is fixed. (RIB at 72-79.) The ALJ agrees.

Respondents argue that SD and MMC cards have compatible pin configurations, and the SD Specifications were drafted such that a single set of contact pins can accept both card types without the need to perform the "mapping" required for incompatible pin configurations. (RIB at 72.) Respondents assert that the ability of a card reader to distinguish between SD cards and MMC cards █████████████████████████████

44

| | |
|---|---|
| CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME | Inv. No. 337-TA-841 |

### PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **INITIAL DETERMINATION** has been served upon the following parties as indicated on **August 21, 2013**.

Lisa R. Barton, Acting Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC 20436

**On Behalf of Complainant Technology Properties Limited LLC:**

Anthony G. Simon, Esq.
**THE SIMON LAW FIRM PC**
800 Market St., Ste. 1700
St. Louis, MO 63101

( ) Via Hand Delivery
(✓) Via Express Delivery
( ) Via First Class Mail
( ) Other:_____

**On Behalf of Respondent Hewlett-Packard Company:**

Marcia H. Sundeen, Esq.
**KENYON & KENYON LLP**
1500 K Street, NW
Washington, DC 20005

( ) Via Hand Delivery
(✓) Via Express Delivery
( ) Via First Class Mail
( ) Other:_____

**On Behalf of Respondent HiTi Digital Inc.:**

Jenny W. Chen, Esq.
c/o Darrin A. Auito, Esq.
**WESTERMAN HATTORI DANIELS & ADRIAN LLP**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036

( ) Via Hand Delivery
(✓) Via Express Delivery
( ) Via First Class Mail
( ) Other:_____

**On Behalf of Respondent Acer Inc.:**

Eric C. Rusnak, Esq.
**K&L GATES LLP**
1601 K Street, NW
Washington, DC 20006-1600

( ) Via Hand Delivery
(✓) Via Express Delivery
( ) Via First Class Mail
( ) Other:_____

| | |
|---|---|
| **CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME** | Inv. No. 337-TA-841 |

Certificate of Service – Page 2

**On Behalf of Respondent Brother Industries Ltd.:**

Joseph M. Potenza, Esq.  
**BANNER & WITCOFF LTD**  
1100 13th Street, NW, Suite 1200  
Washington, DC   20005

( ) Via Hand Delivery  
(✓) Via Express Delivery  
( ) Via First Class Mail  
( ) Other:_____

**On Behalf of Respondent Seiko Epson Corporation:**

Louis S. Mastriani, Esq.  
**ADDUCI, MASTRIANI & SCHAUMBERG LLP**  
1133 Connecticut Avenue, NW, 12th Floor  
Washington, DC   20036

( ) Via Hand Delivery  
(✓) Via Express Delivery  
( ) Via First Class Mail  
( ) Other:_____

**On Behalf of Respondent Canon Inc.:**

David M. Maiorana, Esq.  
**JONES DAY**  
901 Lakeside Avenue  
Cleveland, OH   44114

( ) Via Hand Delivery  
(✓) Via Express Delivery  
( ) Via First Class Mail  
( ) Other:_____

**On Behalf of Respondent Kingston Technology Company, Inc.:**

Christine Yang, Esq.  
**LAW OFFICES OF S.J. CHRISTINE YANG**  
17220 Newhope Street, Suites 101-103  
Fountain Valley, CA   92708

( ) Via Hand Delivery  
(✓) Via Express Delivery  
( ) Via First Class Mail  
( ) Other:_____

**On Behalf of Respondents Newegg Inc. and Rosewill Inc.:**

Kent E. Baldauf, Esq.  
**THE WEBB LAW FIRM**  
420 Ft. Duquesne Boulevard, Suite 1200  
Pittsburgh, PA   15222

( ) Via Hand Delivery  
(✓) Via Express Delivery  
( ) Via First Class Mail  
( ) Other:_____

**On Behalf of Respondent Dane Memory, S.A. (a/k/a Dane-Elec Memory):**

Jeffrey G. Jacobs, Esq.  
**THE LAW OFFICE OF JEFFREY G. JACOBS PC**  
15770 Laguna Canyon Road, Suite 100  
Irvine, CA   92618

( ) Via Hand Delivery  
(✓) Via Express Delivery  
( ) Via First Class Mail  
( ) Other:_____

CERTAIN COMPUTERS AND COMPUTER PERIPHERAL DEVICES AND COMPONENTS THEREOF AND PRODUCTS CONTAINING THE SAME

Inv. No. 337-TA-841

Certificate of Service – Page 3

**Public**:

Lori Hofer, Library Services
**LEXIS-NEXIS**
9473 Springboro Pike
Miamisburg, OH   45342

( ) Via Hand Delivery
( ) Via Express Delivery
(✓) Via First Class Mail
( ) Other:_____

Kenneth Clair
**THOMSON WEST**
1100 13th Street, NW, Suite 200
Washington, DC   20005

( ) Via Hand Delivery
( ) Via Express Delivery
(✓) Via First Class Mail
( ) Other:_____