# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BARNES & NOBLE, INC., <br><br> Defendant. | Case No. 3:12-cv-03863-VC <br><br> **REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **(Re: Docket No. 48)** |

Talk up anyone in the patent litigation business, and she will almost certainly agree: the International Trade Commission is as important a forum for resolving patent matters as any federal district court. And for good reason. Just like district courts the ITC may determine the infringement of United States patent rights. There are, however, several key differences. For one thing, an ITC infringement determination can only give rise to an order of exclusion from the United States—not damages. This case highlights another key difference. Unlike with an earlier district court judgment, Congress has mandated that an earlier ITC determination "cannot have preclusive effect" in a later district court case under the doctrines of claim and issue preclusion.

Acknowledging that issue and claim preclusion cannot apply, Defendant Barnes & Noble, Inc. nevertheless seeks to dismiss Plaintiffs' third cause of action for patent infringement in light of

1
Case No. 3:12-cv-03863-VC
REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

an earlier ITC determination that its products do not infringe. For this relief B&N relies on the long-dormant preclusion principle known as the *Kessler* doctrine. In *Kessler v. Eldred*, the 1907 Supreme Court held that an earlier judgment of non-infringement by a "court of competent jurisdiction" precludes a later claim in district court even where the first finding would not be the basis for res judicata or collateral estoppel.[1] Despite its relative silence on the issue for decades, in 2014, the Federal Circuit affirmed that *Kessler* remains the law of the land.[2] But no court has considered whether the *Kessler* doctrine bars a later district court claim based on an earlier determination by the ITC.

Presented with this issue of first impression, the undersigned finds that, no matter its renewed lease on life, the *Kessler* doctrine does not apply to the ITC's earlier finding that B&N does not infringe the patent in question. The court therefore RECOMMENDS that B&N's motion for judgment on the pleadings be DENIED.

## I.

In *Kessler*, the owner of a patent for an electric cigar lighter sued a competing seller of lighters for patent infringement in a first district court.[3] The court found Kessler did not infringe Eldred's patent, and the Seventh Circuit affirmed.[4] Eldred then sued Kessler's customer in a second district court for infringing the same patent by selling the same Kessler lighters.[5] Kessler responded by indemnifying his customer and suing Eldred in a third district court to enjoin Eldred

---

[1] *See Kessler v. Eldred*, 205 U.S. 285, 289 (1907).

[2] *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014).

[3] *See Kessler*, 206 U.S. at 285.

[4] *See id.* at 286.

[5] *See id.*

from suing his customers.[6] Based on the earlier judgment in the first district court, the third district court enjoined Eldred from his proceeding in the second district court, as requested. Both the Seventh Circuit and the Supreme Court affirmed.[7]

The Supreme Court noted that claim and issue preclusion did not apply, because there was no mutuality of parties, and new acts of potential infringement may have occurred after the final judgment in the first case.[8] But it nevertheless held that the first suit between Eldred and Kessler fully settled Kessler's right "to manufacture, use, and sell the electric cigar lighter."[9] A prior judgment of non-infringement in a "court of competent jurisdiction … is entitled to respect," and "whether it proceeds upon good reasons or upon bad reasons, whether it was right or wrong, settle[s] finally and everywhere" the claim of infringement.[10] The Court emphasized that a patentee should not be able to harass another party by repeatedly filing infringement suits after receiving a final judgment of non-infringement.[11] More recently, in *Brain Life v. Elekta*, the Federal Circuit explained that "[t]he *Kessler* Doctrine fills the gap between these preclusion

---

[6] *See id.*

[7] *See id.* at 286, 289.

[8] *See, e.g., Brain Life*, 746 F.3d at 1056 ("[T]raditional notions of claim preclusion do not apply when a patentee accuses new acts of infringement, i.e., post-final judgment, in a second suit—even where the products are the same in both suits. Such claims are barred under general preclusion principles only to the extent they can be barred by issue preclusion, with its attendant limitations. The *Kessler* Doctrine fills the gap between these preclusion doctrines, however, allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify the result.").

[9] *Kessler*, 206 U.S. at 287.

[10] *Id.* at 288.

[11] *See id.* at 290; *Brain Life, LLC*, 746 F.3d at 1055-56.

