Gordon M. Fauth, Jr. (SBN: 190280)
gmf@classlitigation.com
LITIGATION LAW GROUP
1801 Clement Ave., Ste. 101
Alameda, CA 94501
Tel: (510) 238-9610
Fax: (510) 337-1431

Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Bryan P. Clark
BClark@webblaw.com
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Tel: (412) 471-8815
Fax: (412) 471-4094

COUNSEL FOR DEFENDANTS NEWEGG INC. AND
ROSEWILL INC.

**ADDITIONAL PARTIES LISTED ON
SIGNATURE PAGE**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al., <br><br>          Plaintiffs, <br><br> vs. <br><br> HEWLETT-PACKARD COMPANY, <br>          Defendant. | Civil Action No. 4:14-cv-03643-CW <br><br> DEFENDANTS' <br> REPLY BRIEF IN SUPPORT OF MOTION <br> FOR JUDGMENT ON THE PLEADINGS <br><br> Date:   June 18, 2015 <br> Time:   2:00 pm <br> Place:  Courtroom 2 – 4th Floor <br> Judge:  Hon. Claudia Wilken |

Case No. 4:14-cv-03645-CW
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>         Plaintiffs,<br><br>vs.<br><br>CANON INC. et al.,<br>         Defendants. | Civil Action No. 14-03640 CW<br><br>DEFENDANTS'<br>REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:    June 18, 2015<br>Time:    2:00 pm<br>Place:   Courtroom 2 – 4th Floor<br>Judge:   Hon. Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>         Plaintiffs,<br><br>vs.<br><br>NEWEGG INC. et al.,<br>         Defendants. | Civil Action No. 14-03645 CW<br><br>DEFENDANTS'<br>REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:    June 18, 2015<br>Time:    2:00 pm<br>Place:   Courtroom 2 – 4th Floor<br>Judge:   Hon. Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br>         Plaintiffs,<br><br>vs.<br><br>SEIKO EPSON CORPORATION, et al.,<br><br>         Defendants. | Civil Action No. 3:14-cv-03646-CW<br><br>DEFENDANTS'<br>REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:    June 18, 2015<br>Time:    2:00 pm<br>Place:   Courtroom 2 – 4th Floor<br>Judge:   Hon. Claudia Wilken |

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................3

THE *KESSLER* DOCTRINE BARS TPL FROM RELITIGATING WHETHER
    DEFENDANTS' PRODUCTS INFRINGE THE PATENTS-IN-SUIT ............................3

    A.    The *Kessler* Doctrine Prevents TPL from Relitigating a Finding of
        Non-Infringement ..................................................................................................3

    B.    Neither Congress Nor the Federal Circuit Has Addressed Whether an
        ITC Judgment of Non-Infringement Is Binding ....................................................5

    C.    TPL Cannot Evade the Binding Effect of an ITC Finding of
        Non-Infringement By Choosing Not to Appeal ......................................................7

CONCLUSION .................................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**                                                                                                              **PAGE(S)**

*Bio-Technology General Corp. v. Genentech, Inc.*,
    80 F.3d 1553, 1564 (Fed. Cir. 1996) ............................................................................................... 5

*Brain Life, LLC v. Elekta Inc.*,
    746 F.3d 1045 (Fed. Cir. 2014) ......................................................................................... 3, 4, 6, 7

*Kessler v. Eldred*,
    206 U.S. 285 (1907) ................................................................................................................ *passim*

*MGA, Inc. v. General Motors Corp.*,
    827 F.2d 729 (Fed. Cir. 1987) ............................................................................................................ 4

*SpeedTrack, Inc. v. Office Depot, Inc.*,
    No. C 07-3602 PJH, 2014 WL 1813292 (N.D. Cal. May 6, 2014) ................................................. 6

*Tandon Corp. v. U.S. Int'l Trade Comm'n*,
    831 F.2d 1017 (Fed. Cir. 1987) ......................................................................................................... 6

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
    90 F.3d 1558 (Fed. Cir. 1996) ............................................................................................................ 5

**STATUTES**

19 U.S.C. § 1337 ........................................................................................................................................ 5

**OTHER AUTHORITIES**

Rule 12(c) .................................................................................................................................................. 8

S. Rep. No. 1298, 93d Cong., 2d Sess. 196 (1974) ................................................................................... 5

