*Parties listed on signature page.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CANON, INC., et al., <br><br> Defendants. | Case Number: C 14-03640-CW <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** <br><br> Date:  June 18, 2015 <br> Time:  2:00 pm <br> Courtroom: 2, 4th Floor |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendant. | Case Number: C 14-03643-CW <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** <br><br> Date:  June 18, 2015 <br> Time:  2:00 pm <br> Courtroom: 2, 4th Floor |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> NEWEGG INC., et al., <br><br> Defendants. | Case Number: C 14-03645-CW <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** <br><br> Date:  June 18, 2015 <br> Time:  2:00 pm <br> Courtroom: 2, 4th Floor |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> SEIKO EPSON CORPORATION, et al., <br> Defendants. | Case Number: C 14-03646-CW <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** <br><br> Date:  June 18, 2015 <br> Time:  2:00 pm <br> Courtroom: 2, 4th Floor |

Pursuant to the Court's April 16, 2015 Notice (Doc. 293 in Case No. 4:14-cv-03640-CW) and the Court's November 19, 2014 Minute Order and Case Management Order (Doc. 261 in Case No. 4:14-cv-03640-CW), Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC ("Plaintiffs") and Defendants Canon Inc., Canon U.S.A., Inc., Hewlett-Packard Company, Newegg Inc., Rosewill Inc., Seiko Epson Corporation, and Epson America, Inc. ("Defendants") (together, "the parties") jointly file this Further Joint Case Management Statement in the above-captioned cases. For the convenience of the Court, the parties have not repeated the discussion of Jurisdiction and Service, Facts, Legal Issues, Amendment of Pleadings, Evidence Preservation, Disclosures, Class Actions, Related Cases, Relief, Consent to Magistrate Judge For All Purposes, Other References, Expedited Trial Procedure, Disclosure of Non-Party Interested Entities and Persons, and Professional Conduct presented in their November 12, 2014 Joint Case Management Statement, and only address open issues or issues still relevant to these litigations.

**Motions**

Defendants HP, Canon, Epson, and Newegg filed motions for judgment on the pleadings, which are set for hearing on June 18, 2015. (Doc. 302 in Case No. 4:14-cv-3640). Plaintiffs responded to the motions for judgment on the pleadings and filed a notice of supplemental authority, and the movants filed reply briefs. (Docs. 311, 312, 313 in Case No. 4:14-cv-3640). This is the only pending motion. Additionally, Defendants Seiko Epson Corp.; Epson America, Inc.; Canon Inc.; and Canon U.S.A., Inc. maintain that Plaintiffs' infringement contentions do not comply with this Court's Patent Local Rules, and the parties accordingly submitted a joint letter brief regarding this issue. This discovery dispute has been referred to Magistrate Judge Ryu, and a hearing is currently set before Judge Ryu for July 16, 2015.

**Discovery**

The parties exchanged discovery in the earlier ITC proceeding. The parties also have engaged in some discovery in these actions. Nevertheless, the parties anticipate additional

discovery on claims in the Plaintiffs' complaints and defenses and counterclaims in Defendants' answers and counterclaims.

### a. The scope of anticipated discovery

**Plaintiffs' Statement:**

Depending on the resolution of the parties' disagreement regarding the use of representative products, Plaintiffs anticipate that additional discovery is needed on the design, functionality, and technical operation of the accused products in this case for which Defendants have yet to provide sufficient discovery. In addition, because Plaintiff TPL was not seeking damages in the ITC proceeding, discovery relevant to damages will be needed.

**Defendants' Statement:**

Defendants anticipate that additional discovery is needed regarding multiple issues, including the prior art, the invention date of the Asserted Patents, the prosecution of the Asserted Patents, and Plaintiffs' and their predecessors' licenses and licensing program.

### b. Proposed limitations or modifications of the discovery rules

The parties agree as follows:

> **Method of Service:** The parties agree to serve documents by email in lieu of personal service or service by U.S. Mail.
>
> **Disclosure of Discovery of Electronically Stored Information:**
>
> > **General Document Image Format.** The parties agree to produce non-source code documents in single-page, Tagged Image File Format ("TIFF"). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained

as they existed in the original document.[1]

**Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

**Claims of Privilege:** The parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created after March 28, 2012 do not need to be logged.

