IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>CANON, INC. et al.,<br><br>        Defendants.<br>_____ / | No. C 14-3640 CW<br><br>ORDER ON ADMINISTRATIVE MOTION TO SEAL<br><br>(Docket No. 316) |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>        Defendant.<br>_____ / | No. C 14-3643 CW<br><br>(Docket No. 99) |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>NEWEGG INC. et al.,<br><br>        Defendants.<br>_____ / | No. C 14-3645 CW<br><br>(Docket No. 84) |

```
TECHNOLOGY PROPERTIES LIMITED LLC          No. C 14-3646 CW
and MCM PORTFOLIO LLC,
                                           (Docket No. 100)
        Plaintiffs,

    v.

SEIKO EPSON CORPORATION, et al.,

        Defendants.
_____/
```

Before the Court is an administrative motion to seal filed by Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC. (Case No. 14-3640, Docket No. 316; Case No. 14-3643, Docket No. 99; Case No. 14-3645, Docket No. 84; Case No. 14-3646, Docket No. 100).

Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id.

2

| | |
|---|---|
| Case No. 14-3640, Docket No. 316<br><br>Case No. 14-3643, Docket No. 99<br><br>Case No. 14-3645, Docket No. 84<br><br>Case No. 14-3646, Docket No. 100 | Plaintiffs seek leave to file under seal certain confidential documents from the International Trade Commission investigation.<br>   1. Exhibit B to the Declaration of Benjamin R. Askew: the confidential version of the Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bond.<br>   2. Exhibit C to the Askew Declaration: the confidential version of the ITC opinion.<br>Plaintiffs' motion will be GRANTED.  First, the documents were filed for the benefit of and at the request of the Court, and they are not associated with a dispositive motion.  Second, as noted in the Askew Declaration, public versions of both documents were previously submitted as exhibits to the parties' claim construction briefs, and the redactions in the sealed versions are narrowly tailored to confidential information only. |

CONCLUSION

For the reason set forth above, Plaintiffs' Administrative Motion to File Under Seal (Case No. 14-3640, Docket No. 316; Case

3

No. 14-3643, Docket No. 99; Case No. 14-3645, Docket No. 84; Case No. 14-3646, Docket No. 100) is GRANTED.

IT IS SO ORDERED.

Dated: September 9, 2015



CLAUDIA WILKEN
United States District Judge