Anthony G. Simon (*pro hac vice*)
Michael P. Kella (*pro hac vice*)
Benjamin R. Askew (*pro hac vice*)
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
mkella@simonlawpc.com
baskew@simonlawpc.com

Henry C. Bunsow
Denise De Mory
Brian A.E. Smith
BUNSOW DE MORY SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA  94104
T. (415) 426-4747
F. (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
bsmith@bdiplaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CANON, INC., et al., <br><br> Defendant(s). | Case Number: C 14-03640-CW <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Judge:  Hon. Claudia Wilken |

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED )<br>LLC and MCM PORTFOLIO LLC, ) | Case Number: C 14-03643-CW |
| ) | |
| Plaintiffs, ) | **PLAINTIFFS' MOTION FOR LEAVE TO** |
| ) | **FILE MOTION FOR RECONSIDERATION** |
| vs. ) | |
| ) | Judge:  Hon. Claudia Wilken |
| HEWLETT-PACKARD COMPANY, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED )<br>LLC and MCM PORTFOLIO LLC, ) | Case Number: C 14-03645-CW |
| ) | |
| Plaintiffs, ) | **PLAINTIFFS' MOTION FOR LEAVE TO** |
| ) | **FILE MOTION FOR RECONSIDERATION** |
| vs. ) | |
| ) | Judge:  Hon. Claudia Wilken |
| NEWEGG INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED )<br>LLC and MCM PORTFOLIO LLC, ) | Case Number: C 14-03646-CW |
| ) | |
| Plaintiffs, ) | **PLAINTIFFS' MOTION FOR LEAVE TO** |
| ) | **FILE MOTION FOR RECONSIDERATION** |
| vs. ) | |
| ) | Judge:  Hon. Claudia Wilken |
| SEIKO EPSON CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC submit this Motion for Leave to File Motion for Reconsideration on the construction of two terms: "type of memory [media] card" and "memory media card."[1]

I.     **ARGUMENT**

A.     **"type of memory [media] card"**

---

[1] Plaintiffs bring this Motion in anticipation of Defendants misinterpreting the Court's constructions in unintended ways that will require further claim construction.

The term "type of memory [media] card" is present in each asserted claim of the '443, '424, and '847 patents.  As the Court acknowledged, all parties agree that each type of memory media card has contact pads.  (Doc. 334[2] at 4.)  Examples of memory media card contact pads are shown below.



'638 Patent, Fig. 3A excerpt (incorporated by reference into '443, '424, and '847 patents).                *Id.*



*Id.*                                                    *Id.*

As the Court also acknowledged, all parties agree that "[t]he memory cards have pads that mate with the device's contact pins." (Doc. 334 at 4.)  That is, the memory media cards contain **contact pads** that mate with the claimed invention's **contact pins** when the memory media cards are inserted.

However, the Court construed "type of memory [media] card" as "subset of **memory media cards containing** different numbers of **contact pins** or using contact pins differently."[3]  (*Id.* at 30 (emphasis added).)  Defendants may interpret the Court's construction to require that that the contact pins physically be part of the memory media card.  This interpretation would

---

[2] All references to the docket are to the docket in Case No. 4:14-cv-03640-CW.

[3] At the claim construction hearing, Plaintiffs explained that "you could have different numbers of contact pins or you could use contact pins differently."  Hearing Tr. at 96:13-14.  The Court acknowledged this explanation in its claim construction order and appears to have based its construction on the same.  (Doc. 334 at 30.)  However, by explaining that "you could have different numbers of contact pins," Plaintiffs intended to convey that different types of memory media cards have different numbers of contact pins that they use, or mate with, when inserted (via the contact pads that are physically part of the memory media cards).  Plaintiffs attempted to clarify this point at the hearing.  Hearing Tr. at 99:5-7.

