REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# Exhibit A



PARTIES LISTED ON SIGNATURE PAGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03640-CW |
| Plaintiffs, | **AMENDED PATENT DISCLOSURES PURSUANT TO P.R. 3-1 AND 3-2** |
| vs. | Hon. Judge Claudia Wilken |
| CANON, INC., et al., | |
| Defendant(s). | |

| | |
|---|---|
| ~~TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,~~ | ~~Case Number: C 14-03641-CW~~ |
| ~~Plaintiffs,~~ | ~~PATENT DISCLOSURES PURSUANT TO P.R. 3-1 AND 3-2~~ |
| ~~vs.~~ | ~~Hon. Judge Claudia Wilken~~ |
| ~~FALCON COMPUTER SYSTEMS, INC.,~~ | |
| ~~Defendant(s).~~ | |

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03643-CW |
| Plaintiffs, | **AMENDED PATENT DISCLOSURES PURSUANT TO P.R. 3-1 AND 3-2** |
| vs. | Hon. Judge Claudia Wilken |
| HEWLETT-PACKARD COMPANY, | |
| Defendant(s). | |

| | |
|---|---|
| ~~TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,~~ | ~~Case Number: C 14-03644-CW~~ |

Page **1** of **27**

C14-03640-CW, ~~C 14 03641 CW, C 14 03642 CW,~~ C 14-03643-CW,
~~C 14 03643 CW, C 14 03644 CW,~~ C 14-03645-CW, C 14-03646-CW,
~~C 14 03646 CW, C 14 03647 CW, C 14 04616 CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P.R. 3-1 AND 3-2



1   ~~Plaintiffs,~~                              ) ~~PATENT DISCLOSURES PURSUANT TO~~
2                                                ) ~~P.R. 3-1 AND 3-2~~
    ~~vs.~~                                      )
3                                                ) ~~Hon. Judge Claudia Wilken~~
    ~~KINGSTON TECHNOLOGY CO., INC.,~~           )
4                                                )
    ~~Defendant(s).~~                            )
5                                                )

6   TECHNOLOGY PROPERTIES LIMITED                )
    LLC and MCM PORTFOLIO LLC,                   ) Case Number: C 14-03645-CW
7                                                )
           Plaintiffs,                           ) **AMENDED** PATENT DISCLOSURES
8                                                ) **PURSUANT TO P.R. 3-1 AND 3-2**
9          vs.                                   )
                                                 ) Hon. Judge Claudia Wilken
10  NEWEGG INC., et al.,                         )
                                                 )
11         Defendant(s).                         )
                                                 )
12  TECHNOLOGY PROPERTIES LIMITED                )
    LLC and MCM PORTFOLIO LLC,                   ) Case Number: C 14-03646-CW
13                                               )
14         Plaintiffs,                           ) **AMENDED** PATENT DISCLOSURES
                                                 ) **PURSUANT TO P.R. 3-1 AND 3-2**
15         vs.                                   )
                                                 ) Hon. Judge Claudia Wilken
16  SEIKO EPSON CORPORATION, et al.,             )
17                                               )
           Defendant(s).                         )
18                                               )
19  ~~TECHNOLOGY PROPERTIES LIMITED~~            )
    ~~LLC and MCM PORTFOLIO LLC,~~               ) ~~Case Number: C 14-03647-CW~~
20                                               )
21         ~~Plaintiffs,~~                       ) ~~PATENT DISCLOSURES PURSUANT TO~~
                                                 ) ~~P.R. 3-1 AND 3-2~~
22         ~~vs.~~                               )
                                                 ) ~~Hon. Judge Claudia Wilken~~
23  ~~SHUTTLE COMPUTER GROUP INC.,~~             )
24                                               )
           ~~Defendant(s).~~                     )
25  ~~TECHNOLOGY PROPERTIES LIMITED~~            )
    ~~LLC and MCM PORTFOLIO LLC,~~               ) ~~Case Number: C 14-04616-CW~~
26                                               )

27                            Page **2** of **27**
    C14-03640-CW, ~~C14-03641-CW, C 14-03642-CW,~~ C 14-03643-CW,
28  ~~C 14-03643-CW, C 14-03644-CW,~~ C 14-03645-CW, C 14-03646-CW,
                                              ~~C 14-03646-CW, C 14-03647-CW, C 14-04616-CW~~
    AMENDED PATENT DISCLOSURES PURSUANT TO P.R. 3-1 AND 3-2

| | | |
|---|---|---|
| ~~Plaintiff,~~ | ) | **~~PATENT DISCLOSURES PURSUANT TO~~** |
| | ) | **~~P.R. 3-1 AND 3-2~~** |
| ~~vs.~~ | ) | |
| | ) | ~~Hon. Judge Claudia Wilken~~ |
| ~~SONY CORPORATION, et al.,~~ | ) | |
| | ) | |
| ~~Defendant(s).~~ | ) | |

Pursuant to Local P.R. 3-1, ~~and~~ 3-2, and 3-6, Plaintiffs Technology Properties Limited

Field Code Changed

LLC ("TPL") and MCM Portfolio LLC ("MCM") (collectively, "Plaintiffs") submit this

disclosure of asserted claims and amended preliminary infringement contentions to Defendants

Formatted: Font: Not Bold

Canon, Inc., Canon U.S.A., Inc., (collectively "Canon"), ~~Falcon Northwest Computer Systems,~~

~~Inc. ("Falcon"),~~ Hewlett-Packard Company ("HP"), ~~Kingston Technology Company, Inc.~~

~~("Kingston"),~~ Newegg Inc. ("Newegg"), Rosewill Inc. ("Rosewill"), and Seiko Epson

Corporation and Epson America, Inc. (collectively "Seiko")~~, Shuttle Computer Group Inc.~~

~~(collectively "Shuttle"),  Sony Corporation and Sony Corporation of America ("collectively,~~

~~"Sony")~~ (collectively "Defendants"). These amended contentions are served in light of the

Court's September 18, 2015 claim construction order and apply the claim constructions set forth

in that order.

