1  Anthony G. Simon (*pro hac vice*)
   Michael P. Kella (*pro hac vice*)
2  Benjamin R. Askew (*pro hac vice*)
   THE SIMON LAW FIRM, P.C.
3  800 Market Street, Suite 1700
4  St. Louis, Missouri 63101
   P. 314.241.2929
5  F. 314.241.2029
   asimon@simonlawpc.com
6  mkella@simonlawpc.com
7  baskew@simonlawpc.com

8  Henry C. Bunsow
   Denise De Mory
9  Brian A.E. Smith
   BUNSOW DE MORY SMITH & ALLISON LLP
10 351 California Street, Suite 200
11 San Francisco, CA  94104
   T. (415) 426-4747
12 F. (415) 426-4744
   hbunsow@bdiplaw.com
13 ddemory@bdiplaw.com
   bsmith@bdiplaw.com
14

15 *Attorneys for Plaintiffs*

16              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
17                      **OAKLAND DIVISION**

18

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03640-CW |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR INFRINGEMENT CONTENTIONS PURSUANT TO P.R. 3-6** |
| vs. | |
| CANON, INC., et al., | Judge:  Hon. Claudia Wilken |
| Defendant(s). | |

| | | |
|---|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | ) ) ) | Case Number: C 14-03643-CW |
| Plaintiffs, | ) ) | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR INFRINGEMENT CONTENTIONS PURSUANT TO P.R. 3-6** |
| vs. | ) ) | |
| HEWLETT-PACKARD COMPANY, | ) ) | Judge:  Hon. Claudia Wilken |
| Defendant. | ) | |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | ) ) ) | Case Number: C 14-03645-CW |
| Plaintiffs, | ) ) | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR INFRINGEMENT CONTENTIONS PURSUANT TO P.R. 3-6** |
| vs. | ) ) | |
| NEWEGG INC., et al., | ) ) | Judge:  Hon. Claudia Wilken |
| Defendant(s). | ) | |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | ) ) ) | Case Number: C 14-03646-CW |
| Plaintiffs, | ) ) | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR INFRINGEMENT CONTENTIONS PURSUANT TO P.R. 3-6** |
| vs. | ) ) | |
| SEIKO EPSON CORPORATION, et al., | ) ) | Judge:  Hon. Claudia Wilken |
| Defendant(s). | ) | |

**TABLE OF CONTENTS**

I.   APPLICABLE LAW……………………………………………..……..…… 2

II.  ARGUMENT…………………………………………………………….......  2

    A.   Plaintiffs Were Diligent in Seeking to Amend………………………....... 7

    B.   There Is No Prejudice to Defendants…………….………………….….. 10

III. CONCLUSION……………………………………………………………. 10

# TABLE OF AUTHORITIES

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
   2014 WL 1322028, at *7 (N.D. Cal. Mar. 28, 2014)……………………..……….. 9

*Brandywine Commc'ns Technologies, LLC v. AT&T Corp.*,
   No. C 12-2494 CW, 2014 WL 1569544 (N.D. Cal. Apr. 18, 2014)……………… 10

*ChriMar Sys., Inc. v. Cisco Sys. Inc.*,
   No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist. LEXIS 73935
   (N.D. Cal. May 14, 2015)…………………..……………………………………............. 9

*MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*,
   No. 2:13-cv-02538, 2014 WL 5810363 (C.D. Cal. Nov. 6, 2014)……………..… 9

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   No. C 10-3724 CW, 2013 WL 5609325 (N.D. Cal. Oct. 11, 2013)……..……….. 2, 10

**Rules and Statutes**

Local P.R. 3-6……………………………………………………………..…………………. 1, 2, 9

35 U.S.C. § 112……………………………………………………………………………….. 6

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND
THEIR INFRINGEMENT CONTENTIONS PURSUANT TO P.R. 3-6**

Pursuant to Patent L.R. 3-6, Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC submit this motion for leave to amend their Local P.R. 3-1 Infringement Contentions in view of the Court's claim construction order, (Doc. 334).[1]

Plaintiffs' proposed amendments are attached to Plaintiffs' Administrative Motion to File Under Seal, (Doc. 343), as Exhibits A, A-1 through 6, and A-11 through 18, which show all proposed amendments in redline.[2,3]  (*See* Declaration of Michael P. Kella in Support of Plaintiffs' Motion for Leave to Amend Their Infringement Contentions Pursuant to P.R. 3-6 at ¶ 13 ("Kella Decl.").)  Clean copies of Plaintiffs' proposed amendments are attached to this Administrative Motion as Exhibits B, B-1 through 6, and B-11 through 18.[4]  (*See* Kella Decl. at ¶ 14.)

