*Parties listed on signature page.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03640-CW |
| Plaintiffs, | **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** |
| vs. | Date: November 3, 2015 |
| CANON, INC., et al., | Time: 2:30 pm |
| Defendants. | Courtroom: 2, 4th Floor |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03643-CW |
| Plaintiffs, | **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** |
| vs. | Date: November 3, 2015 |
| HEWLETT-PACKARD COMPANY, | Time: 2:30 pm |
| Defendant. | Courtroom: 2, 4th Floor |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03645-CW |
| Plaintiffs, | **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** |
| vs. | Date: November 3, 2015 |
| NEWEGG INC., et al., | Time: 2:30 pm |
| Defendants. | Courtroom: 2, 4th Floor |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | Case Number: C 14-03646-CW |
| Plaintiffs, | **FURTHER JOINT CASE MANAGEMENT STATEMENT and [PROPOSED] ORDER** |
| vs. | Date: November 3, 2015 |
| SEIKO EPSON CORPORATION, et al., | Time: 2:30 pm |
| Defendants. | Courtroom: 2, 4th Floor |

Pursuant to the Court's November 19, 2014 Minute Order and Case Management Order (Doc. 261 in Case No. 4:14-cv-03640-CW) and the Clerk's October 5, 2015 Notice of Further Case Management Conference (Doc. 337 in Case No. 4:14-cv-03640-CW), Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC ("Plaintiffs") and Defendants Canon Inc., Canon U.S.A., Inc., Hewlett-Packard Company, Newegg Inc., Rosewill Inc., Seiko Epson Corporation, and Epson America, Inc. ("Defendants") (together, "the parties") jointly file this Further Joint Case Management Statement in the above-captioned cases.

For the convenience of the Court, the parties have not repeated the discussion of Jurisdiction and Service, Facts, Legal Issues, Amendment of Pleadings, Evidence Preservation, Disclosures, Class Actions, Related Cases, Relief, Consent to Magistrate Judge For All Purposes, Other References, Expedited Trial Procedure, Disclosure of Non-Party Interested Entities and Persons, and Professional Conduct presented in their November 12, 2014 Joint Case Management Statement, and only address open issues or issues still relevant to these litigations.

**Motions**

On October 2, 2015, Plaintiffs filed a Motion for Leave to File Motion for Reconsideration regarding the construction of two claim terms, "type of memory [media] card" and "memory media card."

On October 6, 2015 Plaintiffs filed an Emergency Request for Protective Order to prohibit Hewlett-Packard from going forward with a deposition of third party SanDisk scheduled for October 7, 2015, or, in the alternative, order that the deposition be left open for continuance. On October 7, the matter was referred to Magistrate Judge Ryu, who denied Plaintiffs' request without prejudice and ordered the parties to file a joint letter by October 16, 2015 on any remaining disputes concerning the deposition. On October 16, 2015, the Plaintiffs, Hewlett-Packard and third party SanDisk filed a joint letter.

On October 23, 2015, Plaintiffs filed Motions for Leave to Amend Plaintiffs' Infringement Contentions Pursuant to P.R. 3-6 and Administrative Motions to Seal Documents regarding Plaintiffs' Amended Patent Disclosures Pursuant to P.R. 3-1 and 3-2 in all four cases.

On October 27, 2015, Defendants filed a Motion for Leave to Amend Invalidity Contentions Pursuant to Patent L.R. 3-6 and an Administrative Motion to Seal Documents relating to Defendants' Motion and Amended Patent Disclosures.

### Discovery

The parties exchanged discovery in the earlier ITC proceeding. The parties also have engaged in some discovery in these actions. Nevertheless, the parties anticipate additional discovery on claims in the Plaintiffs' complaints, and the defenses and counterclaims in Defendants' answers and counterclaims.

**a. The scope of anticipated discovery**

**Plaintiffs' Statement:**

Depending on the resolution of the parties' disagreement regarding the use of representative products, Plaintiffs anticipate that additional discovery is needed on the design, functionality, and technical operation of the accused products in this case for which Defendants have yet to provide sufficient discovery. In addition, because Plaintiff TPL was not seeking damages in the ITC proceeding, discovery relevant to damages will be needed.

**Defendants' Statement:**

Defendants anticipate that additional discovery is needed regarding multiple issues, including third-party prior art, and Plaintiffs and their predecessors' licenses and licensing program. On October 7, Defendant HP took the deposition of third-party SanDisk pursuant to a subpoena.

Defendants do not oppose the use of representative products in principle. Defendants will meet and confer with Plaintiffs on an individual basis to discuss the use of representative products.

