Kent E. Baldauf, Jr. (admitted *Pro Hac Vice*)
kbaldaufjr@webblaw.com
Bryan P. Clark (admitted *Pro Hac Vice*)
bclark@webblaw.com
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Tel: (412) 471-8815
Fax: (412) 471-4094

Gordon M. Fauth, Jr.
gmf@classlitigation.com
LITIGATION LAW GROUP
1801 Clement Ave., Ste. 101
Alameda, CA 94501
Tel: (510) 238-9610
Fax: (510) 337-1431

*Counsel for Defendants Newegg Inc.
and Rosewill Inc.*

*Additional Counsel listed on signature page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CANON, INC., et al., <br><br> Defendants. | Case No.  4:14-cv-03640-CW <br><br> **DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> Date:        December 1, 2015 <br> Time:        2:30 PM <br> Courtroom:   Courtroom 2 – 4th Floor <br> Judge:       Hon. Claudia Wilken |

KENYON & KENYON
LLP
PALO ALTO

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendant. | Case No.  4:14-cv-03643-CW <br><br> **DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> Date:　　　　December 1, 2015 <br> Time:　　　　2:30 PM <br> Courtroom:　　Courtroom 2 – 4th Floor <br> Judge:　　　　Hon. Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NEWEGG INC., et al., <br><br> Defendants. | Case No.  4:14-cv-03645-CW <br><br> **DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> Date:　　　　December 1, 2015 <br> Time:　　　　2:30 PM <br> Courtroom:　　Courtroom 2 – 4th Floor <br> Judge:　　　　Hon. Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SEIKO EPSON CORPORATION., et al., <br><br> Defendants. | Case No.  4:14-cv-03646-CW <br><br> **DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> Date:　　　　December 1, 2015 <br> Time:　　　　2:30 PM <br> Courtroom:　　Courtroom 2 – 4th Floor <br> Judge:　　　　Hon. Claudia Wilken |

KENYON & KENYON LLP
PALO ALTO

2

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646

**NOTICE OF MOTION AND HEARING**

Please take notice that on December 1, 2015, at 2:30 PM, or as soon thereafter as it may be heard, in Courtroom 2– 4th floor before the Honorable Claudia Wilken, Defendants Canon Inc.; Canon U.S.A., Inc.; Newegg Inc.; Rosewill Inc.; Seiko Epson Corporation; Epson America, Inc.; and Hewlett-Packard Company ("HP") (collectively, "Defendants") will and hereby do move this Court pursuant to Patent L.R. 3-6 for leave to amend Defendants' invalidity contentions. Defendants served their initial invalidity contentions on January 16, 2015. This motion is based on this Notice of Motion, the following Points and Authorities, and such other materials or oral argument as the Court may permit.

**STATEMENT OF RELIEF SOUGHT**

Defendants request leave to amend their invalidity contentions to include: (1) three newly discovered invalidating prior art references recently obtained from third party SanDisk Corporation ("SanDisk"); and (2) two new written description and enablement challenges to claims 1, 3, 4, 7, 9, 11, 12, and 14 of U.S. Patent No. 7,295,443 (the '443 patent), claims 25, 26, 28, and 29 of U.S. Patent No. 7,522,424 (the '424 Patent), and claims 1-3 of U.S. Patent No. 7,719,847 (the '847 patent) in view of this Court's recent claim construction order.

**POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendants seek to amend their invalidity contentions to include invalidity challenges based on three prior art references that were recently discovered as a result of documents and testimony produced by third-party SanDisk in response to a subpoena served by defendant HP. Those three references include two documents, the SD Specification version 0.9 and the SD Simplified Specification version 0.9, and one SanDisk product, the SDDR-33. None of these references were known by the Defendants when they served their initial invalidity contentions in January 2015, despite earlier searches in which more than 30 relevant references were uncovered. The three new SanDisk references are highly relevant to the issues because each anticipates and/or renders obvious every asserted claim in this case.

Kenyon & Kenyon
LLP
Palo Alto

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646

1    Defendants also seek to amend their contentions to include written description and
2  enablement challenges to all asserted claims based on claim terms for which the Court's
3  construction differed from Defendants' proposal. These new lack of written description and
4  enablement challenges only arose in view of the Court's claim construction Order.
5    Further, as explained below, Defendants have acted diligently in seeking to amend their
6  contentions, and Plaintiffs will not be prejudiced at this stage of the proceedings by allowing
7  Defendants to amend. Defendants' motion for leave to amend its invalidity contentions therefore
8  should be granted. Defendants met and conferred with the Plaintiffs regarding this motion, and
9  Plaintiffs stated that they reserve the right to oppose.