3
Case No. 3:12-cv-03863-VC
REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

doctrines, allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result."[12]

While *Kessler* issued in 1907, the ITC did not come into existence until 1916, when it was known as the United States Tariff Commission. Under Section 337 of the Tariff Act of 1930, the Commission may investigate allegations of various unfair practices in import trade. In further extending the ITC's powers with the Trade Reform Act of 1974, Congress found that the ITC "considers, for its own purposes under section 337, the status of imports with respect to the claims of U.S. patents" and that its "findings neither purport to be, nor can they be, regarding as binding interpretations of the U.S. patent laws in particular factual contexts."[13] Congress accordingly stressed that "it seems clear that any disposition of a Commission action by a Federal Court should not have a res judicata or collateral estoppel effect in cases before such courts."[14]

To that end, the Federal Circuit has held that "the ITC's prior decision cannot have claim preclusive effect in the district court."[15] Even as it recognized that like a district court judgment, an ITC decision "potentially may be given preclusive effect when . . . the agency acted in a judicial capacity," the court nevertheless observed that "where a plaintiff was precluded from recovering damages in the initial action by formal jurisdictional or statutory barriers, not by plaintiff's choice, a subsequent action for damages will not normally be barred by res judicata even where it arises

---

[12] 746 F.3d at 1056 (emphasis in original).

[13] S. Rep. No. 1298, 93d Cong., 2d Sess. 196 (1974) U.S. Code Cong. & Admin. News 1974, p. 7186.

[14] *Id.*

[15] *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563-64 (Fed. Cir. 1996); *Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1568 at n.9, 1570 (Fed. Cir. 1996) (holding that though the Federal Circuit had previously affirmed the ITC's finding of infringement, there was no preclusive effect, and the district court jury's verdict of non-infringement on the same claims should be upheld. "Our analysis here is limited to the doctrine of issue preclusion.").

4
Case No. 3:12-cv-03863-VC
REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

from the same factual circumstances as the initial action."[16] The court similarly noted that "[t]he legislative history of the Trade Reform Act of 1974 supports the view that ITC decisions with respect to patent issue should have no claim preclusive effect in later district court litigation."[17]

Plaintiffs are the owners of United States Patent Nos. 5,440,749 and 5,530,890 and 5,809,336. On July 24, 2012, Plaintiffs filed this action against B&N, alleging infringement of all three patents. Plaintiffs' third cause of action alleges that B&N's Nook electronic reader infringes the '336 patent because it has a "USB input/output interface for connecting the accused device to a peripheral device . . . having a clock independent of the CPU clock (*e.g.* ring oscillator) connected to the central processing unit on the microprocessor."[18] That same day, Plaintiffs filed a complaint with the ITC.[19] There Plaintiffs alleged that B&N, and others, engaged in unfair trade practices by importing goods (including the Nook) that infringed the '336 patent in violation of 19 U.S.C. § 1337.[20] Soon thereafter the parties jointly requested a stay of the entire district court action pending resolution of the ITC action, which the court granted.[21]

---

[16] *Id.* at 1563 (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[17] At the same time, Federal Circuit decisions on ITC judgments are binding as a matter of stare decisis. *See, e.g., Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1303-04, 1308 (Fed. Cir. 2011).

[18] *See* Docket No. 1 ¶ 30.

[19] *See* Docket No. 50 at 1-2.

[20] *See id.*

[21] *See* Docket No. 12. Absent Plaintiffs' assent to a stay of the entire case, the court was only required to stay the cause of action on the '336 patent. *See* 28 U.S.C. § 1659(a) ("[A]t the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission.").

5
Case No. 3:12-cv-03863-VC
REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

In an initial determination, Administrative Law Judge James Gildea found no violation of Section 337 and in particular no infringement of the '336 patent.[22] The Commission subsequently affirmed.[23] Plaintiffs did not appeal the ITC's decision to the Federal Circuit, rendering the Commission's judgment final.[24]

With the ITC case resolved, the court lifted the stay and set a case management conference.[25] In light of the ITC's determination and the Supreme Court's holding in *Kessler,* B&N now requests that the court grant it judgment on the pleadings to dismiss Plaintiffs' third cause of action directed to B&N's alleged infringement of the '336 patent.[26]

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The presiding judge referred this case to the undersigned for all pretrial management.[27]

---

[22] *In the Matter of Certain Wireless Consumer Electronics and Components Thereof*, Inv. No. 337-TA-853, Docket No. 517759 at iv (Bloomberg); *see also* Docket No. 36. In a parallel suit before the undersigned against a separate defendant, a jury returned a verdict that the '336 patent had been infringed. *See HTC v. TPL, et al.*, Case No. 5:08-cv-0882-PSG (N.D. Cal. Jan. 21, 2014), Docket No. 707 at 8, 9. While an appeal was pending before the Federal Circuit, the parties settled. *See* Docket No. 50 at 3.

[23] *In the Matter of Certain Wireless Consumer Electronics and Components Thereof*, Inv. No. 337-TA-853, Docket No. 530229-3 at 1 (Bloomberg).