## PRELIMINARY STATEMENT

The opposition brief ("Opp.") of Plaintiffs Technology Properties Limited and MCM Portfolio LLC ("TPL" or "Plaintiffs") provides no rationale as to why they should be permitted to relitigate their case against Defendants Hewlett-Packard Company, Canon Inc., Canon U.S.A., Inc., Newegg Inc., Rosewill Inc., Seiko Epson Corporation, and Epson America, Inc. (collectively "Defendants") after a finding by the full International Trade Commission ("ITC") that Defendants' products do not infringe Plaintiffs' patents – a decision that Plaintiffs chose not to appeal. TPL had every chance to prove its case in the ITC, and it failed to prove that Defendants' printers, laptops and desktop computers infringe U.S. Patent Nos. 7,295,443, 7,522,424 and 7,719,847 (the "patents-in-suit"). TPL could have appealed the ITC decision to the Federal Circuit, but chose not to. This Court should not allow TPL to put Defendants through another lengthy, expensive proceeding to re-establish their right to sell the accused products. The language and principles underlying *Kessler v. Eldred*, 206 U.S. 285 (1907), require dismissal of the instant actions.

*Kessler* by its terms applies to any "court of competent jurisdiction" and "wherever the judgment is entitled to respect," *id.* at 289, both of which apply to the ITC decision here. Moreover, there is no dispute that appeals from ITC decisions are binding, and thus, the question is not whether an ITC judgment can be binding – it plainly can if affirmed on appeal – but whether a party can render it non-binding by strategically choosing to forgo an appeal. TPL provides no reason why this case should be an exception to the well-established rule that a party cannot avoid the binding effect of a judgment by choosing not to appeal it.

Rather than confront these points, TPL suggests that the Federal Circuit has already decided the issue. However, as Defendants explain in their opening brief, it has not. TPL fails to address the fact that *none* of the Federal Circuit cases it cites held an ITC judgment of non-infringement to be non-binding, and thus none had any reason to consider the *Kessler* doctrine. Similarly, TPL's suggestion that "Defendants have cited no case to support their argument, because no such case exists [and] [n]o court has ever applied the Kessler doctrine to bar a case, claim, or issue in district court based on an ITC decision," Opp. at 11, is unavailing. It is equally true that

TPL has cited no case in its Opposition Brief that rejected application of the *Kessler* doctrine to an ITC decision (or to the decision of any tribunal). Given the lack of binding precedent on either side, this Court must decide whether the language and reasoning of *Kessler* apply here.

In its Notice of Supplemental Authority, TPL directs this Court's attention to the Report and Recommendation issued recently by Magistrate Judge Grewal in the *TPL v. Barnes & Noble* case.[1] Judge Grewal himself acknowledged that the issue of whether the *Kessler* doctrine bars a later district court claim based on an earlier determination of non-infringement by the ITC is an issue of first impression. This Report and Recommendation has not yet been adopted by the District Court Judge, and Barnes & Noble still has the opportunity to object to Judge Grewal's findings. But in any event, Defendants respectfully submit that Judge Grewal's recommendation would not be a just and plain outcome in the instant action.

One factor that Judge Grewal considered in recommending the denial of Barnes & Noble's motion for judgment on the pleadings is the patent term remaining in the patent-at-issue in that action as a justification for TPL's decision to avoid Federal Circuit review.[2] Unlike the patent-at-issue in the Barnes & Noble case, which is set to expire in a mere three months (in September 2015), the patents-in-suit in the current case do not expire for at least five years (in July 2020). Thus, although Judge Grewal considered the limited patent term as a justification to avoid Federal Circuit Review in the Barnes & Noble case, no such justification exists here. In the instant action, Plaintiffs had ample time and opportunity to appeal the decision of the ITC to the Federal Circuit without suffering any detrimental practical effects, but expressly rejected this path and are now attempting to get a second bite at the apple.

At least to the same degree as a federal court (and arguably to a greater degree than a state court, which the Federal Circuit has found competent to decide non-infringement for purposes of applying *Kessler*), the ITC has jurisdiction and competence to decide the issue of non-infringement, and companies should not have to re-defend their products from the same

---

[1] *Tech. Prop. Ltd. LLC et al. v. Barnes & Noble, Inc.*, No. 12-cv-03863, (N.D. Cal. May 31, 2015), ECF No. 87.

[2] U.S. Patent No. 5,809,336

infringement allegations when a losing ITC complainant fails to appeal to the Federal Circuit. The Supreme Court created the *Kessler* doctrine precisely to prevent the kind of duplicative litigation that TPL is attempting to inflict here with a second action after a judgment of non-infringement.