**Protective Order:** The parties will meet and confer on a proposed Stipulated Protective Order to submit for the Court's approval.

**c. Brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any discovery disputes**

As noted above, Defendants Seiko Epson Corp.; Epson America, Inc.; Canon, Inc.; and Canon U.S.A., Inc. maintain that Plaintiffs' infringement contentions do not comply with this Court's Patent Local Rules, and the parties accordingly submitted a joint letter brief regarding this issue. This discovery dispute has been referred to Magistrate Judge Ryu, and a hearing is currently set before Judge Ryu for July 16, 2015.

The parties intend to work together regarding e-discovery or any issues related to Fed. R. Civ. P. 26(f) if any issues arise that are not governed by the agreements referenced above in Paragraph 2(b).

**Settlement and ADR**

Case Numbers 15-03642 (HiTi Digital America Inc.), 14-3645 (Kingston Technology Co., Inc.), and 14-3647 (Shuttle Computer Group Inc.) were dismissed. Today, Plaintiffs and

---

[1] The parties will follow the Court's guidance from the November 19, 2014 case management conference regarding the production of documents in text-searchable format.

Falcon Computer Systems, Inc. filed a joint stipulation to dismiss Case Number 14-03641. Plaintiffs and the remaining Defendants, except Newegg and Rosewill, each participated in separate mediation sessions with a Court-appointed mediator pursuant to the ADR Local Rules of this Court.  The parties believe that there are prospects for continuing settlement talks after the June 18, 2015 hearing.

### Narrowing of Issues

#### Plaintiffs' Proposal:

A resolution of the below two issues will significantly streamline these cases, narrow the disputes, and save the Court and all parties time and resources.

#### a. Representative Products

Plaintiffs believe that issues in this case can be narrowed if Defendants will agree to, or the Court orders, the use of representative products for purposes of determining infringement. Defendants have admitted that all accused products "are essentially the same." (Doc. 302 at 6 in Case No. 4:14-cv-3640).  There are numerous accused products in the above-captioned actions that—for purposes of infringement—function and are designed in substantially the same way. For example, there are over one thousand HP products and over two-hundred and fifty Canon products identified in Plaintiffs' infringement contentions.  These numbers may increase after Plaintiffs have an opportunity to take discovery on additional products that Plaintiffs have not yet discovered.

Accordingly, an agreement for representative products for each Defendant will eliminate the need for the parties to incur time and expense of a) serving discovery on the technical details of numerous products, b) providing discovery on the technical details of numerous products, c) making deponents available for depositions on topics related to the technical details of numerous products,  d)  having experts submit expert reports on numerous products, e) submitting dispositive motions related to the technical details of numerous products, and f) spending unnecessary time presenting evidence on the technical details of numerous products to a jury.

**b. Production of Documents in the Parties' Control**

Plaintiffs believe that the parties should agree that they will produce relevant documents (including technical documents related to the accused products) that are in the parties' possession, custody, or control. At this time, Defendants are not producing technical documents with respect to all accused products due to various objections in response to Plaintiffs' requests for production including the argument that Plaintiffs' infringement contentions are deficient. However, Defendants have admitted that all products are "essentially the same" in their pending motion for judgment on the pleadings.

**Defendants' Proposal:**

**a. Representative Products**

Plaintiffs' proposal regarding an agreement on representative products is premature at this time because Plaintiffs have not yet put forth sufficient infringement contentions on the accused products. *Bender v. Maxim Integrated Prods.*, 2010 U.S. Dist. LEXIS 32115, *7-8 (N.D. Cal. March 22, 2010 ). As the Epson and Canon Defendants explained in their portion of the joint letter brief regarding Plaintiffs' infringement contentions, Defendants do not dispute that under this Court's Patent Local Rules and the cases interpreting those Rules, the use of representative products for purposes of infringement contentions may be appropriate *provided* that the plaintiff explains how and why the charted products are representative of other, non-charted products. Here, however, Plaintiffs have failed to do so, instead charting a handful of products and alleging that those charts are representative of thousands of products – including products using different controllers and connector assemblies, the only two components relevant to Plaintiffs' assertions in this case. Accordingly, Defendants cannot agree to any proposal regarding representative products unless and until Plaintiffs provide infringement contentions that satisfy the Patent Local Rules of this Court.