1  improperly conflate "contact pins" of the claimed invention with the "contact pads" on the

2  memory media card that mate with the "contact pins" when inserted. Therefore, Plaintiffs request

3  leave to file a motion for reconsideration so that Plaintiffs can further explain why the Court

4  should modify its construction of "type of memory [media] card" to be either:

5

6  • "subset of memory media cards **containing** different numbers of **contact pads** or

7  using contact pins differently;" or

8  • "subset of memory media cards **that use** different numbers of **contact pins** or using

9  contact pins differently."

10  These modified constructions comport with the Court's current construction, but clarify

11  that contact pins do not need to physically be part of the types of memory media cards. Rather,

12  contact pads are physically part of the types of memory media cards that mate, or are used, with

13  contact pins of the claimed invention.

14

15  **B.** **"memory media card"**

16  Examples of each type of memory media card disclosed in the patents are shown below.

17  Every memory media card in the patent is necessarily a card.

18

19

20  

21

22

23  Picture of an SD card.



Picture of MiniSD card.

24

25  

26

27  Picture of an MMC card.



Picture of Memory Stick Duo card.

28

1
2
3
4
5



Picture of Memory Stick card.



Picture of RS MMC card.

6
7
8
9



Picture of Smart Media card.



Picture of xD Card.

10
11
12
13
14
15

 The Court construed "memory media card" as "a removable device capable of storing electronic data."  (Doc. 334 at 26-2c8.)    Defendants may interpret the Court's construction in a way that ensnares "removable devices capable of storing electronic data" that are not "cards," do not contain "contact pads," and are not used with "contact pins."   A few examples of such devices are DVDs, CD-Roms, and Blu-ray disks, which are shown below.

16
17
18
19
20
21
22
23
24
25



Picture of a DVD.



Picture of Blu-ray disk.

26
27
28

1
2
3
4
5
6
7
8
9



10   Picture of CD-Rom.

11        Defendants might also argue that other types of devices such bulky external hard drives

12   are "removable devices capable of storing electronic data" simply because they are capable of

13   storing electronic data and can be disconnected from a computer.  But, these types of devices,

14   shown below, also are not memory media "cards" and do not contain "contact pads."

15
16
17
18
19
20
21
22
23
24
25

26   Picture of external hard drive.

27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs therefore request an opportunity to file a Motion for Reconsideration to further explain why the Court should modify its construction of "memory media card" to be either of the following:

- "a removable card [or removable device in card form] that is capable of storing electronic data;" or

- "a removable device with contact pads that is capable of storing electronic data."

These modified constructions largely mirror the Court's construction, but clarify that the "removable device" must be a "card."[4, 5]

## II.      THIS MOTION COMPLIES WITH LOCAL RULE 7-9

Pursuant to L.R. 7-9(b), Plaintiffs have shown reasonable diligence in bringing this Motion.   Plaintiffs bring this Motion after having an opportunity to review and consider the Court's Claim Construction Order on the asserted '424, '443, and '847 patents, which recently issued on September 18, 2015.

Plaintiffs have also shown that that the Court manifestly failed to consider material facts presented to the Court when construing "type of memory [media] card" and "memory media card."  As shown above, the Court failed to consider that "types of memory [media] cards" physically have contact pads and that a "memory media card" must be a "card."

---

[4] This modified construction also eliminates any potential juror confusion that the "card" is a traditional greeting card by virtue of the fact that the card, or device in card form, must be "removable" and "capable of storing electronic data."  *See* Hearing Tr. at 83:23-25; 84:13-15.

[5] *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) ("[C]laims are interpreted with an eye toward giving effect to all terms in the claim."); *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1563 (Fed. Cir. 1991) ("When the language of a claim is clear, as here, and a different interpretation would render meaningless express claim limitations, we do not resort to speculative interpretation based on claims not granted.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  October 2, 2015          By:  */s/ Michael P. Kella__* (*pro hac vice*)
                                      *Attorney for Plaintiffs Technology Properties*
                                      *Limited LLC and MCM Portfolio LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all counsel

for all parties of record on October 2, 2015 via the Court's CM/ECF system.

*/s/ Michael P. Kella*