**I.      Local P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions**

**(a)      Each claim of each patent in suit that is allegedly infringed by each opposing
party, including for each claim the applicable statutory subsections of 35
U.S.C. §271 asserted;**

Plaintiffs contend that Defendants infringe the claims identified in the attached and

incorporated exhibits, particularly Exhibit 27, the Accused Products list.

Defendants' infringement is direct pursuant to 35 U.S.C. 271(a), as established in the

claim charts attached as Exhibits 1 through 26 (including Amended Exhibits 1-6 and 11-18

C14-03640-CW, ~~C14-03641-CW, C 14-03642-CW,~~ C 14-03643-CW,
~~C 14-03643-CW, C 14-03644-CW,~~ C 14-03645-CW, C 14-03646-CW,

~~C 14-03646-CW, C 14-03647-CW, C 14-04616-CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P.R. 3-1 AND 3-2

served herewith) and Exhibits A through SSSS and all other claim charts and evidence incorporated herein by reference (see below).  Plaintiffs reserve the right to augment or supplement their contentions to identify additional claims infringed by Defendants after discovery, in response to Defendants' P.R. 3-4 production, or as permitted under the Patent Rules.

        **(b)**        **Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;**

Defendants' infringement pertains to the Accused Products and associated asserted claims identified in Exhibit 27 as well as the Accused Products or Accused Instrumentalities identified in the claim charts attached as Exhibits 1 through 26 (including Amended Exhibits 1-6 and 11-18 served herewith) and Exhibits A through SSSS and all other claim charts and evidence incorporated herein by reference (see below).

Plaintiffs expect that this disclosure may be subject to amendment or supplementation to identify and accuse additional products released, developed, or made available by Defendants after the date on which these contentions are served, or of which Plaintiffs were not aware at the time of these contentions.

Exhibits 27 includes accused products for Defendants' that Plaintiffs believe are, or have been, capable of reading SD and MMC cards in the same slot based on information presently

C14-03640-CW, C14-03641-CW, C 14-03642-CW, C 14-03643-CW, C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW

C 14-03646-CW, C 14-03647-CW, C 14-04616-CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

available to Plaintiffs.  Plaintiffs are not accusing products of infringement that have never been capable of reading SD and MMC cards in the same slot with a shared set of contact pins.

Exhibit 28 contains a list of products that are accused to the extent that they are, or have been, capable of reading both SD and MMC cards in the same slot.  While the products listed in Exhibit 28 do not appear to be specifically advertised as being capable of reading MMC cards, Plaintiffs believe that it is likely that these products are capable  reading both SD and MMC cards .[1]  See Exhibit 29, Declaration of Dale E. Buscaino.  After Plaintiff has an opportunity for discovery to determine whether the products listed in Exhibit 28 are, or have been, capable of reading SD and MMC cards, Plaintiffs intend to supplement its list of accused products in Exhibit 27 as necessary.

> **(c)     A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.**

Charts identifying where each element or step of the asserted claims is found within, or performed by, each Accused Instrumentality are attached as 1 through 26 (including Amended Exhibits 1-6 and 11-18 served herewith) and Exhibits A through SSSS and all other claim charts and evidence incorporated herein by reference (see below).  Plaintiffs have not included charts for each accused product, as Plaintiffs contend that all accused products infringe the asserted claims in substantially the same manner.  Rather, Plaintiffs have included claim charts, citations to the same, and citations to infringement analyses of representative products and explanations of

---

[1] Indeed, certain Respondents in the ITC investigations modified their products to not read MMC during the investigations.  Thus, the fact that a product is not advertised to read MMC does not indicate that it has never read both SD and MMC card types.

C14-03640-CW, ~~C14-03641-CW, C 14-03642-CW,~~ C 14-03643-CW,
~~C 14-03643-CW, C 14-03644-CW,~~ C 14-03645-CW, C 14-03646-CW

~~C 14-03646-CW, C 14-03647-CW, C 14-04616-CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

how each accused product infringes.  A complete list of each product that Plaintiffs contends

infringes, based on information available to date, is attached as Exhibit 27.  A declaration of

Dale E. Buscaino, attached as Exhibit 29, confirms that each accused product listed in Exhibit 27

infringes certain claims of the '424 and '443 patents.

In addition, Plaintiffs refer Defendants to, and incorporates by reference, Plaintiffs'

technical tutorial submitted to the Court in the Eastern District of Texas for these cases,[2] which

also explains Plaintiffs' contentions as to how Defendants infringe.  This tutorial has been

produced to all Defendants.

Further, Plaintiff notes ALJ Essex's findings regarding representative products in 337-

TA-841.  ALJ Essex found Respondents' arguments against TPL's use of representative products

during the ITC trial as "puzzling," "smack[ing] of petty gamesmanship," and not "genuine"

disputes.  (Initial Determination at 82-84).  ALJ Essex found that Respondents "do not go so far

as to dispute that the products included in the infringement charts are not, in fact, representative."

*Id.* at 82.  "Respondents do not assert that the controller and connector assemblies actually

perform the certain functions differently or have different attributes nor do they present any

evidence to that effect. Respondents also do not assert that the information set forth in the tables

is inaccurate. Rather, Respondents argue that the controllers and connector assemblies are

manufactured differently, have different configurations and specifications, schematics, design

considerations, etc. but do not explain or cite to any evidence as to how these differences would

affect the assumption that the representative products are accurate representations of the accused

---

[2] This tutorial was not submitted to the court in the Sony case, as Sony was not part of the claim construction
proceedings for which the tutorial was submitted.