Although Canon demanded that Plaintiffs serve amended contentions in light of the Court's claim construction order and informed Plaintiffs that Canon would not oppose a motion to amend so long as Canon had the opportunity to review the amendments and determine that they were due to the claim construction order, Defendants, including Canon, oppose this motion. Plaintiffs provided Defendants with the amended contentions on October 14, 2015.  On October 22, Defendants informed Plaintiffs of their opposition.  Defendants provided no substantive reason for their opposition other than to state that—based on Defendants' review of the proposed amended infringement contentions—the amendments are not necessitated by the Court's claim construction order.  Defendants do not argue a lack of diligence by Plaintiffs.

---

[1] All references to the record herein are to the record in Case No. 4:14-cv-03640-CW.
[2] All references to exhibits herein are to the exhibits attached to Plaintiffs' Administrative Motion to File Under Seal. (Doc. 343).
[3] Exhibit A is the amended P.R. 3-1 and 3-2 cover pleading in redline form.  Exhibits A-1 through 6 and A-11 through 18 are the amended contention chart exhibits attached thereto in redline form.
[4] Exhibit B is the amended P.R. 3-1 and 3-2 cover pleading in clean form.  Exhibits B-1 through 6 and B-11 through 18 are the amended contention chart exhibits attached thereto in clean form.

## I.  APPLICABLE LAW

Local Patent Rule 3-6 governs amendments to infringement contentions. A party may amend its infringement contentions pursuant to Local P.R. 3-6 upon a showing of good cause and by order of the Court. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2013 WL 5609325, at *1 (N.D. Cal. Oct. 11, 2013). A claim construction by the Court different from that proposed by the party seeking amendment is one example of a circumstance that may support a finding of good cause.

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment . . . .

Local P.R. 3-6. Good cause also requires a showing of diligence. *Id.* The burden is on the moving party to show diligence. *Id.* at *2. The Court should then consider prejudice to the non-moving party. *Id.* Here, Plaintiffs were diligent as explained below, and Defendants do not argue a lack of diligence.

## II.  ARGUMENT

There is good cause for the Court to grant Plaintiffs leave to serve amended infringement contentions. All of the amendments are based solely on the Court's claim construction order and were precipitated by the order adopting a construction that was different from Plaintiffs' proposed construction and 1) by the order adopting a construction that was different from any party's proposed construction, 2) by the order expounding upon or further defining a construction in a manner different from any party's proposed construction, or 3) by the need to address unresolved disputes that arose during briefing and at the claim construction hearing, which the order did not resolve.

The following claim terms were construed, and in some cases expounded upon, by Court.

| Element | Defendants' Proposal | Plaintiffs' Proposal | Court's Construction |
|---|---|---|---|
| "means for mapping" | **Structure**: "a controller"<br><br>**Function**: "varying the assignment of . . . ."<br><br>This term is indefinite. | **Structure**: "a controller"<br><br>**Function**: "logically assigning . . ." | **Structure**: a controller<br><br>**Function**: "mapping" |
| "to map" | "to vary the assignment of"<br><br>The mere use of additional signal lines in some circumstances, but not others, based upon fixed assignments, does not constitute mapping. | "to logically assign" | "to assign" |
| "memory media card" | "a removable module capable of storing electronic data" | Plain and ordinary meaning; no construction necessary. | "a removable device capable of storing electronic data" |
| "type of memory [media] card" | Different "types of memory media cards" have incompatible electrical and physical interfaces. For purposes of mapping/identifying in these claims, MMC/SD is a single type of memory media card. | Plain and ordinary meaning; no construction necessary. | "subset of memory media cards containing different numbers of contact pins or using contact pins differently" |
| "means for [identifying/determining] the type of memory card inserted into said port" | **Structure**: "a controller and card detect lines for the various cards, wherein the card detect lines for at least one type of memory card is multiplexed with data bus lines for at least one other type of card"<br><br>**Function**: "identifying the type of memory card inserted into said port" | **Structure**: "a controller"<br><br>**Function**: "identifying the type of memory card inserted into said port" | **Structure**: "a controller and card detect lines"<br><br>**Function**: "[identifying/determining] the type of memory card inserted into said port" |