**b. Proposed limitations or modifications of the discovery rules**

The parties agree as follows:

**Method of Service:** The parties agree to serve documents by email in lieu of personal service or service by U.S. Mail.

**Disclosure of Discovery of Electronically Stored Information:**

**General Document Image Format.** The parties agree to produce non-source code documents in single-page, Tagged Image File Format ("TIFF"). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.[1]

**Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

**Claims of Privilege:** The parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created after March 28, 2012 do not need to be logged.

**Protective Order**: The parties will meet and confer on a proposed Stipulated Protective Order to submit for the Court's approval.

---

[1] The parties will follow the Court's guidance from the November 19, 2014 case management conference regarding the production of documents in text-searchable format.

**c. Brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any discovery disputes**

The parties intend to work together regarding e-discovery or any issues related to Fed. R. Civ. P. 26(f) if any issues arise that are not governed by the agreements referenced above in Paragraph 2(b).

**Settlement and ADR**

Case Numbers 14-03642 (HiTi Digital America Inc.), 14-03645 (Kingston Technology Co., Inc.), 14-3647 (Shuttle Computer Group Inc.), 14-03641 (Falcon Northwest Computer Systems, Inc.) and 14-04616 (Sony Corporation and Sony Corporation of America) were dismissed. Plaintiffs and the remaining Defendants each participated in separate mediation sessions with a Court-appointed mediator pursuant to the ADR Local Rules of this Court. At the claim construction hearing, the Court stated "…I would like you to [continue mediating]. Some people have settled. Those of you who haven't should continue talking if there's any prospect of more of you settling." Thereafter, Plaintiffs further discussed settlement or potential resolution with the Epson Defendants, Hewlett-Packard, and Newegg.

<u>Canon's Position</u>

Canon is always open to the possibility of settlement and further discussions with Plaintiffs, but it is Canon's position that the parties remain too far apart for such discussions to be worthwhile at this time.

<u>Plaintiffs' Response to Canon's Position</u>

Plaintiffs disagree that the issue preventing progress on settlement is that the parties remain too far apart.

**Narrowing of Issues**

**Plaintiffs' Proposal:**

**Representative Products**

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER   Page 5 of 11   C 14-03640-CW, C 14-03643-CW, C 14-03645-CW, C 14-03646-CW

For purposes of determining infringement, Plaintiffs believe that issues in this case can be narrowed if Defendants will agree to the use of representative products for which sufficient discovery is provided by Defendants. Defendants have admitted that all accused products "are essentially the same." (Doc. 302 at 6 in Case No. 4:14-cv-3640). There are numerous accused products in the above-captioned actions that—for purposes of infringement—function and are designed in substantially the same way. For example, there are over one thousand HP products and over two-hundred and fifty Canon products identified in Plaintiffs' infringement contentions. These numbers may increase after Plaintiffs have an opportunity to take discovery on additional products that Plaintiffs have not yet discovered. Unless the Defendants agree on representative products, Plaintiffs intend to serve requests to inspect each product in order to take photographs and testing for proof at trial.

Accordingly, an agreement for representative products for each Defendant will eliminate the need for the parties to incur time and expense of a) serving discovery on the technical details of numerous products, b) providing discovery on the technical details of numerous products, c) making deponents available for depositions on topics related to the technical details of numerous products, d) having experts submit expert reports on numerous products, e) submitting dispositive motions related to the technical details of numerous products, and f) spending unnecessary time presenting evidence on the technical details of numerous products to a jury.

**Defendants' Proposal:**

**Representative Products**

Defendants do not oppose the use of representative products in principle. Defendants will meet and confer with Plaintiffs on an individual basis to discuss the use of representative products.

**<u>Scheduling</u>**

The parties' proposed schedule is shown below.

| Event | Proposed Dates |
|---|---|
| Deadline to seek leave to amend infringement and invality contentions based on the Court's Claim Construction Order | October 30, 2015 |
| Further Case Management Conference | November 3, 2015 |
| Deadline for parties to agree on the selection of representative products for purposes of discovery and trial | December 17, 2015 |
| Completion of Fact Discovery | April 6, 2016 |
| Disclosure of opening expert witnesses and reports on issues for which party bears the burden | April 27, 2016 |
| Disclosure of rebuttal expert witnesses and reports on issues for which opposing party bears the burden | May 25, 2016 |
| Completion of Expert discovery | June 16, 2016 |
| Case-Dispositive Motion Hearing Cut-off Date – governed by Judge Wilken's Scheduling Notes and Standing Order re Motions for Summary Judgment | August 11, 2016 |
| Final Pretrial Conference at 2:00 pm | October 11, 2016 |
| First trial to begin at 8:30 am.<br><br>The parties have not yet agreed on the structure or order of the trial(s) but will continue to consider and discuss these issues and make a proposal for the Court's consideration by the close of fact discovery. Nothing herein should be construed as waiver of Defendants' right to separate trials of these post AIA actions. | October 17, 2016 |