10  **II.    FACTUAL BACKGROUND**

11    This case was transferred to this Court from the Eastern District of Texas in August 2014.
12  At the initial case management conference held in November 2014, the parties requested – and
13  the Court ordered – an early claim construction hearing.  In January 2015, Defendants served
14  their initial joint invalidity contentions. The claim construction hearing was held in June 2015,
15  and the Court issued its order construing disputed terms on September 18, 2015.

16    In the meantime, on June 9, 2015, HP served a subpoena on SanDisk seeking documents
17  and a deposition relating to potential new prior art for Defendants' invalidity defenses. In
18  response to the subpoena, SanDisk produced documents on a rolling basis between July 10 and
19  October 1, 2015. Within these documents, Defendants discovered three potential new prior art
20  references:  the SD Specification version 0.9 (Exhibit B), the SD Simplified Specification version
21  0.9 (Exhibit C), and a print-out showing sales of a SanDisk SDDR-33 product (Exhibit D).
22  Additional facts concerning these three references were provided by SanDisk's Rule 30(b)(6)
23  witness, whom HP deposed on October 7.[1]

24    After completing the deposition of SanDisk, Defendants notified Plaintiffs of their
25  intention to amend their invalidity contentions based on the three newly-discovered prior art

26  ───────────────

27  [1]    Although the SanDisk deposition was originally noticed for July 23, it was rescheduled
28  twice—first to August 10 and then to October 7—at Plaintiffs' counsel's request to accommodate
their schedule.

Kenyon & Kenyon
LLP
Palo Alto

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646

4

references and the Court's claim constructions. Thereafter, Defendants provided Plaintiffs with a redline draft of their proposed amended invalidity contentions (Exhibit A) and new invalidity claims charts for the three prior art references (Exhibits E1-E3, F1-F3, and G1-G3). Defendants then promptly filed the instant motion.

## III.   LEGAL STANDARDS

This Court may grant leave to amend invalidity contentions "upon a timely showing of good cause." Patent L.R. 3-6. Circumstances that may warrant a finding of good cause include "[a] claim construction by the Court different from that proposed by the party seeking amendment," and "[r]ecent discovery of material, prior art despite earlier diligent search." *Id*. In determining whether good cause exists, courts consider (1) whether the moving party acted with diligence in amending its contentions and (2) whether the non-moving party will be prejudiced if leave to amend is granted. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C12-05501, 2014 U.S. Dist. LEXIS 57519, *5 (N.D. Cal. Apr. 23, 2014) (citing  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363, 1368 (Fed. Cir. 2006)).

## IV.   ARGUMENT

### A.   Good Cause Exists to Add the SanDisk Prior Art.

1.   <u>Defendants have been diligent in seeking the prior art from SanDisk and amending their invalidity contentions.</u>

Plaintiffs' infringement claims are directed to universal flash memory card readers that can interface with MMC cards and SD cards in a common slot. The MMC cards and related specifications were developed by a company called SanDisk, while the SD cards and related specifications were developed by the SD Group, which included representatives from SanDisk, Toshiba, and Panasonic. Believing SanDisk might possess information relevant to Defendants' invalidity defenses, HP served a subpoena on SanDisk on June 9, 2015, seeking documents and a deposition related to potential prior art.  In response to the subpoena, SanDisk produced documents on a rolling basis between July 10 and October 1. SanDisk's production included two early versions of the SD card specification—the SD Specification 0.9 and the SD Simplified Specification 0.9—and sales data for an early MMC/SD card reader (the SDDR-33 reader) that

Kenyon & Kenyon
LLP
Palo Alto

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SanDisk sold in the United States back in 2001.  Additional facts concerning these references were confirmed by SanDisk's Rule 30(b)(6) witness, whom HP deposed on October 7.