[24] *See* Docket No. 50 at 3; *see, e.g.*, *McLellan v. Perry*, Case No. 3:12-cv-00391-MMD, 2014 WL 1309291, at *5 (D. Nev. Mar. 27, 2014) ("McLellan's contention that the unreviewed determination of the Hearing Officer cannot have a preclusive effect is contrary to established law. . . . [T]he claim was litigated at the agency and became final when McLellan chose not to appeal to the state district court."); *cf. Function Media, L.L.C. v. Kappos*, 508 F. App'x 953, 956 (Fed. Cir. 2013) ("Google's failure to appeal the determined validity of those claims removed them from any subsequent actions."); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 400-01 (1981).

[25] *See* Docket No. 20.

[26] *See* Docket No. 48 at 1.

[27] *See* Docket No. 41 at 1.

6
Case No. 3:12-cv-03863-VC
REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[28] A motion under Rule 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b).[29] And so when presented with a Rule 12(c) motion, "[t]he Court inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'"[30] "When considering a motion for judgment on the pleadings, this court may consider facts that are contained in materials of which the court may take judicial notice."[31] Even before taking judicial notice as permitted by rule and precedent, the court is persuaded that the *Kessler* doctrine does not preclude Plaintiffs' '336 infringement claim.

## III.

*Kessler* holds that "[i]f rights between litigants are once established by the final judgment of a court of competent jurisdiction those rights must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound by it."[32] In light of Congress' explicit findings that ITC determinations are not entitled to respect such that later claims are barred, B&N fails to meet this fundamental requirement.

***First,*** as noted above, the Federal Circuit has consistently held that ITC findings have no preclusive effect on district courts. For example, in *Bio-Technology Gen Corp. v. Genentech, Inc.*, the court held that "in view of the jurisdictional limitations on the relief available in the ITC . . . the

---

[28] *Lyon v. Chase Bank USA, NA*, 656 F.3d 877, 883 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

[29] *Id.* (quoting *Dworkin*, 867 F.2d at 1192).

[30] *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

[31] *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotation marks omitted).

[32] *Kessler*, 206 U.S. at 289.

ITC's prior decision cannot have preclusive effect in the district court."[33]  Similarly, in *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, the court observed that "an administrative agency decision, issued pursuant to a statute, cannot have preclusive effect when Congress, either expressly or impliedly, indicated that it intended otherwise."[34]  It then held that "based on [the] legislative history . . . Congress did not intend decisions of the ITC on patent issues to have preclusive effect."[35]

B&N is right that none of these opinions considered *Kessler* specifically.  They refer only to claim and issue preclusion.  But *Kessler* was binding precedent as much then as now, and nothing in the Federal Circuit's unequivocal language suggests a different outcome where *Kessler* is explicitly raised.  And in at least one case, *Powertech Tech. Inc. v. Tessera, Inc.*, in which an ITC non-infringement determination was found binding as stare decisis after affirmance by the Federal Circuit, the Circuit could have just as easily held that the ITC decision was binding under *Kessler*.[36]  It did not.

***Second**,* unlike in *Kessler*, as well as *Brain Life*, there is no "gap" to fill here between the claim and issue preclusion doctrines.  In each of those cases, the judgment in the first suit was entered by a court whose judgments can be determinative in later suits so long as traditional

---

[33] 80 F.3d 1553, 1564 (Fed. Cir. 1996) (citing *Texas Instruments, Inc. v. United States Int'l Trade Comm'n*, 851 F.2d 342, 344 (Fed. Cir. 1988) ("[T]his court has stated that the ITC's determinations regarding patent issues should be given no res judicata or collateral estoppel effect.")).

[34] *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d at 1568.

[35] *Id*. at 1569 (citing *Tandon Corp. v. United States Int'l Trade Comm'n*, 831 F.2d 1017, 1019 (Fed. Cir. 1987); *Texas Instruments , Inc. v. United States Int'l Trade Comm'n*, 851 F.2d at 344; *Corning Glass Works v. United States Int'l Trade Comm'n*, 799 F.2d 1559, 1570 n.12 (Fed. Cir. 1986)).

[36] *See* 660 F.3d 1301 (Fed. Cir. 2011).

requirements are satisfied. The same was true in *SpeedTrack, Inc. v. Office Depot, Inc.*,[37] and in *MGA, Inc. v. General Motors Corp.*,[38] the only other published cases cited by B&N. Congress has exempted neither federal nor state court judgments from having preclusive effect. Each of those cases applying *Kessler* treated its doctrine as effectively a form of "defensively applied" claim or issue preclusion.[39] In contrast, when it comes to unappealed ITC determinations, Congress had made its views clear: claim and issue preclusion do not apply at all. It follows that if neither doctrine applies, no gap-filler between those doctrines applies either.