## ARGUMENT

### THE *KESSLER* DOCTRINE BARS TPL FROM RELITIGATING WHETHER DEFENDANTS' PRODUCTS INFRINGE THE PATENTs-in-suit

#### A. The *Kessler* Doctrine Prevents TPL from Relitigating a Finding of Non-Infringement

The express language of *Kessler* establishes that the *Kessler* doctrine applies here. In *Kessler*, the Supreme Court held that a prior judgment of non-infringement, "whether it proceeds upon good reasons or upon bad reasons, whether it was right or wrong, settle[s] finally and everywhere" the claim of infringement. *Kessler*, 206 U.S. at 288. And the Court stated exactly which tribunals could create a binding judgment of non-infringement: "If rights between litigants are once established by the final judgment of a *court of competent jurisdiction* those rights must be recognized in every way, and *wherever the judgment is entitled to respect*, by those who are bound by it." *Id.* at 289 (emphases added). As discussed in Defendants' motion, the ITC is plainly a "court of competent jurisdiction" and its "judgment is entitled to respect." Defendants' Motion for Judgment on the Pleadings ("Mot.") at 9. TPL does not dispute these points and provides no response at all to this binding language in Kessler.

Furthermore, the principle underlying *Kessler* applies equally to the ITC's decision here as it does to the judgment of any other tribunal. The rationale of the *Kessler* doctrine is that a patentee should not be able to harass another party by forcing it to defend infringement suits after a final judgment of non-infringement. *See* Mot. at 10; *see also Kessler*, 206 U.S. at 290; *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1055-56 (Fed. Cir. 2014). Yet that is exactly what is happening here. TPL brought its claim in the ITC, it lost after a hearing, initial determination and full Commission review because the accused products did not satisfy the "mapping" limitations required by all asserted claims, it chose not to appeal, and it is instead pursuing the same infringement claims in this Court that it already lost in the ITC. The wasteful, costly, and harassing

effect of this attempt to relitigate the judgment of non-infringement is exactly the same as it would be if the first suit were filed in a different federal court rather than in the ITC.  TPL provides no argument to the contrary.

Indeed, the rationale for applying the *Kessler* doctrine here is considerably stronger than in *MGA, Inc. v. General Motors Corp.*, 827 F.2d 729 (Fed. Cir. 1987), where the Federal Circuit applied the doctrine to a state court judgment.  *See* Mot. at 10.  TPL argues that *MGA* is inapposite because it did not involve an ITC decision.  *See* Opp. at 13.  But this difference actually makes it *clearer* that the *Kessler* doctrine applies here.  In *MGA*, the Federal Circuit applied the *Kessler* doctrine because the plaintiff "had its day in court with a full trial on the merits of its case." *Kessler*, 827 F.2d at 735.  The same is true here.  But unlike the state court in *MGA*, which has no specialized expertise and generally no jurisdiction over patent claims, the ITC has considerable expertise and undisputed jurisdiction to determine patent infringement.  Moreover, unlike the state court, an appeal from the ITC goes to the Federal Circuit, the same court that would decide the issue from any federal court.  Simply put, there is no logical reason why a state court determination of non-infringement would be binding, while an ITC judgment of non-infringement would not.

TPL identifies only one distinction between the ITC and other tribunals:  that the ITC cannot award damages.  Opp. at 4, 8, 10 n.6.  However, TPL fails to explain how the ITC's limitation to injunctive relief is relevant to *Kessler*'s analysis that a patentee should not be able to harass another party with multiple suits after a judgment of non-infringement.[3]  Similarly, the form of relief is irrelevant to the Federal Circuit's *Brain Life* analysis that a judgment of non-infringement means that a challenged product "acquires the 'status' of a noninfringing device." *Brain Life*, 746 F.3d at 1057.  TPL does not argue that the limitation to injunctive relief affected

---

[3]TPL notes that the nature of the remedies available does affect entitlement to preclusion under *res judicata*.  Opp. at 5.  That makes sense because *res judicata* would completely bar a second suit, even if the patentee were successful in proving infringement in the ITC, thereby preventing the patentee from receiving damages under any circumstances.  That logic is inapplicable here, however, because the Kessler doctrine bars a second suit only for a finding of non-infringement, so the doctrine would not foreclose damages available in federal court for any successful infringement claim in the ITC.

the infringement arguments it presented to the ITC or the ITC's analysis of those arguments – because it did not. TPL took its best shot, it lost, and it chose not to appeal.