**b. Document Production**

Defendants have produced responsive documents in their possession, custody or control, and will continue to do so as required by the Federal Rules of Civil Procedure. To the extent that Plaintiffs' proposal above purports to extend or enlarge Defendants' obligations under the rules, including by purporting to require Defendants to produce documents in the possession of third parties, Defendants oppose it.

**c. Early Motion for Summary Judgment of No Infringement**

In view of the claim construction schedule in this case, Defendants believe an early motion for summary judgment of no infringement may also be appropriate depending on the Court's claim construction rulings. An early summary judgment motion may significantly streamline these cases, narrow the disputes, and save the Court and all parties time and resources, as it may eliminate the need for discovery and trial altogether.

**Scheduling**

**Plaintiffs' Proposal:**

Plaintiffs' proposed dates are based on: 1) the assumption that the parties agree to, or the Court orders, the use of representative products (see section 15.a. above), and 2) Defendants producing technical documents and information alleviating the need for Plaintiffs to undertake international discovery prolonging the time and expenses for all involved. If representative products are not used for purposes of infringement, Plaintiffs believe additional time will be needed for discovery.

| Event | [Proposed] Deadline |
|---|---|
| Claim Construction Hearing/Further Case Management Conference | June 18, 2015 |
| Deadline for parties to agree on the selection of representative products | July 30, 2015 |
| Completion of Fact Discovery | December 2, 2015 |
| Disclosure of opening expert witnesses and reports on issues for which party bears the burden | December 18, 2015 |

| | |
|---|---|
| Disclosure of rebuttal expert witnesses and reports on issues for which opposing party bears the burden | January 29, 2016 |
| Completion of Expert discovery | February 17, 2016 |
| Case-Dispositive Motion Hearing Cut-off Date – governed by Judge Wilken's Scheduling Notes and Standing Order re Motions for Summary Judgment | April 7, 2016 |
| Final Pretrial Conference at 2:00 pm | May 11, 2016 |
| A ___ day trial will begin at 8:30 am<br>Plaintiffs propose a 5 day trial for each Defendant.<br>Defendants propose a 5 day trial for each Defendant | May 16, 2016 |

**Defendants' Proposal:**

As memorialized in the prior Case Management Statement, the parties previously agreed "to meet and confer on a schedule within seven (7) days of the Court's initial claim construction order." DI 256 at 21. Defendants continue to believe this is the appropriate approach to take in this case, and that entry of a full schedule at this time is premature.

Nevertheless, if this Court is inclined to enter a schedule, Defendants propose the following schedule which includes an option for an early motion for summary judgment of no infringement after the issuance of the Markman Order.

| Event | [Proposed] Deadline |
|---|---|
| Claim Construction Hearing/Further Case Management Conference | June 18, 2015 |
| Hearing with Magistrate Judge Ryu re Dispute regarding Plaintiffs' Infringement Contentions | July 16, 2015 |
| Deadline for Defendants to Seek Leave to File an Early Summary Judgment Motion Based Upon the Court's Claim Construction Ruling | 30 days after issuance of Markman Order |
| Completion of Fact Discovery | January 29, 2016 |
| Disclosure of opening expert witnesses and reports on issues for which party bears the burden | February 19, 2016 |
| Disclosure of rebuttal expert witnesses and reports on issues for which opposing party bears the burden | March 18, 2016 |
| Completion of Expert discovery | April 8, 2016 |
| Case-Dispositive Motion Hearing Cut-off Date (other than | June 3, 2016 |

| | |
|---|---|
| early summary judgment motions permitted by the Court) – governed by Judge Wilken's Scheduling Notes and Standing Order re Motions for Summary Judgment | |
| Final Pretrial Conference at 2:00 pm | June 23, 2016 or at the Court's convenience |
| A ___ day trial will begin at 8:30 am<br><br>The parties propose a 5 day trial for each Defendant. | July 11, 2016 or at the Court's convenience |