Page **6** of **27**

C14-03640-CW, C14-03641 CW, C 14 03642 CW, C 14-03643-CW,
C 14 03643 CW, C 14 03644 CW, C 14-03645-CW, C 14-03646-CW

C 14 03646 CW, C 14 03647 CW, C 14 04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

products for purposes of infringement analysis. There is no evidence before the ALJ that these different controllers and connector assemblies are so different as to make the representative product an inadequate means of showing how these controllers or connector assemblies work.  In sum, it appears to the ALJ that Respondents argue that TPL should not have used representative products and should have performed an analysis on each and every single accused product, but fail to present any evidence that the representative products relied upon by TPL are inaccurate representations of the Uncharted Products. According to Respondents, TPL should have charted every accused product in this investigation. Absent some showing by Respondents that the representative products relied upon are not, in fact, representative of all of the accused products, the ALJ will not make such an onerous requirement. Infringement analyses of accused products based on analyses of representative products is not a novel concept before this ALJ and the Commission and, given the size of Section 337 investigations and the number of accused products, it is a fairly common practice for complainants to use representative products in proving infringement. While Respondents are, of course, not *required* to stipulate to representative products, a failure to do so, especially in cases such as this one where there is no **genuine** dispute as to whether the representative product is an accurate representation of the accused products, smacks of petty of gamesmanship. The purpose and focus of a Section 337 investigation as it relates to infringement is to determine whether the accused products infringe the asserted patent and any means of making such a determination more streamlined and focused should be the goal of all parties participating in the investigation. Consequently, to the extent that Respondents argument appears to be that TPL has failed to prove infringement because it failed to chart each and every accused product, the ALJ finds such a requirement unnecessary given

C14-03640-CW, C14 03641 CW, C 14 03642 CW, C 14-03643-CW,
C 14 03643 CW, C 14 03644 CW, C 14-03645-CW, C 14-03646-CW,
C 14 03646 CW, C 14 03647 CW, C 14 04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

that there is no evidence before the ALJ that the representative products are inaccurate." *Id.* at 83-84.

Further, Plaintiffs note the Commission reversed ALJ Essex's determination that TPL failed to show that the accused products can transfer data to or from SD cards with a four-bit-bus…." (Comm'n Op. at 19).  The Commission found that "neither Respondents nor Respondents' experts or fact witnesses dispute that the accused controllers operate in 4-bit SD mode when an SD card is inserted and in 1-bit MMC mode when an MMC card is inserted into the card connector." *Id.* at 19-20.

While various Accused Products for each Defendant may employ different controllers or card connectors, Plaintiffs contend that there are no material differences for purposes of infringement between (A) the controllers and card connectors shown in these contentions and (B) all of the controllers and card connectors in the Accused Products listed in Exhibit 27[3] to these contentions for which the controllers and card connectors are not shown.  As stated in Exhibit 1 to Plaintiffs' N.D. Cal. preliminary infringement contentions, various exemplar memory card connectors and controllers are shown in the claim charts attached as exhibits to Plaintiffs' preliminary infringement contentions and in the documents (including claim charts, expert reports, exhibits thereto, and witness statements) cited herein.  Plaintiffs have not been able to discern any material differences between the controllers and memory card connectors (regardless of the controller/connector combination) in these products for purposes of infringement and

---

[3] And Exhibit 28 to the extent that the products listed therein are, or have been, capable of reading both SD and MMC cards in the same slot

**Page 8 of 27**

C14-03640-CW, C14-03641 CW, C 14-03642 CW, C 14-03643-CW,
C 14-03643 CW, C 14-03644 CW, C 14-03645-CW, C 14-03646-CW,

C 14-03646 CW, C 14-03647 CW, C 14-04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

1   contend that there are no material differences between memory card connectors and controllers

2   of all Accused Products for purposes of infringement.

3          In response to Canon's and Epson's requests for Plaintiffs to further explain why

4   representative products are appropriate, Plaintiffs state as follows:

5          1.      Exhibit 30 shows various card connectors and controllers in a sampling of

6   accused Canon products.  Exhibit 31 shows various card connectors and controllers in a

7   sampling of accused Epson products.  Plaintiffs discern no material differences for purposes of

8   infringement among these card connectors and among these controllers (regardless of

9   connector/controller combination).  Plaintiffs also discern no material differences for purposes of

10  infringement among all of the various exemplar memory card connectors and among all of the

11  various exemplar controllers (regardless of the connector/controller combination) shown in the

12  claims charts attached as exhibits to Plaintiffs' preliminary infringement contentions and in the

13  documents (including claim charts, expert reports, exhibits thereto, and witness statements) cited

14  herein.

15         2.      With respect to each Defendant, Plaintiffs similarly believe that there are no

16  material differences for purposes of infringement among the Accused Products, including the

17  reason stated in paragraph 1 above regarding the card connectors and controllers (regardless of

18  the connector/controller combination).

19         3.      Mr. Buscaino's declaration, attached as Exhibit 29, confirms Plaintiffs'

20  contentions and Plaintiffs' explanation regarding why representative products are appropriate in

21  these cases.

Page **9** of **27**

C14-03640-CW, ~~C14-03641-CW, C 14-03642-CW~~, C 14-03643-CW,
~~C 14-03643-CW, C 14-03644-CW~~, C 14-03645-CW, C 14-03646-CW

~~C 14-03646-CW, C 14-03647-CW, C 14-04616-CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

4.      Inv. 337-TA-841 also confirms Plaintiffs' contentions and explanation regarding why representative products are appropriate in these cases.

5.      The ALJ's ruling on the issue of representative products and infringement in Inv. 337-TA-841 is discussed above.  In particular, the ALJ stated that "Respondents . . . do not go so far as to dispute that the products included in the infringement claims charts are not, in fact, representative."  Initial Determination at 82.  The ALJ further stated that "Respondents do not assert that the controller and connector assemblies actually perform the certain functions differently or have different attributes nor do they present any evidence to that effect," *id.* at 83, and that Respondent' failure to stipulate to representative products, "especially in cases such as this one where there is no **genuine** dispute as to whether the representative product is an accurate representation of the accused products, smacks of petty of gamesmanship, " *id.* at 83-84.  The ALJ's ruling on these points was unchanged by the Commission opinion.

6.      Consistent with Mr. Buscaino's declaration attached as Exhibit 29, Mr. Buscaino found no material differences in Inv. 337-TA-841 between the controllers and card connectors for purposes of infringement.  And, Plaintiffs' understanding of Respondents' experts' testimony is that there are no material differences between the Accused Products for purposes of infringement, including that the various controllers, card connectors, and combinations thereof have no material differences for purposes of infringement.

7.      Plaintiffs' infringement contentions have not changed since Inv. 337-TA-841.

8.      Canon and Seiko have not identified any specific differences between the card connectors and controllers of the Accused Products—let alone any differences that are material to infringement.  The same is true for all Defendants with respect to any aspect of TPL's

Page **10** of 27

C14-03640-CW, ~~C14 03641 CW, C 14 03642 CW~~, C 14-03643-CW,
~~C 14 03643 CW, C 14 03644 CW,~~ C 14-03645-CW, C 14-03646-CW

~~C 14 03646 CW, C 14 03647 CW, C 14 04616 CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

1  infringement contentions for any Accused Product.  No Defendant has presented Plaintiffs with a

2  single product that is allegedly not represented for purposes of infringement by the products

3  charted for that Defendant.  During meet and confer calls, counsel for Canon and Epson could

4  not provide such an example.  Plaintiffs requested defense counsel to bring any such examples to

5  Plaintiffs' attention so that any dispute could be worked out or explained.  To date, no examples

6  have been provided.  Indeed, Canon and Epson agreed on meet and confers with Plaintiffs that

7  representative products can be appropriate and that separate claim charts are not necessarily

8  required for each accused product under the Local Rules.  Such a requirement would defeat the

9  entire purpose of representative products.

10      However, if any Defendant believe that there are differences for purposes of infringement

11  between any Accused Product and the products charted and shown in these contentions,

12  including but not limited to any material difference between (A) the controllers and card

13  connectors shown in these contentions and (B) any of the controllers and card connectors in the

14  Accused Products for which the controllers and card connectors are not shown, Plaintiffs request

15  that the Defendant advise Plaintiffs of (i) the product name that it contends is materially different

16  and (ii) the claim element that is materially different for purposes of infringement, and Plaintiffs

17  will provide additional explanation, if possible, as to why there is no material difference.

18      **(d)    For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.**

C14-03640-CW, ~~C 14 03641 CW, C 14 03642 CW,~~ C 14-03643-CW,
~~C 14 03643 CW, C 14 03644 CW,~~ C 14-03645-CW, C 14-03646-CW

~~C 14 03646 CW, C 14 03647 CW, C 14 04616 CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

1    At this time, Plaintiffs are not pursuing allegations in these cases that Defendants

2  indirectly infringe.  At this time, Plaintiffs are not pursing allegations in these cases that

3  Defendants' direct infringement is based on joint acts of multiple parties.

4    **(e)    Whether each limitation of each asserted claim is alleged to be literally
5       present or present under the doctrine of equivalents in the Accused
6       Instrumentality;**

7    Plaintiffs contend that each element of each asserted claim is literally present in the

8  Accused Instrumentalities or, in the alternative, present under the doctrine of equivalents. See

9  Amended Exhibits 2-4 which set for Plaintiffs' additional/alternative contentions ~~under~~for

10  equivalents and/or under the doctrine of equivalents for each accused product for the following

11  elements: "type of memory [media] card," "interconnection means," "means for identifying . . .,"

12  "means for determining . . .," and "integrated within."

13

14  ~~In response to Canon's and Seiko Epson's requests, Plaintiffs state that if the Court~~

15  ~~adopts a claim construction for "interconnection means" that requires the interconnection means~~

16  ~~and contact pins to be separately formed or manufactured as two distinct pieces and thereafter~~

17  ~~physically connected together (hereinafter referred to as "separately formed/manufactured~~

18  ~~structures") for infringement of the '424 and '847 patents to occur, Plaintiffs contend that the~~

19  ~~Accused Products meet the "interconnect means" element under the doctrine of equivalents, to~~

20  ~~the extent that the structures that Plaintiffs identify as "interconnection means" are not separately~~

21  ~~formed/manufactured structures.~~

22

23  ~~Plaintiff contends that any differences between 1) an "interconnection means" in the~~

24  ~~Accused Products that is formed or manufactured together with the "contact pins" and 2) an~~

25  ~~"interconnection means" that is a separately formed/manufactured structure are insubstantial.~~

26

27

28

C14-03640-CW, ~~C14 03641 CW, C 14 03642 CW,~~ C 14-03643-CW,
~~C 14 03643 CW, C 14 03644 CW,~~ C 14-03645-CW, C 14-03646-CW

~~C 14 03646 CW, C 14 03647 CW, C 14 04616 CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

An "interconnection means" that is formed or manufactured together with the "contact pins" would perform substantially the same function as an "interconnection means" that is separately formed/manufactured structure.  The function of the "interconnection means" is to connect the contact pads of a memory card via the contact pins to the signal lines (i.e., to electrically connect).  An "interconnection means" that is formed/manufactured together with the contact pins would electrically connect the contact pads of a memory card via the contact pins to the signal lines, just as an "interconnection means" that is a separately formed/manufactured structure would electrically connect the contact pads of a memory card via the contact pins to the signal lines.

An "interconnection means" that is formed or manufactured together with the "contact pins" would perform this function substantially the same way as an "interconnection means" that is a separately formed/manufactured structure.  An "interconnection means" that is formed or manufactured together with the "contact pins" would provide a conductive path from the memory card contact pads via contact pins to the signal lines, just as an "interconnection means" that is a separately formed/manufactured structure would provide a conductive path from the memory card contact pads via contact pins to the signal lines.

This substantially same function, performed substantially the same way, would achieve the same result—allowing signals to travel between the contact pads of the memory cards via contact pins and the signal lines.  Respondents' expert, Dr. Mroczkowski, acknowledged in Inv. 337-TA-841 that "interconnection means" that are separately formed or manufactured structures yield insubstantial differences from "interconnection means" that are formed or manufactured together with the "contact pins." 1.8.13 Transcript at 991:7-993:1.

C14-03640-CW, C14 03641 CW, C 14 03642 CW, C 14-03643-CW
C 14 03643 CW, C 14 03644 CW, C 14-03645-CW, C 14-03646-CW

C 14 03646 CW, C 14 03647 CW, C 14 04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**(f)**  **For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and**

Plaintiff contends that the '443, '424, and '847 patents are entitled to a priority date of at least the application date of U.S. Patent No. 6,438,638/Application No. 09/610,904 - July 6, 2000.

**(g)**  **If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.**

Plaintiff TPL's OnSpec brand chips are incorporated into products that practice claimed inventions in the patents-in-suit, but Plaintiffs have no instrumentality of their own that practices the claimed inventions.

**(h)**  **If a party claiming patent infringement alleges willful infringement, the basis for such allegation.**

At this time, Plaintiffs are not pursuing allegations that Defendants' infringement is willful.

\* \* \* \* \* \* \* \* \* \*

Plaintiff's references above to "all other claim charts and evidence incorporated herein by reference" include the following items:

- Inv. 337-TA-841 Initial Expert Report of Dale Buscaino and exhibits, October 19, 2012.

- Inv. 337-TA-841 Supplemental Report of Dale Buscaino and exhibits, October 24, 2012 (re: HP Only).

- Inv. 337-TA-807 Expert Report of Dale Buscaino and exhibits (re: Sony only)

C14-03640-CW, C14-03641 CW, C 14-03642 CW, C 14-03643 CW, C 14-03643 CW, C 14-03644 CW, C 14-03645-CW, C 14-03646-CW

C 14-03646 CW, C 14-03647 CW, C 14-04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

- Inv. 337-TA-841 Deposition of Dale Buscaino

- Inv. 337-TA-841 Trial Testimony of Dale Buscaino, at January 7, 2012, p. 415- January 8, 2012, p. 795

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| CX-0073 | C | Canon Ex. 1 - Infringement Analysis Chart to Dale Buscaino's Initial Expert Report | TPL1043428-TPL1043430 | A |
| CX-0074 | C | Canon Ex. 2 -424 Canon PIXMA MG8220 to Dale Buscaino's Initial Expert Report | TPL1043431-TPL1043469 | B |
| CX-0075 | C | Canon Ex. 3 -443 Canon PIXMA MG8220 to Dale Buscaino's Initial Expert Report | TPL1043470-TPL1043499 | C |
| CX-0094 | C | HiTi Ex. 1 -Infringement Analysis Chart to Dale Buscaino's Initial Expert Report | TPL1043932-TPL1043933 | D |
| CX-0095 | C | HiTi Ex. 2 - 424 HiTi P110S to Dale Buscaino's Initial Expert Report | TPL1043934-TPL1043976 | E |
| CX-0096 | C | HiTi Ex. 3 -443 HiTi P110S to Dale Buscaino's Initial Expert Report | TPL1043977-TPL1043988 | F |
| CX-0097 | C | HP Ex. 1 - Notebook Infringement Analysis Chart to Dale Buscaino's Initial Expert Report | TPL1043989-TPL1043996 | G |
| CX-0098 | C | HP Ex. 2- Printer Infringement Analysis Chart to Dale Buscaino's Initial Expert Report | TPL1043997-TPL1043999 | H |
| CX-0099 | C | HP Ex. 3 -424 HP 630 to Dale Buscaino's Initial Expert Report | TPL1044000-TPL1044018 | I |
| CX-0100 | C | HP Ex. 4 -424 HP 644491-001 Card Reader to Dale Buscaino's Initial Expert Report | TPL1044019-TPL1044040 | J |

C14-03640-CW, C14-03641-CW, C 14-03642-CW, C 14-03643-CW, C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW

C 14-03646-CW, C 14-03647-CW, C 14-04616-CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R 3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| CX-0101 | C | HP Ex. 5 -424 HP ███████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044041-TPL1044080 | K |
| CX-0102 | C | HP Ex. 6 -424 HP Photosmart 5510 to Dale Buscaino's Initial Expert Report | TPL1044081-TPL1044116 | L |
| CX-0103 | C | HP Ex. 7 - 443 HP 630 to Dale Buscaino's Initial Expert Report | TPL1044117-TPL1044126 | M |
| CX-0104 | C | HP Ex. 8- 443 HP 644491-001 Card Reader to Dale Buscaino's Initial Expert Report | TPL1044127-TPL1044143 | N |
| CX-0105 | C | HP Ex. 9 - 443 HP ██████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044144-TPL1044158 | O |
| CX-0106 | C | HP Ex. 10 - 443 HP Photosmart 5510 to Dale Buscaino's Initial Expert Report | TPL1044159-TPL1044187 | P |
| CX-0107 | C | HP Ex. 11 -549 HP 644491-001 Card Reader to Dale Buscaino's Initial Expert Report | TPL1044188-TPL1044219 | Q |
| CX-0108 | C | HP Ex. 12 - 549 HP ██████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044220-TPL1044248 | R |
| CX-0109 | C | HP Ex. 15 - 847 HP ██████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044249-TPL1044269 | S |
| CX-0110 | C | HP Amended Exhibit 4 - 424 HP 644491-001 Card Reader to Dale Buscaino's Initial Expert Report | TPL1044270-TPL1044297 | T |
| CX-0111 | C | HP Amended Exhibit 5-424 HP ████████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044298-TPL1044340 | U |

C14-03640-CW, C14-03641-CW, C 14-03642-CW, C 14-03643-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW

C 14-03646-CW, C 14-03647-CW, C 14-04616-CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R 3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| CX-0112 | C | HP Amended Exhibit 8 -443 HP 644491-001 Card Reader to Dale Buscaino's Initial Expert Report | TPL1044341-TPL1044363 | V |
| CX-0113 | C | HP Amended Exhibit 9 - 443 HP ███████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044364-TPL1044380 | W |
| CX-0114 | C | HP Amended Exhibit 11 - 549 HP 644491-001 Card Reader to Dale Buscaino's Initial Expert Report | TPL1044381-TPL1044418 | X |
| CX-0115 | C | HP Amended Exhibit 12 - 549 HP ███████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044419-TPL1044449 | Y |
| CX-0116 | C | HP Amended Exhibit 15 - 847 HP ███████ Card Reader to Dale Buscaino's Initial Expert Report | TPL1044450-TPL1044472 | Z |
| CX-0117 | C | Kingston Ex. 1 -Infringement Analysis Chart to Dale Buscaino's Initial Expert Report | TPL1044473-TPL1044474 | AA |
| CX-0118 | C | Kingston Ex. 2 - 424 Kingston FCR-HS219-1 to Dale Buscaino's Initial Expert Report | TPL1044475-TPL1044513 | BB |
| CX-0119 | C | Kingston Ex. 3 - 443 Kingston FCR-HS219-1 to Dale Buscaino's Initial Expert Report | TPL1044514-TPL1044528 | CC |
| CX-0120 | C | Kingston Ex. 4- 623 Kingston FCR-HS219-1 to Dale Buscaino's Initial Expert Report | -TPL1044529-TPL1044542 | DD |
| CX-0121 | C | Rosewill Ex. 1 - Infringement Analysis Chart to Dale Buscaino's Initial Expert Report | TPL1044543-TPL1044544 | EE |
| CX-0122 | C | Rosewill Ex. 2 -424 Rosewill RCR-YJ-EX601 to Dale Buscaino's Initial Expert Reort | TPL1044545-TPL1044561 | FF |

C14-03640-CW, C 14-03641-CW, C 14-03642-CW, C 14-03643-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW

C 14-03646-CW, C 14-03647-CW, C 14-04616-CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R 3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| CX-0123 | C | Rosewill Ex. 3 - 443 Rosewill RCR-YJ-EX601 to Dale Buscaino's Initial Expert Report | TPL1044562-TPL1044572 | GG |
| CX-0124 | C | Rosewill Ex. 4- 549 Rosewill RCR-YJ-EX601 to Dale Buscaino's Initial Expert Report | TPL1044573-TPL1044598 | HH |
| CX-0125 | C | Rosewill Ex. 5 -623 Rosewill RCR-YJ-EX601 to Dale Buscaino's Initial Expert Report | TPL1044599-TPL1044615 | II |
| CX-0126 | C | Seiko Ex. 1 -Seiko Epson Infringement Analysis Chart to Dale Buscaino's Initial Expert | TPL1044616-TPL1044619 | JJ |
| CX-0127 | C | Seiko Ex. 2 - 424 Seiko Epson Artisan 730 to Dale Buscaino's Initial Expert Report | TPL1044620-TPL1044659 | KK |
| CX-0128 | C | Seiko Ex. 3 -443 Seiko Epson Artisan 730 to Dale Buscaino's Initial Expert Report | TPL1044660-TPL1044692 | LL |
| CX-0129 | C | Seiko Ex. 4 -549 Seiko Epson Artisan 730 to Dale Buscaino's Initial Expert Report | TPL1044693-TPL1044720 | MM |
|  |  | TPL Complaint Exhibit 41- Claim Chart applying U.S. Patent No. 7,522,424 to Accused Falcon Northwest Computer Systems Product | TPL 1022004-TPL1022020 | NN |
|  |  | TPL Complaint Exhibit 43- Claim Chart applying U.S. Patent No. 7,295,443 to accused Falcon Northwest Computer Systems product | TPL1022030-TPL1022041 | OO |
|  |  | TPL Complaint Exhibit 44- Claim Chart applying U.S. Patent No. 7,162,549 to accused Falcon Northwest Computer Systems product | TPL1022042-TPL1022064 | PP |

C14-03640-CW, C14 03641 CW, C 14 03642 CW, C 14-03643-CW,
C 14 03643 CW, C 14 03644 CW, C 14-03645-CW, C 14-03646-CW

C 14 03646 CW, C 14 03647 CW, C 14 04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| | | TPL Complaint Exhibit 45- Claim Chart applying U.S. Patent No. 6,976,623 to accused Falcon Northwest Computer Systems product | TPL1022065-TPL1022090 | QQ |
| | | TPL Complaint Exhibit 96- Claim Chart applying U.S. Patent No. 7,522,424 to accused Shuttle, Inc. product | TPL1022868-TPL1022885 | RR |
| | | TPL Complaint Exhibit 98- Claim Chart applying U.S. Patent No. 7,295,443 to accused Shuttle, Inc. product | TPL1022892-TPL1022904 | SS |
| CX-0021 | | TPL Complaint Exhibit 24- Claim Chart applying U.S. Patent No. 7,522,424 to accused Canon, Inc. product | TPL1021646-TPL1021667 | TT |
| CX-0022 | | TPL Complaint Exhibit 26- Claim Chart applying U.S. Patent No. 7,295,443 to accused Canon, Inc. product | TPL1021674-TPL1021701 | UU |
| CX-0032 | | TPL Complaint Exhibit 55- Claim Chart applying U.S. Patent No. 7,522,424 to accused Hewlett-Packard Company product | TPL1022235-TPL1022257 | VV |
| CX-0033 | | TPL Complaint Exhibit 57- Claim Chart applying U.S. Patent No. 7,295,443 to accused Hewlett-Packard Company product | TPL1022276-TPL1022299 | WW |
| CX-0034 | | TPL Complaint Exhibit 58- Claim Chart applying U.S. Patent No. 7,162,549 to accused Hewlett-Packard Company product | TPL1022300-TPL1022320 | XX |

C14-03640-CW, C14 03641 CW, C 14 03642 CW, C 14-03643-CW, C 14 03643 CW, C 14 03644 CW, C 14-03645-CW, C 14-03646-CW

C 14 03646 CW, C 14 03647 CW, C 14 04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| CX-0035 | | TPL Complaint Exhibit 59- Claim Chart applying U.S. Patent No. 7,719,847 to accused Hewlett-Packard product | TPL1022321-TPL1022334 | YY |
| CX-0036 | | TPL Complaint Exhibit 60- Claim Chart applying U.S. Patent No. 7,522,424 to accused HiTi Digital, Inc. product | TPL1022335-TPL1022356 | ZZ |
| CX-0037 | | TPL Complaint Exhibit 62- Claim Chart applying U.S. Patent No. 7,295,443 to accused HiTi Digital, Inc., product | TPL1022360-TPL1022370 | AAA |
| CX-0038 | | TPL Complaint Exhibit 63- Claim Chart applying U.S. Patent No. 7,162,549 to accused HiTi Digital, Inc., product | TPL1022371-TPL1022391 | BBB |
| CX-0039 | | TPL Complaint Exhibit 64- Claim Chart applying U.S. Patent No. 7,522,424 to accused Kingston Technology Company, Inc. product | TPL1022392-TPL1022409 | CCC |
| CX-0040 | | TPL Complaint Exhibit 66- Claim Chart applying U.S. Patent No. 7,295,443 to accused Kingston Technology Company, Inc., product | TPL1022420-TPL1022431 | DDD |
| CX-0041 | | TPL Complaint Exhibit 67- Claim Chart applying U.S. Patent No. 6,976,623 to accused Kingston Technology Company, Inc., product | TPL1022432-TPL1022446 | EEE |
| CX-0042 | | TPL Complaint Exhibit 77- Claim Chart applying U.S. Patent No. 7,522,424 to accused Rosewill, Inc. product | TPL1022569-TPL1022585 | FFF |

C14-03640-CW, C14-03641-CW, C 14-03642-CW, C 14-03643-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW

C 14-03646-CW, C 14-03647-CW, C 14-04616-CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R 3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| CX-0043 | | TPL Complaint Exhibit 80- Claim Chart applying U.S. Patent No. 7,295,443 to accused Rosewill, Inc., product | TPL1022595-TPL1022603 | GGG |
| CX-0044 | | TPL Complaint Exhibit 81- Claim Chart applying U.S. Patent No. 7,162,549 to accused Rosewill, Inc. product | TPL1022604-TPL1022624 | HHH |
| CX-0045 | | TPL Complaint Exhibit 82- Claim Chart applying U.S. Patent No. 6,976,623 to accused Rosewill, Inc. product | TPL1022625-TPL1022644 | III |
| CX-0046 | | TPL Complaint Exhibit 91- Claim Chart applying U.S. Patent No. 7,522,424 to accused Seiko Epson Corporation product | TPL1022763-TPL1022784 | JJJ |
| CX-0047 | | TPL Complaint Exhibit 93- Claim Chart applying U.S. Patent No. 7,295,443 to accused Seiko Epson Corporation product | TPL1022800-TPL1022819 | KKK |
| CX-0048 | | TPL Complaint Exhibit 94- Claim Chart applying U.S. Patent No. 7,162,549 to accused Seiko Epson Corporation product | TPL1022820-TPL1022843 | LLL |
| CX-0049 | | TPL Complaint Exhibit 95 Claim Chart applying U.S. Patent No. 7,162,549 to accused Seiko Epson Corporation product | TPL1022844-TPL1022867 | MMM |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | NNN |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | OOO |

C14-03640-CW, C14-03641-CW, C 14-03642-CW, C 14-03643-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW,
C 14-03646-CW, C 14-03647-CW, C 14-04616-CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R 3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | PPP |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | QQQ |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | RRR |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | SSS |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | TTT |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | UUU |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | VVV |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | WWW |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | XXX |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | YYY |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | ZZZ |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | AAAA |

C14-03640-CW, C14-03641 CW, C 14 03642 CW, C 14-03643 CW, C 14 03643 CW, C 14 03644 CW, C 14-03645-CW, C 14-03646-CW

C 14 03646 CW, C 14 03647 CW, C 14 04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R 3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | BBBB |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | CCCC |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | DDDD |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | EEEE |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | FFFF |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | GGGG |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | HHHH |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | IIII |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | JJJJ |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | KKKK |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | LLLL |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | MMMM |

C14-03640-CW, C14 03641 CW, C 14 03642 CW, C 14-03643-CW,
C 14 03643 CW, C 14 03644 CW, C 14-03645-CW, C 14-03646-CW,
C 14 03646 CW, C 14 03647 CW, C 14 04616 CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

| Tr. Ex. No | Conf. | Description | Bates Range | Infringement Cont. Ex. No. |
|---|---|---|---|---|
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | NNNN |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | OOOO |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | PPPP |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | QQQQ |
| | | TPL Claim Chart applying U.S. Patent No. 7,522,424 to accused Sony product | | RRRR |
| | | TPL Claim Chart applying U.S. Patent No. 7,295,443 to accused Sony product | | SSSS |

- Inv. 337-TA-841 Direct Witness Statement of Dale Buscaino:  CX-944C (see at least the following specific Q&A listed in the table below).

| Canon | '443 - Q&A 547-579, Q&A 581-586 |
|---|---|
| | '424 - Q&A 587-618, Q&A 620-625 |
| HP | '443 - Q&A 970-1054, Q&A 1056-1062 |
| | '424 - Q&A 1063-1148, Q&A 1169-1175 |
| | '847 - Q&A 1176- 1193 |
| HiTi | '443 - Q&A 1252-1272 |
| | '424 - Q&A 1273-1310 |
| Kingston | '443 - Q&A 1314-1330, Q&A 1331-1336 |
| | '424 - Q&A 1337- 1367, Q&A 1368-1374 |
| Newegg/Rosewill | '443 - Q&A 1412- 1429 |
| | '424 - Q&A 1430-1448 |
| Seiko | '443 - Q&A 1514-1541, Q&A 1543-1548 |
| | '424 - Q&A 1549-1579, Q&A 1580-1586 |

- Inv. 807 Direct Witness Statement of Dale Buscaino: CX-0231C (see at least the following specific Q&A listed in the table below, which contains evidence confirming Sony's infringement).

| Sony | '443 - Q&A 420-429, Q&A 430-537, Q&A 538-540, Q&A 541-543 |
|------|----------------------------------------------------------|
|      | '424 - Q&A 420-429, Q&A 544-553, Q&A 554-696, Q&A 697-702 |

## II.  P.R. 3-2 Document Production Accompanying Disclosure

**(a)  Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;**

Plaintiffs are not aware of any documents in their possession responsive to P.R. 3-2(a).

**(b)  All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier;**

Along with the information included in the file histories identified in subsection (c) below, Plaintiff also identifies: U.S. Patent No. 6,438,638, TPL1021052-TPL1021075; the file history of U.S. Patent No. 6,438,638, TPL1006295-TPL1006364; the OnSpec evaluation board dated the fifty-second week of 1998 (ITC Inv. 841 Trial Exhibit CPX0018); and TPL118736-122302, TPL122651- 213147 and TPL391727-391742 as responsive to P.R. 3-2(b).[4]

**(c)  A copy of the file history for each patent in suit; and**

Copies of the file histories for each patent in suit bear the following production numbers:

---

[4] Citations to Bates numbers in this subsection are to documents produced in Investigation 841.

C14-03640-CW, ~~C14 03641 CW, C 14 03642 CW,~~ C 14-03643 CW,
~~C 14 03643 CW, C 14 03644 CW,~~ C 14-03645-CW, C 14-03646 CW,

~~C 14 03646 CW, C 14 03647 CW, C 14 04616 CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P.R. 3-1 AND 3-2

i.      U.S. Patent No.7,295,443:  TPL1002199-TPL1002675;

ii.     U.S. Patent No. 7,522,424:  TPL1004133-TPL1004846; and

iii.    U.S. Patent No. 7,719,847:  TPL1006725-TPL1010784.[5]

**(d)      All documents evidencing ownership of the patent rights by the party asserting patent infringement.**

All documents evidencing ownership of the patent rights by Plaintiffs bear the following production numbers:

i.      U.S. Patent No.7,295,443 - TPL1042594-TPL1042652;

ii.     U.S. Patent No. 7,522,424 - TPL1042653-TPL1042711; and

iii.    U.S. Patent No. 7,719,847 - TPL1042771-TPL1042826.

**(e)      If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.**

See subsection 3-1(g) above.

Dated:  ~~March 6~~October 14, 2015            By:  */s/Michael P. Kella*
                                              Anthony G. Simon (*pro hac vice*)
                                              Michael P. Kella (*pro hac vice*)
                                              Benjamin R. Askew (*pro hac vice*)
                                              Timothy D. Krieger (*pro hac vice* forthcoming)
                                              THE SIMON LAW FIRM, P.C.
                                              800 Market Street, Suite 1700
                                              St. Louis, Missouri 63101
                                              P. 314.241.2929
                                              F. 314.241.2029
                                              asimon@simonlawpc.com
                                              mkella@simonlawpc.com
                                              baskew@simonlawpc.com

---

[5] Citations to Bates numbers in this subsection are to documents produced in Investigation 841.

Page **26** of **27**

C14-03640-CW, ~~C14 03641 CW, C 14 03642 CW,~~ C 14-03643-CW, ~~C 14 03643 CW, C 14 03644 CW,~~ C 14-03645-CW, C 14-03646-CW

~~C 14 03646 CW, C 14 03647 CW, C 14 04616 CW~~

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

tkrieger@simonlawpc.com

and

Henry C. Bunsow
Denise De Mory
Brian A.E. Smith
BUNSOW DE MORY SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA  94104
T. (415) 426-4747
F. (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
bsmith@bdiplaw.com
*Attorneys for Plaintiffs Technology Properties*
*Limited LLC and MCM Portfolio LLC*

Page **27** of **27**

C14-03640-CW, C14-03641-CW, C 14-03642-CW, C 14-03643-CW,
C 14-03643-CW, C 14-03644-CW, C 14-03645-CW, C 14-03646-CW

C 14-03646-CW, C 14-03647-CW, C 14-04616-CW

AMENDED PATENT DISCLOSURES PURSUANT TO P R  3-1 AND 3-2