| Element | Defendants' Proposal | Plaintiffs' Proposal | Court's Construction |
|---|---|---|---|
| "interconnection means" | "conductive structures separate and distinct from the contact pins"<br><br>"Its meaning is simple: the same piece of metal cannot be both an interconnection means and a contact pin." (Doc. 299 at 28.) | "conductive elements that electrically connect" | "conductive structures separate and distinct from the contact pins" |
| "contact pins integrated within the molded plastic" | Contact pins are "embedded within molded plastic"<br><br>Contact pins do not correspond to floating contact pins. | Plain and ordinary meaning; no construction necessary | "contact pins embedded within the molded plastic"<br><br>The Court stated in its order that "[c]onstruction of the term to require that the contact pins be embedded--that is, firmly fixed--in the molded plastic reflects that state purpose." (Doc. 334 at 24.) |

1. **"means for mapping" / "to map"**

Plaintiffs seek leave to amend their contentions for these terms in light of the Court's construction of "map" as "assign." Plaintiffs' seek only to comport the explanatory language in their contentions with the Court's construction of these terms by replacing the words "map" or "mapping" with "assign" or "assigning." *E.g.,* Exhibit A-2 at 21-25; Exhibit A-3 at 8-13. Plaintiffs do not accuse any new structure of meeting these elements. Nor do Plaintiffs accuse any new functionality of performing the "mapping"/"assigning" function.

2. **"memory media card"**

Plaintiffs seek leave to amend their contentions based on the Court's construction of "type of memory [media] card" as "a removable device capable of storing electronic data." Plaintiffs

did not propose this construction.[5]  Plaintiffs seek only to comport the explanatory language in their proposed amended contentions with the Court's construction.  *E.g.,* Exhibit A-2 at 8-10.  Plaintiffs are accusing nothing new here of being a "memory media card."

### 3. "type of memory [media] card"

Plaintiffs seek leave to amend their contentions based on the Court's construction of "type of memory [media] card" as "subset of memory media cards containing different numbers of contact pins or using contact pins differently."  Neither party proposed this construction.

However, Plaintiffs' contentions largely remain unchanged.  Plaintiffs simply seek to comport the explanation in its current contentions with the Court's construction and to further explain how the accused memory media cards "contain different numbers of contact pins or use contact pins differently."  *E.g.,* Exhibit A-2 at 8-11.  Plaintiffs also seek to set forth an additional/alternative contention for infringement under the doctrine of equivalents in light of a potential (mis)interpretation of the Court's "containing . . . contact pins" limitation, which neither party proposed.  *E.g., id.* at 10-11.  Plaintiffs are accusing nothing new here of being a "type of memory [media] card."

### 4. "means for [identifying/determining] the type of memory card inserted into said port"

Plaintiffs seek leave to amend their contentions based on the Court's construction of "means for identifying/determining" to require the structure of "a controller and card detect lines."  Neither party proposed this construction.

In the proposed amended contentions, Plaintiffs' accused structure for "a controller" remains the same.  However, now that the structure has been construed to require "card detect lines," Plaintiffs seek to amend their contentions to further expound upon how the accused

---

[5] Defendants did not propose this particular construction either.  Instead, Defendants' proposed "a removable module capable of storing electronic data."

products include "card detect lines." *E.g.,* Exhibit A-2 at 13-21. Plaintiffs also seek to include additional explanation for an additional/alternative infringement contention for equivalents under 35 U.S.C. § 112(6) and the doctrine of equivalents in light of the new "card detect lines" limitation. *E.g., id.* at 18-19.

### 5. "interconnection means"

Plaintiffs seek leave to amend their contentions based on the Court's construction of "interconnection means" to require "conductive structures separate and distinct from the contact pins," which Plaintiffs did not propose.

However, the structure accused in the proposed amended contention remains the same. Plaintiffs merely seek to comport the explanatory language in its contentions with the Court's construction and to expound upon an additional/alternative doctrine of equivalents theory that is set forth in its current contentions. *E.g.,* Exhibit A-2 at 4-8.

Plaintiffs also seek to further account for an argument raised by Defendants in their claim construction briefing regarding the alleged meaning of "conductive structures separate and distinct from the contact pins" that the Court did not address in its order. Specifically, Defendants argued that "[i]ts meaning is simple: the same piece of metal cannot be both an interconnection means and a contact pin." (Doc. 299 at 28.) Although Plaintiffs do not believe that the Court's construction has Defendants' argued meaning, Plaintiffs expect that Defendants will argue it does. Therefore, in an abundance of caution, Plaintiffs' proposed amendments further expound upon an additional/alternative contention for infringement under the doctrine of equivalents that is set forth in Plaintiffs' current contentions. *E.g.,* Exhibit A-2 at 7-8. Plaintiffs are accusing nothing new here of being "interconnection means."

### 6. "contact pins integrated within the molded plastic"

Plaintiffs seek leave to amend their contentions based on the Court's construction of

1  "contact pins integrated within the molded plastic" to require "contact pins embedded within
2  molded plastic" and the Court's statement in its order that "[c]onstruction of the term to require
3  that the contact pins be embedded--that is, *firmly fixed*--in the molded plastic reflects that state
4  purpose."  (Doc. 334 at 24 (emphasis added).)

With the proposed amendment, Plaintiffs simply seek to provide additional photographs further showing how the contact pins are "embedded within" the molded plastic and to set forth an additional/alternative infringement contention under the doctrine of equivalents.  *E.g.,* Exhibit A-3 at 4-8.  In doing so, Plaintiffs merely desire to further account for the Court's construction, which Plaintiffs' did not propose, and for the Court's statement in its order regarding "firmly fixed" that neither party proposed in its construction.  Plaintiffs are accusing nothing new here of being "contact pins integrated within the molded plastic."

### A.   Plaintiffs Were Diligent in Seeking to Amend

The Court issued its claim construction order on Friday, September 18, 2015.  (Doc. 334.)  Plaintiffs' counsel began reviewing and analyzing the order, which construed seven different terms for three patents-in-suit, immediately upon issuance.  (*See* Kella Decl. at ¶¶ 1-2.)  That same day, Plaintiffs' counsel provided the order to Plaintiffs' expert, Mr. Dale Buscaino, and requested his review and analysis.  (*Id.* at ¶ 3.)

On Monday, September 21, Plaintiffs' counsel began discussing the claim construction order with Plaintiffs' expert.  (*Id.* at ¶ 4.)  Plaintiffs' counsel and Plaintiffs' expert also began discussing Plaintiffs' current contentions so that Plaintiffs could identify where it may be appropriate to expound upon Plaintiffs' current contentions in light of the claim construction order.  (*Id.*)  After Plaintiffs' counsel and Plaintiffs' expert determined that there were claim elements for which it would be appropriate to expound upon Plaintiffs' current contentions in light of the claim construction order, Plaintiffs' counsel immediately began working to complete

1    the proposed amended infringement contentions.  (*Id.* at ¶ 5.)

2    On Wednesday, October 14—the same day that Plaintiffs completed the proposed
3    amended infringement contentions—Plaintiffs served Defendants with the proposed amended
4    contentions.  (*Id.* at ¶ 6.)   Although Plaintiffs diligently worked to provide Defendants with
5    Plaintiffs' proposed amended contentions and did so just eighteen weekdays—less than thirty
6    total days—after the Court issued its claim construction order, all of this took a significant
7    amount of time and effort, including retrieving products from storage, taking high resolution
8    photographs of their components, consulting with Plaintiffs' expert, review and analysis of
9    technical subject matter, and drafting the amended contentions.[6]  (*Id.* at ¶ 7.)

10   With service of Plaintiffs' proposed amended contentions, Plaintiffs reminded Defendants
11   of Plaintiffs' desire to seek to leave to amend the contentions based on the Court's claim
12   construction order and requested that Defendants please let Plaintiffs know whether Defendants
13   consented to the proposed amended contentions.  (*Id.* at ¶ 8.)  Eight days later, on Thursday,
14   October 22, Defendants informed Plaintiffs that they opposed Plaintiffs' amendments.  (*Id.* at ¶ 9;
15   *see also id.* at ¶¶ 10-12.)   Plaintiffs then immediately began preparing this Motion to amend and
16   filed the same on Friday, October 23.  (*Id.* at ¶¶ 9, 12.)

17   In sum, as soon as Plaintiffs received the Court's claim construction order, Plaintiffs
18   diligently worked to determine where amendment was appropriate.  Once Plaintiffs determined
19   that amendment was appropriate, Plaintiffs prepared and served proposed amended contentions,
20   which Defendants had in hand less than 30 days after the Court's order.  Plaintiffs then prepared

---

[6] During this short period of time, Plaintiffs also had to prepare and file a motion for reconsideration on two claims terms, (Doc. 336), prepare for and attend the third-party deposition of SanDisk noticed by HP, (*see* Case No. 4:14-cv-03643-CW, Doc. 110 at 1), attempt to review almost 900 pages of highly technical source code with Plaintiffs' expert in preparation for this deposition that were unexpectedly produced to Plaintiffs just days before the deposition, (*see id.*), and submit two letter briefs related to a discovery dispute over that deposition, (*id.*; Case No. 4:14-cv-03643-CW, Doc. 116.)

and filed this Motion once Plaintiffs leaned that Defendants opposed amendment.

Plaintiffs have demonstrated diligence in seeking to amend, and Defendants do not argue a lack of diligence by Plaintiffs.  Indeed, this Court recently reiterated that "*Rule 3-6(a)* does not require a party to seek leave to amend prior to issuance of the final claim construction order." *ChriMar Sys., Inc. v. Cisco Sys. Inc.*, No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist. LEXIS 73935, at *17 (N.D. Cal. May 14, 2015) (emphasis in original).  This is true regardless of whether any of the Court's constructions are the same as those proposed by Defendants. *Id.*; *see also MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*, No. 2:13-cv-02538, 2014 WL 5810363, at *3 (C.D. Cal. Nov. 6, 2014) (holding that it was reasonable to wait until after the claim construction order to seek leave to amend, noting "[n]either party had any way of predicting how the Court would rule on the claim construction dispute before it issued the Claim-Construction Order.").

"Further, unlike the present case, 'cases that denied leave to amend infringement contentions after claim construction did so because a significant amount of unaccounted time lapsed between the claim construction order and amendment and the amendments were filed near the end of discovery or close to trial.'" *ChriMar Sys., Inc.*, No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist. LEXIS 73935, at *17 (quoting *MyMedicalRecords, Inc.*, 2014 WL 5810363, at *3 (citing *Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 1322028, at *7 (N.D. Cal. Mar. 28, 2014)). In *Apple, Inc. v. Samsung Elecs. Co.*, a lack of diligence was found when Samsung waited nearly a year after the claim construction order and less than three weeks before trial before seeking leave to amend. 2014 WL 1322028, at *7.  But, in *ChriMar Sys. Inc.*, diligence was found where the plaintiff sought leave to amend less than one month after the Court's claim construction order, fact discovery was ongoing, there was no fact discovery cut-off date, and no trial date has been set. *ChriMar Sys. Inc.*, 2015 U.S. Dist. LEXIS 73935, at *18.  The same is true in this case. Discovery is ongoing, there is no discovery deadline, no trial dates have been set, and Plaintiffs'

motion should be granted.

However, even if Plaintiffs were arguably not diligent, the Court retains discretion to grant leave to amend where there would be lack of prejudice to the non-moving party. *See e.g., U.S. Ethernet Innovations, LLC*, 2013 WL 5609325, at *2-3 ("Here, given that there is still sufficient time left on the pretrial clock, and that Claim 15 mirrors claims that have already been the subject of claim construction proceedings, it seems unlikely that the proposed amendment will cause prejudice to Defendant."); *Brandywine Commc'ns Technologies, LLC v. AT&T Corp.*, No. C 12-2494 CW, 2014 WL 1569544, at *15 (N.D. Cal. Apr. 18, 2014) ("[E]ven if the movant was arguably not diligent, the court retains discretion to grant leave to amend.")

### B.  There Is No Prejudice to Defendants

There can be no prejudice to Defendants.  There is no schedule currently in place for these cases. While the parties are preparing to submit a Further Joint Case Management Conference Statement  pursuant to the Clerk's October 5, 2015 Notice of Further Case Management Conference with competing proposed schedules, (Doc. 337), there is plenty of time left on the pre-trial clock under either side's proposal.  Indeed, the parties do note propose holding trial until September 19, 2016 (Plaintiffs) or November 15, 2016 (Defendants).

### III.  CONCLUSION

Plaintiffs' Motion should be granted.  Good cause exists, Plaintiffs have demonstrated diligence, and there will be no prejudice to Defendants.

Dated:  October 23, 2015               By:  */s/ Michael P. Kella*   (*pro hac vice*)
                                       *Attorney for Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel for all parties of record on October 23, 2015 via the Court's CM/ECF system.

*/s/ Michael P. Kella*