Dated: October 27, 2015            Respectfully submitted,

/s/ *Benjamin R. Askew*
Anthony G. Simon
Benjamin R. Askew
Michael P. Kella
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
Saint Louis, Missouri 63010
P. 314-241.2929
F. 314-241.2029
asimon@simonlaw.com
baskew@simonlawpc.com

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    Page 7 of 11    C 14-03640-CW, C 14-03643-CW, C 14-03645-CW, C 14-03646-CW

mkella@simonlaw.com

Henry C. Bunsow (SBN 60707)
hbunsow@bdiplaw.com
Brian A.E. Smith (SBN 188147)
bsmith@bdiplaw.com
BUNSOW DE MORY SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA  94104
Telephone:  (415) 426-4747
Facsimile:  (415) 426-4744

Denise De Mory (SBN 168076)
ddemory@bdiplaw.com
BUNSOW DE MORY SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA  94063
Telephone: (650) 351-7248
Facsimile:  (650) 351-7253
ddemory@bdiplaw.com

*ATTORNEYS FOR PLAINTIFFS*
*TECHNOLOGY PROPERTIES LIMITED LLC and*
*MCM PORTFOLIO LLC*

Dated:  October 27, 2015

*/s/ Marcia H. Sundeen* (*with consent*)
T. Cy Walker (admitted *Pro Hac Vice*)
KENYON & KENYON LLP
1500 K Street, NW, Suite 700
Washington, DC 20005
Telephone: 202.220.4200
Facsimile: 202.220.4201
Email: cwalker@kenyon.com

Marcia H. Sundeen (admitted *Pro Hac Vice*)
GOODWIN PROCTER LLP
901 New York Ave, N.W.
Washington, D.C. 20001
Telephone: 202.346.4000
Facsimile: 202.346.4444
Email: msundeen@goodwinprocter.com

*ATTORNEYS FOR DEFENDANT*
*HEWLETT-PACKARD COMPANY*

Dated: October 27, 2015

*/s/ David M. Maiorana (with consent)*
David M. Maiorana (Ohio Bar No. 0071440)
Email: dmaiorana@jonesday.com
Calvin P. Griffith (Ohio Bar No. 0039484)
Email: cpgriffith@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Tracy A. Stitt (Washington Bar No. 1015680)
Email: tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Jacqueline K. S. Lee (CA Bar No. 247705)
Email: jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

*ATTORNEYS FOR DEFENDANTS*
*CANON INC. AND CANON U.S.A., INC.*

Dated: October 27, 2015

*/s/ Bryan P. Clark (with consent)*
Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Bryan P. Clark
BClark@webblaw.com
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Tel: (412) 471-8815
Fax: (412) 471-4094

Gordon M. Fauth, Jr.
gmf@classlitigation.com

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**  Page 9 of 11   C 14-03640-CW, C 14-03643-CW, C 14-03645-CW, C 14-03646-CW

|   |   |
|---|---|
|   | LITIGATION LAW GROUP<br>1801 Clement Ave., Ste. 101<br>Alameda, CA 94501<br>Tel: (510) 238-9610<br>Fax: (510) 337-1431<br><br>*COUNSEL FOR DEFENDANTS NEWEGG INC., ROSEWILL INC.* |
| Dated: October 27, 2015 | */s/ Matthew J. Hertko (with consent)*<br>Kathleen D. Lynott (State Bar No. 268387)<br>kdlynott@jonesday.com<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: (650) 739-3939<br>Facsimile: (650) 739-3900<br><br>William E. Devitt (admitted Pro Hac Vice)<br>wdevitt@jonesday.com<br>Matthew J. Hertko (admitted Pro Hac Vice)<br>mhertko@jonesday.com<br>JONES DAY<br>77 W. Wacker, Suite 3500<br>Chicago, IL 60601<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585<br><br>*ATTORNEYS FOR DEFENDANTS SEIKO EPSON CORPORATION AND EPSON AMERICA, INC.* |

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on counsel for all parties of record on October 27, 2015 via the Court's CM/ECF system.

/s/ Benjamin R. Askew

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____<br>UNITED STATES DISTRICT/MAGISTRATE JUDGE