Prior to taking discovery from SanDisk in this action, Defendants were not aware of the early versions of the SD Specification or SanDisk's SDDR-33 reader, despite having conducted extensive investigations into the existence of prior art. After discovering these new references and taking SanDisk's deposition, HP promptly coordinated with the other Defendants to update their joint invalidity contentions and prepare the instant motion for leave to amend. Defendants therefore have acted diligently both in obtaining the discovery and in seeking amendment of their invalidity contentions once the information was discovered and corroborated.

2.    The SanDisk prior art is highly relevant to the asserted claims.

Defendants contend that each of the three SanDisk prior art references anticipate and/or render obvious all of the asserted claims. As a result, the SanDisk prior art is highly material, and it would be unjust under the circumstances if Defendants were prohibited from introducing this information.

3.    Plaintiffs will not be prejudiced by addition of the references.

Defendants have faithfully fulfilled their discovery obligations relating to the SanDisk prior art.  Upon receiving documents from SanDisk, HP promptly served them on the parties, including Plaintiffs. Plaintiffs have had the same access to the SanDisk prior art as Defendants and, consequently, have been on notice about the SanDisk prior art. Plaintiffs' counsel also attended the deposition of SanDisk and cross-examined SanDisk's witness on the significance of SanDisk's documents for over 2 1/2 hours.

Additionally, this case is still in the early stages. The Court has not yet issued a scheduling order that sets forth deadlines for the close of fact and expert discovery. The only deposition taken so far in this action has been that of SanDisk. Plaintiffs therefore will have substantial opportunity to pursue discovery and develop a response to Defendants' contentions. Because Defendants seek to add the SanDisk prior art at such an early stage in the proceedings with no suggestion of gamesmanship, there is no prejudice to Plaintiffs. *GeoTag, Inc. v. Zoosk, Inc.*, No.

KENYON & KENYON
LLP
PALO ALTO

6

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646

C 13–0217, 2013 U.S. Dist. LEXIS 115830, *2 (N.D. Cal. Aug. 15, 2013).

**B.      Good Cause Exists to Add the Proposed Section 112 Challenges.**

In its September 18, 2015 order, this Court construed the disputed terms including "means for mapping," "means for [identifying/determining] the type of memory card inserted into said port," and "type of memory media card." (Case No. 4:14-cv-03640, Dkt. No. 334.) With respect to "means for mapping," the Defendants argued that the term was indefinite because the corresponding structure was a controller but no algorithm was disclosed. While the Court agreed that the corresponding structure was a controller, the Court, relying on Plaintiffs' expert's declaration, stated that the controller was not limited to a programmable controller and could be a non-programmable controller as well. The specification, however, has no disclosure of a non-programmable controller capable for performing the recited function. Thus, the Court's construction raises new invalidity issues not presented under Defendants' proposed construction. In light of this, Defendants have good cause to amend their invalidity contentions at this time to add an additional 35 U.S.C. 112, ¶ 1 challenge to the relevant claims.

With respect to "means for identifying/determining the type of memory media card," although the Court adopted Defendants' proposed construction that the structure was a "controller with card detect lines," the Court did not adopt Defendants' further limitation that MMC/SD cards be construed as a single "type of memory media card" for purposes of the claims. The specification, however, contains no disclosure of how to identify an SD card or an MMC card using a "controller with card detect lines." Thus, the Court's construction raises new invalidity issues not presented under Defendants' proposed construction. In light of this, Defendants have good cause to amend their invalidity contentions at this time to add an additional 35 U.S.C. 112, ¶ 1 challenge to the relevant claims.

Inasmuch as Defendants' instant motion for leave to include these new written description and enablement challenges is being filed within days of Plaintiffs' counterpart motion for leave to amend its infringement contentions, Defendants' motion is timely.

Finally, allowing the amendment at this time will not prejudice Plaintiffs.  As discussed

Kenyon & Kenyon
LLP
Palo Alto

above, this action is still in its early stages, and Plaintiffs have adequate time to evaluate the new bases and have its expert opine on Defendants' § 112 challenges prior to the close of fact and expert discovery.

**V.      CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants leave to amend their invalidity contentions.

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646

1     Dated: October 27, 2015                    Respectfully submitted,

2

3

4                                     By: */s/ Michael Zachary*_____
                                      Michael Zachary (SBN 112479)

5                                       KENYON & KENYON LLP
                                      1801 Page Mill Road

6                                       Suite 210
                                      Palo Alto, CA  94304-1216

7                                       Telephone: 650.384.4700
                                      Facsimile: 650.384.4701

8                                       Email: mzachary@kenyon.com

9                                       T. Cy Walker (admitted *Pro Hac Vice*)
                                      Adeel Haroon (admitted *Pro Hac Vice*)

10                                     KENYON & KENYON LLP
                                      1500 K Street, NW, Suite 700

11                                     Washington, DC 20005
                                      Telephone: 202-220-4200

12                                     Facsimile: 202-220-4201
                                      Email: cwalker@kenyon.com

13                                     Email: aharoon@kenyon.com

14                                       Rose Cordero Prey (admitted *Pro Hac Vice*)

15                                     KENYON & KENYON LLP

16                                     One Broadway
                                    New York, NY 10004-1007

17                                     Telephone: 212-425-7200
                                    Facsimile: 212-425-5288

18                                     Email: rcordero@kenyon.com

19                                       Marcia H. Sundeen (admitted *Pro Hac Vice*)

20

21                                     GOODWIN PROCTER LLP
                                    901 New York Avenue, N.W.

22                                     Washington, DC 20001
                                    Telephone: (202) 346-4000

23                                     Facsimile: (202) 346-4444
                                    Email: msundeen@goodwinprocter.com

24                                     COUNSEL FOR DEFENDANT
                                    HEWLETT-PACKARD COMPANY

25

26

27

28

KENYON & KENYON
LLP
PALO ALTO

9

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646

1

2      /s/ Matthew Hertko (with consent)
       Kathleen D. Lynott (State Bar No. 268387)
3      kdlynott@jonesday.com
       JONES DAY
4      1755 Embarcadero Road
       Palo Alto, CA 94303
5      Telephone: (650) 739-3939
       Facsimile: (650) 739-3900

6      William E. Devitt (admitted Pro Hac Vice)
       wdevitt@jonesday.com
7      Matthew J. Hertko (admitted Pro Hac Vice)
       mhertko@jonesday.com
8      JONES DAY
       77 W. Wacker, Suite 3500
9      Chicago, IL 60601
       Telephone: (312) 782-3939
10     Facsimile: (312) 782-8585

11     ATTORNEYS FOR DEFENDANTS SEIKO
       EPSON CORPORATION AND EPSON
12     AMERICA, INC.

13

14     /s/ Kent E. Baldauf, Jr. (with consent)
       Kent E. Baldauf, Jr. (admitted *Pro Hac Vice*)
15     kbaldaufjr@webblaw.com
       Bryan P. Clark (admitted *Pro Hac Vice*)
16     bclark@webblaw.com
       THE WEBB LAW FIRM
17     One Gateway Center
       420 Ft. Duquesne Blvd., Suite 1200
18     Pittsburgh, PA 15222
       Tel: (412) 471-8815
19     Fax: (412) 471-4094

20     Gordon M. Fauth, Jr.
21     gmf@classlitigation.com
       LITIGATION LAW GROUP
22     1801 Clement Ave., Ste. 101
       Alameda, CA 94501
23     Tel: (510) 238-9610
       Fax: (510) 337-1431
24

25     *COUNSEL FOR DEFENDANTS NEWEGG*
       *INC., ROSEWILL INC.*
26

27

28

KENYON & KENYON
     LLP
   PALO ALTO

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ David M. Maiorana (w/ consent)
David M. Maiorana (Ohio Bar No. 0071440)
Email: dmaiorana@jonesday.com
Calvin P. Griffith (Ohio Bar No. 0039484)
Email: cpgriffith@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:   (216) 586-3939
Facsimile:    (216) 579-0212

Tracy A. Stitt (Washington Bar No. 1015680)
Email: tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:   (202) 879-3939
Facsimile:    (202) 626-1700

Jacqueline K. S. Lee (CA Bar No. 247705)
Email: jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:      (650) 739-3939
Facsimile:       (650) 739-3900

COUNSEL FOR DEFENDANTS
CANON INC. AND CANON U.S.A., INC

KENYON & KENYON
LLP
PALO ALTO

11

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all counsel for all parties of record on October 28, 2015 via the Court's CM/ECF system.

/s/ Gordon M. Fauth

KENYON & KENYON
LLP
PALO ALTO

12

DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
Case Nos. 14-cv-3640, 14-cv-3643, 14-cv-3645, and 14-cv-3646