***Third,*** only recently, the Supreme Court has explained at length that courts must defer to Congress' express views on the preclusive effect of agency determinations. In *B&B Hardware v. Hargis Indus*, a trademark opposition before the Trademark Trial and Appeal Board proceeded in parallel with a trademark infringement lawsuit in district court over two marks.[40] Writing for the majority, Justice Alito explained that a final decision by the TTAB could collaterally estop the court on already-decided issues such as the likelihood of confusion between the marks.[41] But most important for the present issue, the Court went to great lengths to emphasize that deference to any agency's finding depends on Congress not having said anything to suggest otherwise. No matter the agency's experience or expertise, the "question is whether there is an 'evident' reason why Congress would not want TTAB decisions to receive preclusive effect, even in those cases in which the ordinary elements of issue preclusion are met."[42] As noted above, unlike with the

---

[37] Case No. 07-cv-3602-PHL, 2014 WL 1813292 (N.D. Cal. May 6, 2014).

[38] 827 F.2d 729 (Fed. Cir. 1987).

[39] *See, e.g.*, *Brain Life*, 746 F.3d at 1057-58.

[40] 135 S. Ct. 1293, 1298-99 (2015).

[41] *See id.* at 1308.

[42] *Id.* at 1305.

9
Case No. 3:12-cv-03863-VC
REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Lanham Act and the TTAB, in passing the Trade Reform Act of 1970, Congress was clear that the ITC could not bind district courts with unappealed findings.

B&N makes much of TPL's decision not to appeal the ITC ruling, suggesting that it sought to avoid being bound by an affirmance under stare decisis. Exactly what motivated Plaintiffs in their decision the undersigned cannot say. It is well-established that a party cannot avoid the binding effect of a judgment by choosing not to appeal it.[43] But B&N ignores the practical reasons why such an appeal would have made little sense in this context. The only relief available to any patent owner in the ITC is injunctive. Even if the Federal Circuit reversed the ITC, it likely would have taken at least 18 months before remand. During remand, exclusion could be prevented by bond during a 60-day Presidential review period.[44] By then, the '336 patent would have expired or been close to expiration. And of course, Plaintiffs could have just as easily won on appeal, given that the dispositive question was one of claim construction that this court resolved in Plaintiffs' favor in a separate action.[45]

A final point. B&N accurately characterizes the *Kessler* doctrine as "a special rule for patents" aimed at preventing harassment in subsequent suits and notes that "res judicata and

---

[43] For example, the Supreme Court has held that a party that makes "a considered choice not to appeal . . . cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong." *Ackermann v. United States*, 340 U.S. 193, 198 (1950); *Moitie*, 452 U.S. at 400-01 (holding that respondents could not become "windfall beneficiaries of an appellate reversal procured by other independent parties" where the respondents "made a calculated choice to forgo their appeals."); *see also, e.g.*, *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1141 (D.C. Cir. 1988) ("[W]here the parties seeking relief have made a 'free, calculated, deliberate' decision not to appeal, Rule 60(b)(6) is simply not available to relieve them of the consequences of that decision, absent extraordinary circumstances."). This simply reflects the general principle that a party's failure to appeal a particular determination bars later relitigation of that issue. *See e.g.*, *Function Media*, 508 F. App'x at 956.

[44] *See* 19 U.S.C. § 1337(j).

[45] *See HTC v. TPL, et al.*, Case No. 5:08-cv-0882-PSG (N.D. Cal. Jan. 21, 2014), Docket No. 707 at 8, 9.

10
Case No. 3:12-cv-03863-VC
REPORT AND RECOMMENDATION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

collateral estoppel are general doctrines that apply to all subject matters, and thus do not take account of [the] particular interest in patent cases."[46] And the Federal Circuit in *Brain Life* has made clear that we are all bound by the *Kessler* doctrine despite its seeming inapplicability in the modern era of non-mutual collateral estoppel.[47] But harassment in litigation is—unfortunately—nothing unique to patent cases, and even if this special patent rule itself remains binding precedent, there seems little or no reason to expand it. Special rules for patent cases have not exactly fared well at the Supreme Court in recent years.[48]

### IV.

The court RECOMMENDS DENYING Barnes & Noble's motion for judgment on the pleadings.

**SO ORDERED.**

Dated: May 31, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[46] Docket No. 48 at 8.

[47] *See Brain Life*, 746 F.3d at 1057-58.

[48] *See, e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, Case No. 13-cv-896, 2015 WL 2456617, at *10 (U.S. May 26, 2015) (rejecting unique rules of scienter for patent cases); *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 833, 837-39 (2015) (finding "no convincing ground for creating an exception" in patent cases to general rules of deference to trial court fact finding); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (holding generally applicable four-factor test for permanent injunctive relief applies to disputes arising under Patent Act).