### B. Neither Congress Nor the Federal Circuit Has Addressed Whether an ITC Judgment of Non-Infringement Is Binding

Instead of discussing the applicability of the language or analysis in *Kessler*, TPL relies on the idea that Federal Circuit case law forecloses this motion. Opp. at 5-9. It does not. None of the cases TPL cites considered the *Kessler* doctrine. TPL suggests that this omission is telling, *see* Opp. at 13-14, but as Defendants previously pointed out, there was no reason to consider *Kessler* before because none of these cases involved a finding of non-infringement (aside from one case where an appealed ITC judgment was held *binding* as a matter of *stare decisis*). Mot. at 11 & n.7. Thus, there is no Federal Circuit law that even suggests, let alone holds, that an ITC judgment of non-infringement is not binding.[4] Once again, TPL simply ignores this point.

Respectfully, the argument that Congress has said that ITC decisions should not be binding overstates both the Congressional records and controlling precedent. To begin with, while TPL purports to rely on "Congress" and "statutory" authority, Opp. at 6, what it actually relies upon is a Senate Report.[5] Moreover, that Senate Report – just like the Federal Circuit precedent that cites it – by its terms applies only to the specific doctrines of *res judicata* and collateral estoppel: "[A]ny disposition of a Commission action by a Federal Court should not have a res judicata or collateral estoppel effect in cases before such courts." S. Rep. No. 1298, 93d Cong., 2d Sess. 196 (1974). The basis for this statement was the point that "the Commission is not, of course,

---

[4] While TPL block-quotes extensive passages from Federal Circuit cases saying that ITC decisions do not have preclusive effect, Opp. at 5-9, those passages plainly refer only to claim preclusion and issue preclusion, *i.e.*, *res judicata* and collateral estoppel. *See Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1568 n.9 (Fed. Cir. 1996) ("Our analysis here is limited to the doctrine of issue preclusion."); *Bio-Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1564 (Fed. Cir. 1996) ("The legislative history of the Trade Reform Act of 1974 supports the view that ITC decisions with respect to patent issues should have no *claim preclusive* effect in later district court litigation. … Thus, in view of the jurisdictional limitations on the relief available in the ITC, we hold that the ITC's prior decision cannot have claim preclusive effect in the district court.") (emphasis added).

[5] The statute at issue is 19 U.S.C. § 1337, and it says nothing at all about the preclusive effect of an ITC decision.

empowered under existing law to set aside a patent as being invalid or to render it unenforceable," *id.*, a point that is irrelevant to a finding of non-infringement. The Senate Report focused on preventing the extreme preclusive effect of the ITC invalidating patents or rendering patents unenforceable, rather than the relatively narrow finding that a particular accused product does not infringe a particular patent. The cited statement is therefore inapplicable to the *Kessler* doctrine. Indeed, other language in the Senate Report made clear that "[i]t was the intent of Congress that greater weight and finality be accorded to the Commission's findings as compared with those of a trial court." *Tandon Corp. v. U.S. Int'l Trade Comm'n*, 831 F.2d 1017, 1019 (Fed. Cir. 1987) (*citing* S. Rep. No. 466, 96th Cong., 1st Sess. 26 (1979)). In short, there is nothing in the statute that governs the issue now before this Court, and the Senate Report does not consider the *Kessler* doctrine or findings of non-infringement. Indeed, TPL's theory suggests that Congress had the very specific and peculiar intent to have ITC decisions not be binding except when appealed to the Federal Circuit, at which point they would be binding. Nothing in the statute suggests that Congress intended this result.

Finally, the fact that the Federal Circuit and the Senate Report have determined that *res judicata* and collateral estoppel do not apply cannot dictate whether the *Kessler* doctrine applies.[6] The *Kessler* doctrine was created for the exact purpose of "fill[ing] the gaps" when *res judicata* or collateral estoppel are inapplicable, but the party should still be bound based on the particular interests at stake in preventing unfair harassment with multiple infringement suits. *Brain Life*, 746 F.3d at 1056; *see also SpeedTrack, Inc. v. Office Depot, Inc.*, No. C 07-3602 PJH, 2014 WL 1813292, at *9 (N.D. Cal. May 6, 2014). In any event, whether barred as a matter of common law or by the Senate Report, the unavailability of collateral estoppel fits exactly the point of the *Kessler* doctrine: to recognize preclusion where collateral estoppel does *not* apply, in the limited context of a judgment of non-infringement. Had TPL appealed, *stare decisis* would have "filled the gap" by closing the loophole TPL seeks to exploit. Thus, contrary to TPL's argument that there

---

[6] TPL's reliance on the treatise co-authored by Ms. Sundeen and Mr. Walker (Opp. at 5) is similarly misplaced because, like the Federal Circuit decisions and Senate Report, the treatise contains no discussion of the potential applicability of the *Kessler* doctrine to ITC patent-based determinations; its discussion is limited to the applicability of *res judicata* and collateral estoppel.

is no "gap" to fill here, Opp. at 10, there is a gap and TPL created it by purposefully avoiding a Federal Circuit appeal. Moreover, a gap exists here every bit as much as it did in *Kessler* and *Brain Life* because collateral estoppel is unavailable, despite the fact that there is an adverse judgment involving the same claim that the parties already spent considerable resources litigating before a competent tribunal.

### C. TPL Cannot Evade the Binding Effect of an ITC Finding of Non-Infringement By Choosing Not to Appeal

TPL's arguments fail entirely to address the fact that an ITC decision is binding, as a matter of *stare decisis*, when the Federal Circuit decides an appeal from that decision. Mot. at 8. Thus, contrary to TPL's assertion that the *Kessler* doctrine would "swallow[] the congressionally mandated rule" against preclusion from ITC decisions, Opp. at 13, *Kessler* would apply only to an ITC judgment of non-infringement and *only* where the patentee chose not to appeal – since the ITC's decision is already binding after an appeal. Conversely, the only result of adopting TPL's argument is that it will allow a party to evade an adverse ITC judgment by choosing not to appeal. Yet that result is in direct conflict with the principle that a party should not be able to avoid the binding effect of a judgment by its choice not to appeal.

There is no legal or practical basis to allow a party to evade an ITC judgment of non-infringement by strategically choosing not to appeal, simply to start from scratch in district court. TPL does not dispute or distinguish any of the case law establishing that courts consistently refuse to give a party the benefit of a tactical decision not to appeal, including an appeal from an administrative tribunal that could have gone to an Article III court. Mot. at 13 (citing cases). Instead, TPL's only response seems to be that even if TPL prevailed at the ITC after remand from the Federal Circuit, "the result would have been a hollow victory" because the ITC cannot award monetary damages.[7] *See* Opp. at 3-4. However, the facts here belie this assertion for several

---

[7] Contrary to TPL's contention, Canon's and Epson's joining in the filing of this motion has no bearing on the pending dispute regarding the adequacy of TPL's infringement contentions, nor does it constitute an admission that all accused products are "functionally equivalent for purposes of determining infringement." Opp. at 4. As TPL acknowledges, the final judgment of non-infringement in the ITC was based on the accused products' failure to satisfy the "mapping"

reasons. First, TPL had a strong incentive to appeal because (regardless of the *Kessler* issue) the Federal Circuit's decision would have been binding in this case as a matter of *stare decisis*. Thus, TPL could have gotten the definitive claim construction that instead it seeks to litigate here, which may still reach the Federal Circuit if any of the parties chooses to appeal. Moreover, although TPL speculates that another hearing might have been required in the event of a Federal Circuit reversal on appeal, the parties more likely would simply have submitted additional briefing, given the evidence already in the record. In any event, as the ITC is known for its expeditious handling of investigations, TPL's suggestion of undue delay is unwarranted. The only benefit to TPL in creating this circuitous route to the Federal Circuit is that it drives up litigation costs. Courts routinely disallow such duplicative litigation, which needlessly drains both court and party resources. Second, TPL's assertion that certain products at issue in the ITC have allegedly been discontinued is irrelevant to whether the *Kessler* doctrine precludes TPL's claims in this case based on the same unsuccessful infringement theory.

## CONCLUSION

For the foregoing reasons and the reasons stated in its opening brief, Defendants respectfully request that the Court grant this motion in accordance with Rule 12(c) and enter judgment on the pleadings, dismissing Plaintiffs' pending causes of action with prejudice.

---

(continued…)

limitations required by all asserted claims. Opp. at 3. But "mapping" is not the only limitation required to infringe. TPL's universal approach to infringement wholly ignores differences among the accused products with respect to the additional limitations relating to very specific aspects of a controller and a connector assembly that accepts memory cards. Under the unsuccessful infringement theory for the "mapping" limitations that TPL advanced at the ITC – which is based on the fact that they accept SD and MMC cards in a single slot – all accused products in this action would be included within the scope of the ITC's ruling and thus non-infringing. It does not follow, however, that they are "functionally equivalent" for infringement purposes for all other limitations, nor do they need to be for the *Kessler* doctrine to preclude TPL's claims.

| | |
|---|---|
| Dated: June 4, 2015 | By: /s/ Gordon M. Fauth, Jr._____ |
| | Gordon M. Fauth, Jr. (SBN: 190280) |
| | gmf@classlitigation.com |
| | LITIGATION LAW GROUP |
| | 1801 Clement Ave., Ste. 101 |
| | Alameda, CA 94501 |
| | Tel: (510) 238-9610 |
| | Fax: (510) 337-1431 |
| | |
| | Kent E. Baldauf, Jr. |
| | kbaldaufjr@webblaw.com |
| | Bryan P. Clark |
| | BClark@webblaw.com |
| | THE WEBB LAW FIRM |
| | One Gateway Center |
| | 420 Ft. Duquesne Blvd., Suite 1200 |
| | Pittsburgh, PA 15222 |
| | Tel: (412) 471-8815 |
| | Fax: (412) 471-4094 |
| | |
| | COUNSEL FOR DEFENDANTS NEWEGG INC. AND ROSEWILL INC. |
| | |
| | Marcia H. Sundeen (admitted *Pro Hac Vice*) |
| | GOODWIN PROCTER LLP |
| | 901 New York Avenue, N.W. |
| | Washington, DC 20001 |
| | Telephone: (202) 346-4000 |
| | Facsimile: (202) 346-4444 |
| | Email: msundeen@goodwinprocter.com |
| | |
| | T. Cy Walker (admitted *Pro Hac Vice*) |
| | KENYON & KENYON LLP |
| | 1500 K Street, NW, Suite 700 |
| | Washington, DC 20005 |
| | Telephone: 202-220-4200 |
| | Facsimile: 202-220-4201 |
| | Email: cwalker@kenyon.com |
| | |
| | Megan Whyman Olesek (CA Bar No. 191218) |
| | KENYON & KENYON LLP |
| | 1801 Page Mill Road, Suite 210 |
| | Palo Alto, CA 94304 |
| | Telephone: 650-384-4700 |
| | Facsimile: 650-384-4701 |
| | Email: molesek@kenyon.com |
| | |
| | Rose Cordero Prey (admitted *Pro Hac Vice*) |

|   |   |
|---|---|
| 1 | |
| 2 | KENYON & KENYON LLP |
| 3 | One Broadway<br>New York, NY 10004-1007 |
| 4 | Telephone: 212-425-7200 |
| 5 | Facsimile: 212-425-5288<br>Email: rcordero@kenyon.com |
| 6 | |
| 7 | COUNSEL FOR DEFENDANT<br>HEWLETT-PACKARD COMPANY |

/s/ David M. Maiorana
David M. Maiorana (Ohio Bar No. 0071440)
Email: dmaiorana@jonesday.com
Calvin P. Griffith (Ohio Bar No. 0039484)
Email: cpgriffith@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:   (216) 586-3939
Facsimile:   (216) 579-0212

Tracy A. Stitt (Washington Bar No. 1015680)
Email: tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:   (202) 879-3939
Facsimile:   (202) 626-1700

Jacqueline K. S. Lee (CA Bar No. 247705)
Email: jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:    (650) 739-3939
Facsimile:    (650) 739-3900

ATTORNEYS FOR DEFENDANTS
CANON INC. AND CANON U.S.A., INC.

/s/ William E. Devitt
Kyle T. Barrett (State Bar No. 284595)
kbarrett@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone: (650) 739-3939
Facsimile:  (650) 739-3900

William E. Devitt (Admitted *Pro Hac Vice*)
wdevitt@jonesday.com
Matthew J. Hertko (Admitted *Pro Hac Vice*)
mhertko@jonesday.com
JONES DAY
77 W. Wacker, Suite 3500
Chicago, IL  60601
Telephone: (312) 782-3939
Facsimile:  (312) 782-8585

ATTORNEYS FOR DEFENDANTS
SEIKO EPSON CORPORATION AND
EPSON AMERICA, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all counsel for all parties of record on June 4, 2015 via the Court's CM/ECF system.

<u>/s/ Gordon M. Fauth</u>