**Markman Hearing Procedure**

Subject to the Court's preferences, the parties propose that they present the disputed terms in the following order, with each side presenting arguments on a term before moving on to the next term:

1. "Mapping" / "to map"
2. "Means for mapping"
3. "Means for identifying..."
4. "Contact pins integrated within..."
5. "Interconnection means"
6. "Memory media card"
7. "Type of memory media card"

Dated: June 11, 2015              Respectfully submitted,

/s/ *Benjamin R. Askew*
Anthony G. Simon
Benjamin R. Askew
Michael P. Kella
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
Saint Louis, Missouri 63010
P. 314-241.2929
F. 314-241.2029
asimon@simonlaw.com
baskew@simonlawpc.com

mkella@simonlaw.com

Henry C. Bunsow (SBN 60707)
hbunsow@bdiplaw.com
Brian A.E. Smith (SBN 188147)
bsmith@bdiplaw.com
BUNSOW DE MORY SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744

Denise De Mory (SBN 168076)
ddemory@bdiplaw.com
BUNSOW DE MORY SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (650) 351-7253
ddemory@bdiplaw.com

*ATTORNEYS FOR PLAINTIFFS TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC*

Dated: June 11, 2015

*/s/ Megan Whyman Olesek* (*with consent*)
Megan Whyman Olesek (SBN 191218)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
Telephone: 650.384.4700
Facsimile: 650.384.4701
Email: molesek@kenyon.com

T. Cy Walker (admitted *Pro Hac Vice*)
KENYON & KENYON LLP
1500 K Street, NW, Suite 700
Washington, DC 20005
Telephone: 202.220.4200
Facsimile: 202.220.4201
Email: cwalker@kenyon.com

Marcia H. Sundeen (admitted *Pro Hac Vice*)
GOODWIN PROCTER LLP
901 New York Ave, N.W.

Washington, D.C. 20001
Telephone: 202.346.4000
Facsimile: 202.346.4444
Email: msundeen@goodwinprocter.com

*ATTORNEYS FOR DEFENDANT*
*HEWLETT-PACKARD COMPANY*

Dated:  June 11, 2015

*/s/ David M. Maiorana (with consent)*
David M. Maiorana (Ohio Bar No. 0071440)
Email: dmaiorana@jonesday.com
Calvin P. Griffith (Ohio Bar No. 0039484)
Email: cpgriffith@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Tracy A. Stitt (Washington Bar No. 1015680)
Email: tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Jacqueline K. S. Lee (CA Bar No. 247705)
Email: jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

*ATTORNEYS FOR DEFENDANTS*
*CANON INC. AND CANON U.S.A., INC.*

Dated:  June 11, 2015

*/s/ Bryan P. Clark (with consent)*
Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Bryan P. Clark
BClark@webblaw.com
THE WEBB LAW FIRM

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Tel: (412) 471-8815
Fax: (412) 471-4094

Gordon M. Fauth, Jr.
gmf@classlitigation.com
LITIGATION LAW GROUP
1801 Clement Ave., Ste. 101
Alameda, CA 94501
Tel: (510) 238-9610
Fax: (510) 337-1431

*COUNSEL FOR DEFENDANTS NEWEGG INC., ROSEWILL INC.*

Dated:  June 11, 2015

*/s/  Matthew J. Hertko (with consent)*
Kyle T. Barrett (State Bar No. 284595)
kbarrett@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

William E. Devitt (admitted Pro Hac Vice)
wdevitt@jonesday.com
Matthew J. Hertko (admitted Pro Hac Vice)
mhertko@jonesday.com
JONES DAY
77 W. Wacker, Suite 3500
Chicago, IL 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*ATTORNEYS FOR DEFENDANTS SEIKO EPSON CORPORATION AND EPSON AMERICA, INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on counsel for all parties of record on June 11, 2015 via the Court's CM/ECF system.

/s/ <u>*Benjamin R. Askew*</u>

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER         Page 13 of 14          C 14-03640-CW, C 14-03643-CW,
                                                              C 14-03645-CW, C 14-03646-CW

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE